IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 05-1849 JH |
| ) | |
| BARBARA HANNA, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' MOTION TO
REVOKE MAGISTRATE JUDGE'S RELEASE ORDER

COMES NOW the United States of America, by and through David C. Iglesias, United States Attorney for the District of New Mexico, and James R.W. Braun, Assistant United States Attorney for said District, and, pursuant to 18 U.S.C. § 3145(a)(1), moves the court to revoke the magistrate judge's release order in this matter, and in support of its motion states:

1.  On August 23, 2005, a federal grand jury in Albuquerque returned a twenty-six count indictment charging Barbara Hanna and twenty co-defendants in Count 1 with Conspiracy to Distribute 1000 Kilograms and More of Marijuana, in violation of 21 U.S.C. § 846. As to that count, Hanna faces a mandatory term of ten years up to life imprisonment. Hanna is also charged in Count 3 with Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h).

2.  Hanna had her initial appearance before United States Magistrate Judge Alan C. Torgerson on August 26, 2005. At that time, the United States moved for Hanna's detention. On August 29, 2005, Hanna appeared before Judge Torgerson for arraignment and a detention hearing. After hearing argument from counsel, Judge Torgerson ordered Hanna released on

conditions including electronic monitoring with home detention and a $100,000.00 secured property bond.

    3.    18 U.S.C. § 3142(e) provides, in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act ....

This presumption "reflects Congress's findings that drug traffickers often have the resources and foreign contacts to escape to other countries, as well as strong incentives to continue in the drug trade." United States v. Moreno, 1994 WL 390091 (1st Cir. July 14, 1994) (unpublished).

    4.    The presumption established by Section 3142(e) is applicable in this case based on the charges in the Indictment for which the grand jury has found probable cause. See United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991). In Stricklin, the Tenth Circuit stated:

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

932 F.2d at 1354-55.

    5.    In this case, Hanna offered insufficient facts to rebut the presumption that no condition or combination of conditions exist that would reasonably assure her future appearance in court as required. Moreover, the facts of this case support Hanna's continued detention:

● On February 2, 1992, Hanna was encountered by agents at the Dallas/Fort Worth International Airport, where she was traveling under the name Ann Hayes. During a search of a

bag that Hanna was carrying, agents found eleven bundles of U.S. currency wrapped in rubber bands, totaling $25,000.00. Hanna also had several documents in her possession that tied her to Dana Jarvis.

● On information and belief, during an interview with Pretrial Services regarding her assets, Hanna claimed that she only had $50.00 in cash. However, during a search of Hanna's residence on August 25, 2005, agents found approximately $42,800.00 in U.S. currency. During a search of Hanna's safety deposit box on August 26, 2005, agents found approximately $100,000.00 in U.S. currency.

WHEREFORE, for the foregoing reasons, and any additional reasons that may be presented at a hearing on this matter, the United States requests that the Court revoke Magistrate Judge Torgerson's release order in this case and order Hanna detained pending trial.

>                    Respectfully submitted,
>
>                    DAVID C. IGLESIAS
>                    United States Attorney
>
>                    *ELECTRONICALLY FILED*
>
>                    JAMES R.W. BRAUN
>                    Assistant U.S. Attorney
>                    P.O. Box 607
>                    Albuquerque, New Mexico  87103
>                    (505) 346-7274

I HEREBY CERTIFY that a true copy of the foregoing pleading was faxed to opposing counsel of record, L. Val Whitley, this 30th day of August 2005.

*ELECTRONICALLY FILED*
_____
JAMES R.W. BRAUN
Assistant U.S. Attorney