IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                    CR05-1849 JH

GEORGE RIPLEY,

Defendant.

---

**DEFENDANT GEORGE RIPLEY'S MOTION TO RECONSIDER DETENTION AND TO SET REASONABLE CONDITIONS OF RELEASE**

---

Defendant, George Ripley, by and through his attorney of record, Jason Bowles of Bowles & Crow, hereby moves this Court to remove him from custody of the United States Marshal and release him pending trial with reasonable conditions of release.

1. **Law.**

As a general rule, release is favored over pretrial detention. However, the Court may consider the danger a defendant may pose to a person or the community as part of his release decision. *United States v. Orta,* 760 F.2d 887 (8th Cir. 1985). A rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community with the pending charges. 18 U.S.C. 3142(e).

The judicial officer shall order the detention of the defendant before trial if after a hearing he finds that no condition or combination of conditions will reasonably assure the appearance of the person and the safety of any person or the community. 18 U.S.C. § 3142(e). "Reasonably assure" does not mean that release conditions must "guarantee"



community safety and the defendant's appearance. *United States v. Orta*, 760 F.2d 887 (8th Cir. 1985).

The indictment itself is sufficient to create the probable cause creating the rebuttable presumption of flight. *United States v. Hurtado*, 779 F.2d 1467 (11th Cir. 1985). Once the defendant has produced evidence that in his particular circumstances he is not likely to flee or engage in criminal activity while on release, the presumption is rebutted. Economic and social stability and no relevant criminal record may provide such rebutting evidence. *United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986).

2. **Analysis.**

Mr. Ripley shows economic and social stability in the community and has no relevant criminal record with respect to the current charges he is facing. In addition, he has an eleven year-old son presently in middle school. Mr. Ripley pays child support and very much loves his son, John. This rebuts the presumption that he will flee. He is a very dedicated father and has a close relationship with his son. Mr. Ripley's brother Charles Ripley, who was interviewed by Pretrial Services, stated that Mr. Ripley is close to his son, visits his son very often, rides motorcycles with his son frequently and would take him shopping on a regular basis. He stated that George Ripley and his son spend very much time together.

Given his relationship with his son, this Court can be reasonably assured that Mr. Ripley will not flee the jurisdiction. Mr. Ripley also respectfully does not pose a danger to the community under all of the pertinent circumstances, which cannot be addressed through conditions of release. He is charged with a nonviolent crime and does not have a substantial history of violent crimes. This Court could fashion reasonable conditions of

release to address issues contained in the pretrial report, including, but not limited to, (1) the posting of a bond in sufficient amount to ensure Mr. Ripley's appearance in Court, (2) frequent reporting to pretrial services and (3) drug testing and other standard conditions to ensure compliance.

This Court took judicial notice of the pretrial report that shows Mr. Ripley has a history of Driving While Intoxicated arrests as well as some non-appearances in those cases. Mr. Ripley is employed as an audio engineer and works throughout the night. It appears that most of the non-appearances were morning hearings in which Mr. Ripley missed because of his night-shift work schedule, which would have to change during the pendency of this case. Mr. Ripley has not been charged with a criminal offense in some time. In fact, the last substantive DWI charge was in the late 1990's. Mr. Ripley is now 50 years old and has not had any recent DWI offenses. On information and belief, there are no outstanding warrants or unresolved charges on Mr. Ripley's record. Accordingly, Mr. Ripley should respectfully be released under reasonable conditions.

WHEREFORE, Mr. Ripley respectfully requests this Court to release him from custody and impose such conditions of release as this Court seems fit.

Respectfully Submitted,

_____
Jason Bowles
Bowles & Crow
Post Office Box 25186
Albuquerque, N.M. 87125-5186
(505) 217-2680

3

I HEREBY CERTIFY that a true copy of the foregoing was served upon James Braun, Assistant U.S. Attorney, by facsimile this 30th day of August, 2005.

_____
Jason Bowles
BOWLES & CROW