IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANA JARVIS et al,

    Defendant.

05 SEP -2 AM 11: 41

CLERK-SANTA FE

NO.: 05-CR-1849 JH

## RESPONSE TO GOVERNMENT'S MOTION TO REVOKE MAGISTRATE JUDGE'S RELEASE ORDER

Comes now the defendant, Barbara Hanna by and through her attorney L. Val Whitley and requests this court to deny the government's motion to Revoke, as grounds therefore defendant states:

1.    Ms. Hanna was indicted on two (2) counts in a twenty-six (26) count indictment. As stated in the government's motion, one of these counts, Count I is a charge that carries a ten year mandatory minimum (Conspiracy to Distribute 1000 Kilograms and more of marijuana (21 U.S.C.§ 846). Pursuant to 18 U.S.C. § 3142 (a) this type of charge comes with a rubuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required."

2.    The government made its presentation to United States Magistrate Judge Alan C. Torgerson, which included all of the reasons set out in its motion, the Court heard the defendant's presentation on rebuttal , as well as the recommendations of Pre-trial services.

Pre-trial services recommended that conditions could be fashioned to allow Ms. Hanna's

1



release. They specifically recommended posting a $100,000 property bond, that she remain in-state, and that she be employed, and subjected to random urine analysis.

In making this recommendation it appears Pre-trial services was unaware of the 1992 incident in Dallas mentioned by the government, or the fact of the $100,000 allegedly found in Ms. Hanna's safety deposit box. It is my understanding they were aware of all of the other reasons put forth for detention by the government. Pre-Trial Services did not changes its recommendation to the court.

The court found that the defendants' presentation on rebuttal to be sufficient. The defendant pointed out the following facts:

1. The defendant has no criminal history;

2. She is involved in only two counts of a 26 count indictment;

3. Ms. Hanna has lived in Santa Fe for 14 years;

4. She has a boyfriend from Santa Fe, whose parents are willing to post the property bond;

6. The indictment indicates that government's suspicions involving Ms. Hanna's involvement in this multi state, multi defendant, criminal enterprise, was that she counted money, then passed the money to the others;

7. Ms. Hanna's home was searched, no quantities of drugs were found nor any type of firearms;

8. All of Ms. Hanna's bank accounts, safety deposit box, and real properties have been effectively seized by the government. The defendant, through counsel, also offered to surrender her passport. The defendant does not have the resources, nor the desire to become a wanted fugitive

After considering all the facts presented to him about Ms. Hanna's case, as well as the charges

2

and facts of at least nine alleged co-conspirators, the court fashioned release conditions addressing the governments concerns, as well as incorporating and adding to the conditions recommended by pre-trial services.

Ms. Hanna would be under in-home detention with electronic monitoring, she must post a $100, 000 secured property bond, she is subject to random urine analysis and treatment if deemed necessary.

As stated in the government's motion, the presumption reflects Congress's Findings that drug traffickers often have the resources and foreign contacts to escape to other countries, as well as strong incentives to continue in the drug trade.:

The defendant would argue that none of these findings apply to her, the government has not met its burden of persuasion regarding risk of flight, ie. There is no evidence that she has other resources that haven't been frozen, there is no evidence she has foreign contacts, nor have they presented any evidence that she has any incentive, much less a strong one to "continue in the drug trade." The government certainly has not presented any reason why Ms. Hanna would be a danger to the community.

The case the government cites to U.S. v. Moreno 30 F3d, 127 WL 391091 1st Ct Mass., involves an appeal of a denial of release concerning an individual videotaped negotiating the sale of five kilograms of cocaine, and which indicated that he could routinely arrange for interstate delivery of up to twenty kilograms of cocaine at one time. Other factors that distinguish this case are the following:

1. Moreno was a native of Columbia

2. He made statements that he was planning a trip to Columbia.

3

3. After the arrest of the co-defendant, he briefly fled the county to Canada

4. He was arrested at a state district court where he went to clear up an earlier unrelated default.

5. He had family and other connections in Columbia.

The <u>Moreno</u> Court understandably found a close match to the "congressional paradigm of a defendant with the resources and foreign contacts to escape to the countries."

Ms. Hanna does not match this paradigm.

**WHEREFORE** it is respectfully requested that this court defer to the judgement of the magistrate court and deny government's motion to revoke.

Respectfully submitted,

_____
L. Val Whitley
208 Griffin Street
Santa Fe, NM 87501
(505) 992-2903
Attorney for Defendant Barbara Hanna

CERTIFICATE OF MAILING

I hereby certify that a true copy of the foregoing was mailed to James R.W. Braun Assistant U.S. Attorney at P.O. Box 607, Albuquerque, NM 87103 on this 2nd day of September, 2005.

_____