IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GEORGE RIPLEY, )<br>)<br>Defendant. ) | Cr. No. 05-1849 JH |

UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION TO RECONSIDER DETENTION ORDER

COMES NOW the United States of America, by and through David C. Iglesias, United States Attorney for the District of New Mexico, and James R.W. Braun, Assistant United States Attorney for said District, and responds to defendant George Ripley's Motion to Reconsider Detention and to Set Reasonable Conditions of Release as follows:

1.   On August 23, 2005, a federal grand jury in Albuquerque returned a twenty-six count indictment charging Ripley and twenty co-defendants in Count 1 with Conspiracy to Distribute 1000 Kilograms and More of Marijuana, in violation of 21 U.S.C. § 846.  As to that count, Ripley faces a mandatory term of ten years up to life imprisonment.  Ripley is also charged in Count 3 with Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h).

2.   Ripley had his initial appearance before United States Magistrate Judge Alan C. Torgerson on August 26, 2005.  At that time, the United States moved for Ripley's detention. On August 29, 2005, Ripley appeared before Judge Torgerson for arraignment and a detention hearing.  Ripley waived his right to a detention hearing and stipulated to detention, subject to a

later motion to reconsider.

3. Ripley filed his Motion to Reconsider Detention and to Set Reasonable Conditions of Release on August 30, 2005.

4. 18 U.S.C. § 3142(e) provides, in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act ....

This presumption "reflects Congress's findings that drug traffickers often have the resources and foreign contacts to escape to other countries, as well as strong incentives to continue in the drug trade." United States v. Moreno, 1994 WL 390091 (1st Cir. July 14, 1994)(unpublished).

5. The presumption established by Section 3142(e) is applicable in this case based on the charges in the Indictment for which the grand jury has found probable cause. See United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991). In Stricklin, the Tenth Circuit stated:

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

932 F.2d at 1354-55.

6. In his motion, Ripley asserts that his close relationship with his son rebuts the presumption that he is a risk of flight. With regard to the danger that he may pose to the community, Ripley argues that he is charged with a non-violent crime and that he does not have a "substantial" history of violent crimes. The United States submits that Ripley has offered

insufficient facts to rebut the presumption that no condition or combination of conditions exist that would reasonably assure his future appearance in court as required or the safety of the community, and that he should therefore remain detained pending trial.

WHEREFORE, for the foregoing reasons, the United States requests that the Court deny Ripley's Motion to Reconsider Detention and to Set Reasonable Conditions of Release.

        Respectfully submitted,

        DAVID C. IGLESIAS
        United States Attorney

        *ELECTRONICALLY FILED*

        JAMES R.W. BRAUN
        Assistant U.S. Attorney
        P.O. Box 607
        Albuquerque, New Mexico  87103
        (505) 346-7274

I HEREBY CERTIFY that a true copy of the foregoing pleading was faxed to opposing counsel of record, Jason Bowles, this 12th day of September 2005.

*ELECTRONICALLY FILED*
_____
JAMES R.W. BRAUN
Assistant U.S. Attorney