IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                          CR05-1849

GEORGE RIPLEY,

Defendant.

## DEFENDANT GEORGE RIPLEY'S AMENDED MOTION TO RECONSIDER DETENTION AND TO SET REASONABLE CONDITIONS OF RELEASE

Defendant, George Ripley, by and through his attorney of record, Jason Bowles of Bowles & Crow, hereby moves this Court to remove him from custody of the United States Marshal and release him pending trial with reasonable conditions of release. Mr. Ripley previously filed a motion to reconsider. This amended motion supplements the information contained therein following discussions with witnesses and Pretrial Services Officer Sammy Geurts.

### 1. Additional Factual Considerations in Support of Release Conditions

Under 18 U.S.C. § 3142(a), "the judicial officer shall issue an order that, pending trial, the person be (1) released on personal recognizance or upon execution of an unsecured appearance bond . . . (2) released on a condition or combination of conditions . . . (3) temporarily detained [under grounds inapplicable] . . . or (4) detained. Under subsection (e), the rebuttable presumption of detention applies, because of the nature of



the offense under the Controlled Substances Act. Some of the factors to be considered are:

(1) the nature and circumstances of the offense;

(2) the weight of evidence against the person;

(3) history and characteristics of the person, including the "person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings . . . and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Nothing in the Act "shall be construed as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(j).

At the outset, Mr. Ripley enjoys the presumption of innocence, under the Act and under the Constitution and laws. In general, pretrial release conditions are favored over detention. Under the various factors:

(1) the charged crime is an "A" level drug conspiracy;

(2) from an initial review of the discovery, and the indictment, the government alleges that Mr. Ripley was a courier for the drug organization – he is not alleged to be in management or in an organizing role and it is unclear the extent and scope of the proof against Mr. Ripley, although it is apparent that the evidence primarily is focused upon Dana Jarvis and other management personnel in the organization;

2

(3) as the Pretrial Services Report notes, Mr. Ripley has had ties to New Mexico for several years;

- he has been self employed in the music business;
- in the 1970s, Mr. Ripley was associated with Foghat productions, and toured the world with various bands; most recently, Mr. Ripley has been tied to New Mexico;
- Mr. Ripley has an 11 year old son in Albuquerque, whom he supports and is very close to;
- he has substantial financial resources as noted in the pretrial services report;
- the pretrial report indicates that Mr. Ripley has a history of alcohol and drug abuse, which can be addressed through frequent testing and monitoring;
- Mr. Ripley has some prior DWIs, but the most recent was in the late 1990s, as noted in the presentence report;
- Mr. Ripley has some failures to appear in his criminal history which as noted in the prior motion for release, were related to his night work schedule and inattention, which were under different circumstances, and less serious offenses, Mr. Ripley realizes this case is far more serious and understands that he cannot fail to appear for court hearings;
- As the court will note, Mr. Ripley missed some court hearings associated with his DWIs, but always cleared up the matters later. Currently, upon

information and belief, Mr. Ripley has no outstanding issues related to appearing in court;

(4) Mr. Ripley does not pose a danger to the community or a risk of flight. Pretrial Services Officer Sammy Geurts indicated that she was concerned that Mr. Ripley had traveled worldwide and that his brother, Charles, and friend, Bill Sidman, were not aware of this travel. However, based upon these concerns, the undersigned contacted both Mr. Sidman and Mr. Ripley's brother, Charles. Both indicated that they were aware of Mr. Ripley's travels with the Foghat band production around the world in the 1970s. Both also indicated that they were not aware, however, of any recent worldwide travel. Mr. Ripley went to Costa Rica three years ago, but has had no other international travel in the past three years, upon information and belief. He is willing to deliver his passport to the Marshals Service to address this concern which would prevent him from international travel. This Court could also ensure his appearance through posting of a bond, as many other defendants in this case have done.

The other primary concern of Pretrial Officer Geurts appeared to be a report from Mr. Sidman that Mr. Ripley uses drugs and alcohol. This concern can be addressed through strict monitoring, testing, and reporting. This Court can order frequent drug testing, monitoring and counseling to identify and address any substance abuse problems.

Given Mr. Ripley's strong ties to the community, his ties to his 11 year old son, his willingness to deliver his passport to the Marshals Service and to post a reasonable bond if desired by the court, his willingness to submit to drug testing and monitoring, and reporting, he respectfully submits that there are reasonable conditions that can be

4

fashioned to secure his appearance in court, and defray any risk to the community from his release.

Pretrial Services opposes release conditions.

James Braun, AUSA, indicated that he would follow Pretrial Services recommendation and is therefore opposed to this motion.

WHEREFORE, Mr. Ripley respectfully requests this Court to release him from custody and impose such conditions of release as this Court seems fit.

Respectfully Submitted,

Jason Bowles
Bowles & Crow
Post Office Box 25186
Albuquerque, N.M. 87125-5186
(505) 217-2680

I HEREBY CERTIFY that a true copy of the foregoing was served upon James Braun, Assistant U.S. Attorney, by facsimile to 346-7296 and to Sammy Geurts, Pretrial Services, to 348-2701, this 12th day of September, 2005.

Jason Bowles
BOWLES & CROW

5