IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.    CR No. 05-1849 JH

GENO BERTHOD,

    Defendant.

## MOTION APPEALING MAGISTRATE'S DETENTION ORDER

COMES NOW Defendant GENO BERTHOD, by and through undersigned counsel and appeals to this Court, pursuant to 18 U.S.C. Section 3145(c), for an Order releasing Defendant on reasonable conditions as the Court may deem appropriate. As grounds, counsel states:

**I. DETENTION HISTORY.**

1. On or about August 25, 2005 Defendant Berthod was arrested on the above-styled Indictment. He was remanded to custody by the United States Magistrate for the District of Colorado.

2. On or about August 30, 2005, after identification hearing and detention hearing, Defendant Berthod was ordered detained by United States Magistrate Craig B. Shaffer of the District of Colorado.

3. On or about September 20, 2005, Defendant Berthod was arraigned before United States Magistrate Alan Torgerson of the District of New Mexico. The Court noted that United States Pretrial Services recommended Defendant's release on conditions. The Government opposed Defendant's release and requested a hearing on the matter.

4. No previous appeal of U.S. Magistrate Judge Shaffer's detention order has been filed.

5. Counsel has contacted Assistant United States Attorney James Braun regarding his concurrence or opposition to this Motion. He sought to discuss this matter with United States Pre-Trial Services. As of the time of the filing of this Motion, he has not responded. To ensure timely resolution of this issue and at the request of Defendant Berthod, counsel has filed the Motion at this time.

## II. STANDARD OF REVIEW BY DISTRICT COURT

There is general agreement in the caselaw that the District Court should make its own independent conclusions and should thus review the magistrate's findings **de novo**. **United States v. Leon**, 766 F.2d 77 (2nd Cir. 1985); **United States v. Delker**, 757 F.2d 1390 (3rd Cir. 1985); **United States v. King**, 849 F.2d 485, 491 (11th Cir. 1989); see also **United States v. Kinslow**, 105 F.3d 555, 557 (10th Cir. 1997).

## III. DEFENDANT BERTHOD IS ENTITLED TO RELEASE UNDER THE FACTORS LISTED IN 18 U.S.C. SECTION 3142.

1. Defendant BERTHOD is entitled to be released on conditions pursuant to 18 U.S.C. Section 3142 (c). All other forms of release, including release on conditions must be considered before detention. "Only as a last resort should pretrial detention be invoked." **United Stated v. Cox**, 635 F. Supp. 1047, 1050 (D. Kan. 1986).

2. A rebuttable presumption arises that no condition or

combination of conditions will reasonably assure the appearance of the defendant and the safety of the community if the judicial officer finds that there is probable cause to believe that the defendant committed one of the offenses outlined in 18 U.S.C. Section 3142(e). Defendant has been charged with such an offense. It is, however, well settled that the presumption extends only the burden of <u>production</u> and not <u>persuasion</u> to the defendant. <u>United States v. Stricklin</u>, 932 F. 2d 1353 (10th Cir.).

3. If applicable, this "burden of production" requires the defendant to produce "some credible evidence" showing a reasonable assurance of her appearance and/or that the defendant does not present a danger to the community. <u>United States v. Carbone</u>, 793 F. 2d 559 (3rd Cir. 1986). The factors relevant to this inquiry are the factors listed within 18 U.S.C. Section 3142(g). Once the defendant produces some evidence, the presumption does not evaporate. It rather allows the Court to give appropriate weight to the presumption without shifting the burden of persuasion to the defendant. <u>United States v. Stricklin</u>, 932 F. 2d at 1355 (if the presumption is not rebutted, the Court gives it effect but does not excuse the government from carrying its burden of persuasion). Once the defendant rebuts the presumption with production of evidence, the burden of proof remains on the government to prove risk of flight and danger to the community. <u>United States v. Quartermaine</u>, 913 F. 2d 910, 916 (10th Cir. 1990).

4. The standard by which the burden is measured is found in 18 U.S.C. Section 3142(b) of the Bail Reform Act. The judicial

officer "shall order the pretrial release of a person . . . unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required." The standard required by the Act is that of an objectively reasonable assurance of appearance at trial. <u>United States v. Miller</u>, 625 F. Supp. 573 (D. Kan. 1985).

5. U.S. Pretrial Services Officer Sami Geurts has recommended Defendant's release on conditions including posting of a property bond and electronic monitoring. Moreover, Defendant BERTHOD will produce evidence that he is an appropriate candidate for release on conditions for the following reasons:

    a. Defendant BERTHOD is not a danger to the community.

    b. Mr. BERTHOD is not a flight risk.

    c. At a hearing, Mr. BERTHOD will present evidence and information about a suitable third-party custodian with whom he could live while his case is pending. The third-party custodian understands the responsibilities of a third-party custodian and will report any violations of conditions of release to this the Court immediately. Furthermore, neither the third-party custodian and Defendant object to additional conditions, including but not limited to, electronic monitoring pending trial.

    d. Defendant BERTHOD will also present evidence that his family can post a reasonable bond secured by real property sufficient to ensure his presence at future hearings. Defendant's family will be present to ensure submission of the bond.

    e. The above-listed alternatives, including third-party

custody release, rebut any presumption, if any set out in 18 U.S.C. 3142(e).

    f.    Mr. BERTHOD is willing to abide by any and all conditions of release, including electronic monitoring, urinalysis and any other reporting requirements.

    g.    Defendant BERTHOD requests an evidentiary hearing on this motion for release as soon as possible.

**WHEREFORE** Defendant GENO BERTHOD requests this Court to order his release pending trial, pursuant to 18 U.S.C. Section 3142 (c) and upon conditions as outlined above.

Respectfully submitted,

**MARTIN LOPEZ, III**
A Professional Corporation

_____
Martin López, III
Attorney for Defendant BERTHOD
1500 Mountain Rd. NW
Albuquerque, New Mexico 87104
(505) 243-2900

I hereby certify that a true and correct copy of the foregoing pleading was forwarded by first class mail to AUSA James Braun on this 21st day of September, 2005.

_____
Martin López, III

5