IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DANA JARVIS, et al. )<br>)<br>Defendant. ) | CR. No. 05-1849 JH |

### APPLICATION FOR PROTECTIVE ORDER
### AND REQUEST FOR EXPEDITED HEARING

The United States, pursuant to 21 U.S.C. § 853(e) moves this Court for a Protective Order to preserve the availability for forfeiture of real property located at 3523 Central N.E., Albuquerque, New Mexico and New Mexico Liquor License number 2599. As grounds for this motion, Plaintiff states that a Protective Order is necessary to properly preserve the property and to protect potential third party interests.

### BACKGROUND

On or about August 25, 2005, a grand jury sitting in the District of New Mexico returned an Indictment against Dana Jarvis and twenty co-defendants. The Indictment charges conspiracy to distribute more than 1,000 kilograms of marijuana, continuing criminal enterprise, conspiracy to launder money and money laundering. The Indictment also contains a forfeiture allegation pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853, which names, *inter alia*, real property located at 3523 Central N.E. and New Mexico Liquor License number 2599 as properties subject to forfeiture. The real property was formally operated as Club Rhythm and Blues and now operates under the name Harlow's on the Hill.

The United States filed a Notice of Lis Pendens against the real property and obtained a seizure warrant for the liquor license. Copies of the Notice of Lis Pendens and the seizure warrant are attached hereto.

Subsequent to seizing the liquor license, the United States learned that Dana Jarvis had used both the real property and the liquor license as collateral for a $125,000.00 promissory note dated May 28, 2003. The lender on the note is First State Bank NM. As of August 30, 2005, the principal amount owed to the bank was approximately $124,479.00 plus interest. The monthly payments are in the amount of $891.93. The last payment was due September 23, 2005.

The United States also learned that on April 23, 2005, Dana Jarvis, as lessor, had entered into a lease agreement with Harlow's on the Hill, L.L.C. The lease agreement encompassed both the real property and the liquor license. In pertinent part, the lease agreement provides for a fifteen year term and for monthly payments in the amount of approximately $5,600.00 to Mr. Jarvis. A copy of the lease agreement is attached hereto.

The principals of the leasee, Harlow's on the Hill, L.L.C., are Jay Baum-Lambros and Matthew Gregory, two Albuquerque area businessmen. They have indicated a desire to continue operation of the business due to investment of substantial amounts of money into the business based upon the long-term fifteen year lease. First State Bank wishes to receive timely monthly payments on the note.

The Indictment does not seek to forfeit the business *per se*; it names the underlying real property and the liquor license.

## ARGUMENT AND AUTHORITIES

Title 21, Section 853(e)(1)(A) provides that upon application of the United States, the

Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of [§ 853] for forfeiture under this section -

    (A)    upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

Section 853(a) provides that any person convicted of a violation . . . shall forfeit to the United States any property constituting direct or indirect proceeds of the violation, any property used in any matter or part to commit or facilitate the commission of the violation and any interest in property affording a source of control over a continuing criminal enterprise. The Indictment alleges that the real property at 3523 Central N.E. and the liquor license are subject to forfeiture in the event of a conviction pursuant to 21 U.S.C. § 853(a).

A protective order is necessary to preserve the status quo and minimize the effect of the criminal proceeding on third party claimants.[1] The United States submits that the following procedure would be most efficient. The monthly lease payments of $5,600 from Harlow's on the Hill, L.L.C. should be paid to the United States Marshals Service. Out of the lease payments, the Marshals Service would pay the bank the monthly note payments of $891.93. Any excess

---

[1] Pursuant to 21 U.S.C. § 853(k), third parties claiming an interest in property subject to forfeiture may not intervene in the trial of the criminal case or commence an action against the United States concerning the validity of the alleged interest. Third party interests are addressed in an ancillary proceeding following the criminal case. 21 U.S.C. § 853(n); Fed.R.Crim.P. 32.2.

proceeds would be deposited in an interest bearing seized assets deposit fund that the United States Marshals Service maintains for holding assets pending final disposition of forfeiture cases. The Protective Order also should require the leasee to maintain the present condition of the real property, including timely payment of all lease payments, and insurance, utilities, taxes and assessments until further order of this Court.  Such an arrangement would preserve the interest of the United States, First State Bank NM and Mr. Jarvis and allow the leasee to operate its ongoing business to the fullest extent possible.

Counsel for Defendant Jarvis has indicated agreement on the general principal that the status quo should be preserved.   However, counsel objects to the United States Marshals Service making lease payments and serving as the custodian.

The Code of Federal Regulations provides that the United States Marshals Service shall have primary authority over maintenance of custody, management, control and disposal of property seized or forfeited pursuant to any law enforced or administered by the Department of Justice.  28 C.F.R. § 0.111(i).  The Marshals Service employs a full-time experienced specialist dedicated to managing property.  The Marshals Service is available to court and parties for consultation and subject to court order.  Moreover, the use of the Marshals Service will avoid any additional expense to the parties.

Although the Bank and leasee cannot intervene at this stage of the case, the United States is informed that they concur with the proposed procedure.

WHEREFORE, the United States respectfully requests that this Court enter a Protective Order as set forth in this motion as soon as practicable. A proposed Protective Order is submitted for the Court's review.

        Respectfully submitted,

        DAVID C. IGLESIAS
        United States Attorney

        *Electronically filed on October 6, 2005*

        STEPHEN R. KOTZ
        Assistant U.S. Attorney
        P. O. Box 607
        Albuquerque, New Mexico  87103-0607
        (505) 346-7274, Ext. 1464

I hereby certified that a
copy was mailed/delivered to counsel
for defendant, Dana Jarvis,
Judith Rosenstein, Victor E. Carlin, Esq.,
attorney for First State Bank, NM; and Jay Baum-Lambros
on 6th day of October, 2005

/s/
STEPHEN R. KOTZ
Assistant U.S. Attorney