IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 05-1849 JH |
| ) | |
| DANA JARVIS, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION FOR RELEASE ON CONDITIONS

COMES NOW the United States of America, by and through David C. Iglesias, United States Attorney for the District of New Mexico, and James R.W. Braun, Assistant United States Attorney for said District, and responds to defendant Dana Jarvis' Motion for Release on Conditions as follows:

1.  On August 23, 2005, a federal grand jury in Albuquerque returned a twenty-six count indictment charging Dana Jarvis ("Jarvis") and twenty co-defendants in Count 1 with Conspiracy to Distribute 1000 Kilograms and More of Marijuana, in violation of 21 U.S.C. § 846. Jarvis is also charged in Count 2 with engaging in a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848, and with money laundering violations in Counts 3 through 26. As to Count 2 alone, Jarvis faces a mandatory term of twenty years, and up to life, imprisonment.

2.  Jarvis had his initial appearance before United States Magistrate Judge Alan

C. Torgerson on August 26, 2005. At that time, the United States moved for Jarvis's detention. On August 29, 2005, Jarvis appeared before Judge Torgerson for arraignment and a detention hearing. At the conclusion of the hearing, Judge Torgerson ordered Jarvis detained pending trial.

3.      Jarvis filed his Motion for Release on Conditions on October 11, 2005. Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be reopened only "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." In his motion, Jarvis refers to information that he asserts justifies his release. He does not, however, allege that this information was not known to him at the time of his initial detention hearing. Jarvis is not entitled to a second detention hearing. Rather, his motion should be treated as a motion to revoke Judge Torgerson's detention order, pursuant to 18 U.S.C. § 3145(b), and set for a hearing before the judge having original jurisdiction over the offense, Judge Herrera.

4.      At a hearing before Judge Herrera, the United States would establish that Jarvis should remain detained pending trial as both a risk of flight and a danger to the community. In that regard, 18 U.S.C. § 3142(e) provides, in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person

as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act ....

This presumption "reflects Congress's findings that drug traffickers often have the resources and foreign contacts to escape to other countries, as well as strong incentives to continue in the drug trade." United States v. Moreno, 1994 WL 390091 (1st Cir. July 14, 1994) (unpublished).

5. The presumption established by Section 3142(e) is applicable in this case based on the charges in the indictment for which the grand jury has found probable cause. See United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991). In Stricklin, the Tenth Circuit stated:

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

932 F.2d at 1354-55.

6. Jarvis is charged in this case with being the kingpin of a drug trafficking organization that spanned several years and generated millions of dollars in profits. This fact, along with other evidence that will be presented at a hearing on this matter, justifies the finding that Jarvis is a risk of flight and a danger to the community. Therefore, he should remain detained pending trial.

WHEREFORE, the United States requests that Jarvis' motion be set for a hearing before Judge Herrera and thereafter denied.

>Respectfully submitted,
>
>DAVID C. IGLESIAS
>United States Attorney
>
>
>
>JAMES R.W. BRAUN
>Assistant U.S. Attorney
>P.O. Box 607
>Albuquerque, New Mexico  87103
>(505) 346-7274

I HEREBY CERTIFY that a true copy of
the foregoing pleading was faxed to opposing
counsel of record, Judy Rosenstein, this 19th
day of August 2005.



JAMES R.W. BRAUN
Assistant U.S. Attorney