UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**UNITED STATES** OF AMERICA,
    *Plaintiff,*

v.　　　　　　　　　　　　　　　　　　№ 1:0**5cr**0**1849**-15 JH

DANA **JARVIS**, et al,
    *Defendants.*

## DEFENDANT HOTTHAN'S *MOTION TO RECONSIDER DETENTION ORDER* WITH LEGAL AUTHORITIES

IN SUPPORT of defendant Hotthan's *Motion to Reconsider Detention Order*, he states:

 1. **Right to Reconsider Detention**. Under the Eighth Amendment to the US Constitution, and 18 U.S.C. § 3145(b), defendant is entitled to review by the district court of a magistrate's detention order.

 2. Specifically under 18 U.S.C. §§3145(a) and (b), defendant may file a "motion for revocation" of a detention order. However, such a motion is only permissible "if a person [has been] ordered released [or detained] by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court . . . ." 18 U.S.C. §§3145(a), (b). Section 3145 also requires that the revocation motion be filed with the court having original jurisdiction over the offense, but unlike §3142(f), §3145 does not require that new information be available before a release or detention order can be

reconsidered and revoked. United States v. Cisneros, 328 F.3$^d$ 610, 614 (10th Cir. 2003).

3.  **Burden of Proof**. Normally the government bears the burden of proof, and the government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or to the community by clear and convincing evidence. Cisneros, 348 F.3d at 616 (10th Cir. 2003).

4.  The defendant is charged in the Indictment with drug offenses which may carry mandatory sentences in excess of ten years.. 21 U.S.C. §846, Conspiracy To Distribute Marijuana; 18 U.S.C. §982; 21 U.S.C. §853, Criminal Forfeiture. As a result, based on representations to counsel off the record on 27 October 2005, Assistant U.S. Attorney James Braun opposes this motion.

5.  A rebuttable presumption exists in the statute that if there is probable cause to believe the defendant has committed an offense which carries a mandatory minimum sentence of ten years or more, there is no combination of conditions which will reasonably ensure the defendant's presence when needed and the safety of the community. Probable cause is presumed once an Indictment is filed. However, case law has interpreted the presumption as shifting the burden of production and not persuasion to the defendant. *See, e.g.,* United States v. Rueben, 973 F.2d 580 (5th Cir. 1992), *cert. denied*, 504 U.S. 940 (1993); United States v. Dillon, 938 F.2d 1412 (1st Cir. 1991); United States v. Rodriguez, 950 F.2d 85, 88

($2^{d}$ Cir. 1991); United States v. Strickland, 932 F.2d 1353 (10th Cir. 1991); United States v. Dominguez, 783 F.2d 702 (7th Cir. 1986); United States v. Hazime, 762 F.2d 34 (6th Cir. 1985). The burden of production requires the defendant to produce "some credible evidence" showing reasonable assurance of appearance and/or lack of danger to the community, United States v. Carbone, 793 F.2d 559 (3rd Cir. 1986).

6. Factors relevant to this inquiry are listed in 18 U.S.C. §3142(g). Once a defendant produces such evidence, the Court may still consider the presumption, provided the government is not excused from carrying its burden of persuading the Court that the defendant is a flight risk and/or a danger to the community by clear and convincing evidence. See United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); Stricklin, 932 F. 2d at 1354; Dillon, 938 F.2d at 1416. This motion will provide a significant amount of information which constitutes credible evidence which should assure the Court that conditions of release can be fashioned to ensure Mr. Hotthan's appearance and the safety of the community.

7. A cursory review of numerous electronic disks and printed materials reveals that among thousands upon thousands of wiretapped conversations, affidavits and other documents tying numerous other defendants with one another, only a single page references defendant Hotthan. On information and belief, a so-

called confidential informant well known to defendant Hotthan claims he was an enforcer for the drug ring known as "Matrix."

8. Defendant has never been known by that or any other moniker. It is possible the confidential informant is confusing him with another person. More likely, however, is the confidential informant is motivated to ensnare defendant into a drug ring due to a physical altercation between the two not involving contraband or anything other than sharply conflicting personalities. On information and belief, there is nothing to corroborate this claim of involvement in drugs, and some evidence to corroborate a feud between the two that would compromise the veracity of the "undisclosed" confidential informant at least as to his report about defendant.

9. Rather, defendant Hotthan's only association in this complex case was his romantic involvement in the principal defendant's daughter. There is nothing suspicious about defendant's relationship with her, nor did her parent's standing in the community suggest any criminal association.

10. It should be noted that other defendants with substantial volumes of intercepted statements implicating themselves and references in statements of others have been released in this case in spite of any statutory presumptions from the sentencing guidelines.

11. Other than a misdemeanor possession of marijuana, a petty

misdemeanor count, and numerous traffic tickets as a juvenile and young adult, defendant has no significant criminal history and no history of violence. Defendant has no addiction or physical health issues.

12.     The primary issue which kept defendant incarcerated while others were released is the fact of numerous failures to appear on traffic matters. However defendant has explained that many of the notices in New Mexico were sent to a former address and never forwarded to his later address. He never failed to appear at a hearing in which he received actual notice. Also all of the New Mexico traffic matters were resolved with statutory fines and removal of any outstanding warrant once defendant learned of the pending case and resolved the underlying traffic charge.

13.     Similarly in Arizona during his stay there he became ensnared by several traffic cases. He hired an attorney there to help him sort out which courts were holding him for what traffic matter, and what was needed to close all of the outstanding traffic matters. His attorney was able to get the information online, negotiated with the various courts, and closed all of the outstanding traffic matters there.

14.     Obviously the present matter is not a speeding ticket. Defendant is facing more than a fine; he is facing possible imprisonment for a term of years. Rather that risk flight against serious but defendable charges, defendant is fully

aware of the importance of appearing at each hearing absent a valid waiver of appearance. Also defendant is no longer a teenager unaware of the consequences of failing to keep up with obligations related to speeding tickets.

15.     Defendant has employment awaiting his release, and his employer intends to speak at any hearing to discuss his knowledge of defendant as a responsible young man who is neither a flight risk nor a danger to the community.

16.     Defendant's mother is capable of assuming third party custody if the court should so require.

17.     One factor to take into account, and not fully appreciated by the prosecution, is that the prosecution has sought and the district court has declared this case to be complex. The notion is that the parties will agree to untold continuances to complete discovery and proceed to trial. This assumption may well hold true for defendants who are facing significant evidence of involvement in the drug scheme. Hotthan will not waive any speedy trial rights while he languishes in federal custody on dubious charges.

WHEREFORE defendant Hotthan requests that the court:

A. Reconsider the order of detention filed in his case;

B. Find insufficient evidence to establish by a preponderance of evidence a flight risk or clear and convincing evidence of a danger to society,

C. Release defendant on such terms as seem equitable; and,

D. Grant such further relief as justice requires.

>Stephen D Aarons
>Counsel for Defendant Hotthan
>300 Catron Street; PO Box 1027
>Santa Fé NM 87504-1027

Certificate of Service

On the date of filing, I filed an electronic copy of this pleading to opposing counsel:

| James Braun<br>US Attorney, District of New Mexico<br>Post Office Box 607<br>Albuquerque NM 87103-0607 | Stephen D Aarons<br>Counsel for Defendant Hotthan |
|---|---|