IN THE UNTED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>vs.<br><br>DAVID REID, et al.,<br><br>                   Defendants. | Case No.: CR05-1849 JH |

**MOTION BY DEFENDANT DAVID REID TO
MODIFY CONDITIONS OF RELEASE**

Defendant, David Reid, by and through undersigned counsel, hereby moves this Honorable Court to modify the terms and conditions of his release as ordered by U.S. Magistrate Judge Hector C. Estrada, District of Arizona (Tucson) on August 26, 2005 and as further modified by U.S. Magistrate Judge Robert H. Scott, District of New Mexico (Albuquerque) on September 23, 2005.  The current terms and conditions of release require, among other things, for Mr. Reid to comply with electronic monitoring and not to fly an aircraft.  Mr. Reid requests modification of these two terms by deleting them in their entirety.  This Motion is more fully supported by the attached Memorandum of Points and Authorities, which is incorporated by this reference.

/ / /

/ / /

/ / /

**RESPECTFULLY SUBMITTED** this 3rd day of November, 2005.

/s/ electronically signed

ZUBAIR ASLAMY
Attorney for Defendant Reid
1414 W. Broadway Road, Suite 122
Tempe, Arizona  85282
(480) 968-8700

## MEMORANDUM OF POINTS AND AUTHORITIES

1. On August 26, 2005, Defendant Reid appeared before U.S. Magistrate Judge Hector C. Estrada, District of Arizona (Tucson) for his arraignment. At that time, Judge Estrada entered an order setting conditions of release and an appearance bond. Specifically, Defendant Reid was required to post a $10,000.00 unsecured bond, comply with electronic monitoring and comply with additional terms and conditions of release.

2. Pretrial Services Agency case supervisor in Tucson, Arizona, Jose A. Valencia, was assigned to supervise Defendant Reid.

3. Upon information and belief, the only reason for requiring Defendant Reid to participate in the electronic monitoring program was because he is an airline pilot who operates a business named RC Aviation, LLC out of Casa Grande, Arizona and owns an aircraft that had already been seized by the government.

4. At his arraignment, there was no evidence presented by the government that Defendant Reid had a criminal history or that he was a flight risk. To the contrary, evidence was presented that Defendant Reid was a long time resident of Arizona (five

years), that he owned property in Arizona, operated two businesses in Arizona (RC Aviation and RC Computer and Graphics, Inc.) and had children and grandchildren residing in the state of Arizona.

5. Defendant Reid immediately posted his bond and contacted Jose Valencia to comply with electronic monitoring.

6. Although Defendant Reid's airplane and computer equipment had been seized by the government, he still had valid contracts with entities to fly their planes to different locations throughout the country.

7. In order to meet his contractual obligations and, more importantly, to continue to earn money to support himself and his family (including grandchildren living with Defendant Reid), Defendant Reid filed a motion with the District Court of Arizona in August of 2005 requesting a temporary modification of his terms and conditions of release. Specifically, Defendant Reid requested permission from the court to fly a plane to different locations throughout the country from September 1, 2005 to September 10, 2005.

8. On August 31, 2005, U.S. District Court Judge Charles R. Pyle, District of Arizona, Tucson, entered an order allowing Defendant Reid to "travel to San Diego, California and Aspen, Colorado [on September 1, 2005 and] on September 6, 2005, to Aspen, Colorado and Wickenburg, Arizona, and on September 10, 2005, to Wickenburg, Arizona."

9. Defendant Reid did fly a plane for one of his commercial clients on the dates and times set forth in the order entered by Judge Pyle. Defendant Reid, while having access to a plane, did not flee the State but returned on September 10, 2005 and reported back to Mr. Valencia. Thereafter, Defendant Reid's case was transferred to the U.S. District Court, District of New Mexico.

10. On or about September 19, 2005, Defendant Reid was contacted by another commercial client, MRI Medical Manufacturing and Research, Inc., to fly its plane and its executives to meetings throughout the country. As such, on September 21, 2005, Defendant Reid filed his *Motion to Permit Defendant to Travel out of State from September 26th Through September 30th, 2005* and a hearing was held before Magistrate Judge Robert H. Scott on an expedited basis on September 23, 2005.

11. Defendant Reid made arrangements to personally appear at the hearing on September 23, 2005. At that hearing, the government failed to present any ***additional*** evidence that was not already presented at Defendant Reid's initial arraignment. Nevertheless, the government not only requested that Defendant Reid's motion to travel out of state be denied but also that his conditions of release be ***modified*** so as to preclude him from flying an aircraft. Again, there had been no changes in circumstances since Magistrate Judge Estrada entered the original terms and conditions of release that would warrant modification of Defendant Reid's release conditions. If anything, Defendant Reid had proven (based upon his travel out of the state of Arizona from September 1 to September 10, 2005) that he was not a flight risk.

12.     The only motivation behind the government's opposition to Defendant Reid's motion to travel out of state was to prevent him from earning money so that he could continue to vigorously defend himself against the criminal charges that were brought against him simply because the government believes Defendant Reid is guilty by association.

13.     The only motivation behind the government asking Magistrate Judge Scott to amend the terms and conditions of release to preclude Defendant Reid from flying was to prevent him from earning money so that he could continue to vigorously defend civil forfeiture proceedings regarding his airplane, which is worth more than one-half million dollars.

14.     A review of the discovery provided by the government as well as the wire taps reveal that the government has no evidence supporting the charges against Defendant Reid.  There are no phone calls where Defendant Reid has admitted to participating in money laundering or drug trafficking.  There is no physical evidence that links Defendant Reid to the underlying criminal charges.  The government has simply made inferences after inferences in order to conjure up criminal charges against Defendant Reid.  Defendant Reid is simply an airline pilot operating a business and *was* earning money by transporting parties to different locations in his plane or planes provided by his commercial clients.  Defendant Reid's job is analogous to that of a taxi driver's.  Unfortunately, Defendant Reid's customers included the co-defendants in this action.

15.     Defendant Reid is currently contesting the seizure of $8,000.00 in cash through an administrative process.  Defendant Reid is also in the process of filing his petition for remission with respect to his aircraft and contesting the forfeiture of the aircraft in the United States District Court.  Defendant Reid has longstanding ties to the community.  He has lives lived in Arizona for the past five years, has friends and family in Arizona, is attempting to operate two businesses (despite the government having seized most of the business equipment), owns real property in Arizona, has absolutely no criminal history and has never failed to appear for any court appearances.  Defendant Reid is a model citizen who has been wrongfully charged with serious crimes that will result in the loss of his commercial pilot's license if he is found guilty.  Defendant Reid has every incentive to remain in Arizona and defend himself against these charges.  By fleeing, Defendant Reid would forfeit the bond he has posted, his plane that is worth in excess of $500,000.00, $8,000.00 in cash, his commercial pilot's license and, most importantly, his freedom.  Defendant Reid is an innocent man who intends to prove his innocence at trial.

16.     Since being placed on electronic monitoring, Defendant Reid has abided by all conditions of release and this has been verified by Pretrial Services Agency supervisor Jose Valencia.

17.     Undersigned counsel spoke with Mr. Valencia on November 2, 2005 at 11:25 a.m. (Arizona time) and he has no opposition to Defendant Reid's request that he

no longer participate in the electronic monitoring program. Mr. Valencia also does not oppose Defendant Reid's request that he be allowed to fly an aircraft.

Based on the foregoing, Defendant Reid requests the Court modify his conditions of release so that he no longer needs to participate in the electronic monitoring program. Defendant Reid further requests that he once again be allowed to fly an aircraft. For the Court's convenience, a proposed form of order is attached to this Motion.

**RESPECTFULLY SUBMITTED** this 3rd day of November, 2005.

/s/ electronically signed

ZUBAIR ASLAMY
Attorney for Defendant Reid
1414 W. Broadway Road, Suite 122
Tempe, Arizona  85282
(480) 968-8700

I hereby certify that a true and correct copy
of the foregoing was filed electronically with
the court and faxed to the Assistant United States
Attorney and mailed to the following this 3rd
day of November, 2005.

/s/ electronically signed

Jose Valencia
U.S. Pretrial Services Agency
405 W. Congress Street
Tucson, Arizona  85701

Jerry Daniel Herrera
620 Roma Avenue, NW
Albuquerque, New Mexico  87102

IN THE UNTED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br>vs.<br>DANA JARVIS, et al.,<br>            Defendants. | Case No.: CR05-1849 JH |

## ORDER MODIFYING DEFENDANT REID'S CONDITIONS OF RELEASE

THIS MATTER, having come before the Court on the motion of Defendant Reid, to modify his conditions of release, and the Court otherwise being fully advised in the premises, finds that the motion is well taken and should be granted.

**IT IS HEREBY ORDERED** modifying the terms and conditions of release as follows:

1. Defendant Reid shall no longer be required to participate in the electronic monitoring program.

2. Defendant Reid shall be allowed to fly an aircraft.

**IT IS FURTHER ORDERED** that in all other aspects, the terms and conditions of Defendant Reid's release shall remain the same.

DATED this _____ day of November, 2005.

Honorable Judith C. Herrera
Judge of the U.S. District Court

This document was created with Win2PDF available at http://www.win2pdf.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.