IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-1849 JH |
| | ) | |
| MATTHEW HOTTHAN, | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION TO RECONSIDER DETENTION ORDER

COMES NOW the United States of America, by and through David C. Iglesias, United States Attorney for the District of New Mexico, and James R.W. Braun, Assistant United States Attorney for said District, and responds to defendant Hotthan's Motion to Reconsider Detention Order as follows:

1. On August 23, 2005, a federal grand jury in Albuquerque returned a twenty-six count indictment charging Matthew Hotthan ("Hotthan") and twenty co-defendants in Count 1 with Conspiracy to Distribute 1000 Kilograms and More of Marijuana, in violation of 21 U.S.C. § 846. As to that count, Hotthan faces a mandatory term of ten years, and up to life, imprisonment.

2. Hotthan had his initial appearance before United States Magistrate Judge Don J. Svet on September 9, 2005. At that time, the United States moved for Hotthan's detention. On September 12, 2005, Hotthan appeared before United States Magistrate

Judge Richard L. Puglisi for arraignment and a detention hearing. At the conclusion of the hearing, Judge Puglisi ordered Hotthan detained pending trial.

    3.    Hotthan filed the present motion on October 27, 2005. Although it is styled as a "Motion to Reconsider Detention Order," Hotthan is in fact requesting that the detention order be revoked pursuant to 18 U.S.C. § 3145. (See Def. Mot. at ¶1 and ¶2).

    4.    Title 18, United States Code, Section 3142(e) provides, in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act ....

The presumption established by Section 3142(e) is applicable in this case based on the charges in the indictment for which the grand jury has found probable cause. See United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991). In Stricklin, the Tenth Circuit stated:

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

932 F.2d at 1354-55.

    5.    In his motion, Hotthan submits that he has employment lined up if he is released and that his mother is willing to act as a third party custodian. Given Hotthan's

criminal history coupled with the nature of the pending charge, however, this is insufficient to ensure his appearance as required and the safety of the community. Therefore, he should remain detained pending trial.

WHEREFORE, the United States requests that Hotthan's motion be denied.

Respectfully submitted,

DAVID C. IGLESIAS
United States Attorney



JAMES R.W. BRAUN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 346-7274

I HEREBY CERTIFY that a true copy of
the foregoing pleading was faxed to opposing
counsel of record, Stephen D. Aarons, this
14th day of November 2005.



JAMES R.W. BRAUN
Assistant U.S. Attorney