Case 1:05-cr-01849-JCH   Document 338-1   Filed 02/03/06   Page 1 of 2

Page 1
1998 U.S. Dist. LEXIS 9159, *

LEXSEE

UNITED STATES OF AMERICA vs. FEDERAL SECURITY, INC., et al., Defendants.

No. 97 CR 516

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

1998 U.S. Dist. LEXIS 9159

June 4, 1998, Decided
June 9, 1998, Docketed

**DISPOSITION:** [*1] Defendant's motion to release restraining order as to their substitute assets granted in part and denied in part.

**COUNSEL:** For SAMUEL LEE ESTES, defendant: Paul Flynn, Federal Defender Program, Chicago, IL.

For CARLTON R SHORT, defendant: Francis C. Lipuma, Attorney at Law, Chicago, IL.

U. S. Attorneys: Brian Patrick Netols, United States Attorney's Office, Chicago, IL.

**JUDGES:** JAMES B. MORAN, Senior Judge, U. S. District Court.

**OPINIONBY:** JAMES B. MORAN

**OPINION:**

MEMORANDUM AND ORDER

After considerable skirmishing, the dispute has narrowed down to two issues: can the government obtain pretrial restraint of substitute assets and, if not, what assets do James and Janice Skrzypek have, if any, that are substitute assets that cannot presently be restrained?

The Second Circuit, in United States v. Regan, 858 F.2d 115 (2d Cir. 1988), in a case having somewhat unique facts, without much analysis indicated that the government did have that authority. The Fourth Circuit agreed in In re Billman, 915 F.2d 916 (4th Cir. 1990), *cert. denied,* McKinney v. United States, 500 U.S. 952, 114 L. Ed. 2d 711, 111 S. Ct. 2258 (1991). Since then four circuits have come to a contrary conclusion. [*2] United States v. Floyd, 992 F.2d 498 (5th Cir. 1993); In re Assets of Martin, 1 F.3d 1351 (3d Cir. 1993); United States v. Ripinsky, 20 F.3d 359 (9th Cir. 1994) and United States v. Field, 62 F.3d 246 (8th Cir. 1995). We agree with the opinions and conclusions of those cases. While we see no need to echo all that was said in those cases, we do think it bears repeating that the government is asking not for an interpretation but for an amendment of the plain language of the statute.

What are or may be substitute assets poses a more difficult issue. One property in Hickory Hills, Illinois, was acquired in 1984, and an adjacent property was given to the Skrzypeks in 1992. The government claims that those properties, although legitimately acquired, can no longer be considered as substitute assets because real estate taxes on those properties have been paid with tainted assets after 1991. A property near Galena, Illinois, is challenged on the same grounds. Other properties have benefitted in larger measure from tainted funds. A Barrington Hills, Illinois, property (now sold, with the proceeds being held and also subject to another claim) was first acquired in 1975. A significant [*3] part of the mortgage was ultimately paid off with tainted funds. Two other properties, both in Chicago, were ultimately financed largely with tainted funds.

The government provides no support for its contention that any tainted contribution taints the entire asset, defendants provide no support for their contrary contention, and we have found nothing that discusses the matter. We recognize that the government has an interest in the properties to the extent that they have benefitted from tainted funds, but we fail to understand how legitimately acquired assets cease to be substitute assets by the use of one dollar of tainted funds. *See* United States v. Voigt, 89 F.3d 1050, 1084-88 (3d Cir. 1996), *cert. denied,* 136 L. Ed. 2d 546, 117 S. Ct. 623 (1996); United States v. $ 448,342.85, 969 F.2d 474, 476 (7th Cir. (1992). We grant defendants' motion to release pre-conviction restraint of properties to the extent that they are substitute assets, but with the proviso that any proceeds from the sale of those properties shall be held in escrow to the extent of the amount of tainted funds previously used to benefit those properties.

Finally, we have not previously referred to [*4] a bank account referenced by the parties. We do not believe that defendants have made a sufficient showing that any of the funds in that account are substitute assets and, accordingly, we deny the motion with respect to that asset.

JAMES B. MORAN

Senior Judge, U.S. District Court

June 4, 1998.