IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 05-1849 JH |
| ) | |
| DANA JARVIS, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' RESPONSE TO
DEFENDANT'S "MOTION TO END UNCONSTITUTIONAL
CONDITIONS OF CONFINEMENT AND REQUEST FOR EXPEDITED HEARING"

COMES NOW the United States of America, by and through David C. Iglesias, United States Attorney for the District of New Mexico, and James R.W. Braun, Assistant United States Attorney for said District, and responds to defendant Dana Jarvis's "Motion to End Unconstitutional Conditions of Confinement and Request for Expedited Hearing" as follows:

1. On August 23, 2005, a federal grand jury in Albuquerque returned a twenty-six count indictment charging Dana Jarvis ("Jarvis") and twenty co-defendants in Count 1 with conspiracy to distribute 1000 kilograms and more of marijuana, in violation of 21 U.S.C. § 846. Jarvis is also charged in Count 2 with engaging in a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848, and with money laundering violations in Counts 3 through 26.

2.	Jarvis had his initial appearance before United States Magistrate Judge Alan C. Torgerson on August 26, 2005. At that time, the United States moved for Jarvis's detention. On August 29, 2005, Jarvis appeared before Judge Torgerson for arraignment and a detention hearing. At the conclusion of the hearing, Judge Torgerson ordered Jarvis detained pending trial. Since then, Jarvis has been detained at the Regional Correctional Center ("RCC") in downtown Albuquerque.

3.	On October 4, 2005, the government received information from a person detained with Jarvis at RCC that Jarvis was going to try to have the DEA case agent in this case, Special Agent Richard Stark, murdered. An investigation into this threat was initiated.

4.	On October 11, 2005, Jarvis filed a "Motion for Release on Conditions." A lengthy evidentiary hearing on Jarvis's motion was held before Judge Torgerson on November 7, 2005, at which the United States presented substantial evidence of Jarvis's danger to the community and risk of flight.[1] After the hearing, Judge Torgerson denied Jarvis's motion, finding "that no condition or combination of conditions will reasonably assure the appearance of defendant at Court proceedings as required, or, reasonably assure the safety of others and the community." (Doc. 248).

5.	During its investigation of Jarvis's plan to have Agent Stark murdered, the government developed credible evidence that Jarvis fully intended to procure the murder

---

[1] Because it involved an ongoing investigation, the United States did not introduce evidence of Jarvis's plan to have Agent Stark murdered.

of not only Agent Stark, but also a cooperating defendant witness in this case. The investigation revealed that Jarvis was attempting to have people outside of jail assist him in arranging for these murders-for-hire. Despite his attempts, however, Jarvis was unable to obtain the money he would need to pay for the murders. Therefore, the undercover investigation was terminated, and the United States Marshal's Service ("USMS") ordered that Jarvis be placed in administrative segregation on February 7, 2006. In administrative segregation, Jarvis is prohibited from having contact with anyone outside of RCC other than his attorney of record, Joe M. Romero, Jr.

6.     Jarvis has now moved the Court to intercede and order the USMS to place him back into the general population of RCC, arguing vaguely that his current conditions of confinement somehow violate the Constitution. In his motion, however, Jarvis cites to no authority that would allow for the Court to exercise jurisdiction over his conditions of confinement in this case. In fact, Jarvis's claims are not properly cognizable in the context of this criminal case. The appropriate avenue for Jarvis to redress those claims is to file a *separate* civil action under either 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), or a *separate* habeas corpus action. See Wilson v. Blankenship, 163 F.3d 1284 (11th Cir. 1998) (pretrial detainee challenged conditions of confinement by way of actions pursuant to § 1983 and Bivens); Falcone v. United States Bureau of Prisons, 52 F.3d 137, 138-39 (7th Cir. 1995) (holding that a prisoner or pretrial detainee "who seeks a 'quantum change' in the level of

confinement" must use a writ of habeas corpus and a prisoner or pretrial detainee "who seeks anything else must use a civil rights action"). Rather than filing a civil rights complaint as he should have done, Jarvis instead has turned to this Court – presiding solely over a *criminal* case – to change his conditions of confinement. This the Court is without authority to do.[2]

7.   Even if the Court were to proceed to the merits of Jarvis's motion, however, his requested relief must be denied. Under Bell v. Wolfish, 441 U.S. 520 (1979), pretrial detainees are protected by the Due Process Clause. Id. at 535 n.16. Due process is not offended when a detainee is subject to restriction so long as the restriction is imposed for reasons other than punishment. Id. at 536-37. "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" Id. at 539. Jarvis's placement in administrative segregation in this case is reasonably related to the legitimate governmental objective of preventing Jarvis from contacting anyone outside of RCC who would assist him in his plot to have a DEA agent and a government witness murdered. Jarvis's conditions of confinement do not constitute punishment and, therefore, do not violate the Due Process

---

[2]This issue has been previously addressed in this district by Judge Armijo. In United States v. Cisneros, et. al., Cr. No. 01-1709, several defendants, including Mr. Romero's client Raymond Llamas, challenged their conditions of pretrial confinement. Judge Armijo properly determined that any claims other than those relating to the defendants' access to counsel and ability to prepare their defense were more properly raised in a civil suit, and she denied those claims. (See Doc. 309 in Cisneros, et. al., a copy of which is attached hereto). Here, Jarvis has not even asserted that his Sixth Amendment rights are being violated.

Clause.

WHEREFORE, the United States requests that the Court deny Jarvis's "Motion to End Unconstitutional Conditions of Confinement and Request for Expedited Hearing" without an evidentiary hearing.

Respectfully submitted,

DAVID C. IGLESIAS
United States Attorney

*ELECTRONICALLY FILED*

JAMES R.W. BRAUN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 346-7274

I HEREBY CERTIFY that a true copy of
the foregoing pleading was faxed to opposing
counsel of record, Joe M. Romero, Jr., this 22nd
day of February 2006.

*ELECTRONICALLY FILED*

JAMES R.W. BRAUN
Assistant U.S. Attorney