FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO    APR 18 2006

MATTHEW J. DYKMAN
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 05-1849 JH |
| | ) | |
| CATHY FITZGERALD, | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, CATHY FITZGERALD, and the defendant's counsel, CLIFFORD M. MCINTYRE:

### REPRESENTATION BY COUNSEL

1.    The defendant understands her right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with her attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.    The defendant further understands her rights:

a.    to plead not guilty;

b.    to have a trial by jury;

c.    to confront and cross-examine witnesses and to call witnesses in her defense; and

d.    against compelled self-incrimination.



## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.     The defendant hereby agrees to waive these rights and to plead guilty to Count 1 of the Indictment in this case charging violation of 21 U.S.C. § 846, that being conspiracy to distribute 1000 kilograms and more of marijuana.

## SENTENCING

4.     The defendant understands that the minimum and maximum penalties the Court can impose as to Count 1 are:

      a.     imprisonment for a period of not less than ten (10) years nor more than life;

      b.     a fine not to exceed the greater of $4,000,000.00 or twice the pecuniary gain to the defendant or pecuniary loss to the victim;

      c.     a mandatory term of supervised release of not less than five (5) years that must follow any term of imprisonment (if the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked – even on the last day of the term – and the defendant could then be returned to another period of incarceration and a new term of supervised release);

      d.     a mandatory special penalty assessment of $100.00; and

      e.     restitution as may be ordered by the Court.

5.     The defendant understands and agrees that sentencing will be pursuant to the Sentencing Reform Act of 1984, which requires the sentencing Court to consider applicable advisory sentencing guideline ranges in determining the appropriate sentence. **Notwithstanding such advisory guidelines, the defendant fully understands that no one can predict with certainty what sentence the court will impose. The determination of the actual sentence imposed is solely in the reasonable discretion of the Court.**

2

6.    It is expressly understood and agreed by and between the defendant and the United States that:

a.    The United States has made, and will make, NO AGREEMENT pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., that a specific sentence is the appropriate disposition of this case.

b.    The United States hereby expressly reserves the right to make known to the United States Probation Office, for inclusion in the presentence report prepared pursuant to Rule 32, Fed. R. Crim. P., any information that the United States believes may be helpful to the Court.

c.    The defendant recognizes that this plea agreement has already conferred a benefit upon her. Consequently, in return for the benefit conferred on the defendant by entering into this agreement, the defendant agrees that she will not seek a downward departure or variance from the applicable sentencing guideline range as determined by the Court after resolution of any objections by either party to the presentence report to be prepared in this case. In other words, the defendant agrees that a sentence within the applicable guideline range is a reasonable sentence. If the defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

## STIPULATIONS

7.      The United States and the defendant stipulate as follows:

        a.      At least 1,000 but less than 3,000 kilograms of marijuana are attributable to the defendant. Accordingly, the parties agree that the defendant's base offense level is 32, pursuant to U.S.S.G. § 2D1.1(c)(4).

        b.      Provided that the defendant meets the requirements of 18 U.S.C. § 3553(f)(1)-(5), the defendant's base offense level should be decreased by two (2) levels pursuant to U.S.S.G. § 2D1.1(b)(6), and the defendant should be sentenced without regard to the statutory mandatory minimum. The United States agrees that the defendant meets the requirements of U.S.S.G. § 5C1.2(a)(2), (3), (4), and (5).

        c.      No role adjustment under either U.S.S.G. § 3B1.1 (aggravating role) or U.S.S.G. § 3B1.2 (mitigating role) is appropriate in this case.

        d.      As of the date of this agreement, the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct. Consequently, pursuant to U.S.S.G. § 3E1.1, so long as the defendant continues to accept responsibility for her criminal conduct, she is entitled to a reduction of three (3) levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant personally providing an appropriate oral or written statement to the United States Probation officer who prepares the presentence report in this case in which the defendant clearly establishes her entitlement to this reduction.

8.      The United States and the defendant understand that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within

4

the discretion of the Court after it has reviewed the presentence report. The defendant understands and agrees that if the Court does not accept any one or more of the above stipulations, the defendant hereby waives the right to appeal the Court's rejection of such stipulations.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

9.      The defendant understands her obligation to provide the United States Probation Office with truthful, accurate, and complete information. The defendant hereby represents that she has complied with and will continue to comply with this obligation.

## FORFEITURE

10.      The defendant agrees to forfeit, and hereby forfeits, whatever interest she may have in any asset derived from or used in the commission of the offense in this case. The defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets. The defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

11.      The defendant agrees to the imposition of a money judgment against her in the amount of $5,000.00, representing a portion of the net profit the defendant derived from the offense charged in Count 1 of the Indictment, which is due at the time of the defendant's sentencing.

5

12.     The defendant voluntarily and immediately agrees to forfeit to the United States all of her right, title, and interest to 67 Willow, Santa Fe, New Mexico, which is more particularly described as follows:

SE 1/4 SE 1/4 NE 1/4 SW 1/4 of Section 31, Township 15 North, Range 9 East, N.M.P.M., Santa Fe County, New Mexico.

13.     The defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the defendant's interest in the above-described property to the United States.

14.     The defendant agrees to waive her right to notice of any forfeiture proceeding involving the above-described property.

15.     The defendant knowingly and voluntarily waives her right to a jury trial on the forfeiture of the above-described property.  The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding.  The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment of the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## WAIVER OF APPEAL RIGHTS

16.     The defendant is aware that 18 U.S.C. §§ 1291 and 3742 afford a defendant the right to appeal a conviction and the sentence imposed.  Acknowledging that, the defendant knowingly waives the right to appeal her conviction and any sentence within the applicable guideline range as

6

determined by the Court after resolution of any objections by either party to the presentence report to be prepared in this case, and the defendant specifically agrees not to appeal the determination of the Court in resolving any contested sentencing factor. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, that the Court may depart upwards from the applicable sentencing guideline range as determined by the Court.

## GOVERNMENT'S AGREEMENT

17. Provided that the defendant fulfills her obligations as set out above, the United States agrees that it will not bring additional charges against the defendant arising out of the defendant's conduct now known to the United States Attorney's Office for the District of New Mexico.

18. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

19. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement.

## VIOLATION OF PLEA AGREEMENT

20. The defendant understands and agrees that if she violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the Indictment in this case, as well as perjury, false statement, and obstruction of justice.

7

## ENTIRETY OF AGREEMENT

21.    This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 18ᵗʰ day of _April_ , 2006.

DAVID C. IGLESIAS
United States Attorney


JAMES R. W. BRAUN
Assistant United States Attorney
201 Third Street N.W., Suite 900
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 346-7274


I have read this agreement and carefully reviewed every part of it with my attorney.  I understand the agreement and voluntarily sign it.


CATHY FITZGERALD
Defendant


CLIFFORD M. MCINTYRE
Attorney for Defendant

8