IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**vs.**                                                                          **Criminal No. 05-1849 JH**

**DANA JARVIS,**

        **Defendant.**

### MOTION FOR THE COURT TO RECONSIDER OR MODIFY ITS ORDER DENYING DEFENDANT'S MOTION FOR RELEASE OF FUNDS

Defendant Dana Jarvis, pursuant to the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and 18 U.S.C. § 3142(e), and respectfully request that this Court to reconsider or modify its Order [Doc. No. 373] denying Defendant's *Motion for Release of Funds* [Doc. No. 338] and issue a Declaratory Judgment invalidating any *lis pendens* that have or may be filed regarding property that is not traced to or involved in and thus, forfeitable, including the Real Property listed at pages 12 and 13 of the Superseding Indictment.

### BACKGROUND

Mr. Jarvis is charged in a multi-defendant, multi-count indictment alleging a conspiracy to distribute marijuana, continuing criminal enterprise, and money laundering. This case has been declared "complex" and the Court has entered an extended discovery and briefing schedule. Mr. Jarvis is facing a possible mandatory sentence of 30 years if convicted on all counts. Effectively all of Mr. Jarvis's property has been restrained

through as a result of the Superseding Indictment and *lis pendens* filed in this matter. As a result, Mr. Jarvis's ability to retain private counsel of his choice and his ability to expend the resources he deems necessary to defend himself has been compromised.

On January 20, 2006, the Court entered its Order withdrawing Mr. Jarvis's court appointed attorney from the case. At the same time, the Court declined to hear a motion to release funds that was presented by Mr. Jarvis's prospective private attorneys. Consequently, Mr. Jarvis was appointed undersigned counsel on January 24, 2006. On February 23, 2006, the Court held a hearing on Defendant Jarvis's Motion for Release of Funds [Doc. No. 338]. In this motion, Defendant argued, *inter alia*, that the *lis pendens* effectively constitutes an improper pretrial "restraint" of Defendant's Mora New Mexico property within the meaning of 21 U.S.C. § 853 because the Mora property is a "substitute" asset not alleged to be directly connected with the alleged wrongdoing.

The Court rejected Defendant's distinction between forfeitable property and substitute assets and, accordingly, denied Defendant's *Motion for Release of Funds* [Doc. No. 338]. *See Memorandum and Order* [Doc. No. 373] (reasoning Defendant's right to alienate his Mora property remains intact despite the notice of *lis pendens*). For the following reasons, Defendant Jarvis requests that all his real property (including the Mora County property) subject to the *lis pendens*, and identified in pages 12 and 13 of the Superseding Indictment, be released so that he may use it to obtain counsel of his choice.

### ARGUMENT

I.     The Notice of Lis Pendens is Patently Invalid

Before the Court can determine whether Defendant Jarvis is free to alienate his real property subject to the *lis pendens*, it must first determine whether the Government

can lawfully file a *lis pendens* on said real property. If the answer to this threshold question is "no," then the Court does not reach the issue of whether the *lis pendens* constitutes a restraint on Defendant's real property.

In this regard, Defendant Jarvis contends that the filing of a *lis pendens* has unlawfully placed a scarlet letter on innocent property. By statute, forfeitable property found to be the proceeds of, or involved in, illegal activity under 18 U.S.C. § 982(a)(1) is subject to immediate restraint.  See 21 U.S.C. § 853(e)(1). In contrast, substitute assets are *not subject to restraint at all* and are only subject *to forfeiture if* there is a criminal conviction and directly tainted assets are unavailable *at that time*.  See 21 U.S.C. § 853(p).

Federal law recognizes criminal forfeiture orders as "something of a mongrel." *United States v. Bornfield*, 145 F.3d 1123, 1135-1137 (10th Cir. 1998) (*relying on United States v. Hurley*, 63 F.3d 1, 23 (1st Cir. 1995), *cert. denied*, 517 U.S. 1105 (1996) [internal quotation omitted]. The forfeiture process begins when "forfeiture is sought in the indictment and, absent a waiver of jury trial, is specified in the jury verdict." *Id.* By statute, criminal forfeiture pursuant to 18 U.S.C. § 982 is a sentencing issue. 18 U.S.C. § 982(a)(1). *Id.* (*citing Libretti v. United States*, 516 U.S. 29, 38-39, 133 L. Ed. 2d 271, 116 S. Ct. 356 (1995) ("Forfeiture is an element of the sentence imposed *following conviction*, . . .."). If, and only if, the forfeited assets are unavailable, an order substituting assets may be made by the court *at that time*. *See id.*; 21 U.S.C. §853(p).

Once an asset is determined to be "forfeitable" pursuant to § 982(a)(1), as either involved in or traceable to the offense *of conviction*, the seizure and disposition, including any administrative or judicial proceeding, is governed by the Comprehensive

3

Drug Abuse Prevention and Control Act, 21 U.S.C. § 583(c) and (e) through (p). 18 U.S.C. § 982(b)(1)(A). *Bornfield*, 145 F.3d at 1135 [emphasis added]. The government may, under certain circumstances, seek *forfeiture* of substitute assets. *Id*.; 21 U.S.C. § 853(p) [emphasis added]. However, the government may seek forfeiture of substitute assets only if,

> by act or omission of the defendant, the forfeited property:
> (A) cannot be located upon the exercise of due diligence;
> (B) has been transferred or sold to, or deposited with, a third party;(C) has been placed beyond the jurisdiction of the court;(D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty.

*Id.* (citing 21 U.S.C. § 853(p)). It is only after the Government meets one of the aforementioned requirements that the Court may order forfeiture of a substitute asset and forfeiture may only be ordered if and when there is a conviction.

Defendant Jarvis purchased the subject real property prior to conspiracy period alleged in the Superseding Indictment. Thus, until or unless Defendant Jarvis is convicted *and* the conditions for substitution of assets are met, the real property listed in pages 12 and 13 of the Superseding Indictment is *not* the subject of existing litigation. Consequently, the government may not rely on the fact that it may some day become forfeitable as a substitute asset as its basis for filing a *lis pendens*. Because the government has filed a *lis pendens* on property that it may not lawfully interfere with at this time, the *lis pendens* notice is invalid and should, therefore, be released. *See Horseback, Inc. v. Tabet,* 2000 U.S. App. LEXIS 968 (10th Cir. 2000).

### II.     The Notice of Lis Pendens is a Restraint on Defendant's Right and Ability to Alienate the Subject Property

4

A *lis pendens* notice places a restraint, short of seizure, on Defendant's right to sell his property despite the contention that, regardless of the *lis pendens,* Defendant's right to alienate his real property remains intact. *See Memorandum and Order* [Doc. No. 373] (*relying on United States v. Register*, 182, F.3d 820, 836-37 (11th Cir. 1999). In *United States v. James Daniel Good Real Prop*., the Supreme Court specifically found that the "[s]ale of [real] property *can be prevented* by filing a notice of *lis pendens*." 510 U.S. 43, 58-59 (U.S. 1993) (discussing various means, short of seizure, for the government to protect its legitimate interests in forfeitable real property)[emphasis added].

Further, both the Tenth Circuit and the New Mexico Supreme Court have found that a notice of *lis pendens* interferes with the prospect of sale and analogizes the filing of such to the levy of an attachment writ. *See FDIC v. Chaves*, 1995 U.S. App. LEXIS 2932 (10th Cir. 1995) (relying on *Ruiz v. Vuran*, 110 N.M. 478, 480-481 (1990); *Ruiz v. Vuran*, 110 N.M. 478, 480-481 (1990) (analyzing the nature of *lis pendens* for purpose of measuring damages for abuse of process) [emphasis added]. To "attach" means "to take or seize under legal authority" as to "attach the debtor's assets." BLACK'S LAW DICTIONARY, 122 (7th ed. 1999). "Attachment" means "the seizing of a person's property to secure a judgment or to be sold in satisfaction of a judgment. *Id. at* 123. "Seizure" means "[t]he act or an instance of taking possession of a person or property by legal right or process." *Id.* at 1364. Lastly, a "restraint" is a "confinement, abridgment, or limitation." *Id.* at 1315. Therefore, under New Mexico law, a *lis pendens* is indeed viewed as a restraint. Further, this restraint is an unlawful taking that obviates

Defendant's ability to liquidate any of his funds as payment for counsel of his choosing to defend him in this case.

Lastly, New Mexico law provides that one cannot be a bona fide purchaser of real property if, at the time of purchase, the property is subject to a *lis pendens*. *See* N.M.S.A. §38-1-14 (2006); *Wilson v. Robinson*, 21 N.M. 422, 429 (1916). So if one did purchase any of the real property identified in pages 12 and 13 of the Superseding Indictment, and Mr. Jarvis was later convicted, that purchaser would have no rights to the property and would have it seized by the government. Consequently, the government, by filing its *lis pendens*, interferes with the prospect of sale – an act analogous in the eyes of the New Mexico Supreme Court to an "*attachment writ*, as by *seizure*." *Ruiz*, 110 N.M. at 480-481. *See also, Chaves*, 1995 U.S. App. LEXIS 2932 (finding that a lis pendens interferes with the sale of property by clouding title). Therefore, it is simply a misstatement of law to contend that a *lis pendens* does not deny the owner his right to sell the subject property. The filing of the notice of *lis pendens* in this matter has been found to be a *restraint* by both the New Mexico Supreme Court and the Tenth Circuit.

**WHEREFORE,** Defendant Jarvis respectfully requests the Court to reconsider its findings, set a hearing on this matter at its earliest convenience, and that it accordingly modify its earlier order.

                                                Respectfully Submitted,

By:    *electronically filed*_____
         Joe M. Romero, Jr.
         Attorney for the Defendant
         1905 Lomas Blvd. NW
         Albuquerque, NM 87104
         (505) 843-9776

I hereby certify that a true and correct copy of the foregoing pleading was mailed to opposing counsel this 29th day of May, 2006.

*electronically filed*_____
JOE M. ROMERO, JR.