IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |  | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | Cr. No. 05-1849 JH | |
| | ) | | |
| DANA JARVIS, | ) | | |
| | ) | | |
| Defendant. | ) | | |

UNITED STATES' RESPONSE TO DEFENDANT'S
"MOTION TO RECONSIDER ORDER DENYING DEFENDANT'S
MOTION TO END UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT"

COMES NOW the United States of America, by and through David C. Iglesias, United States Attorney for the District of New Mexico, and James R.W. Braun, Assistant United States Attorney for said District, and responds to defendant Dana Jarvis's "Motion to Reconsider Order Denying Defendant's Motion to End Unconstitutional Conditions of Confinement" as follows:

1.The procedural history of this case and the basis for defendant Dana Jarvis's placement in administrative segregation were previously recited in the United States' response to Jarvis's "Motion to End Unconstitutional Conditions of Confinement," filed February 22, 2006 (Doc. 352).

2.In his motion to reconsider, Jarvis first claims that he does not "have a history of engaging [in] or procuring violent acts." (Def. Mot. at 1). Contrary to this

claim, the United States has previously presented evidence of an attempt by Jarvis to "procure violent acts" and of threats of violence made by Jarvis himself. (Transcript of Hearing on Jarvis's Motion for Release on Conditions at pages 20-21 and 22-25).

3.   Jarvis's next claim is that the United States does not have a proper reason to place him in administrative segregation. In support of this claim, Jarvis makes much of the fact that Jarvis was not placed in segregation until approximately four months after the government first learned of the facts giving rise to that placement. Placing Jarvis in segregation the moment the United States learned of his plot, however, would have effectively precluded any attempt to obtain additional evidence about the plot. In reality, through information provided by the confidential source during the course of the investigation into Jarvis's plot, the United States had knowledge of Jarvis's contacts with others who might assist him, wittingly or unwittingly, in carrying out his plot. Once the investigation was terminated, and Jarvis was made aware of the investigation, the United States no longer had access to that information, which necessitated Jarvis's placement in segregation.

Jarvis's claim that the investigation terminated when the United States "was unable to substantiate the [confidential source's] accusations against Defendant Jarvis despite an extensive investigation," (Def. Mot. at 6), is false. The United States substantially corroborated the existence of Jarvis's plot. The investigation was terminated when Jarvis was unable to produce the money necessary to hire the purported "hit man."

While any negative effects that administrative segregation may have on Jarvis, (*see* Def. Mot. at 8-9),[1] are unfortunate, the restrictions placed on Jarvis are reasonably related to the United States' security concerns. *See United States v. El-Hage*, 213 F.3d 74, 81-82 (2nd Cir. 2000). Therefore, those restrictions should not be modified.

4.  Jarvis next complains that his ability to assist in the preparation of his defense is impaired by the fact that he is restricted from having direct telephonic contact with the defense investigator and by his inability to have a private telephone conversation with his defense counsel. As an initial matter, since the hearing on Jarvis's "Motion to End Unconstitutional Conditions of Confinement," the United States has worked with Jarvis's counsel of record, Joe Romero, on several issues related to Jarvis's ability to assist in the preparation of his defense. For instance, Jarvis requested that he be allowed to use a word processing program and a printer, which was granted.

With regard to Jarvis's first complaint, that he is not allowed to have direct telephone contact with the defense investigator, this restriction does not significantly hinder the defense's ability to prepare their case. The investigator is allowed to visit Jarvis at RCC and to participate in telephone conversations between Jarvis and Mr. Romero and/or attorney Sharon Hawk (who is assisting Mr. Romero on this case).

Jarvis's second complaint appears to have been resolved. On June 8, 2006,

---

[1] Jarvis's assertion that he "has been locked alone in his cell for twenty-three hours a days since February 7th," however, is false. In fact, Jarvis is allowed out of his cell for an additional three hours each day to review discovery on a computer.

Supervisory Assistant United States Attorney James D. Tierney met with Ms. Hawk at the RCC, where Jarvis is detained, to observe the conditions under which Jarvis was allowed to conduct telephone calls. It was determined that a guard does not monitor Jarvis's telephone conversations.

WHEREFORE, the United States requests that the Court deny Jarvis's "Motion to Reconsider Order Denying Defendant's Motion to End Unconstitutional Conditions of Confinement" without a hearing.

Respectfully submitted,

DAVID C. IGLESIAS
United States Attorney

*ELECTRONICALLY FILED*

JAMES R.W. BRAUN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 346-7274

I HEREBY CERTIFY that a true copy of
the foregoing pleading was faxed to opposing
counsel of record, Joe M. Romero, Jr., this 13th
day of June 2006.

*ELECTRONICALLY FILED*

JAMES R.W. BRAUN
Assistant U.S. Attorney