# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

## Clerk's Minutes
## Before the Honorable Judith C. Herrera

| | | | |
|---|---|---|---|
| Case No. | **CR 05-1849 JH** | Date: | **June 22, 2006** |
| Title: | **United States v. Dana Jarvis, et al.** | | |
| Courtroom Clerk: | **Lincoln Sorrell** | Court Reporter: | **Paul Baca** |
| Court in Session: | **9:10 a.m.** | Court in Recess: | **9:42 a.m.** |

Type of Proceeding: **Hearing on United States' Motion for Order to Show Cause Why Protective Order Should Not Be Vacated**

Attorney(s) Present for Plaintiff:

**James Braun**
**Steve Kotz**

Attorney(s) Present for Defendant Jarvis:

**Joe Romero**
**Jay Lambros (lessee) pro se**

---

| | |
|---|---|
| 9:10 AM | Court in session; attorney appearances; Court sets out status of hearing continuance and confirms receipt of documents from Mr. Lambros. Mr. Romero has not received such documents and is given a moment to review them. |
| 9:22 AM | Mr. Kotz for the government addresses the court; Legitimate businessman here whose gotten in over his head; Mr. Lambros has indicated if he is given 60 more days to clean things up, the government does not have an objection. Parties can revisit issue after 60 days if Lambros doesn't comply. Lambros will furnish bank records to U.S. Marshal's office |
| 9:22 AM | Mr. Romero for defendant Jarvis addresses the Court. Original lease terms were fine; clean money from legitimate business; takes issue at the need for a protective order in the first place; lis pendens put in place and could be executed. Valid contract for liquor license between lessor and lessee was in place and doing well, so there is no need for protective order. Thousands of dollars have been paid into the account. Mr. Jarvis requests some relief for the monies owed to Jarvis under valid lease agreement; does not oppose a continuance. |

| | |
|---|---|
| 9:29 AM | Court to Lambros: what can you accomplish if we put this off for 60 days? Lambros: Will be able to get things in order and pay in a timely matter and bring financial matters current. Court will make letters and documents part of the record. Court admonishes Mr. Lambros to keep USMS informed. |
| 9:32 AM | Mr. Kotz: very misleading that Jarvis collected rent without problems prior to indictment. Protective order based on wanting to make sure bank was paid on the mortgage; liquor license could have been seized before. |
| 9:33 AM | Court addresses Jarvis' Motion to Vacate Protective Order, filed today, and states that government will have chance to respond in normal time limits; this is a separate matter. Court will defer ruling on this matter for 60 days and will hear from Mr. Kotz at 60 days or sooner as to the status of this matter. In the meantime, court will deal with Jarvis' motion. |
| 9:36 AM | Mr. Romero states that Lambros made $11,000.00 payment; parties haven't been able to sit down and talk about available money for child support and other financial obligations of Jarvis. Significant sums of money have been paid on lease. Court suggests Jarvis get together with Mr. Kotz and talk about money for child support payments and property in Bernalillo. Kotz says he's agreeable to talking about the child support. Court will not order making money available at this time in lieu of attorneys talking. Court in recess. |
| 9:42 AM | Court in recess. |