IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

06 JUL 12 PM 3:18

CLERK-ALBUQUERQUE

UNITED STATES OF AMERICA,

Plaintiff,

v.                                            CR05-1849 JH

GEORGE RIPLEY,

Defendant.

## DEFENDANT GEORGE RIPLEY'S SECOND MOTION TO RECONSIDER DETENTION AND TO SET REASONABLE CONDITIONS OF RELEASE

Defendant, George Ripley, by and through his attorney of record, Jason Bowles of Bowles & Crow, hereby moves this Court to order his release to the halfway house pending trial and in support states as follows.

1. **Law.**

As a general rule, release is favored over pretrial detention. The Court may consider the danger a defendant may pose to the community as part of the release decision. *United States v. Orta*, 760 F.2d 887 (8th Cir. 1985). A rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community with the pending charges. 18 U.S.C. 3142(e).

The judicial officer shall order the detention of the defendant before trial if after a hearing he finds that no condition or combination of conditions will reasonably assure the appearance of the person and the safety of any person or the community. 18 U.S.C. § 3142(e). "Reasonably assure" does not mean that release conditions must "guarantee"

569

community safety and the defendant's appearance. *United States v. Orta,* 760 F.2d 887 (8th Cir. 1985).

Under 18 U.S.C. § 3142, there are four alternatives. The statute generally contemplates that the Court will start from the least restrictive to most restrictive conditions:

(1) release of the defendant on his own recognizance.

(2) release of the defendant on conditions reasonably necessary to assure the appearance of the defendant and safety of any person or the community,

(3) under certain conditions, temporary detention for a period of not more than 10 days, and

(4) pretrial detention if the Court finds that no condition or combination of conditions will assure the appearance of the person or the safety of any person or the community.

Once the defendant has produced evidence that in his particular circumstance he is not likely to flee or engage in criminal activity while on release, the presumption is rebutted. Economic and social stability and no relevant criminal record may provide such rebutting evidence. *United States v. Dominguez,* 783 F.2d 702 (7th Cir. 1986). The presumption shifts the burden of production, not the burden of persuasion, to the defendant. *United States v. Portes,* 786 F.2d 758 (7th Cir. 1985). The government has the burden of proof by a preponderance as to risk of flight and by clear and convincing evidence on issues of danger to the community. 18 U.S.C. § 3142(f).

2. **Analysis.**

   A.   **Risk of Flight**

   Mr. Ripley has demonstrated economic and social stability in the community of Albuquerque and has no relevant criminal record with respect to the current charges he is facing. He has an eleven year-old son who is middle school aged. Mr. Ripley pays child support and very much loves his son, John. He is a very dedicated father and has a close relationship with his son. Mr. Ripley's brother Charles Ripley, who was initially interviewed by Pretrial Services, stated that Mr. Ripley is close to his son, visits his son very often, rides motorcycles with his son frequently and would take him shopping on a regular basis. He stated that George Ripley and his son spend a lot of time together. Mr. Ripley's ties to his son, and to Albuquerque, rebuts the presumption that he will flee.

   In addition, Mr. Ripley was previously on release from about mid September 2005 to late February 2006. Despite the charges against him, Mr. Ripley did not flee the jurisdiction. For all these reasons, this Court can be reasonably assured that Mr. Ripley will not flee.

   B.   **Danger to the Community**

   Mr. Ripley also respectfully does not pose a danger to the community under all of the pertinent circumstances. He is charged with a nonviolent crime and does not have a substantial history of violent crimes. This Court could fashion reasonable conditions of release to address issues contained in the pretrial report and given Mr. Ripley's history, including, but not limited to, (1) release to the La Posada halfway house, (2) frequent reporting to pretrial services, (3) drug testing and other standard conditions to ensure

3

compliance, (4) drug and alcohol counseling and treatment, and/or (5) regular employment.

This Court previously took judicial notice of the pretrial report that shows Mr. Ripley has a history of Driving While Intoxicated arrests as well as some non-appearances in those cases. Mr. Ripley is employed as an audio engineer and works throughout the night. It appears that most of the non-appearances were morning hearings in which Mr. Ripley missed because of his night-shift work schedule, which would change during the pendency of this case. Mr. Ripley has not been charged with a criminal offense in some time. In fact, the last substantive DWI charge was in the late 1990's. Mr. Ripley is now 50 years old and has not had any recent DWI offenses. On information and belief, there are no outstanding warrants or unresolved charges on Mr. Ripley's record.

During this case, Mr. Ripley was released in and about mid September 2005 to the halfway house. While at the halfway house for approximately six weeks, Mr. Ripley was generally compliant with all rules and had only one minor infraction for use of alcohol on one occasion. No action was taken on that infraction. Thereafter, Mr. Ripley was released from the halfway house on bond and living in Albuquerque. He remained on release for several months until he tested positive for drug use (methamphetamine). Upon that infraction, Mr. Ripley was re-incarcerated on February 23, 2006. He has remained in federal custody pending trial for the past approximately 4 ½ months.

Other than the infractions mentioned above, counsel knows of no danger to the community issues that surfaced during Mr. Ripley's release. The problem was compliance with this Court's orders. For that noncompliance, Mr. Ripley has paid a price

4

for the past 4 ½ months, in federal custody. Nonetheless, under the statute, it appears that conditions can be fashioned to: (1) assure his appearance in court and (2) ensure he is not a danger to the community. The conditions which could be fashioned would be release of Mr. Ripley only to the halfway house, not into the community, with the strict rules of the halfway house, frequent drug and alcohol testing to ensure Mr. Ripley is compliant with Court orders, and directives that Mr. Ripley obtain employment and continue drug and alcohol counseling and treatment. Such release would also enable Mr. Ripley to assist his son financially once he obtains employment.

3.  **Position of U.S. Attorney's Office**

Assistant U.S. Attorney James Braun was contacted on this motion but could not be reached for his position. It is presumed based upon prior conversations that AUSA Braun opposes this Motion.

WHEREFORE, Mr. Ripley respectfully requests this Court to release him from custody into the halfway house on such conditions of release as this Court deems fit to assure his appearance at court proceedings and to ensure the safety of the community.

Respectfully Submitted,

Jason Bowles
Bowles & Crow
Post Office Box 25186
Albuquerque, N.M. 87125-5186
(505) 217-2680

5

I HEREBY CERTIFY that a true copy of the foregoing was served upon James Braun, Assistant U.S. Attorney, this 12 day of July, 2006.

Jason Bowles
BOWLES & CROW