

**U.S. Department of Justice**

*United States Attorney*
*District of New Mexico*

---

P.O. Box 607                                505/346-7274
Albuquerque, New Mexico 87103  *Fax 505/346-7296*

May 22, 2006

Scott M. Davidson
Attorney at Law
204 Bryn Mawr Drive NE
Albuquerque, NM 87106

      Re:    United States v. Dana Jarvis, CR-05-1849 JH

Dear Mr. Davidson:

      I am writing in response to your letter dated May 8, 2006, in which you request the production of certain items pursuant to Rule 16(a)(1)(E), Fed. R. Crim. P., on behalf of the defendants in this case. As an initial matter, I would note that Rule 16 does not entitle a defendant to discovery of all of the evidence on which an affidavit submitted in support of a wiretap order is based simply so the defense can "independently assess" whether the government complied with Title III, and you have not cited to any authority supporting that proposition. Nor does Rule 16 entitle a defendant "to wide-ranging discovery to canvass for evidence in support of [a] motion to suppress." *See United States v. Harding*, 273 F.Supp.2d 411, 430 (SDNY 2003). With that in mind, I will respond to each of your requests in turn below.

      1.    Rule 16 does not mandate production of progress reports submitted to the court during the course of a wiretap. *See United States v. Chimera*, 201 F.R.D. 72, 77 (WDNY 2001). Therefore, the United States declines to produce any such reports to the defense in this case.

      2.    The DEA report (Form DEA-6) regarding the chain of custody for a disk drive containing intercepted conversations over 505-470-1811 (DEA Exhibit N-21) was produced at pages 3.83-3.84. The DEA report (Form DEA-6) regarding the chain of custody for disk drives containing intercepted conversations over 505-615-1212, 520-440-5731, and 505-466-4147 (DEA Exhibits N-22, N-23, and N-24) was produced at pages 3.95-3.97. The DEA report (Form DEA-6) regarding the chain of custody for disk drives containing intercepted conversations over 505-615-1212, 520-440-5731, 505-466-4147, 520-440-5257, and 520-705-7133 (DEA Exhibits N-26, N-27, N-28, N-29, and N-30) was produced at pages 3.116-3.119. The DEA reports (Form DEA-7a) regarding the chain of custody for disk drives containing intercepted conversations over 520-440-5731 and 505-385-2798 (DEA Exhibits N-37 and N-38) were produced at pages 5.4 and 5.5. For convenience, the Form DEA-7a's for each of the disk drives containing intercepted conversations in this case (DEA Exhibits N-21, N-22, N-23, N-24, N-26, N-27, N-28, N-29, N-30, N-32, N-33, N-34, N-35, N-37, and N-38) have been numbered as discovery pages 5.99-5.113 and will be provided to Penni Adrian in her role as discovery coordinator. The Form DEA-6 for DEA Exhibits N-32, N-33, N-34, N-35, N-37, and N-38 will also be produced to Penni Adrian.

Attachment B

Scott M. Davidson
May 22, 2006
Page 2

---

3.  The information requested in paragraph 3 of your letter is not subject to production under Rule 16, and the United States therefore declines to produce this information.

4.  The records requested in paragraph 4 of your letter are not subject to production under Rule 16, and the United States therefore declines to produce these records.

5.  Relevant financial records that are in the possession of the government have been, and will continue to be, released in discovery.

6.  Any such reports would be exempt from disclosure under Rule 16(a)(2). To the extent you are requesting an expert witness summary under Rule 16(a)(1)(G), such summaries are due 45 days prior to trial pursuant to the Amended Stipulated Order Setting Deadlines and Declaring Case Complex (Doc. 274, hereinafter referred to as the Stipulated Scheduling Order).

7.  At this time, I do not anticipate introducing at the trial in this case recordings of meetings or telephone conversations referenced in the wiretap affidavits between a confidential source and a target of the investigation. Therefore, any such recordings that do not involve a defendant in this case are not subject to discovery under Rule 16. Pursuant to Rule 16(a)(1)(B)(i), the United States will disclose any relevant recorded statements of the defendants.

8.  The records requested in paragraph 8 of your letter are not subject to production under Rule 16, and the United States therefore declines to produce these records.

9.  As you are well aware, grand jury transcripts are secret and are subject to disclosure only in specific circumstances. *See* Fed. R. Crim. P. 6(e)(2)(B) and 6(e)(3). Under Rule 6(e)(3)(E), the court may authorize disclosure of a matter occurring before the grand jury "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." You have not indicated in your letter that such a ground may exist. To the extent you are requesting witness statements under the Jencks Act, such statements are due 45 days prior to trial pursuant to the Stipulated Scheduling Order.

10. With regard to the confidential sources referenced in the initial wiretap affidavit, the fact that those sources received payments in exchange for information and the sources' criminal histories were disclosed in the affidavit. The underlying records requested in this paragraph are not subject to production under Rule 16, and the United States therefore declines to produce these records. To the extent you are requesting impeachment material on government trial witnesses under *Giglio v. United States*, such material is due 90 days prior to trial pursuant to the Stipulated Scheduling Order.

11. The factual basis for the subject wiretaps is contained within the affidavits submitted in support thereof. The wiretaps in this case were not a "spin-off" from another wiretap investigation.

Scott M. Davidson
May 22, 2006
Page 3

---

12. The United States has disclosed criminal history printouts for each defendant in the original indictment who has a criminal history. Criminal history printouts for the defendants who were recently added in the superseding indictment have been numbered as discovery pages 2.58-2.85 and will be provided to Penni Adrian. With regard to the criminal histories of the confidential sources referenced in the initial wiretap affidavit, see paragraph 10 above. Finally, with regard to the criminal histories of the non-defendant "interceptees" listed in the wiretap affidavits, the records requested in this paragraph are not subject to production under Rule 16, and the United States therefore declines to produce these records.

13. The United States has already produced a substantial number of surveillance reports generated during the investigation in this case, and will be producing additional reports to Penni Adrian. At this time, I do not anticipate introducing at the trial in this case any testimony regarding surveillance of meetings referenced in the wiretap affidavits between a confidential source and a target of the investigation. Therefore, records of any such surveillance are not subject to discovery under Rule 16.

14. The records requested in paragraph 14 of your letter are not subject to production under Rule 16, and the United States therefore declines to produce these records.

15. Information regarding the minimization of intercepted call in this case has already been produced to the defense on the compact discs containing the intercepted calls and the synopsis ("line sheet") for each of those calls.

16. Rule 16 does not mandate production of minimization instructions given to agents who are monitoring a wiretap. *See Chimera*, 201 F.R.D. at 78-79. Therefore, the United States declines to produce records relating to such instructions.

17. The reports requested in paragraph 17 of your letter are not subject to production under Rule 16, and the United States therefore declines to produce these reports.

If you continue to believe that the defense is entitled to any documents or information that the United States is declining to produce, and you would like to discuss the basis for your request, please do not hesitate to call me. Also, if I have misunderstood what you are requesting in a given paragraph, please let me know.

Very truly yours,

DAVID C. IGLESIAS
United States Attorney

JAMES R.W. BRAUN
Assistant U.S. Attorney

cc:   D. Penni Adrian