IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

vs.                                                                                Criminal No. 05-1849 JH

**DANA JARVIS,**

        **Defendant.**

### DEFENDANT'S REPLY TO UNITED STATES' RESPONSE TO MOTION FOR THE COURT TO RECONSIDER OR MODIFY ITS ORDER DENYING DEFENDANT'S MOTION FOR RELEASE OF FUNDS

Defendant Dana Jarvis replies to the United States' Response To Motion To Reconsider Defendant's Motion for Release of Funds Filed on May 30, 2006 [hereinafter "Response"] that it filed on July 7, 2006. [Doc No. 523] by pointing out that the Government cannot 1) insulate itself from the New Mexico Supreme Court's finding that a *Lis Pendens* is a restraint on property and 2) avail itself of the common law doctrine of relation-back. In support of his reply, Defendant Jarvis asserts the following facts and conclusions of law:

### RELEVANT FACTS

Defendant Jarvis anticipates that trial in this matter will be set for April of 2007. Until then, there is no conviction or acquittal.

**REPLY**

The Defendant reasserts his argument, made in his motion, that the government cannot file a notice of *lis pendens* as to defendant's "other" property that is not yet "forfeitable" through "substitution" because it is not necessary to invoke the substitution provisions of 21 USC § 853 in order to restrain Defendant's "other" property when Defendant's "forfeitable" property does not fall into one of the categories listed under § 853(p)(1). While Defendant agrees with the government that "substitute assets are forfeitable assets within the ambit of § 853," see Doc. No. 523, this is not a foregone conclusion because certain Congressional hurdles pertinent to substitute asset must be overcome before the government can reach a defendant's "other" property for purposes of substitution under the statute. Lastly, Defendant also argues that before the government is able to forfeit defendant's property, be it forfeitable through taint or substitution, the government must first have its judgment order in hand.

A.  **The Government Prematurely And, Consequently, Wrongly Taps Into Defendant's Other Untainted Property Without First Determining The Necessity To Do So Under 21 USC §853**

As noted by the government, the court's overriding purpose when construing a statute is to determine Congressional intent by analyzing the statute's plain meaning in conjunction with its design. *See Doc. No*. 523 at p. 3 (*relying on Chickasaw Nation v. United States*, 208 F.3d 871, 878 (10th Cir. 2000). In applying the rules of statutory construction in its response, the government begins by outlining the historical progression of 21 USC § 853 *visa vie* the Criminal Forfeiture Act of 1984, the Racketeer Influenced and Corrupt Organization statute and the Continuing Criminal Enterprise statute. *Id*. Based on the statute's history, the government concluded that 21 USC § 853 was

designed to prevent defendants from disposing of property in anticipation of criminal proceedings. This statutory history, however, does not permit the government to assert its interest in Defendant's property, which property is unavailable to the government under a proper reading of 21 USC § 853.

Section § 853(a) addresses "[p]roperty subject to criminal forfeiture" by defining it as, *inter alia*, "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation." 21 USC § 853(a)(1). *See also, Doc. No*. 253 at pp. 3-4 (describing forfeitable property as "tainted" property). Section § 853(p), on the other hand, distinguishes substituted property from forfeitable property by authorizing the court to "order the forfeiture of any *other* property of the defendant, up to the value of any property" described as forfeitable under § 853(a) through (e). 21 USC § 853(p)(1)(2). In accordance with the plain language of 21 USC § 853, Congress intended to distinguish a defendant's *forfeitable* "tainted" property from his *substituted* "other property. *Compare* 21 USC §§ 853(a)-(e) *with* 21 USC § 853(p)(1)(2).

Further evincing Congressional intent to distinguish substituted property from forfeitable property is the statutory language stating that a defendant's "substituted" property, property *other* than that identified as forfeitable under of §853(a), may be substituted under § 853(p)(2) *only if* defendant's forfeitable "tainted" property is otherwise unavailable under 21 USC § 853(p)(1). The logical progression from this interpretation is that USC § 853(e) can only apply to *substituted* "other" property *if* defendant's forfeitable "tainted" property is otherwise unavailable under 21 USC § 853(p)(1). So, even if defendant's "other" property may ultimately become forfeitable

3

through substitution, the government may not skip steps when applying 21 USC § 853 so that it may prematurely filch Defendant's other property not yet forfeitable.

> **B.    Any Argument that 21 USC §853 Somehow Authorizes The Government To File Notices of *Lis Pendens* "To Preserve The Availability Of Property Subject To Criminal Forfeiture Is Without Merit**

The government fails to refute Defendant's position that the New Mexico Supreme Court recognizes that tortious abuse of process occurs when a *lis pendens* is filed in the absence of any legal support to do so. *See Ruiz v. Vuren*, 110 NM: 478 (NM 1998). In fact, the only support that the government seemingly forwards in its response is the possible argument that 21 USC § 853(e) somehow vests authority with the government to file a notice of *lis pendens*. However, this potential argument fails under the governments own statutory interpretation test. By its terms, § 853(e) authorizes "the *court* to enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in [§ 853(a)]. This authority does not extend to the government.

> **C.    The Government Cannot Insulate Itself From The New Mexico Supreme Court's Finding That A *Lis Pendens* Is A Restraint On Real Property**

The government attempts to insulate itself from New Mexico common law by incorrectly positing that the filing of a *lis pendens* does not constitute a restraint. It asserts that *Ruiz v. Vuren* is distinguishable because the issue before the *Ruiz* Court was the appropriate measure of damages for abuse of process in filing a notice of *lis pendens* while the issue here is whether a *lis pendens* is a restraint under federal statute that

4

implicates one's due process rights under § 853(a). *See Response* at ¶2. However, the government wrongly articulates the issue. The issue *is* not whether a *lis pendens* constitutes a seizure that implicates one's due process rights to notice and hearing. *See U.S. v. James Daniel Good Real Property*, 510 U.S. 43, 54 (1993). Rather, the issue is indeed whether a *lis pendens* effectively restrains a defendant's ability to sell his property. There seems to be no disagreement that it indeed does so. See Memorandum Opinion [Doc. No. 373]; Response [Doc. No. 523]; *James Daniel Good Real Property*, 510 U.S. 43; *Ruiz*, 110 NM: 478.

### D.   Regardless Of Whether The Property Is Identified As Forfeitable Or A Substitute Asset, The Government Must Have A Judgment Of Forfeiture Before It Can Profit From The Relation-Back Doctrine

In its response, the government invokes the relation-back doctrine in support of its notion that it can attach Defendant's property today. However, the Supreme Court has precluded the government from profiting from the relation-back doctrine *until it has obtained a judgment of forfeiture.*" *U.S. v. 92 Buena Vista Ave.*, 507 U.S. 111, 128 (1993) (applying the rule prohibiting governmental reliance on the common law doctrine of relation-back to the statutory relation-back provision under § 881).

**WHEREFORE,** Defendant Jarvis respectfully requests the Court to reconsider its ruling regarding substitute assets, set a hearing on this matter at its earliest convenience, and that it accordingly modify its earlier order.

              Respectfully Submitted,

           By: *electronically filed*_____
             Joe M. Romero, Jr.
             Attorney for the Defendant
             1905 Lomas Blvd. NW
             Albuquerque, NM 87104
             (505) 843-9776

I hereby certify that a true and correct copy of the foregoing pleading was mailed to opposing counsel this 18th day of July, 2006.

*electronically filed*_____
JOE M. ROMERO, JR.