IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 05-1849 JH |
| ) | |
| GEORGE RIPLEY, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S**
**SECOND MOTION TO RECONSIDER DETENTION ORDER**

COMES NOW the United States of America, by and through David C. Iglesias, United States Attorney for the District of New Mexico, and James R.W. Braun, Assistant United States Attorney for said District, and responds to defendant George Ripley's Second Motion to Reconsider Detention and to Set Reasonable Conditions of Release as follows:

**Procedural History**

1. On August 23, 2005, a federal grand jury in Albuquerque returned a twenty-six count indictment charging Ripley and twenty co-defendants in Count 1 with Conspiracy to Distribute 1000 Kilograms and More of Marijuana, in violation of 21 U.S.C. § 846. As to that count, Ripley faced a mandatory term of ten years up to life imprisonment. Ripley was also charged in Count 3 with Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h).

2. Ripley had his initial appearance before United States Magistrate Judge Alan C. Torgerson on August 26, 2005. At that time, the United States moved for Ripley's detention. On August 29, 2005, Ripley appeared before Judge Torgerson for arraignment and a detention hearing. Ripley waived his right to a detention hearing and stipulated to detention, subject to a

later motion to reconsider.

3.  Ripley filed his first Motion to Reconsider Detention and to Set Reasonable Conditions of Release on August 30, 2005. He filed an Amended Motion to Reconsider Detention and to Set Reasonable Conditions of Release on September 12, 2005, the same day the United States Responded to the original motion.

4.  After a hearing on September 14, 2005, and over the objections of the government and the United States Pretrial Services Office, Judge Torgerson ordered Ripley released to the custody of the La Pasada Halfway House upon filing of a $100,000 appearance bond. Ripley filed the bond and was released on September 28, 2005.

5.  One month after his release, Ripley committed his first violation of conditions of release. On October 29, 2005, he was allowed to return to his home for four hours to pack his belongings. When he returned to La Pasada he was given a random breathalyzer test, which showed he had consumed alcohol. He admitted to this violation. Pretrial Services reported the violation to the Court but did not request action. The government supported Pretrial Services' position. One month later, referring to the October 29 violation and Ripley's apparent compliance since then, Pretrial Services recommended that Ripley be released from La Pasada to reside at his home, subject to electronic monitoring. Again, the government supported Pretrial Services' position, and Ripley was released on December 2, 2005 to reside at home.

6.  Within a matter of days, Ripley's behavior began to deteriorate, validating the concerns expressed by the government and Pretrial Services in originally opposing Ripley's release from custody. According to Pretrial Services' petition to revoke conditions of release filed on February 17, 2006, Ripley began violating the terms of electronic monitoring on

December 11, 2005, after only nine days. Further violations were documented on January 13, 28, and 29, 2006. Even more serious, on February 7, 2006 Ripley submitted a urine sample that tested positive for use of amphetamine/methamphetamine. Ripley admitted having used methamphetamine before the February 7 test and again on February 14, 2006.

7.    At the hearing on the revocation petition on February 22, 2006, Ripley admitted the violations. The Hon. Richard L. Puglisi ordered Ripley remanded into custody.

8.    On April 25, 2006, the grand jury returned a Superseding Indictment in this case. The counts against Ripley remained essentially the same.

9.    On June 23, 2006, the Probation Office provided to the government and defense counsel an initial calculation of Ripley's criminal history, which it calculated as Category IV. Ripley's criminal history includes an apparent juvenile adjudication in 1972 for receiving stolen property for which he was sentenced to 36 months probation and ten days jail. It also includes eight misdemeanor convictions between 1978 and 2001, including four DUI convictions. The Probation Office also identified six other arrests, including four for which the dispositions are currently unknown because court records have not been located. These six arrests include four separate instances of domestic violence and one more DUI that was dismissed under New Mexico's six-month rule.

10.   On July 12, 2006, Ripley filed his Second Motion to Reconsider Detention. The only new information presented in support of the motion is Ripley's spin on the facts recited above concerning his behavior while he was on release from September 2005 to February 2006. Ripley contends that these facts justify his release again to La Pasada with various reporting, testing, and counseling requirements. The government and Pretrial Services (in a telephone

conversation on July 20, 2006) contend that Ripley poses a danger to the community because of his lengthy history of alcohol abuse, coupled with his admitted recent methamphetamine use and failure to abide by conditions of release. Application of the law to all the facts now before the Court requires denial of Ripley's motion.

### **Argument**

11.   18 U.S.C. § 3142(e) provides, in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act ....

This presumption "reflects Congress's findings that drug traffickers often have the resources and foreign contacts to escape to other countries, as well as strong incentives to continue in the drug trade." United States v. Moreno, 1994 WL 390091 (1st Cir. July 14, 1994)(unpublished).

12.   The presumption established by Section 3142(e) is applicable in this case based on the charges in the Indictment and Superseding Indictment for which the grand jury has found probable cause. See United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991). In Stricklin, the Tenth Circuit stated:

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

932 F.2d at 1354-55.

13.   The United States submits that Ripley has offered insufficient facts to rebut the

presumption that no condition or combination of conditions exist that would reasonably assure his future appearance in court as required or the safety of the community, and that he should therefore remain detained pending trial.

WHEREFORE, for the foregoing reasons, the United States requests that the Court deny Ripley's Second Motion to Reconsider Detention and to Set Reasonable Conditions of Release.

                    Respectfully submitted,

                    DAVID C. IGLESIAS
                    United States Attorney

                    *ELECTRONICALLY FILED*

                    JAMES R.W. BRAUN
                    Assistant U.S. Attorney
                    P.O. Box 607
                    Albuquerque, New Mexico  87103
                    (505) 346-7274

I HEREBY CERTIFY that a true copy of the foregoing pleading was faxed to opposing counsel of record, Jason Bowles, and to Pretrial Services Officer Gina Bauman this 20th day of July, 2006.

*ELECTRONICALLY FILED*
_____
JAMES R.W. BRAUN
Assistant U.S. Attorney