IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-1849 JH |
| | ) | |
| DANA JARVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' RESPONSE TO DEFENDANTS'
JOINT MOTION TO COMPEL DISCOVERY RELATED TO
THE INTERCEPTION OF ELECTRONIC COMMUNICATIONS (DOC. 573)**

In their motion, the defendants ask the court to order the United States to essentially open up its files in this case and allow them to engage in a fishing expedition in an attempt to find support for a motion to suppress wiretap evidence. Because the defendants are not entitled to the discovery they are requesting, their motion should be denied.

The defendants note in their motion that they requested seventeen types of documents from the government by letter dated May 8, 2006 (Def. Attachment A). The United States responded to the defendants' request by letter dated May 22, 2006. (Def. Attachment B). In its letter, the United States agreed to provide the requested documents to which the defendants are entitled. For example, the United States noted that it had already produced some of the requested chain of custody reports to the defense, and that it would provide the defense with any additional reports that had not already

been produced.[1]  The United States properly declined, however, to provide the defense with documents to which they are not entitled.

In their motion, the defendants provide support for a court-ordered production of only four types of documents they have requested. The United States therefore addresses only those requests below.[2]

    1. <u>Surveillance Reports.</u>

The defendants have cited to no case or rule that requires the government to produce "[l]ogs, reports, records, original notes, or any other record created by any method pertaining to physical surveillance of any individual named in the affidavits of DEA Special Agent Richard L. Stark." (Def. Mot. at 7). While the defendants argue that these reports are material to the issue of necessity, Rule 16 does not entitle a defendant "to wide-ranging discovery to canvass for evidence in support of [a] motion to suppress." *See United States v. Harding*, 273 F.Supp.2d 411, 430 (SDNY 2003). Further, the defendants ignore the fact that Rule 16 specifically "does *not* authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government *or other government agent* in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2) (emphasis added); *see also United States v. Wipf*, 397 F.3d 632,

---

[1]Those additional chain of custody reports have in fact since been produced to the defense.

[2]The other thirteen requests should be either denied as moot or summarily denied because the defendants have failed to provide any support for their arguments. For example, in their motion, the defendants' note that they requested chain of custody records from the government. (Def. Mot. at 3). Their continued request for such documents should be denied as moot because the government has already produced them. With regard to the defendants' request for grand jury transcripts, Fed. R. Crim. P. 6(e)(3)(E) requires that the defendants first show "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." The defendants do not even attempt in their motion to make the required showing.

636-37 (8th Cir. 2005) (noting that under Rule 16, agent reports "are immune from discovery"); *United States v. Smith*, 405 F.Supp. 144, 145 (D.C. Pa. 1975) ("As to copies of surveillance reports prepared by federal agents, it is clear that such information need not be disclosed by the Government").[3]

    2. "Ten Day Reports."

The defendants assert that they need the progress reports (or "ten day reports") that the United States filed with the district judges who authorized the wiretaps in this case in order to "ensure that the government has not violated Title III or the Fourth Amendment." (Def. Mot. at 18). In denying the same request by the defendants in *United States v. Chimera*, Judge Arcara held:

> [T]he information contained in [the progress reports] will not materially aid Defendants' quest to discover potential defects in the initial applications for the Title III orders, or the execution or extensions of the orders. Any lack of probable cause for the issuance of the orders or a failure to otherwise comply with [18 U.S.C.] § 2518(1)(c) must be present itself on the face of the application. As Defendants have received these documents, the progress reports will be irrelevant, and thus immaterial, to the court's consideration of these issues. Any questions regarding the investigators's failure to comply with the early termination requirements applicable under § 2518(3)(e), may be determined by comparison between the objectives as stated in the order and the actual taped interceptions, transcript summaries, and contemporaneous logs, all of which the Government provided or has agreed to provide to Defendants.

201 F.R.D. 72, 77 (W.D.N.Y. 2001). As in *Chimera*, the United States has in this case provided the defendants with the wiretap affidavits, applications, and orders, as well as compact discs containing recordings of all the intercepted conversations, written summaries of those conversations, and transcripts of pertinent conversations. The defendants already have all they need to determine

---

[3] Despite not being required to do so, the United States has in fact already produced a number of reports relating to surveillance conducted before the wiretaps were initiated and during the course of the wiretaps. There is no basis, however, for the court to order the government to produce those types of reports.

whether the government complied with the requirements of Title III and the Fourth Amendment in this case.[4]

    3. <u>Pen Register Records.</u>

In making their request for the production of pen register records, the defendants rely heavily on *United States v. Feola*, 651 F.Supp 1068 (S.D.N.Y. 1987). The defendants in *Feola* had requested "telephone and/or other public or private communication records which the government intends to use at trial." *Id.* 1143-44. Of course, Rule 16(a)(1)(E)(ii) requires the government to produce items that it intends to use in its case-in-chief at trial. Here, however, the defendants are not asking for items that the government intends to use at trial. Rather, they are asking for records that were used by the government in the preparation of a wiretap affidavit. Nevertheless, despite the questionable nature of the defendants' request, the United States will work with the defendants to provide them with the pen register records that they seek. Therefore, this request should be denied as moot.

    4. <u>Logs and Other Material Related to Monitoring and Minimization.</u>

The defendants' request for "minimization logs" should also be denied as moot. As the United States previously informed the defendants, "[i]nformation regarding the minimization of intercepted call[s] in this case has already been produced to the defense on compact discs containing

---

[4]An unpublished "Order and Reasons" out of the Eastern District of Louisiana cited by the defendants, *United States v. Cleveland*, 1997 WL 2554 (E.D. La. 1997), provides absolutely no support for the defendants' request in this case. In *Cleveland*, the district court, without any analysis, ordered the government to produce progress reports. There is no discussion of the legal basis for requiring the production of the reports. Indeed, it is not even clear whether the government opposed the production of the reports.

the intercepted calls and the synopsis ("line sheet") for each of those calls." (Def. Attachment B at ¶ 15). There are no other "minimization logs."

The defendants request for "any records pertaining to minimization training, including minimization instructions, minimization training manuals, materials used in minimization instruction or training, sign-in sheets or similar records pertaining to attendance at the training sessions, and training records," (Def. Mot. at 20) is without merit. The relevant question in this case is whether intercepted calls were properly minimized. Whatever training and instructions were provided to the monitors in this case has no bearing on that question.[5]

The defendants in this case have been already provided with the information that they need to address the issue of whether intercepted calls were properly minimized. As Judge Arcara held in *Chimera*, "whether the communications intercepted were so far beyond the scope authorized by the terms of the issuing judges [sic] order must turn on a comparison of the actual communications intercepted and the terms of the order .... The specific text of any instructions will therefore be irrelevant to the court's determination on the issue of compliance with [18 U.S.C.] § 2518(5) ...." 201 F.R.D. at 78.

---

[5]Of course, if the court were to determine that calls were improperly minimized, the training and instructions provided to monitors might answer the question of *why* calls were improperly minimized. At that point, records of such training and instructions might become relevant to an argument by the government that agents acted in a good faith effort to comply with Title III. *See Chimera*, 201 F.R.D. at 78-79.

5

WHEREFORE, the United States respectfully requests that the court deny the defendants' "Joint Motion to Compel Discovery Related to the Interception of Electronic Communications" without a hearing.

Respectfully submitted,

DAVID C. IGLESIAS
United States Attorney

*ELECTRONICALLY FILED*

JAMES R.W. BRAUN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM   87103
(505) 346-7274

I HEREBY CERTIFY that a true copy of the foregoing pleading was mailed to defense counsel of record this 2nd day of August 2006.

*ELECTRONICALLY FILED*

---

JAMES R.W. BRAUN
Assistant U.S. Attorney