IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Cr. No. 05-1849 JH

DANA JARVIS,

        Defendant.

## ORDER

This matter is before the Court on two motions by Defendant Dana Jarvis: *Motion for the Court to Reconsider or Modify Its Order Denying Defendant's Motion for Release of Funds* [Doc. No. 500], and *Motion to Reconsider Order Denying Defendant's Motion to End Unconstitutional Conditions of Confinement* [Doc. No. 499]. On August 11, 2006, the Court held an evidentiary hearing on both motions at which Defendant was present.

The Defendant failed to present new arguments regarding the motion for release of funds, and therefore the Court will deny the motion to reconsider that ruling.

With regard to the Defendant's conditions of confinement, the Court concludes that the Defendant has presented sufficient evidence to demonstrate that the current conditions of administrative segregation are interfering with his Sixth Amendment right to prepare his defense with the effective assistance of his counsel. Defendant is being held at the Regional Correctional Center ("RCC"), where he has been in administrative segregation—that is, in solitary confinement for 23 hours per day—since February 7, 2005.[1] The undisputed evidence in the record is that in order to

---

[1] The Court notes that disciplinary segregation can be for no longer than 60 days. However, Defendant's administrative segregation has continued for more than six months.

speak to his attorney on the phone, Defendant must kneel on the floor of his cell near the cell door, with one ear toward the food slot in the door, through which the telephone's earpiece passes. In this position it would be virtually impossible for Defendant to look at documents, take notes, or engage in similar activities essential to participation in his own defense. He is permitted to speak to his counsel for only ten minutes at a time, and because he is unable to dial the phone, he sometimes is not permitted to call his attorney back when the ten minutes expires. Defendant is allowed to call only Mr. Romero, and he is permitted to call Mr. Romero only at his office. In other words, Defendant is not permitted to call either of his attorneys on their cell phones, nor is he permitted to call his investigator. As a result, in order for Defendant to contact any member of his legal team, he must first reach Mr. Romero in his office, and then Mr. Romero must attempt to bring in the investigator or co-counsel by conference call or other means. On the other hand, the evidence suggests that there is no limit placed on Defendant's right to meet with his attorneys in person, subject to the same limitations on the availability of meeting space that apply to all detainees at the RCC.

      Defendant presented the testimony of his psychologist, Mr. Colby, who visits inmates at RCC on a regular basis. Mr. Colby testified that Defendant has adjustment disorder with mixed moods and insomnia, and that Defendant's concentration and memory are impaired. Mr. Colby concluded that Defendant's psychological disorder has worsened and his ability to participate meaningfully in his own defense has been hampered by the conditions of his solitary confinement and will likely become even more impaired the longer Defendant remains there. This evidence is uncontradicted. The Government maintains that it intends to keep Defendant in administrative segregation for the foreseeable future, despite the fact that it does not intend to charge Defendant for the alleged crime

that is the basis of his segregation.

In light of the foregoing, the Court concludes that Defendant's motion to reconsider should be granted, in that he has successfully demonstrated that the current terms of his confinement are interfering with his Sixth Amendment rights.

**IT IS THEREFORE ORDERED** that the *Motion for the Court to Reconsider or Modify Its Order Denying Defendant's Motion for Release of Funds* [Doc. No. 500] is **DENIED**, and the *Motion to Reconsider Order Denying Defendant's Motion to End Unconstitutional Conditions of Confinement* [Doc. No. 499] is GRANTED.

**IT IS FURTHER ORDERED** that Defendant be transferred from administrative segregation to the general population at the Regional Correctional Center, with the same rights as all other inmates in that general population.

_____
**UNITED STATES DISTRICT JUDGE**