IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 05-1849 JH |
| ) | |
| DANA JARVIS, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' MOTION FOR INTERLOCUTORY SALE
OF REAL PROPERTY AND LIQUOR LICENSE NUMBER 2599

COMES NOW the United States of America, by and through David C. Iglesias, United States Attorney for the District of New Mexico, and Stephen R. Kotz, Assistant United States Attorney for said District, and moves the Court for an order, in the form attached hereto as Exhibit 1, authorizing the immediate interlocutory sale of certain real property located at 3523 Central NE, Albuquerque, New Mexico, and liquor license 2599 for the following reasons.

1.　The Superseding Indictment charges Defendant Dana Jarvis with, among other offenses, drug trafficking in violation of 21 U.S.C. § 841, et seq. and money laundering, in violation of 18 U.S.C. § 1956. The indictment alleges further, that upon Defendant's conviction, certain property would be forfeitable to the United States, including the liquor license 2599 and real property (hereafter the "Real Property") described in the indictment as follows.

> LOTS NUMBERED TEN (10), ELEVEN (11) AND TWELVE
> (12) IN BLOCK NUMBERED FOUR (4) OF MONTE VISTA,
> AN ADDITION TO THE CITY OF ALBUQUERQUE, NEW
> MEXICO, AS THE SAME ARE SHOWN AND DESIGNATED
> ON THE MAP OF SAID ADDITION FILED IN THE OFFICE OF

THE COUNTY CLERK OF BERNALILLO COUNTY, NEW MEXICO, OCTOBER 14, 1926.

THERE IS EXCEPTED THE NORTHERLY PORTION OF SAID LOT THEN (10) WHICH IS DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEAST CORNER OF SAID LOT TEN (10) RUNNING

THENCE SOUTHERLY ALONG THE WESTERLY LINE OF NORTH CARLISLE AVENUE, 62.28 FEET TO THE SOUTHEAST CORNER OF THE TRACT HEREIN DESCRIBED; THENCE WESTERLY, PARALLEL WITH AND 60 FEET NORTHERLY AT RIGHT ANGLES FROM THE NORTHERLY LINE OF EAST CENTRAL AVENUE, 80.19 FEET TO THE SOUTHWEST CORNER OF THE TRACT HEREIN DESCRIBED; THENCE NORTHERLY ALONG THE WESTERLY LINE OF SAID LOT 10, 86.09 FEET TO THE NORTHWEST CORNER OF THE TRACT HEREIN DESCRIBED WHICH IS THE NORTHWEST CORNER OF SAID LOT 10; THENCE EASTERLY ALONG THE SOUTHERLY LINE OF CAMPUS BOULEVARD, 86.97 FEET TO THE PLACE OF BEGINNING.

On the United States' motion, this Court on entered a protective order on November 4, 2005 to preserve the property, protect third party interests and prevent, among other things, any transfer or further encumbrance of the property during the pendency of this criminal case. (See Doc. 246).

2. Following the entry of the protective order, the lessee, Harlow's on the Hill, LLC, failed to comply with the terms of the protective order. Accordingly, on May 10, 2006, the United States filed a motion for order to show cause why the protective order should not be vacated. At a hearing conducted on June 22, 2006, the United States agreed to allow Harlow's an additional 60 days in which to comply with the court's order. As of the date of the filing of

this motion, the principal of Harlow's, Jay Baum-Lambros, has neither contacted the United States Marshals Service nor made any lease payments as required by the Court's order.

Moreover, upon information and belief, there has been virtually no business conducted at Harlow's. Two other businesses operated by Mr. Baum-Lambros have been locked and closed since at least August 25, 2006. The whereabouts of Mr. Baum-Lambros are unknown at this time.

3. The United States expects that upon Defendant's conviction, the property will be forfeited to the United States.

4. First State Bank of New Mexico holds a note, secured by a first mortgage on the real property and an assignment of the liquor license to the Bank, in the current principal amount of $118,234.18. The United States Marshals Service received two payments totaling $15,618.68 from Harlow's. One payment was made in December 2005 for $4,618.68 and the second was made in May 2006 for $11,000. Per the protective order, the United States Marshals Service has made monthly payments of $891 to First State Bank. The United States Marshals Service has $4,738.36 remaining. There is no expectation that Harlow's will provide any further lease payments.

5. First State Bank has placed forced hazard insurance on the premises because neither the lessee, Harlow's, nor the lessor, Mr. Jarvis, obtained insurance. The lease agreement required the lessor to maintain adequate insurance to protect the property.

6. Under all of the circumstances, an interlocutory sale of the property by the United States Marshals Service provides the best means of maximizing and preserving the equity in the

property.  The property is now subject to waste, deterioration and decay. If such a sale occurs in the near future, before the property deteriorates or is perhaps destroyed, the sale should generate sufficient funds to satisfy First State Bank's mortgage and provide additional proceeds which can be held by United States Marshals Service pending final judgment in this case.

7.      As a practical matter, an arms-length commercial sale by the United States Marshals Service will likely bring a higher price for the property than a foreclosure sale, where the mortgagee would have no incentive to demand any price higher than its mortgage balance.

8.      Because a prompt commercial sale of the both the real property and the liquor license by United States Marshals affords the best protection to all concerned, the United States moves that the Court enter an order authorizing United States Marshals Service to conduct an private interlocutory sale pursuant to 28 U.S.C. §§ 2001(b), 2002 and 2004.  These statutes provide the necessary safeguards, including appraisal by three disinterested and qualified persons, to assure a fair value.  The Court has the authority to enter such orders under 21 U.S.C. § 853(e)(1)(A), incorporated by 18 U.S.C. § 982(b)(1), which authorizes the Court, upon application of the United States, to "take any … action to preserve the availability of property…for forfeiture."

Counsel for Defendant Jarvis has indicated opposition to an interlocutory sale on several occasions.

WHEREFORE, the United States moves that the Court enter an Order for Interlocutory Sale in the form attached hereto as Exhibit 1.

                                    Respectfully submitted,

                                    DAVID C. IGLESIAS
                                    United States Attorney

                                    *ELECTRONICALLY FILED*

                                    STEPHEN R. KOTZ
                                    Assistant U.S. Attorney
                                    P.O. Box 607
                                    Albuquerque, New Mexico  87103
                                    (505) 346-7274

I HEREBY CERTIFY that a true copy
of the foregoing pleading was mailed
to opposing counsel of record, Joe M. Romero, Jr.
and to counsel for First State Bank, Victor Carlin
this  30th  day of August, 2006.

*ELECTRONICALLY FILED*

_____
STEPHEN R. KOTZ
Assistant U.S. Attorney