UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                 No. CR 05 1849 JH

DANA JARVIS,

        Defendant.

**EMERGENCY MOTION FOR AN ORDER FOR IMMEDIATE RE-INSTITUTION OF THE PRESCRIBED MEDICAL REGIMEN PREVIOUSLY ORDERED BY PHYSICIANS AND ABRUBTLY DISCONTINUED**
&
**RESTORATION OF DEFENDANT JARVIS' COMPUTER ACCESS TO DISCOVERY**

        Defendant Dana Jarvis, by and through counsel, moves this Court for an order requiring the U.S. Marshals Service and the Torrance County Detention Center to act in concert to ensure the immediate re-institution of Defendant's previously prescribed medical regimen, including the administration of prescribed psychotropic medications, or the institution of a new medical regimen upon the immediate evaluation of the appropriate medical doctor. Mr. Jarvis' counsel also move this Court for immediate restoration of the Defendant's access to computer discovery so, pursuant to his Sixth Amendment rights, Defendant Jarvis can participate in the preparation of his own defense. In support thereof, Defendant Jarvis states:

        1.        On August 21, 2006, the Court granted Defendant Jarvis's Motion For Reconsideration of Order Denying Motion To End Unconstitutional Conditions of Confinement. *See Order* [Doc. No. 654]; *Defendant's Motion* [Doc. No. 499].

        2.        At the August 11, 2006 hearing on this motion [Doc. No. 499], Robert Colby,

Defendant's therapist at RCC, testified about Defendant's current medical regimen. This regimen included physician directed and ordered counseling and daily administration of combined antidepressant and anti-anxiety medications.

3.      On September 5, 2006, and at the behest of the AUSA and over undersigned counsel's objections, the U.S. Marshals Service transferred Defendant to the Torrance County Detention Center.

4.      At the September 12, 2006, a hearing was held on Defendant's Emergency Sealed Petition to Halt U.S. Marshals Service Transfer of Defendant Jarvis From RCC to Torrance County [Doc. No. 667] wherein Defendant argued, *inter alia*, that said transfer impaired Defendant's Sixth Amendment right to meaningfully participate in his defense because it severed the therapist/client relationship that was ongoing at RCC and which was necessary for Defendant to meaningfully focus and participate in his own defense.

5.      At the September 12th hearing, undersigned counsel notified the Court, U.S. Marshals Service and AUSA James Braun, that Defendant's antidepressant and anti-anxiety medications were abruptly discontinued on September 5, 2006 when Defendant was transferred to Torrance County Detention Center. Undersigned counsel portended that this cessation in medical treatment would further impair Defendant's Sixth Amendment rights.

6.      Defendant has been denied prescribed medication since September 5, 2006. He has received no medications as prescribed and there has been no discernable effort to re-establish counseling with a new therapist.

7.      This abrupt cessation in Defendant's therapeutic milieu has caused a rapid and palpable deterioration in Defendant's physical and psychological well-being making it extremely difficult for counsel to elicit Defendant's meaningful participation in his defense. Accordingly,

counsel's September 12th predictions have come to fruition with regards to Defendant's Sixth Amendment rights.

8. Defendant and co-counsel have together tried to resolve this issue by speaking directly with the medical units at Torrance County and RCC. Defendant was informed by Torrance County medical that it has no record of orders for medications. RCC has not returned counsel's call as of the filing of this motion.

9. Undersigned counsel has advised Defendant to exhaust the administrative grievance procedure as it pertains to his medical needs.

10. However, undersigned counsel petitions the Court to intervene emergently upon the facts as they pertain to Defendant's Sixth Amendment rights.

11. Additionally, and since the transfer of September 5, 2006, Defendant Jarvis has been denied computer access to his discovery, and so cannot assist his counsel in the preparation of his defense. Undersigned counsel has spoken with U.S. Marshall's Service Officer Tom Bauman who advised that RCC has provided Estancia with the written protocol of how Defendant Jarvis is to be allowed computer access to his discovery, but such access has not yet been afforded to Defendant Jarvis as of the filing of this Motion.

12. The continual interference in Defendant Jarvis' medical well-being concomitant with the interference in his access to assisting in his defense invite an eventual finding of prejudicial and reversible error constitutional error, in violation of Defendant Jarvis' entitlement to fundamentally fair proceedings.

**WHEREFORE**, Defendant Dana Jarvis respectfully requests the Court to order the U.S. Marshals Service and Torrance County Detention Center to ensure immediate re-institution of Defendant's previously ordered medical regimen, including administration of prescribed

medications, or institution of a new medical regimen upon immediate evaluation and order by an appropriate medical doctor.

    Defendant Jarvis further requests immediate reinstatement of his computer access to discovery, such that his own participation in his defense, as guaranteed by the Sixth Amendment, is meaningful.

                                                        Respectfully submitted

                                                        *Electronically Filed*
                                                        _____
                                                        Joe M. Romero, Jr.
                                                        Attorney for the Defendant
                                                        1905 Lomas Blvd. NW
                                                        Albuquerque, NM 87104
                                                        (505) 843-9776

I hereby certify that a true and correct copy of the foregoing pleading was mailed to opposing counsel this 26th day of September 2006.

*Electronically Filed*
_____
JOE M. ROMERO, JR.

4