**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**THE UNITED STATES OF AMERICA,**

       **Plaintiff,**

  **vs.**                                **No. CR 05-1849 JH**

**DANA JARVIS, et al.,**

       **Defendants.**

**DEFENDANTS' JOINT MOTION TO DISMISS THE FORFEITURE ALLEGATION,
OR,
IN THE ALTERNATIVE,
MOTION FOR A BILL OF PARTICULARS PURSUANT TO
FED. R. CRIM. P. 7(c)(1), 7(c) (2), 7(f) & 12(b)(3)(B)**

The Defendants file this Joint Motion to Dismiss the Forfeiture Allegation, or in the alternative, their Motion for a Bill of Particulars.

## 1.  Introduction

The Government seeks to forfeit more than $158 million from the Defendants, each of whom is jointly and severally liable for the full amount of $158 million.  *See* Part 2 *infra*.  The Superceding Indictment, even when supplemented by the discovery so far produced by the Government, fails to show a nexus between the drug and money laundering offenses and the forfeited property. *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 75 (1993)(J. O'Connor concurring and dissenting in part) ("The required nexus between the property and the crime -- that it be used to commit, or facilitate the commission of a drug offense -- is the same for forfeiture of real and personal property."); *United States v. Bornfield*, 145 F.3d 1123, 1135 (10th Cir. 1998)( as to money laundering, property must have " the requisite nexus to the offense of conviction be forfeited.").  The Superceding Indictment also fails to provide any indication of how the Government arrived at the $158,400,000.00 figure.  *See* Part 3 *infra*.

The amount of money specified in the Superceding Indictment as laundered and seized-

$112,441.60, is a minuscule fraction of the value of the amount claimed in the forfeiture allegation. Although the Superceding Indictment lists real estate, bank accounts, conveyances, and a liquor license, there is no information on the value, or even the estimated value, of these assets. There is no information as to whether the contents of the accounts or entire values of the remaining assets are alleged to be "involved in" or "traceable to" the money laundering offenses. *Bornfield*, 145 F.3d at 1135. The absence of any information on the value of these assets involved in or traceable to the offenses, or the method by which the Government arrived at the figure of $158,400,000.00 leaves the Defendants unable to defend against a claimed nexus and valuations as to which they have been provided no substantive facts.

These cumulative failures of the United States deprive the Defendants of the necessary information to be informed of the charges against them with constitutionally *sufficient* precision, to prepare for trial, to avoid or minimize the danger of surprise at time of trial, and to plead their acquittal or conviction in bar of another prosecution for the same offense should the circumstances necessitate. *See* Fed. R. Crim. P. 7(c)(1)(an indictment must be a definite written statement of the *essential facts* constituting the offense charged)(emphasis added); Fed. R. Crim. P. 12(b)(3)(B); *United States v. Higgins*, 2 F.3d 1094, 1096 (10th Cir. 1993); *United States v. Dunn*, 841 F.2d 1026, 1028 (10th Cir. 1988); *United States v. Sturmoski*, 971 F.2d 452, 460 (10th Cir. 1992); *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983). *See* Part 4 *infra*.

Accordingly, by this Motion, the Defendants seek an order from this Court dismissing the forfeiture allegation in this case, or in the alternative, an order directing the Government to file a Bill of Particulars addressing the requirements of Fed. R. Crim. P. 7(c)(2) that an indictment provide notice to each defendant that the government alleges s/he has an interest in property that is subject to forfeiture and the substantive basis for the government's allegation, including (1) how the $158,400,000.00 alleged

2

to be forfeitable is related to the offenses alleged in the Superceding Indictment  as to each and every

defendant individually, as well as how the property of non-defendants is alleged criminally forfeitable as

a liability to the named defendants, and (2) how the Government arrived at the $158,400,000.00 figure as

the amount of assets forfeitable. *See* Part 5 *infra.*

2.  **The Government's Forfeiture Allegation is insufficient as to the required nexus to the <u>alleged crimes</u>**

In the Superceding Indictment, the Government seeks to forfeit at least the following:

- $158,400,000.00 in U.S. currency, *see* Superceding Indictment at 8,

- the contents of bank accounts owned by Mr. Jarvis, *see id.* at 8-9,

- the contents of a bank account Continental Steel West Corp., believed owned by non-defendant Mike Hannah, *see id.* at 9,

- the contents of a bank account owned by RC Aviation, *see id.,*

- the contents of a bank account owned by non-defendant Barbara Hanna, *see id.,*

- real property at 1440 Calle Cielo Vista, Bernalillo, New Mexico, *see id.* at 9,

- real property at 3523 Central Ave. NE, Albuquerque, New Mexico, *see id.* at 9-10,

- real property at 8012 1st Street NW, Albuquerque, New Mexico, *see id.* at 10,

- real property at 28 Quail Run, Santa Fe, New Mexico, *see id.,*

- a 1978 Beechcraft King Air C-90 Turboprop Aircraft, *see id.,*

- a 1972 Cessna 421B Aircraft, *see id.,*

- a 1999 Honda Accord, *see id.,*

- a 1999 Chevrolet Z-71 pick-up,  *see id.,*

- a 2003 Honda Goldwing motorcycle, *see id.* at 11, and

- a liquor license in the name of Club Rhythm and Blues, attached to the location of 3523 Central Ave. NE, Albuquerque, New Mexico, and owned by Dana Jarvis, *see id.*

3

The forfeiture allegation states that these monetary and property assets are forfeitable under either one of two forfeiture provisions: 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1). It does not specify which properties are forfeitable under which of these statutes, but it says that property that constitutes, or is derived from, proceeds obtained, directly or indirectly, as a result of each offense in violation of 21 U.S.C. § 841, 846, or 848 is forfeitable under 21 U.S.C. § 853, and that property involved in violating 18 U.S.C. § 1956, or conspiracy to commit such offense, for which the defendants are convicted, and all property traceable to such property is forfeitable under 18 U.S.C. § 982(a)(1).

In addition, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), the Government seeks to forfeit up to four parcels of real property and the contents of a bank account if the property described above cannot be located, has been transferred to a third party, has been placed outside the jurisdiction of the Court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty. *See* Superceding Indictment at 11-13. The properties include the following:

- real property at 9227 West Weaver Circle, Casa Grande, Arizona, *see id.* at 12,

- real property at 7596 Corrales Road, Corrales, New Mexico, *see id.*,

- real property at two locations in Mora County, New Mexico, *see id.* at 12-13, and

- the contents of a bank account owned by Greg and Mary Hill.

The Superceding Indictment as a whole never links the listed property to the alleged criminal activity, "how it was illegally used" or to "the proceeds of unlawful activity," such that it is sufficient to provide notice to the Defendants as to what they must defend against. *United States v. Puma*, 937 F.2d 151, 156-157 (5th Cir. 1991).

4

3.    **The Government fails to show how $158 million is connected to the alleged offenses and fails to show how it arrived at the $158 million figure**

Section 853 is "limited on its face to property obtained from or used in the underlying crime." *United States v. Wilson*, 244 F.3d 1208, 1215 (10th Cir. 2001), *citing* 21 U.S.C. § 853(a), and *United States v. One Parcel Property*, 106 F.3d 336, 339 (10th Cir. 1997) (*per curiam*).

The forfeiture allegation provides no substantive facts whatsoever as to the basis for the Government's astronomical figure of $158 million in forfeitable assets. For instance, it is not at all clear which, if any, of the following is the basis for the Government's $158 million figure:

(A)    the properties specified as forfeitable, *see* pages 8-11 of the Superceding Indictment,

(B)    the properties specified as forfeitable plus the substitution assets, *see* pages 8-13 of the Superceding Indictment,

(C)    the profits of the alleged marijuana distribution conspiracy,

(D)    the gross proceeds of the alleged marijuana distribution conspiracy,

(E)    (A) plus (C),

(F)    (A) plus (D),

(G)    (B) plus (C), or

(H)    (B) plus (D).

This lack of clarity is compounded by the fact that there is an enormous gap between the conduct alleged in Counts 1 through 26 and the monetary value alleged in the criminal forfeiture allegation. *See* Superceding Indictment *passim*. For instance, Count 1 alleges that all 22 defendants engaged in a conspiracy over a period of 15 years, from approximately 1990 to August 2005, to distribute more than 1000 kilos of marijuana. *See* Superceding Indictment at 1-3 (alleging violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846). No monetary value is provided regarding the marijuana alleged in Count 1 to be the subject of a conspiracy.

Count 2 alleges that during the same fifteen-year period Dana Jarvis engaged in a continuing criminal enterprise that included possession with intent to distribute marijuana in March 2005, May 2005, and July 2005 and August 2005. *See* Superceding Indictment at 3-4 (alleging violations of 21 U.S.C. §§ 848(a), 848(c) and 18 U.S.C. § 2). Neither amounts nor monetary values are provided regarding the marijuana transactions alleged in Count 2, the necessary predicates of a continuing criminal enterprise conviction, in turn the predicate for the forfeiture based upon 846 as to Mr. Jarvis. *United States v. Almaraz*, 306 F.3d 1031, 1039 (10th Cir. 2002).

Count 3 alleges that ten of the Defendants conspired to launder money during the same fifteen-year period. *See* Superceding Indictment at 4 (alleging violations of 18 U.S.C. §§ 1956(a)(1)(A)(i), -(a)(1)(B)(i), and -(h)). No monetary values are provided regarding the monetary instruments alleged in Count 3 to be the subject of money laundering, nor is there a single specific incident alleged in this Count, contrary to Fed. R. Crim. P. 7(c)(1).

Counts 4-12 allege that between December 2002 and August 2003 Dana Jarvis engaged in money laundering, involving nine separate checks each in the amount of $932.08, and payable to Commercial Federal. *See* Superceding Indictment at 5 (alleging violations of 18 U.S.C. §§ 1956(a)(1)(A)(i), -(a)(1)(B)(i), and 18 U.S.C. § 2). The nine checks alleged to be used in money laundering in Counts 4-12 total $8,388.72.

Counts 13-23 allege that, between July 2004 and May 2005, Dana Jarvis engaged in money laundering, involving eleven separate checks, each in the amount of $932.08, and payable to Commercial Federal. *See* Superceding Indictment at 6 (alleging violations of 18 U.S.C. §§ 1956(a)(1)(A)(i), -(a)(1)(B)(i), and 18 U.S.C. § 2). The eleven checks alleged in Counts 13-23 to be used in money laundering total $10,252.88.

Counts 24-26 allege that, between January 2005 and July 2005, Dana Jarvis engaged in money laundering, involving three checks, two of which are alleged to be in the amount of $700.00, and the third of which was alleged to be in the amount of $1350.00, and payable to Santa Fe Consulting.  *See* Superceding Indictment at 7 (alleging violations of 18 U.S.C. §§ 1956(a)(1)(A)(i), -(a)(1)(B)(i), and 18 U.S.C. § 2).  The three checks alleged in Counts 24-26 to be used in money laundering total $2750.00.

The total amount of money alleged to have been the subject of money laundering does not exceed $22,000.00.  The forfeiture allegation claims an amount of over $158 million.  The Government is required to show a nexus between the offenses and the forfeited property.  *See Wilson*, 244 F.3d at 1215.  The Government must prove by a preponderance of the evidence that "(1) such property was acquired by such person during the period of the violation" of a predicate offense "or within a reasonable time after such period; and (2) there was no likely source for such property other than the violation of" the predicate offense.  21 U.S.C. § 853(d).

The Superceding Indictment provides no indication of how the Government arrived at the $158 million figure, what is included in that amount, what assumptions that figure is based on, if extrapolation is used, what amounts of substances were the baseline for the calculation of the $158 million figure, which defendants are allegedly connected to which properties and so forth.  Indeed, the Superceding Indictment curiously precludes its laundry list of criminally forfeitable property with the traditionally civil law damages phrase, "including but not limited to the following." "Including but not limited to" is not constitutionally adequate notice for the United States to deprive anyone of their property in even a civil proceeding, and these defendants are facing *criminal* forfeitures.

**4.  These failures deprive the Defendants of the necessary information to defend against these charges**

Due to the vagueness of the Superceding Indictment's allegation that each of the Defendants is jointly and severally liable for $158 million, the Defendants have not been informed of "the nature of

the charge against [them] with sufficient precision," *Wyatt v. United States*, 388 F.3d 395, 397 (10th Cir. 1968), to enable them to prepare for trial, *see id.*, to avoid or minimize the danger of surprise at time of trial, *see id.*, and enable them "to plead their acquittal or conviction in bar of another prosecution for the same offense." *Id.*; *see also* F. R. Crim. P. 7(c)(1); *Higgins*, 2 F.3d at 1096; *Dunn*, 841 F.2d at 1028 (10th Cir. 1988); *Sturmoski*, 971 F.2d at 460; *Gabriel*, 715 F.2d at 1449.

The discovery produced to date does not address the gaps outlined in this Motion, nor does the United States have an open file policy in this case. The United States maintains boxes and boxes of discovery documents the Defendants have not had adequate access *inside* of, as the Government has limited Defendant access to these boxes to an average of 4 hours per Defendant, asserting that as the United States will not be using these documents at trial, the documents do not need to be copied and disclosed. *See Exhibit A*, Photo of discovery boxes described; *also United States v. Griffith*, 362 F. Supp. 2d 1263, 1278 (D. Kan. 2005)("an open file discovery policy" may eliminate bill of particulars issues).

Despite the efforts of the Defendants' attorneys, their attorneys' paralegals, and other assistants, the Defendants have not yet been able to discern from either the Superceding Indictment or the incomplete documentary discovery so far produced the basis for the amount alleged to be subject to forfeiture. Nor have the Defendants been able to determine how the Government intends to substantiate the amount of $158 million it claims in forfeitable assets.

The Defendants have timely raised their issues with the insufficiency of the Superceding Indictment as to the forfeiture allegation pursuant to Fed. R. Crim. P. 12(b)(3)(B). Consequently, the forfeiture allegation should be dismissed with prejudice as impermissibly vague such that it fails on due process grounds to provide constitutional notice.

## 5.  In the Alternative, a Bill of Particulars should be Filed

Alternatively, the Defendants seek an order directing the Government to file a Bill of Particulars.  A Bill of Particulars supplements an indictment drafted with insufficient particularity. *See United States v. Jensen*, 193 F. Supp. 2d 601, 605 (E.D.N.Y. 2002).  "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996).  More specifically, "[t]he purpose of a bill of particulars is to inform the defendant of the *substantive facts* of the charges against him." *United States v. Griffith*, 362 F. Supp. 2d 1263, 1277 (D. Kan. 2005)(emphasis added). The Superceding Indictment simply fails as to the forfeiture allegation in a myriad of aspects.

The Superceding Indictment fails in setting forth the substantive facts of the forfeiture allegations. It fails in alleging the substantive factual basis for its claim that the monetary value of assets subject to forfeiture is $158 million.  It fails in setting forth the substantive factual basis for the allegation that these assets were "obtained from or used in the underlying crime." *Wilson*, 244 F.3d at 1215.  And it fails pursuant to R. 7(c)(2), because it fails to give notice  to each individual defendant that the United States believes they have "an interest in property subject to forfeiture in accordance with the applicable statute."  These failings amount to the fundamental failings to be remedied by a Bill of Particulars- apprising the defendants of the essential elements of the charges against them.

Here, the property alleged forfeitable or as substitute assets is reasonable described as to *what it is. See United States v. Raimondo*, 721 F.2d 476, 477-78 (4th Cir. 1983) (property subject to forfeiture must be adequately described).  It is in the nexus, the substantive factual basis amongst the charges, defendants and properties where the government fails. *United States v. Staggs*, 881 F.2d 1527, 1536 (10th Cir. 1989)(J. Logan, Circuit Judge, concurring)( The defendants are entitled to know what specific violations the government intends to use at trial and a Bill of Particulars is an appropriate means).

In the single forfeiture count, the United States has put every allegation of criminal wrongdoing against every defendant and as to every single property, without differentiation. This fails in the minimum requirement that the indictment track the language of the statue, as which statute goes to whom is unidentified. *United States v. Walters*, 188 F.R.D. 591, 596 (D. Kan. 1999), *citing United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988); also *e.g.* Fed. R. Crim. P. 7(c)(2). Each defendant is entitled to such notice. The Superceding Indictment even includes forfeiture allegations against the property of individuals who are no longer defendants, with no explanation as to how such properties can be criminally forfeited as the joint and several liabilities of the named Defendants.

As the Superceding Indictment currently stands without a Bill of Particulars, no defendant herein can prepare to meet the Government's proof that upon conviction of "x" crime, "y" property, believed to belong to a specific defendant, is forfeitable as directly or indirectly traceable to, or derivative of, "x" crime.

For example, the lead defendant, Mr. Jarvis, appears to have allegations of forfeiture related to 21 U.S.C. 841, 846, 848 and sections of 18 U.S.C. 1956.  If Mr. Jarvis is convicted on any of these counts, the government must ultimately prove *which* of the convictions each piece of allegedly forfeitable property constitutes or is directly or indirectly derived from, or was intended to be used in or to facilitate the crimes underlying his convictions, as the underlying conviction is the government's predicate proof to the criminal forfeitures.  Similarly, the United States has alleged a variety of underlying predicate offenses supporting forfeitability of assets as to all ten defendants named in Count 3, replicating the inadequacy of notice as to the lead defendant.

The Defendants must show that they are likely to be surprised at trial without the Bill of Particulars providing the requested information, such that their substantial rights will be prejudiced. *Dunn*, 841 F.2d at 1029. The "surprise" to be shown is described by LaFave as surprise as "to the

particular acts or events that the government will cite at trial as establishing the crime." *Id., citing* 2 LaFave and Israel, Criminal Procedure § 19.2(f) (1984). The Defendants have already shown the inevitability of surprise at trial as they do not have notice as required by 7(c)(2), nor notice as to the acts that taint or make the properties forfeitable, all notice failings of the Superceding Indictment as to the forfeiture allegations.

Failure of remedy now unnecessarily invites reversal later. In *United States v. Lot Numbered One of the Lavaland Annex,* the Tenth Circuit reversed and remanded for a new trial where the claimant in a forfeiture proceeding was not given notice of how the government intended to prove it case, because a defendant or forfeiture claimant is "entitled to know . . . the theory of the government's case" "to which parties are entitled in analogous circumstances. " *United States v. Lot Numbered One of the Lavaland Annex*, 256 F.3d 949, 957 (10th Cir. 2001), *citing United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992)(discussing analogous circumstances in which a defendant is entitled to a bill of particulars). Requiring a defendant to anticipate, without notice, which properties are alleged to be forfeitable as to whom and through what conduct is a recipe for unfair and reversible surprise, avoidable with a properly filed Bill of Particulars. *See id.*

Forfeitures of property are not favored, and adequate notice of governmental intention to derogate the common law in forfeiture proceedings is the safeguard against unconstitutional takings of property. *See United States v. One 1936 Model Ford V-8 De Luxe Coach*, 307 U.S. 219, 226 (1939). At minimum, the United States should clarify, by charting, for example, the name of each defendant, the property and extent of alleged interest of each defendant in such property pursuant to 7(c)(2) that is subject to forfeiture in accordance with the specific statute the United States alleges satisfies the predicate criminal offense for forfeiture, and the substantive facts serving as the basis for the $158 million figure. *United States v. Estevez*, 845 F.2d 1409, 1411-12 (7th Cir. 1988)(extent of interest provided

11

either in indictment or Bill of Particulars);  *see Griffith*, 362 F. Supp. 2d at 1277 (D. Kan. 2005); *United States v. Smaldone*, 583 F.2d 1129, 1133 (10th Cir. 1978)(pre 1979 amendments to R. 7(c)(2)); *United States v. Peacock*, 654 F.2d 339, 351 (5th Cir. 1981)(sufficiency as to R. 7 (c)(2) when indictment set out each arson "and the precise amount of insurance proceeds the appellants gained from them"). The United States should also provide the substantive facts as to how it intends to criminally forfeit property of non-defendants as the joint liability of named Defendants.

This charting of the substantive facts underlying the United States' forfeiture allegation *necessarily already exists* in some form as the basis to support the Superceding Indictment.  While all evidence the United States will introduce to prove these allegations is not the provenance of a Bill of Particulars, the Government's theory of its forfeiture allegation ***is***, as well as the disclosure to the Defendants of sufficient substantive facts supporting the allegations of the Indictment to prevent surprise and *mis*trial. *Griffith*, 362 F. Supp. 2d at 1277; *United States v. Lot Numbered One of the Lavaland Annex*, 256 F.3d 949, 957 (10th Cir. 2001).

## CONCLUSION

Each of the Defendants is jointly and severally liable for the $158 million the Government asserts is connected with the alleged marijuana distribution conspiracy.  The Defendants are unable to adequately prepare a defense to the forfeiture allegation without sufficiently precise information as detailed above, and including (1) the basis for the amount of $158 million in forfeitable property, and (2) the connection between the offenses alleged and the allegation of $158 million in forfeitable property and assets.

Consequently, the Defendants respectfully request on order dismissing the forfeiture allegation, or in the alternative, an order directing the Government to file a Bill of Particulars as described herein.

Respectfully submitted:

*Electronically filed 10/06/2006*
_____
Jody Neal-Post, Esq.
Co-Counsel for Defendant Jarvis
317 Amherst SE
Albuquerque, Nm  87106
(505) 268-7263

*Electronically filed 10/06/2006*
_____
Scott M. Davidson, Ph.D., Esq.
1011 Lomas NW
Albuquerque, NM 87102
(505) 255-9084
Associate Counsel for the Defendants
   for purposes of this Motion

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2006, I served a true and correct copy of this Defendants' Joint Motion to Dismiss the Forfeiture Allegation, or, in the Alternative, Motion for a Bill of Particulars pursuant to Fed. R. Crim. P. 7(c)(1), (2), 7 (f), & 12(b)(3)(B) by U.S. mail, postage prepaid, on counsel for the United States at the address listed below:

James R.W. Braun, Esq.
Stephen Kotz, Esq.
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico  87102

*Electronically filed 10/06/2006*
_____
Jody Neal-Post

13