UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**UNITED STATES** OF AMERICA,
   *Plaintiff,*

v.             № 1:0**5cr**0**1849**-15 JH

DANA **JARVIS**, et al,
   *Defendants.*

**DEFENDANT HOTHAN'S UNOPPOSED *MOTION FOR ORDER TO ALLOW POSSESSION AND USE OF LAPTOP COMPUTER AT CORNELL REGIONAL CORRECTIONS CENTER***

IN SUPPORT of defendant Hothan's Unopposed *Motion for Order to Allow Possession and Use of Laptop Computer at Cornell Regional Corrections Center*, he states:

1. Defense counsel and defendant are trying to observe and analyze thousands of hours of wiretaps, videotape surveillance, interviews with confidential informants and similar media.

2. The federal marshal's maintain custody of defendant at the Regional Corrections Center operated by Cornell Industries.

3. For a period of time defendant was allowed access for several hours per week on one of several computers situated in the detention center library. During that time he could access discovery in this case through DVD and CD-ROMS and make notes as to each item of discovery to assist counsel.

4. However the privilege became insufficient as all but one of the computers

were moved from the library into dayrooms for more recreational use. Also several other unrelated cases also involve extensive wiretape surveillance, meaning that the demand for use of the sole computer increased exponentially.

5.  Defendant has had no instances of misconduct, and has no significant criminal history apart from his involvement with his former girlfriend in this case.

6.  Despite defendant's status, his allowed hours had been cut back to one hour per week due to scheduling issues. As of 10/9/2006, he no longer has library privileges to observe and analyze his discovery. On information and belief the new warden and new administration at the detention center have instituted new policies and procedures which prevented his access to discovery.

7.  Other co-defendants, notably Dana Jarvis, have been allowed to introduce a personal laptop computer in which to pour through the voluminous discovery at his leisure within his own cell or common area. However because of new procedures it requires a court order before additional laptops are allowed.

8.  The family of defendant Hothan are willing to purchase a laptop computer which has the capability of reading and displaying the media provided in this case. The normal protocol for introduction is to ship the computer in its original packing materials from the manufacturer to the caseworker in care of defendant.

9.  Despite the exercise of due diligence, failure to allow defendant

reasonable access to his voluminous discovery would result in a miscarriage of justice and denial of defendant's right to effective assistance of counsel. Defendant cannot advise counsel of the significance of each item of discovery, and counsel cannot assess its significance without first allowing defendant to view the media.

10. Defense counsel contacted opposing counsel, AUSA James Braun, who takes no position on the relief requested in this motion.

WHEREFORE defendant Hothan requests that the court order that:

A. The US Marshals and the Cornell Regional Detention Center officials, unless they object in writing within 10 days from receipt of the order, to enable defendant Hothan's family to purchase and introduce forthwith a laptop with capacity for him to review the media disclosed by the government in this case throughout the workday; and,

B. Grant such further relief as justice requires.

>*/s/ Electronic Signature*
>Stephen D Aarons
>Counsel for Defendant Hothan
>300 Catron Street; PO Box 1027
>Santa Fé NM 87504-1027

Certificate of Service

A copy of this motion has been provided electronically to opposing counsel:

| James Braun<br>Asst US Attorney, Dist of New Mexico<br>Post Office Box 607<br>Albuquerque NM 87103-0607 | */s/* Stephen D Aarons<br>Counsel for Defendant Hothan |
|---|---|