IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

vs.                                                    Criminal No. 05-1849 JH

**DANA JARVIS,**

       **Defendant.**

### DEFENDANT DANA JARVIS' RULE 16 MOTION TO COMPEL PRODUCTION OF CERTAIN FINANCIAL DISCOVERY

Defendant Dana Jarvis, by and through counsel, Joe M. Romero, Jr. and Jody Neal-Post, hereby moves the Court for an Order compelling production to him of the entirety of the boxes of financial discovery the Defendant's investigator was allowed to view on June 27, 2006, but which Defendants have not been given full and complete copies of, pursuant to Rule 16 of the Federal Rules of Criminal Procedure. *See* Doc. 697, *Ex. A, Affidavit of Albert Mares & Photos of Discovery Boxes*. As grounds, Defendant Jarvis states as follows:

### Authorities

Under Fed. R. Crim. P. 16(a)(1)(E),

> upon a defendant's request, the government must permit the defendant to inspect . . . papers [or] documents . . . if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

*United States v. Muessig*, 427 F.3d 856, 864 (10th Cir. 2005).

In the present case, Defendant Jarvis seeks disclosure on the grounds that the requested financial evidence is material, and also on grounds that all financial evidence seized from the Defendant himself or his business or properties under his control is information subject to disclosure to him as evidence which was "obtained from or belongs to the defendant." The materiality requirement typically "is not a heavy burden, rather, evidence is material as long as there is a strong indication that . . . [the evidence] will 'play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'" *United States v. Jackson*, 850 F. Supp. 1481, 1503 (D. Kan. 1994), *citing United States v. Lloyd*, 301 U.S. App. D.C. 186, 992 F.2d 348, 351 (D.C. Cir. 1993*), quoting United States v. George*, 786 F. Supp. 56, 58 (D.D.C. 1992)). "Stated simply, the defendant must come forth with facts tending to show that the Government is in possession of information helpful to the defense." *Id.* , *also United States v. King*, 928 F. Supp. 1059, 1062 (D. Kan. 1996).

Rule 16 provides grounds necessitating disclosure to a defendant in the disjunctive, materiality plus upon a showing that the government will use the evidence at trial *or* that the evidence was seized from or belongs to the Defendant. Mr. Jarvis seeks the requested discovery on either and or both grounds. However, Mr. Jarvis' investigator understood he was told that the government was only providing copies of what was being used at trial. *See* Doc. No 697, *Ex. A, Affidavit of Albert Mares* ("I was also told that the items the government was using were already copied and the defense attorneys had them.").

Herein, Mr. Jarvis is charged in expansive money laundering allegations at Count III spanning a fifteen year time frame yet alleging not a single specific act, as well as charged as the sole defendant in 19 additional money laundering allegations at Counts 4-23 of the Superseding Indictment. As explained by the Defendant's expert in Exhibit A to the Joint

2

Motion to Dismiss Count III, Doc. 710, a money laundering investigation requires evaluation to extensive raw financial data. An excerpt from Ms. Beckman's affidavit at paragraphs 4-5 demonstrates the categories of date required:

> 4. The scope of evidence reviewed in an investigation would include, but is not limited to, assessment and investigation into accounting records such as original books of entry, checks, bank records, electronic means of record retention and compilation and would include integrated systems which share data and support all aspects of the entity's financial reporting, operations and compliance objectives. Evidence obtained from third parties or outside sources other than the parties directly connected to either the business or personal affairs of the defendant(s) would also be obtained such as vendor inquiries and documentation, and reports filed with state and federal taxation agencies.
>
> 5. Audit sampling may be used initially to isolate significant events or trends, providing an initial snapshot of the investigation target's financial portrait. However, the sampling will be enlarged at a later point to assist in achieving an appropriate measure of confidence in the data as representative across time, minimizing risk, and ensuring the effectiveness of the audit scope as accurate. Documentation and evidence facilitated in this sampling would include, but not be limited to, income tax returns, state sales tax returns, records (statements) from financial institutions, deposit books, canceled checks, inventory purchase invoices, payroll records, time cards, register receipts, accounts payable invoices and payments, physical inventory count records, electronic media, depreciation and asset reports, title and mortgage settlement statements, accountant's work papers, leases, agreements and contracts with subcontractors and vendors, notes payable and mortgage information, financial statements and general ledgers. This documentation would not only be obtained from the entities or individuals themselves, but as denoted previously, from third party information, which would increase the quantity and sufficiency of the assessment base of the investigation.

Here, there are a number of allegations contained in the Second Superseding Indictment as to which Defendants are requesting that the government provide the defense with full and complete discovery immediately.

Accordingly, Mr. Jarvis requests the United States provide an original of the financial data contained in the boxes allowed for viewing June 27, 2006 but not previously copied and provided to the defendants in earlier discovery disclosures, to include all categories of documentation as represented by Ms. Beckman as relevant to her analysis of the money laundering counts financial investigation listed above.

The United States was contacted via email for a position on this request on October 20, 2006 and did not respond with a position before this was filed, so this Motion is presumed opposed.

WHEREFORE, and for the above reasons and based upon the already submitted affidavits of Investigator Mares and Expert Financial Witness Beckman, Mr. Jarvis requests an order for immediate disclosure by the Government of the documents requested and responsive to the requests outlined above.

Respectfully submitted:

/s/ Jody Neal-Post
_____
Jody Neal-Post, Esq.
Co-Counsel for Defendant Jarvis
317 Amherst SE
Albuquerque, NM  87106
(505) 268-7263

/s/ Joe M. Romero, Jr.
_____
Joe M. Romero, Jr., Esq.
Co-Counsel for Defendant Jarvis
1905 Lomas NW
Albuquerque, NM  87104
(505) 843-9776

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of October, 2006, I served a true and correct copy of Defendant Dana Jarvis' Rule 16 Motion to Compel Production of Certain Financial

4

Discovery by electronic and U.S. mail, postage prepaid, on counsel for the United States at the address listed below:

James R.W. Braun, Esq.
Stephen Kotz, Esq.
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico  87102

/s/ Joe M. Romero, Jr.
_____
Joe M. Romero, Jr.

5