IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                             NO.  CR 05-1849 JH

DANA JARVIS et al.,

       Defendant.

**DEFENDANT AYLA JARVIS' MOTION FOR BILL OF PARTICULARS
AS TO COUNT 3 AND THE FORFEITURE ALLEGATION
OF THE SUPERSEDING INDICTMENT**

COMES NOW the Defendant, Ayla Jarvis, by and through her attorney John F. Robbenhaar, and pursuant to Fed. R. Crim. P. 7(c)(1), 7(f) & 12(b)(3)(B), Title 18 United States Code Section 5031 et seq., and the Fifth Amendment to the United States Constitution, respectfully requests that the Court issue an Order directing that the United States Attorney's Office provide a bill of particulars as to the evidence it intends to offer against the Defendant Ayla Jarvis as to Counts 3 and the Forfeiture Allegation of the Superseding Indictment.  At present, there is no way to discern from the Superseding Indictment or information produced by the Government in discovery whether or not acts committed by the Defendant Ayla Jarvis supposedly in furtherance of Count 3 occurred while Ms. Jarvis was a juvenile or after Ms. Jarvis' 18th birthday.  As such, Ms. Jarvis is unable to effectively present a jurisdictional defense based on the Federal Juvenile Delinquency Act, let alone prepare defenses for trial and/or understand issues related to foreseeability and co-conspirator hearsay.

In support, Ms. Jarvis states the following.

BACKGROUND AND INTRODUCTION

1.      The Defendant Ayla Jarvis has been charged in Count I of the Superseding Indictment with Conspiracy to Distribute 1000 Kilograms and More of Marijuana, contrary to 21 U.S.C. § 846.  Ms. Jarvis has also been charged in Count 3 with Conspiracy to Launder Money, contrary to 18 U.S.C. § 1956(h), and in a Forfeiture Allegation, contrary to 18 U.S.C. § 982 and 21 U.S.C. § 853.

2.      Ms. Jarvis was born in 1986 and turned 18 approximately 13 months prior to her arrest in August 2005.  Accordingly, Ayla Jarvis was an adult for just thirteen months of the approximate sixteen years of alleged conspiracy.

3.      Count 1 alleges a conspiracy which commenced in "approximately 1990" and lasted through August 25, 2005.   Without providing a specific date, the Government alleges that "Prior to purchase, the marijuana was inspected for quality by Dana Jarvis and/or another member of the conspiracy, including Dana Jarvis' daughter, the defendant Ayla Jarvis."  Superseding Indictment, at 2 [Doc. 414].  No other reference to the conduct of Ms. Jarvis is made in regards to Count 1 of the Superseding Indictment.  Count 3 generically recites a time period from 1990 to August 25, 2005, and does not identify any specific acts by Ms. Jarvis in furtherance of the alleged conspiracy to launder money.  Similarly, the Forfeiture Allegation names Ms. Jarvis but fails to identify any specific act committed by Ms. Jarvis which would support the forfeiture; rather, the Forfeiture Allegation states only that forfeiture would result "[u]pon conviction of one or more of the offenses alleged in Counts 1 through 26 of this Superseding Indictment..."

4.      The lack of specificity in Count 3 of the Superseding Indictment as to Ayla

Jarvis requires dismissal pursuant to Fed R. Crim. P. 12(b)(3)(B) as it fails to state an

offense, and fails to afford the Defendant Ayla Jarvis due process in notice of the

charges against her with sufficient particularity such that she can defend against them.

The Superceding Indictment also fails to ensure that the grand jury was actually

presented with evidence of the essential elements of the offenses alleged in Count 3

and the Forfeiture Allegation, potentially allowing eventual convictions of Ms. Jarvis on

charges never considered by a grand jury.  In the alternative and at minimum, the

Defendant Ayla Jarvis is entitled to a Bill of Particulars pursuant to Fed. R. Crim. P. 7(f)

giving her the "*substantive facts* of the charges against [her]."  *United States v. Griffith*,

362 F. Supp. 2d 1263, 1277 (D. Kan. 2005) (emphasis added).

5.    Additionally, the Superseding Indictment fails to adequately apprise the

Defendant Ayla Jarvis with sufficiency of the charge that she is facing.  At present, the

Defendant Ayla Jarvis is generically charged in Count 3 with money laundering, but as

more fully argued in another submission, *see* "*Count III Defendants' Joint Motion To*

*Dismiss Count III, Or, In The Alternative, Motion For A Bill Of Particulars Pursuant To*

*Fed. R. Crim. P. 7(c)(1), 7(f) & 12(b)(3)(b)*" filed contemporaneously herein, the

Defendant Ayla Jarvis is unable to defend herself based upon the allegation contained

in the Superseding Indictment.  As it stands, for the vast majority of the time-span

alleged in Count 3 (1990 through 2000 or later) there is a legal presumption that the

Defendant Ayla Jarvis was too young to form criminal intent, let alone "knowingly [ ] use

the proceeds of specified unlawful activity to promote the carrying on of illegal activity"

as required by Tenth Circuit Pattern Jury Instruction 2.73.  *See Allen v. United States*,

150 U.S. 551, 558, 14 S.Ct. 196, 198, 37 L.Ed. 1179 (1893) (infra) (setting forth ages of

3

possible culpability of juveniles).  Based on the Superseding Indictment's glaring

paucity of detail concerning Ayla Jarvis' involvement, dismissal by this Court of Count 3

and the Forfeiture Allegation is appropriate.

THIS COURT SHOULD DIRECT THAT THE GOVERNMENT ISSUE A BILL OF
PARTICULARS

6.      In the event that the Court determines that dismissal of Count 3 is not an

appropriate remedy for the Government's failure to properly charge the Defendant Ayla

Jarvis, the Federal Rules of Criminal Procedure 7(f) provides that the court "may direct

the filing of a bill of particulars" and that a motion for bill of particulars "may be made

before arraignment or within ten days after arraignment or at such later time as the

court may permit."  The purpose of a bill of particulars is to apprise the defendant of

the charges against her in sufficient detail in order to minimize surprise at trial, to allow

her to prepare an adequate defense, and to permit her to plead double jeopardy in the

event of a subsequent prosecution for the same offense.  *United States v. Higgins*, 2

F.3d 1094, 1096 (10th Cir. 1993); *see also United States v. Sturmoski*, 971 F.2d 452,

460 (10th Cir. 1992); *United States v. Gabriel,* 715 F.2d 1447, 1449 (10th Cir. 1983);

*United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir. 1980).  The granting of a bill of

particulars is within the court's discretion.  *United States v. Dunn*, 841 F.2d 1026, 1029

(10th Cir. 1988); *accord United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir.

1995); *United States v. Levine*, 983 F.2d 165, 166 (10th Cir. 1992).

7.      In our adversary system of determining guilt or innocence, it is rarely

justifiable for the prosecution to have exclusive access to a storehouse of relevant fact.

Exceptions to this are justifiable only by the clearest and most compelling

considerations.  *Dennis v. United States*, 384 U.S. 855, 873 (1966).  Such

considerations of basic fairness guided the Advisory Committee that recommended the

1966 amendment to Rule 7(f) of the Federal Rules of Criminal Procedure:

> The 1966 amendment to Rule 7(f) of the Federal Rules of Criminal Procedure, eliminating the requirement that cause be shown before a bill of particulars may be ordered, is designed to encourage a more liberal attitude by the court towards bills of particulars without taking away the discretion which courts must have in individual cases.

*United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971), *cert. denied*, 405 U.S. 936

(1972).

8.      The Sixth Amendment to the United States Constitution requires that

every person accused of a crime be informed of the nature and cause of the

accusation.  The trial court must insure that the government has presented its

allegations with sufficient particularity and definiteness to unequivocally inform the

accused of the specific nature of the charges upon which the indictment is laid.  *United

States v. Jaskiewicz*, 278 F.Supp. 525, 528 (E.D. Pa. 1968).  The information

necessary to satisfy this test is more than that necessary for an indictment to withstand

a challenge to its sufficiency under Rule 7© of the Federal Rules of Criminal Procedure.

This is because the key to passing on a bill of particulars is whether the information

requested is necessary to the proper preparation of the defense, as opposed to simply

giving a defendant notice of the accusation.  The Tenth Circuit stated in *King v. United

States*, 402 F.2d 289 (10th Cir. 1968):

> While the discretion [to grant a bill of particulars] continues to reside in the trial court, it should be freely exercised with an awareness that an indictment may be sufficient on its face to state an offense, yet insufficient to adequately inform the accused of the charge against him to enable him to properly prepare his

defense.

*Id.* at 292.

9.      In the present case, the Indictment is insufficient to enable the Defendant

to prepare a defense, to avoid prejudicial surprise at trial, and to plead double jeopardy

in the event of a later prosecution for the same offense.  The Government has alleged

conspiracies dating back to "approximately 1990" or when the Defendant Ayla Jarvis

was three or four years old.  The Defendant Ayla Jarvis acknowledges that she was

nineteen at the time of indictment, and was an adult for approximately 13 months of the

alleged 15-year conspiracies.  However, it is unclear from the Superseding Indictment

and from the voluminous discovery thus far produced, whether the Government will be

relying upon acts allegedly committed by the Defendant Ayla Jarvis prior to or after her

18th birthday.

10.     The Superseding Indictment fails to set forth the substantive facts of the

Count 3 money laundering allegations, and fails to allege which defendant violated

either or both subdivisions of section 1956 cited.  Despite numerous factual possibilities

available to prove a money laundering allegation, the United States elects *not a single*

definition available under section 1956© as a limiting factor to identify the theory of the

Government's charging.  This runs contrary to the fact that criminal defendants are

entitled to know the theory of the charging.  *United States v. Lot Numbered One of the*

*Lavaland Annex*, 256 F.3d 949, 957 (10th Cir. 2001), *citing United States v. Levine*, 983

F.2d 165, 166-67 (10th Cir. 1992); *Wilson*, 244 F.3d at 1215.  More importantly, Count 3

fails to identify a transaction, or a date of an alleged violation or even a means and

manner of laundering in an alleged fifteen or sixteen year time frame, that pertains to

the Defendant Ayla Jarvis.  *See United States v. Jensen*, 193 F. Supp. 2d 601, 605-06

(E.D.N.Y. 2002) (specific dates make an indictment sufficient).  The Superseding

Indictment provides no specifics as to the allegedly illegal transaction(s) which was

undertaken by Ayla Jarvis (let alone by *any* co-defendant), which renders it deficient as

to Count 3.  *Cf. United States v. Esteves,* 886 F Supp 645 (N.D. Ill 1995) (indictment

sufficient when transactions which form basis of charges, and time and place of

transactions, as well as open file policy gives defendant all evidence within

government's possession).  Because Ayla Jarvis may very well have been a juvenile at

the time of the alleged illegal transactions pertaining to Count 3, numerous other issues

arise, namely the Government's failure to comply with the FJDA, *see infra*.  In order to

avoid a violation of the Defendant Ayla Jarvis' constitutional rights, a bill of particulars

as to Ayla Jarvis' involvement in Count 3 is required .

11.     As noted in the Defendant's "*Motion to Dismiss Counts 3 and the

Forfeiture Allegation...*" filed contemporaneously herein, the Federal Juvenile

Delinquency Act ("FJDA"), 18 U.S.C. § 5031 et seq., grants special protections to

individuals who have not reached the age of 18 at the time of the alleged wrong-doing.

Such individuals may not be proceeded against in a Court of the United States absent

strict compliance with procedural transfer  requirements.

12.     Furthermore, the FJDA authorizes transfer to adult status for only certain

delineated offenses, namely alleged violations of 21 U.S.C. § 841 (Controlled

Substances Act) or 21 U.S.C. §§ 952(a), 953, 955, 959, 960(b)(1), (2), (3), and 18

U.S.C. §§ 922(x), 924(b), (g) or (h).  *See* 18 U.S.C. § 5032.  Substantive offenses which

are <u>not</u> included in section 5032 of the FJDA are not permitted to be brought against

the juvenile accused.  *See, e.g. United States v. Thomas*, 114 F.3d 228 (D.C. Cir.

1997); 18 U.S.C. § 5032 (specifying offenses).  Only when the evidence demonstrates

that a conviction is to be based solely on adult participation in a conspiracy, and not in

whole or in part on acts committed as a juvenile, then a district court would have adult

jurisdiction over the offense without the necessity of an FJDA transfer hearing.

However, when allegedly criminal conduct spans both before and after the accused's

eighteenth birthday, then the FJDA is implicated and the Government must make a

showing of post-18 conspiratorial activity.  *See United States v. Gjoraj*, 861 F.2d 143,

144 (6th Cir. 1988) ("a defendant who entered conspiracy while under 18 may be tried

as an adult upon a 'threshold showing of post–18 conspiracy activity'", *quoting United*

*States v. Cruz*, 805 F.2d 1464, 1476 (11th Cir. 1986)).

13.    Clearly, no acts committed by Ms. Jarvis or by any of the alleged co-

conspirators prior to 1993 can be held against Ms. Jarvis, as juveniles under the age of

seven years are held to be unable to form criminal intent and thus incapable of

committing a felony.  *Allen v. United States*, 150 U.S. 551, 558, 14 S.Ct. 196, 198, 37

L.Ed. 1179 (1893).  Acts committed by Ms. Jarvis or by her alleged co-conspirators

during the years 1993–2000, or when Ms. Jarvis was between the ages of seven and

fourteen, are not admissible to prove guilt of Ms. Jarvis, as it is presumed that juveniles

aged 8-14 are incapable of forming criminal intent, but such [presumption is rebuttable.

*Id.*  For the period of time from 2000 to 2004, when Ms. Jarvis was 14 to 18, there is no

presumption that the juvenile could not have formed criminal intent, and therefore such

an individual could be proceeded against in the district court, but only after the

Government has complied with the strict procedural mechanisms–i.e "transfer"–of the

FJDA.  A bill of particulars is required to demonstrate that there has not been a violation

of the FJDA.

14.    What is crucial in the present case, then, is *when* Ms. Jarvis allegedly

joined the conspiracy or conspiracies.  Assuming Ms. Jarvis remained a part of the

conspiracy in question beyond her 18th birthday, then there is the related question as to

what conduct of co-conspirators may have been foreseeable by the Defendant Ayla

Jarvis, and accordingly what conduct may be attributed to Ms. Jarvis as foreseeable

relevant conduct.  If a co-defendant's conspiratorial conduct predated the supposed

joining date by Ms. Jarvis, or occurred when Ms. Jarvis was a juvenile, then the Court

would need to instruct the jury as to the inapplicability of such conduct to Ms. Jarvis.  If

the Government alleges and proves that Ms. Jarvis joined the conspiracy at, say, age

16, then presumably for purposes of relevant conduct, Ms. Jarvis may be responsible

for all of the acts of her co-conspirators only after joining.  For purposes of properly

defending Ms. Jarvis, then, counsel must know the specific moment of Ms. Jarvis'

joining.  To date, the Government has not identified specifically when it claims that Ms.

Jarvis joined the alleged conspiracies.

15.    In order to avoid a violation of Ms. Jarvis' constitutional right to due

process of law, this Court should order that the Government provide a bill of particulars

as to (1) post-18 conduct of the Defendant Ayla Jarvis which allegedly makes her part

of the money laundering conspiracy; and (2) pre-18 conduct which demonstrates a

specific date as to her alleged joining of the conspiracy.  Such vital information is not

readily discernable from the discovery, and certainly not from the Superseding

Indictment.  Without such information, the Defendant Ayla Jarvis will suffer unfair

surprise at trial.

16.     Counsel has contacted the Assistant United States Attorney James Braun

concerning this motion, and Mr. Braun indicates that he opposes the relief requested.

CONCLUSION

17.     The Defendant Ayla Jarvis respectfully requests that the Court dismiss

Count 3 and the Forfeiture Allegation of the Superseding Indictment as to the

Defendant Ayla Jarvis or, in the alternative, issue an Order directing that the United

States Attorney's Office provide a bill of particulars as to the evidence it intends to offer

against the Defendant Ayla Jarvis as to Count 3 and the Forfeiture Allegation of the

Superseding Indictment.

Respectfully submitted:


*Filed Electronically*
JOHN F. ROBBENHAAR
Attorney for Defendant Ayla Jarvis
1011 Lomas NW
Albuquerque, NM 87102
(505) 242-1950

I HEREBY CERTIFY that a
true and correct copy of the
foregoing pleading was mailed/
delivered to Assistant United States
Attorney James Braun on
October 20, 2006.

*Filed Electronically*
JOHN F. ROBBENHAAR