IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.        NO. CR 05-1849 JH

DANA JARVIS et al.,

    Defendant.

## DEFENDANT AYLA JARVIS' MOTION TO PRODUCE TRAINING AND ACCURACY RECORDS OF INDIANA STATE POLICE DRUG DOG "BRIX"

COMES NOW the Defendant, Ayla Jarvis, by and through her attorney John F. Robbenhaar, and pursuant to the Fed. R. Crim. P. 16 and the doctrine of *Brady v. Maryland*, respectfully requests that the Court order the Government to produce all records pertaining to the drug dog "Brix" which was utilized in the traffic stop of the Defendant Ayla Jarvis on October 28, 2004 in Bloomington, Indiana. Specifically, the Defendant seeks production of all records pertaining to Brix' training, certification, and health for a five year period of time prior to alert in this case. As grounds in support, Ms. Jarvis states the following.

    1.    On October 28, 2004, at approximately 3:45 p.m., the Defendant Ayla Jarvis was driving a vehicle in Bloomington, Indiana. An Indiana State trooper followed Ms. Jarvis and, after some time, claims that he observed Ms. Jarvis make an improper u-turn as well as not signal properly when turning from the roadway.

    2.    Indiana State Police Trooper Stailey writes that he approached the Defendant who appeared nervous, and requested the driver's license and registration. Ms. Jarvis, who was alone, provided these documents and allegedly apologized for

making an improper u-turn and indicated that she was from out-of-town and was trying to find her way back to the Monroe County Airport. Trooper Stailey solicited more details of the travel plans of Ms. Jarvis, and had Ms. Jarvis wait in her vehicle until another trooper arrived as backup. Trooper Stailey returned to his vehicle to conduct further inquiries of Ms Jarvis' driver's license and registration until his backup arrived.

      3.      Once the backup officer, Stailey re-approached Ms. Jarvis and asked if she would mind if he ran his drug dog "Brix" around her vehicle. According to Trooper Stailey, Ms. Jarvis replied that she would not mind if the drug dog inspected the vehicle. It is alleged that "Brix" gave a positive alert to the front driver's side door.

      4.      Based upon the drug dog's alert, Trooper Stailey returned to Ms. Jarvis, who was then seated in his patrol vehicle, and immediately issued Miranda warnings. Trooper Stailey stated, however, that Ms. Jarvis was not under arrest but that he "was going to have to search her person, the vehicle and contents." Upon information and belief, Trooper Stailey did not have Ms. Jarvis sign or execute a written consent to search form.

      5.      Defendant Ayla Jarvis seeks the training, certification and health records of drug dog Brix for a five year period of time prior to the alert in this case. The records sought are germane to the issue of whether or not Trooper Stailey had probable cause to search the vehicle driven by the Defendant Ayla Jarvis on October 28, 2004. While a positive alert by a drug dog may provide probable cause to search a vehicle and its contents, *see U.S. v. Ludwig*, 10 F.3d 1523 (10th Cir. 1993), a positive alert may not provide probable cause in the even that the drug dog has a poor or questionable accuracy record.

6.      By separate submission, the Defendant Ayla Jarvis has moved to suppress all items seized on or about October 28, 2004 as a result of the Indiana state trooper's search. A vital item to assess is the drug dog's training and accuracy records.

7.      Based on the nature of this motion, the Assistant United States Attorney James Braun objects to the relief sought.

                Respectfully submitted:

*Filed Electronically*
JOHN F. ROBBENHAAR
Attorney for Defendant Ayla Jarvis
1011 Lomas NW
Albuquerque, NM 87102
(505) 242-1950

I HEREBY CERTIFY that a
true and correct copy of the
foregoing pleading was mailed/
delivered to Assistant United States
Attorney James Braun on
October 20, 2006.

*Filed Electronically*
JOHN F. ROBBENHAAR