IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| vs.      ) | Cr. No. 05-1849 JH |
| ) | |
| DANA JARVIS, et al.,      ) | |
| ) | |
| Defendants.      ) | |

UNITED STATES' RESPONSE TO DEFENDANTS'
JOINT MOTION TO DISMISS THE FORFEITURE ALLEGATION,
OR, IN THE ALTERNATIVE, MOTION FOR A BILL OF PARTICULARS

COMES NOW the United States of America, by and through David C. Iglesias, United States Attorney for the District of New Mexico, and James R.W. Braun, Assistant United States Attorney for said District, and hereby responds to the "Defendants' Joint Motion to Dismiss the Forfeiture Allegation, or, in the alternative, Motion for a Bill of Particulars Pursuant to Fed. R. Crim. P. 7(c)(1), 7(c)(2), 7(f), & 12(b)(3)(B)" (Doc. 697).

FACTUAL BACKGROUND

On August 23, 2005, a federal grand jury in Albuquerque returned a twenty-six count indictment in this case charging twenty-one defendants with conspiracy to distribute more than 1000 kilograms of marijuana. Defendant Dana Jarvis was also charged with engaging in a Continuing Criminal Enterprise and, along with several other defendants, with money laundering violations. The indictment contained a forfeiture allegation that specifically listed the property to be forfeited upon conviction along with a money judgment representing the amount of money derived from or involved in the offenses.

On April 25, 2006, the grand jury returned a superseding indictment against the remaining defendants and eight additional defendants. While the substantive charges remained the same, the time-frame of the charged conspiracies was expanded. The forfeiture allegation was also changed to include an increased money judgment in the amount of $158,400,000.00 and additional listed property.

On October 6, 2006, the defendants filed their "Joint Motion to Dismiss the Forfeiture Allegation, or, in the alternative, Motion for a Bill of Particulars." As discussed below, because the forfeiture allegation contained in the superseding indictment provides the defendants with ample notice, the defendants' motion must be denied.

## DISCUSSION

Criminal forfeiture is a well-established element of sentencing following convictions for money laundering, under 18 U.S.C. § 982(a)(1), and controlled substances violations, under 21 U.S.C. § 853(a). *Libretti v. United States*, 516 U.S. 29, 39 (1995). In order for a judgment for forfeiture to be entered at sentencing, a forfeiture allegation must be made in the indictment such that there is notice "...that the defendant has an interest in property that is subject to forfeiture in accordance with the applicable statute," Fed. R. Crim. P. Rule 7(c)(2), and "...that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute." Fed. R. Crim. P. Rule 32.2(a). However, following the enactment of Rule 32.2, the forfeiture allegation within the indictment is merely a notice provision as it remains an aspect of sentencing.

Although acknowledging that it is a substantive charge in the indictment for the purposes of the Sixth Amendment, the Supreme Court has declined to characterize a forfeiture allegation

as a substantive offense.  By requiring the allegation be charged in the indictment, Congress has provided enhanced procedural safeguards, but such a requirement has not changed the nature of criminal forfeiture as an element of sentencing.  *Libretti* at 40-41.  In *Libretti*, the defendant, who pled guilty to engaging in a continuing criminal enterprise, challenged the district court's forfeiture order on the grounds that no "factual basis" for the forfeiture was established and argued that criminal forfeiture is not merely an element of sentencing but is "a hybrid that shares elements of both a substantive charge and a punishment imposed for criminal activity."  The Court refused to accept this characterization.  *Id.*

      Under Rule 32.2, it is not necessary for an itemized list of property, nor defendants' interest therein, to appear in the indictment.  As the advisory committee note to Rule 32.2(a) explains:

> subdivision (a) is not intended to require that an itemized list of the property to be forfeited appear in the indictment or information itself...[it] reflects the trend in caselaw interpreting present Rule 7(c)...[which] sets forth a requirement that the government give the defendant notice that it will be seeking forfeiture in accordance with the applicable statute. It does not require a substantive allegation in which the property subject to forfeiture, or the defendant's interest in the property, must be described in detail.

Fed. R. Crim. P. 32.2(a) advisory committee note (2000).  See also *United States v. Iacaboni*, 221 F. Supp. 2d 104 (D. Mass 2002) (Indictment tracking language of 18 U.S.C. § 982 (a)(1) was sufficient as under Rule 32.2(a) an itemized list of property need not appear in the indictment); *United States v. Dolney*, 2005 WL 1076269 (E.D.N.Y. 2005) (Court cited the advisory committee note and held that the government need not itemize the property to be forfeited, but only inform the defendant the it will be seeking forfeiture pursuant to the statute).

      The Eighth Circuit has held that "to plead a forfeiture adequately, the government must

set forth the property subject to forfeiture with enough particularity for the defendant to marshal evidence in his defense...identify[ing] the specific instrumentalities or proceeds of crime that the government alleges are forfeitable." *United States v. Hatcher*, 323 F.3d 666, 673 (8th Cir. 2003). There the court found that by specifying that it would forfeit all property stolen from the jewelry stores that the defendants were charged with robbing, rather than setting out an itemized list of property, the government had sufficiently plead the forfeiture allegation in the indictment. *Id.*

In their motion, the defendants challenge the government's intention to seek a money judgment in the amount of $158,400,000.00. The defendant's ground for this challenge that the indictment does not state the basis for this figure. (*See* Def. Mot. at p. 5).

In *United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999), *cert. denied*, 529 U.S. 1055 (2000), the court considered a forfeiture order arising from drug trafficking and money laundering convictions and found that a criminal forfeiture may take several forms including "an *in personam* judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense....[and] to the extent the government can trace any of the proceeds to specific assets, it may seek the forfeiture of those assets directly pursuant to 21 U.S.C. § 853(a)(1)." *Id.* at 42 (citations omitted). "A money judgment permits the government to collect on the forfeiture order in the same way that a successful plaintiff collects a money judgment from a civil defendant." *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006). This is a sanction against the defendant as well as a means of preventing the defendant from avoiding forfeiture by dissipating ill-gotten gains of his criminal activity. *Id.*

Imposition of a money judgment is a sanction against the defendant personally. Consequently, proof of a nexus between property and illegal activity is not an element. Rather

the fact finder must determine whether the sum of money "fairly represent[s] the amounts derived from proceeds that the defendants obtained directly or indirectly from the offenses charged...." *United States v. Cherry*, 330 F.3d 658, 669 (n.17) (4th Cir. 2006).  Rule 32.2(b) sets out the proper procedure for a judge to determine the forfeitability of property following conviction.  It is only *after* a defendant has been convicted of the substantive offense that the court must hold a hearing to determine what property is subject to forfeiture.  "If the government seeks forfeiture of *specific property*, the court must determine whether the government has established the *requisite nexus between the property and the offense*.  If the government seeks a *personal money judgment*, the *court must determine the amount of money* that the defendant will be ordered to pay." Fed. R. Crim. P. Rule 32.2(b) (emphasis added).

There is no requirement that a money judgment be traced to specific incidents of illegal activity.  In *United States v. Baker,* 227 F.3d 955, 970 (7th Cir.2000) *cert. denied,* 531 U.S. 1151 (2001), the defendant was convicted of money laundering and ordered to forfeit millions of dollars.  He challenged the forfeiture of assets not specifically traced to the laundering offenses.  The court held that all funds from defendant's prostitution business, not just credit card transactions proved at trial, were subject to forfeiture.

In *United States v. Tedder*, 2003 WL 23204849 (W.D. Wis. 2003), the district court held that a defendant can be held liable personally for a money judgment when the indictment gives no explicit notice of such a possibility.  The court stated: "so long as the defendant has a fair chance to contest the amount of loss, neither due process nor Fed.R.Crim.P. 7(c) requires the government to give specific notice of the possibility of a personal money judgment in the indictment."

The defendants also argue that the superseding indictment's list of numerous specific properties the government will seek to forfeit upon conviction in accordance with the applicable statutes is not sufficient. (Def. Mot. at pp. 3-4). According to the defendants, the indictment must plead the link between the property and alleged criminal activity. *Id.* The defendants cites *United States v. Puma*, 937 F.2d 151, 156-57 (5th Cir. 1991) in support of their argument. In *Puma*, the defendant challenged the forfeiture of property on the grounds "that the indictment failed to advise him of the precise extent of the forfeiture sought by the government." *Id*. at 156. In assessing whether the indictment sufficiently stated the essential elements, the court found that a list of properties was "amply sufficient." The indictment went on to explicitly set out how the government intended to link the properties to the unlawful activity. The court found overall that this was *"more than sufficient.*" *Id*. (emphasis added).

As demonstrated above, the Rule 32.2 does not require an indictment to include an itemized list of property to be forfeited, let alone a detailed description of how the government intends to link the property to the criminal activity or specific defendants. The rule simply requires notice that the government will seek to forfeit properties in which the defendant has an interest pursuant to the applicable statutes. The superseding indictment in this case tracks the language of 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1). Further, the government has set out a specific list of properties associated with the charged unlawful activity. Under Rule 32.2, this is more than sufficient notice to the defendants.

The superseding indictment exceeds the notice requirements of Rule 32.2 and Rule 7(c)(2) by alleging that upon conviction the government intends to seek forfeiture of properties in which the defendants have an interest, listing which properties it anticipates forfeiting, and

providing the amount of money judgment it intends to request. Therefore, the forfeiture allegation is sufficient and the defendant's motion to dismiss should be denied.

The defendant's alternative request for a bill of particulars also lacks merit. A bill of particulars is not necessary if the indictment is sufficiently complete and precise enough to enable the defendant to prepare a defense, avoid prejudicial surprise at trial and to bar the risk of double jeopardy. "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense. A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial. [T]he defendant is not entitled to notice of all of the *evidence* the government intends to produce, but only the theory of the government's case." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (citing *United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992) (citations and internal quotation marks omitted, emphasis in original). Additionally, even if an indictment is not sufficient, "a bill of particulars is unnecessary where the information is available through...an open file policy." *United States v. Griffith*, 362 F.Supp.2d 1263, 1278 (D. Kan. 2005). See also *United States v. Canino,* 949 F.2d 928, 949 (7th Cir.1991) (upholding trial court's denial of a bill of particulars and holding "'open-file' policy is an adequate 'satisfactory form' of information retrieval, making the bill of particulars unnecessary.")

It is not the function of a bill of particulars to disclose in detail the evidence the government will use at trial. *United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir. 1980). A bill of particulars cannot be used to obtain evidentiary detail. *Id*. The defendant is entitled to know what the government has charged, but he is not entitled to know how the government will prove

those charges. *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981).

In this case, the forfeiture allegation clearly states that the money judgment represents "the amount of money derived from or involved in the offenses." (Superseding Indictment at p. 8). In other words, the money judgment represents the amount of proceeds generated over the course of approximately fifteen years by the conspiracy's trafficking of thousands of pounds of marijuana, which were then transported by members of the conspiracy from distributors throughout the United States back to New Mexico and/or Arizona.

Moreover, the United States has provided voluminous discovery to the defendants in this case. Although it is may not technically be "open file," the discovery produced to date is far above and beyond what is required under the Rules of Criminal Procedure.[1] Moreover, although

---

[1] In their motion, the defendants assert, "[t]he United States maintains boxes and boxes of discovery documents the Defendants have not had adequate access *inside* of, as the Government has limited Defendant access of these boxes to an average of 4 hours per Defendant, asserting that as the United States will not be using these documents at trial, the documents do not need to be copied and disclosed." The initial stipulated scheduling order in this case provided that "the government shall arrange a time for defense counsel to inspect and copy the documents and objects seized from the defendants in this case. (Doc. 274 at p. 2). Pursuant to the order, on June 7, 2006, the United States sent a letter to defense counsel notifying them that the non-drug evidence would be available for viewing on June 27, 28, and 29, 2006. Due to the volume of the evidence, three-hour blocks of time were scheduled on each of those dates for small groups of defense counsel and/or investigators to view the evidence. Defense counsel and/or investigators for only seven defendants attended. The United States did not intend for defense counsel or their investigators to review all of the seized documents at that time, because, despite defense investigator Albert Mares's "impression" to the contrary, (Affidavit at p. 3), *most* of the documents were in the process of being copied and placed on CDs for release to the defense. Prior to the filing of the defendants' motion, no defense counsel had contacted undersigned counsel to request additional time to review the non-drug evidence. Nevertheless, after defense counsel and/or their investigators review the documents that have been released on CDs, the United States will be more than willing to schedule another viewing of the non-drug evidence on request so that they can adequately review the relatively small number of documents that were not copied by the government (consisting of, among other things, "junk-mail") and determine what they may wish to copy.

Jencks Act material is not required to be produced until forty-five days before trial under the stipulated scheduling order, the United States will produce within the next week the portion of the transcript of DEA Special Agent Rich Stark's testimony before the grand jury where he describes exactly how the amount of the money judgment in the superseding indictment was calculated. Given these circumstances, the defendants' request for a bill of particulars with regard to the forfeiture allegation should be denied.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the court deny the defendants' "Motion to Dismiss the Forfeiture Allegation, or in the alternative, Motion for a Bill of Particulars."

Respectfully submitted,

DAVID C. IGLESIAS
United States Attorney

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
STEPHEN R. KOTZ
Assistant U.S. Attorneys
P.O. Box 607
Albuquerque, NM  87103
(505) 346-7274

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing pleading was mailed on this 20th day of October 2005 to the following counsel of record:

Joe Romero, Jr., and Jody Neal-Post, Attorneys for Dana Jarvis
John F. Robbenhaar, Attorney for Ayla Jarvis
Jason Bowles, Attorney for George Ripley
Zubair Aslamy, Attorney for David Reid
Kari Converse, Attorney for Greg Hill
Martin Lopez III, Attorney for Geno Berthod
D. Penni Adrian, Attorney for Russell Trujillo
Stephen D. Aarons, Attorney for Matthew Hotthan
Timothy Padilla, Attorney for Manuel Gil
Kirtan Khalsa, Attorney for Sam Jones
Ann Steinmetz, Attorney for Mary Cannant
Robert Cooper, Attorney for Adrian Sanford
Gregory D. D'Antonio, Attorney for Benjamin Swentnickas
Robert Gorence, Attorney for Dennis Wilson
Charles S. Aspinwall, Attorney for John Nieto
Roberto Albertorio, Attorney for Lloyd Montoya
John Samore, Attorney for Melania Kirwin
Kenneth A. Gleria, Attorney for Holly Bruner
Todd B. Hotchkiss, Attorney for Dakota Fitzner
Rudolph B. Chavez, Attorney for Rafal Mistrzak
Scott M. Davidson, Esq.

/s/ James R.W. Braun

JAMES R.W. BRAUN
Assistant U.S. Attorney