IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

06 OCT 20 PM 3: 16

UNITED STATES OF AMERICA,

CLERK-ALBUQUERQUE

· Plaintiff,

v.   Criminal No. 05-1849 JH

GEORGE RIPLEY,

Defendant.

## MOTION FOR COCONSPIRATOR STATEMENT AND SUPPORTING POINTS AND AUTHORITIES AND ALTERNATIVELY FOR BRADY DISCLOSURE

The Defendant, GEORGE RIPLEY, by and through his attorney, Jason Bowles of Bowles and Crow, hereby moves this Court for an order directing the United States to immediately produce all coconspirator statements admissible against MR. RIPLEY under Fed. R. Evid. 801(d)(2)(E) and Bourjaily v. United States, 483 U.S. 171, 107 S.Ct. 2775 (1987) and for a pretrial hearing to determine the admissibility of any such alleged statements pursuant to United States v. James, 590 F.2d 575 (5th Cir.), *cert. denied*, 442 U.S. 917 (1979).

As grounds, defense counsel states:

1.   MR. RIPLEY was charged in count 1 of the April 25, 2006 Superseding Indictment with conspiracy "(f)rom approximately 1990, the precise date being unknown to the Grand Jury, up to and including August 25, 2005, in the State and District of New Mexico, and elsewhere," along with Dana Jarvis, Ayla Jarvis, Benjamin Swentnickas, Dennis Wilson, David Reid, John Nieto, Lloyd Montoya, George Osgood, Greg Hill, Geno Berthod, Russell Trujillo,



Matthew Hothan, Manuel Gil, Melania Kirwin, Holly Bruner, Sam Jones, Bill Jones, Rafal Mistrzak, Mary Cannant, Adrian Sanford, and others, to distribute 1000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846.

    2.    The United States has produced discovery to the defendants, which contained in part Drug Enforcement Administration (DEA) reports of statements made by confidential witnesses and in the wiretap application affidavit by confidential sources alleging conduct against MR. RIPLEY. Statements by alleged co-conspirators may be introduced by the United States in its case-in-chief; If certain requirements are met.

    3.    Statements, as summarized in the DEA-6 reports, were allegedly made by CW1, CW2, CW3, CW4 and CW6 against MR. RIPLEY as follows:

    A. CW1 allegedly stated:

        i.    George (known to agents as George Ripley) drove loads everywhere for D. JARVIS to include Ohio, New York, and Atlanta.

        ii.    REID was reported to fly around the country with George (RIPLEY) and pick up money. REID often flew to different destinations to pick up money for JARVIS, often with George RIPLEY. Often RIPLEY would return with bags of cash.

        iii.    George RIPLEY was identified by CW1 as a courier for the JARVIS DTO.

    B. CW2 allegedly stated that RIPLEY was a sound man at the club for a while, but was also a bulk marijuana courier for the DTO.

    C. CW3 allegedly said on November 18, 2005:

        i.    "People who brought loads to CW3 included an older woman named Yvonne LNU, who owned a hair studio, Dakota (FITZNER),

Russell (TRUJILLO), Sal (ABEYTA), Donald (TRUJILLO) and George RIPLEY. These loads of marijuana were all in the range of approximately 200 pounds.

ii. CW3's Ohio buyers included one in Athens, Steve (GEISLER) and Fuzzy LNU. On one occasion CW3 delivered marijuana to Rocky LNU as a favor to JARVIS and RIPLEY.

iii. CW3 believed he would meet RIPLEY while in Columbus but RIPLEY never arrived. RIPLEY subsequently sent a key for a storage locker, via Federal Express, to CW3 at a Red Roof Inn in Columbus. This marijuana was taken to Columbus by RIPLEY who obtained the marijuana from CW3's residence on 1st street.

D. CW4 allegedly said:

I. On November 18, 2005, "CW4 identified the photograph and said that RIPLEY was a bulk marijuana and bulk cash courier for the JARVIS DTO. CW4 said that he called her once to pick up money on behalf of the DTO.

E. CW6 alleged stated on October 26, 2005:

i. "CW6 said that George RIPLEY was a sound man at the bar and a very good friend of JARVIS. CW6 knew RIPLEY was involved with JARVIS illicit activities.

6. The conspiracy as charged ranges from some undetermined date in 1990 to "up to and including August 25, 2005".

7. Some of those statements allegedly made by CS3 and CW1, CW2, CW3, CW4 and CW6 may be used by the United States to implicate MR. RIPLEY n the alleged conspiracy or in any possible, relevant criminal activity.

8. MR. RIPLEY Is unaware via discovery disclosed to date of any other particular statements by any other alleged uncharged co-conspirator which the government may allegedly implicate MR. RIPLEY in any of the charged conduct.

9. Out of court confessions of accomplices or coconspirators "are presumptively unreliable because they 'may well be the product of the co-defendant's desire to shift or spread blame, curry favor, avenge himself, or divert attention to another.'" United States v. Humphrey, 208 F.3d 1190, 1205 (10th Cir. 2000)(quoting Crespin v. New Mexico, 144 F.3d 641, 646 (10th Cir. 1998)(quoting Lee v. Illinois, 476 U.S. 530, 545, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986)).

10. "Under Fed. R. Evid. 802, hearsay is not admissible at trial." A possible exception is coconspirator statements under Fed. R. Evid. 801(d)(2)(E). United States v. Sinclair, 109 F.3d 1527, 1533 (10th Cir. 1997).

11. The Tenth Circuit has found that the "preferred order of proof in determining the admissibility of coconspirator statements" is a James hearing. United States v. Lopez-Gutierrez, 83 F.3d 1235, 1242 (10th Cir. 1996). There is a 3 part test for admissibility of statements under Fed. R. Evid. 801(d)(2)(E), which the movant must prove by a preponderance of the evidence: (1) a conspiracy existed at the time the statements were made, (2) the declarant and MR. RIPLEY were members of the conspiracy at the time the statements were made, and (3) the hearsay statements were made during the course of and in furtherance of the conspiracy. United States v. Heckard, 238 F.3d 1222, 1230 (10th Cir. 2001); Id. MR. RIPLEY requests this court to make findings on this 3 part test.

12. Mere associations with conspirators, even with knowledge of their involvement in crime, are insufficient to prove participation in a conspiracy. United States v. Williamson, 53 F.3d 1500, 1518 (10th Cir. 1995).

13. The government must prove a conspiracy, and that MR.RIPLEY and the declarant were members of the conspiracy when statements were made.

"(A)ssertive conduct or declarations made by one conspirator 'either before the formation or after the termination of the conspiracy are not admissible against a co-conspirator.'" United States v. Morris, 623 F.2d 145, 148 (10th Cir. 1980).(quoting Mares v. United States, 383 F.2d 805, 810 (10th Cir. 1967)). Otherwise, the declaration would be hearsay. United States v. Andrews, 585 F.2d 961, 965 (10th Cir. 1978). Likewise, it would not apply when an alleged conspirator is involved in nothing more than concealment of the criminal enterprise. Dutton v. Evans, 400 U.S. 74, 81,91 S.Ct. 210, 216 (1970).

14. For purposes of Fed. R. Evid. 801(d)(2)(E), the time at which a conspiracy ends depends on the particular facts of this case. United States v. Mayes, 917 F.2d 457, 464 (10th Cir. 1990).

15. A coconspirator statement is made during the course of the conspiracy if it is made before the objectives of the conspiracy have either failed or been achieved. United States v. Owens, 70 F.3d 1118, 1126 (10th Cir. 1995).

16. The relevance and prejudice tests of Fed. R. Evid. 104(a) also relate to the purposes of the James hearing. United States v. Owens, 70 F.3d at 1124.

17. There must also be some form of corroborating independent evidence linking the defendant to the alleged conspiracy. Id. at 1124-25.

18. The Jencks Act does not apply if the United States does not intend to call a co-conspirator as a witness. However, even if the Jencks Act does apply, the Court has discretion to order production of any co-conspirator's statements. United States v. Diston, 612 F.2d 1035, 1037-38 (7th Cir. 1980); United States v. McMillan, 489 F.2d 229, 231 (7th Cir. 1972); contra United States v. Randolph, 456 F.2d 132 (3rd Cir. 1972).

19. Co-conspirator's statements which the government intends to introduce at trial should also be discoverable prior to trial because those statements may be attributed to MR. RIPLEY under Fed. R. Evid. 801(d)(2)(E). United States v.

Thevis, 84 F.R.D. 47, 55-56 (N.D.. Ga. 1979); see also United States v. Mays, 460 F.Supp. 573 (E.D. Tex. 1978); United States v. Agnello, 367 F.Supp. 444 (E.D.N.Y. 1973); contra United States v. Percevault, 490 F.2d 126 (3rd Cir. 1974).

20. In Dennis v. United States, 384 U.S. 855, 873 (1966), the Supreme Court of the United States stated:

> A conspiracy case carries with it the inevitable risk of wrong attribution of responsibility to one or more of the multiple defendants .... In our adversary system of determining guilty or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant facts.

21. MR. RIPLEY objects to the introduction of any co-conspirator statements based on the failure of Fed. R. Evid. 801(d)(2)(E) to authorize admission in this case, and of the due process and confrontation clauses of the Fifth and Sixth Amendments to the United States Constitution, respectively, to authorize admission.

22. Alternatively, to the extent any such or other statements fail to implicate MR. RIPLEY, those favorable statements must be produced for Defendant under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny.

WHEREFORE, the Defendant, GEORGE RIPLEY, respectfully requests this Court to order the United States to produce any and all alleged or proffered co-conspirator's statements immediately or as soon as is practicable for any or all of the foregoing reasons. MR. RIPLEY also requests this Court order such other and further relief as this Court deems just and proper.

### Request for Hearing

Pursuant to United States v. James, 590 F.2d 575 (5th Cir.), cert. denied, 442 U.S. 917 (1979) and United States v. Lopez-Gutierrez, 83 F.3d 1235, 1242 (10th Cir. 1996), MR. RIPLEY respectfully requests a hearing on this motion.

Respectfully submitted,

Jason Bowles
BOWLES AND CROW
P.O. Box 25186
Albuquerque, N.M. 87125-5186

## CERTIFICATE OF SERVICE

I, Jason Bowles, hereby certify that on October 20, 2006 I placed a copy of the foregoing motion for coconspirator statements in the U.S. Mail, first-class postage affixed thereto, for mailing to opposing counsel Mr. James R.W. Braun, Assistant United States Attorney, P.O. Box 607, Albuquerque, New Mexico 87103.

Jason Bowles