IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Cause No. 05-CR-1849-JH |
| § | |
| DANA JARVIS, *et al,* § | |
| § | |
| Defendants. § | |

## AMENDED, UNOPPOSED DEFENDANT GREG HILL'S
## MOTION FOR DETERMINATION
## OF ADMISSIBILITY OF CO-CONSPIRATORS' STATEMENTS

Defendant GREG HILL, through his undersigned counsel, moves this Court to determine, prior to the trial of this matter, the admissibility of alleged co-conspirators' statements. As grounds therefor, he would show the Court the following:

1.In this case, he is accused of conspiring with over twenty other defendants, plus others known and unknown, to traffic in marijuana.

2.The conspiracy is alleged to have spanned the fifteen year time period from 1990 through August of 2005. Indeed, one of the people with whom Mr. Hill is alleged to have conspired during this time period was four years old at the alleged conspiracy's inception. During this period of time, extensive wiretaps were conducted, and extensive surveillance was conducted and documented.

3.Mr. Hill believes the government's theory is that Dana Jarvis headed a massive marijuana distribution organization, that he obtained most of his marijuana from the Arizona

area, and that he distributed the marijuana to many states, including Indiana. Mr. Hill believes that the government believes that he was, for part of the time the conspiracy is alleged to have existed, the person in Indiana who received marijuana from the organization.

4. Only a tiny fraction of the evidence in this case has anything to do with Mr. Hill. To counsel's knowledge, there is no allegation that Mr. Hill had any involvement with anything prior to the last few years of the alleged conspiracy, and no involvement at any time with any operations in any other states, or with the acquisition end of the organization's operations.

5. Because of this, the decade-plus of evidence of conspiracy preceding any evidence of Mr. Hill's involvement with the group come from a conspiracy to which he did not belong and is inadmissible against him. Statements made before his alleged membership are not admissible against him.

6. Alternatively, Mr. Hill did not participate in a fifteen year long conspiracy with the twenty-one individuals in the current indictment, the additional defendants named only in the first indictment and others unknown, but participated only in a far less expansive separate conspiracy with only a few of the named alleged co-conspirators.

## ARGUMENT

Rule 801(d)(2)(E) of the Federal Rules of Evidence permits statements by co-conspirators to be introduced against each other. Before trial, a district court should hold a *"James"* hearing to determine whether it should admit statements made by alleged co-conspirators against one another. *See generally* United States v. James, 590 F.2d 575 (5th Cir. 1979). "Before admitting a statement of a co-conspirator into evidence against a defendant, the court must have

independent evidence of the existence of the conspiracy and of the defendant's connection to it, and must conclude that the statement was made both during and in furtherance of the conspiracy." United States v. Layton, 720 F.2d 548, 555 (9th Cir. 1983).

Mr. Hill requests that this Court make a dual determination: not only that a conspiracy existed that included him, but also, that any admission of statements against him comports with due process and fair trial guarantees. More specifically, Mr. Hill alleges that statements made prior to his alleged entrance to the conspiracy, and by any co-defendants not shown to be part of a conspiracy in which Mr. Hill was a member and not made in furtherance of a conspiracy to which he did not belong and are inadmissible against him.

While some courts have held that statements made by co-conspirators prior to or after a defendant's membership in the conspiracy are admissible against that defendant, the continued viability of such holdings remains in doubt in light of the Supreme Court's increased sensitivity to the right of a defendant to confront evidence against him,[1] and in any case, to apply that principle to this situation, where Mr. Hill is alleged to have been a member during only a short time of the existence of the conspiracy, would be patently unfair to the point of violating Mr. Hill's due process and fair trial rights.

In the recent case of United States v. Dunmire, 403 F.3d 722 (10th Cir. 2005) the Tenth Circuit decided that a minimum mandatory sentence cannot be applied to a minor conspirator who himself did not participate in minimum mandatory amounts of drug transactions, even

---

[1] *See, eg.*, Crawford v. Washington, 541 U.S. 36; 124 S. Ct. 1354; 158 L. Ed. 2d 177 (2004);. Lilly v. Virginia, 527 U.S. 116, 134, 144 L. Ed. 2d 117, 119 S. Ct. 1887 (1999); Gray v. Maryland, 118 S. Ct. 1151, 1154 (1998).

though some of his co-defendants did and the overall amount of drugs may have been over the minimum mandatory threshold. Dunmire had participated in one drug deal with a principal defendant.

> [T]he government's theory of the case at trial [was]: in for a penny, in for a pound. In other words, Defendant's involvement with one drug transaction, with nothing more, demonstrates an implicit agreement to be involved with all of Mr. Sharkey's drug deals. This line of reasoning demonstrates a misunderstanding of the elements of a conspiracy to distribute drugs. As we stated in *Arras*, a conviction for conspiracy to distribute a certain quantity of drugs must be supported by evidence of an agreement to distribute that quantity of drugs. *373 F.3d at 1074*. This requirement is only logical since our sentencing scheme for drug cases, at least prior to the remedial holding of *United States v. Booker, 160 L. Ed. 2d 621, ___ U.S. ___, 125 S. Ct. 738 (2005)*, is driven in large part by the quantity of drugs involved.

403 F.3d at 725. By analogy, if the drugs cannot be held against a defendant, it is inconsistent to allow statements to be held against him.

This is also consistent with the relevant conduct rationale of the United States Sentencing Guidelines. Application Note 2 to USSG § 1B1.3 reads in pertinent part:

> Because a count may be worded broadly and include the conduct of many participants over a period of time, the scope of the criminal activity jointly undertaken by the defendant (the "jointly undertaken criminal activity") is not necessarily the same as the scope of the entire conspiracy, and hence relevant conduct is not necessarily the same for every participant.
> . . .
> The conduct of others that was not in furtherance of the criminal activity jointly undertaken by the defendant, or was not reasonably foreseeable in connection with that criminal activity, is not relevant conduct under this provision.
> . . .
> With respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook.

> . . .
> ***A defendant's relevant conduct does not include the conduct of members of a conspiracy prior to the defendant joining the conspiracy,*** even if the defendant knows of that conduct (e.g., in the case of a defendant who joins an ongoing drug distribution conspiracy knowing that it had been selling two kilograms of cocaine per week, the cocaine sold prior to the defendant joining the conspiracy is not included as relevant conduct in determining the defendant's offense level).
> . . .
> Illustrations of Conduct for Which the Defendant is Accountable:
> . . .
> Defendants H and I engaged in an ongoing marihuana importation conspiracy in which Defendant J was hired only to help off-load a single shipment. Defendants H, I, and J are included in a single count charging conspiracy to import marihuana. Defendant J is accountable for the entire single shipment of marihuana he helped import under subsection (a)(1)(A) and any acts and omissions in furtherance of the importation of that shipment that were reasonably foreseeable (see the discussion in example (a)(1) above). He is not accountable for prior or subsequent shipments of marihuana imported by Defendants H or I because those acts were not in furtherance of his jointly undertaken criminal activity (the importation of the single shipment of marihuana).

(*emphasis added*)  In <u>United States v Murphy</u> 852 F.2d 1 (1st Cir. 1988), *cert. denied*, 489 US 1022 (1989), the First Circuit held,

> The standard regarding admission of declarations of an alleged co-conspirator against a codefendant is governed by *United States v. Petrozziello*, 548 F.2d 20, 23 (1st Cir. 1977), utilized by the district court: "If it is more likely than not that the declarant and the defendant were members of a conspiracy ***when the hearsay statement was made***, and that the statement was in furtherance of the conspiracy, the hearsay is admissible."

852 F.2d at 8.  *Accord,* <u>United States v. Garcia</u>, 994 F.2d 1499, 1505 (10th Cir. 1993) ("we cannot say that the district court's findings that Defendant was a member of the conspiracy at the time that the coconspirator statements were made was clearly erroneous.").  There appears to be a conflict between panels of the Tenth Circuit, as in 1991, the court held in <u>United States v.</u>

Brown, 943 F.2d 1246 (10th Cir. 1991) that it was not necessary for a defendant to be a member of the conspiracy at the time a statement was made. *Garcia*, the later case, did not address *Brown*'s contrary holding, and if *Brown* is still good law, then Mr. Hill alleges it is inapplicable to a situation such as his, where his alleged relative participation is so minuscule compared to that of co-defendants.

In a similar vein, if there were in fact several separate conspiracies, then statements by conspirators in a conspiracy to which Mr. Hill did not belong are inadmissible as to Mr. Hill. *See, eg.,* Bourjaily v. United States, 483 U.S. 171, 175 (1987); United States v. Bibbero, 749 F. 2d 581, 587 (9th Cir. 1984), *cert. denied,* 471 U.S. 1103 (1985).  *See, eg.,* United States v. Joaquín Coroneles, Nos. 05 CR 469 and 484, from this district, where the government recognized that one individual was involved in multiple conspiracies, but that this did not thereby create one huge conspiracy.

AUSA James Braun does not object to the relief sought in this motion, to the extent that he agrees a "*James* hearing" is appropriate and should be held in this case, and is willing to provide statements he intends to rely upon to support of the existence of the conspiracy two weeks prior to such hearing.

## CONCLUSION

There is little or no information tying Mr. Hill to the vast majority of the conspirators. Just because one person may have engaged in multiple conspiracies, that does not automatically join everyone in each of those conspiracies into one massive conspiracy, rendering everyone responsible for everything that was said or done in the course of the multiple conpsiracies. That

"penny" is insufficient to hold Mr. Hill liable for the "pound," and it would violate his rights of confrontation, his rights to due process of law, and to a fair trial, to admit declarations made during the time he is not alleged to be affiliated with the organization or with any of its members against him.

        Respectfully submitted,

        *electronically filed*
        KARI CONVERSE
        2001 Carlisle Blvd. NE #E
        Albuquerque, New Mexico 87110
        (505) 262-8597
        Fax (505) 262-1730
        *Counsel for Mr. Hill*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Determination of Admissibility of Co-conspirators' Statements was served on James Braun, Assistant United States Attorney, P.O. Box 607, Albuquerque, New Mexico, 87103, on October 25, 2006.

        *electronically filed*
        KARI CONVERSE