IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-1849 JH |
| | ) | |
| DENNIS WILSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

UNITED STATES' RESPONSE TO DEFENDANT
WILSON'S "MOTION AND SUPPORTING MEMORANDUM
FOR DISCOVERY REGARDING PRIOR CRIMINAL ACTS BY
GOVERNMENT WITNESSES AND INFORMATION NECESSARY TO
EFFECTIVELY CROSS-EXAMINE GOVERNMENT WITNESSES" (DOC. 726)

COMES NOW the United States of America, by and through David C. Iglesias, United States Attorney for the District of New Mexico, and James R.W. Braun, Assistant United States Attorney for said District, and hereby responds to defendant Dennis Wilson's "Motion and Supporting Memorandum for Discovery Regarding Prior Criminal Acts by Government Witnesses and Information Necessary to Effectively Cross-examine Government Witnesses" (Doc. 726).

Pursuant to the stipulated Second Order Setting Deadlines and Declaring Case Complex, the United States is to produce impeachment information on government witnesses under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), no later than 90 days prior to trial. The United States will specifically

produce the following information for each cooperating witness: 1) the identity of the witness; 2) the witness's criminal history, if any; 3) any consideration the witness has received or will receive from the United States in relation to this case; 4) the witness's plea agreement with the United States, if applicable; and 5) any history of substance abuse, if known to the United States. Any prior statement of a witness under the Jencks Act will be produced no later than 45 days prior to trial as provided for in the stipulated scheduling order. The United States will produce such material only for the witnesses that it intends to call to testify at trial. *See United States v. Green*, 178 F.3d 1099, 1109 (10th Cir. 1999) ("because both the discovery order and *Giglio* apply only to impeachment information relating to a government witness, they are inapplicable because the government did not ever call [the informant] as a witness").

In his motion, Wilson asks the court to order the United States to disclose a laundry list of information regarding the cooperating witnesses in this case. In addition to the material listed above, which the United States specifically agrees to produce, Wilson also requests, *inter alia*, any impeachment information contained in military and Veteran Administration records; records from "any welfare agency, food stamp office, housing authority, child support divisions or any other social service agencies;" state and federal tax records; employment records; and divorce or custody proceedings. (Def. Mot. at pp. 2-3). The prosecution in this case will comply with its obligations under *Brady* and *Giglio* to produce any material impeachment evidence that is in its possession. In that

2

regard, the prosecution acknowledges its obligation "to learn of any favorable evidence known to the others acting on the government's behalf in the case." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). The prosecution does not, however, have a duty to learn of information possessed by other government agencies that have no involvement in the investigation or prosecution of this case. *See United States v. Pelullo*, 399 F.3d 197, 218 (3rd Cir. 2005) (holding that prosecution's failure to disclose documents collected by the Pension and Welfare Benefits Administration in civil investigation did not constitute a *Brady* violation because that agency had no role in the criminal investigation and was not part of the prosecution); *accord United States v. Beers*, 189 F.3d 1297, 1304 (10th Cir. 1999).

WHEREFORE, because the court has already entered a stipulated scheduling order providing for the disclosure of *Brady* and *Giglio* material, and because the United States has agreed to comply with its obligations under *Brady* and *Giglio*, defendant Wilson's motion should be denied as moot.

> Respectfully submitted,
>
> DAVID C. IGLESIAS
> United States Attorney
>
> */s/ James R.W. Braun*
>
> JAMES R.W. BRAUN
> Assistant U.S. Attorney
> P.O. Box 607
> Albuquerque, NM   87103
> (505) 346-7274

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true copy of the foregoing pleading was mailed on this 6th day of November to the following counsel of record:

Joe Romero, Jr., and Jody Neal-Post, Attorneys for Dana Jarvis
John F. Robbenhaar, Attorney for Ayla Jarvis
Jason Bowles, Attorney for George Ripley
Zubair Aslamy, Attorney for David Reid
Kari Converse, Attorney for Greg Hill
Martin Lopez III, Attorney for Geno Berthod
Stephen D. Aarons, Attorney for Matthew Hotthan
Timothy Padilla, Attorney for Manuel Gil
Ann Steinmetz, Attorney for Mary Cannant
Robert Cooper, Attorney for Adrian Sanford
Gregory D. D'Antonio, Attorney for Benjamin Swentnickas
Robert Gorence, Attorney for Dennis Wilson
Charles S. Aspinwall, Attorney for John Nieto
Roberto Albertorio, Attorney for Lloyd Montoya
John Samore, Attorney for Melania Kirwin
Kenneth A. Gleria, Attorney for Holly Bruner
Todd B. Hotchkiss, Attorney for Dakota Fitzner
Rudolph B. Chavez, Attorney for Rafal Mistrzak
Scott M. Davidson, Esq.

                                        */s/ James R.W. Braun*

                                        JAMES R.W. BRAUN
                                        Assistant U.S. Attorney