IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-1849 JH |
| | ) | |
| DANA JARVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

UNITED STATES' RESPONSE TO "DEFENDANTS'
JOINT MOTION TO COMPEL DISCOVERY RELATED
TO THE ALLEGATIONS IN THE SUPERCEDING INDICTMENT
PERTAINING TO CONSPIRACIES FROM 1990 TO 1999" (DOC. 740)

COMES NOW the United States of America, by and through David C. Iglesias,

United States Attorney for the District of New Mexico, and James R.W. Braun, Assistant

United States Attorney for said District, and hereby responds to "Defendants' Joint

Motion to Compel Discovery Related to the Allegations in the Superceding Indictment

Pertaining to Conspiracies from 1990 to 1999" (Doc. 740).

All of the defendants in this case are charged in Count 1 of the Superseding

Indictment with conspiring to distribute 1000 kilograms and more of marijuana from

approximately 1990 to August 2005.  Ten of the defendants are also charged with

conspiring to launder money during that same time period.

In their motion, the defendants ask the court to order the United States to produce

discovery pertaining to the charged conspiracies pursuant to Fed. R. Crim. P. 16(a)(1)(E).

In making this request, the defendants ignore that the stipulated Second Order Setting

Deadlines and Declaring Case Complex already requires the United States to either

produce such items or to make them available for defense inspection.  Because the court

has already entered an order governing the production of the discovery the defendants

seek in their motion, the motion should be denied as moot.

　　　　While the defendants' motion is easily disposed of on that basis, their discussion of

the evidence in this case should not go unanswered.  Because the defendants have

apparently been unable to discern why the charged conspiracies are alleged to have begun

in 1990, they conclude that the government either "lacks any evidence to support its

allegations that there were conspiracies to distribute marijuana and to launder money

prior to 1999" or that it is "withholding, concealing, or suppressing evidence to support

these allegations."  (Def. Mot. at p. 2).  Far from concealing evidence, however, the

United States has gone above and beyond what is required under the stipulated scheduling

order by providing the defendants, on September 21, 2006, with reports of interviews of

certain cooperating witnesses.  And despite the defendants' assertion that "there is no

information in the discovery to support the allegation of a conspiracy pre-dating 1999,"

(Def. Mot. at p. 2), several of those witnesses describe their involvement in the charged

conspiracies well before 1999:  CW3 described transporting his first load of marijuana for

the organization in 1997; CW4 described transporting bulk cash on behalf of Dana Jarvis

in the early 1990's; CW5 described holding bulk cash for Dana Jarvis beginning in

approximately 1990; and CW8 described supplying bulk marijuana directly to Dana Jarvis

beginning in approximately 1994, and indirectly through Dennis Cox prior to that.

WHEREFORE, the United States respectfully requests that the court deny the

defendants' motion as moot.

Respectfully submitted,

DAVID C. IGLESIAS
United States Attorney

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM   87103
(505) 346-7274

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing pleading was mailed on this 13th day of November to the following counsel of record:

Joe Romero, Jr., and Jody Neal-Post, Attorneys for Dana Jarvis
John F. Robbenhaar, Attorney for Ayla Jarvis
Jason Bowles, Attorney for George Ripley
Zubair Aslamy, Attorney for David Reid
Kari Converse, Attorney for Greg Hill
Martin Lopez III, Attorney for Geno Berthod
Stephen D. Aarons, Attorney for Matthew Hotthan
Timothy Padilla, Attorney for Manuel Gil
Ann Steinmetz, Attorney for Mary Cannant
Robert Cooper, Attorney for Adrian Sanford
Gregory D. D'Antonio, Attorney for Benjamin Swentnickas
Robert Gorence, Attorney for Dennis Wilson
Charles S. Aspinwall, Attorney for John Nieto
Roberto Albertorio, Attorney for Lloyd Montoya
John Samore, Attorney for Melania Kirwin
Kenneth A. Gleria, Attorney for Holly Bruner
Todd B. Hotchkiss, Attorney for Dakota Fitzner
Rudolph B. Chavez, Attorney for Rafal Mistrzak
Scott M. Davidson, Esq.

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney