IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-1849 JH |
| | ) | |
| DAKOTA FITZNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

UNITED STATES' RESPONSE TO DEFENDANT DAKOTA FITZNER'S MOTION TO
DISMISS COUNT I OR IN THE ALTERNATIVE FOR A BILL OF PARTICULARS

COMES NOW the United States of America, by and through David C. Iglesias, United

States Attorney for the District of New Mexico, and James R.W. Braun, Assistant United States

Attorney for said District, and hereby responds to Defendant Dennis Fitzner's "Motion to

Dismiss Count I, or for a Bill of Particulars" (Doc. 731).[1]

The defendant claims that the Superseding Indictment in this case, filed April 25, 2006

(Doc. 414), should be dismissed on the grounds that it does not include the dates of his overt acts

in furtherance of the conspiracy, nor allege when the defendant entered the conspiracy, nor

specify the specific amount of marijuana attributable to him.  The claims are without merit and

his motion should therefore be denied.

---

[1]This motion is joined by Defendants Dana Jarvis (Doc. 744) and Ayla Jarvis (Doc. 754)
however their Notices of Joinder do not add additional arguments to be addressed. Defendant
Greg Hill also joins the motion (Doc. 765) and his additional argument is addressed below.

DISCUSSION

I.  The Indictment is Sufficient

An indictment is "a plain, concise, and definite written statement of the essential facts constituting the offense charged..." Fed. R. Crim. P. Rule 7(c).  The indictment is sufficient if it "...contains the elements of the offense...fairly informs a defendant of the charge," and enables him to plead double jeopardy.  *Hamling v. United States*, 418 U.S. 87, 117-118 (1974).  "[P]roof of an overt act is not required to establish a violation of 21 U.S.C. § 846."  *United States v. Shabani*, 513 U.S. 10, 17 (1994).  "[A]n indictment under [21 U.S.C.] section 846 need not allege overt acts and is basically sufficient if set out substantially in the words of the statute." *United States v. Smith*, 696 F.2d 693, 696 (10th Cir. 1982).

In *Smith*, the indictment, tracking the language of section 846, charged that "the Defendant Timothy Smith did unlawfully, knowingly and intentionally conspire with Kenneth Vann and others as yet unknown, to distribute and possess with intent to distribute quantities of marijuana, a controlled substance."  *Id.*  The indictment included a definite time period, a description of the types of marijuana, as there were several types involved, and specified a location where the distribution took place.  The court found on those facts alone, the indictment was sufficient.[2]

Likewise in this case, Count 1 of the superseding indictment exactly tracks the language of the statute and includes a specific time period.  The "Manner and Means of the Conspiracy" section (Doc. 414 at p. 2-3) further describes the operation of the conspiracy including the

---

[2]The defendant also had access to the government's files and grand jury testimony, as well as a Bill of Particulars incorporating the statement of the cooperating witness. However, this was beyond what was necessary for the court to rule the indictment sufficient.

locations of some activities, general descriptions of the roles of each defendant, and a description of the disposition of proceeds of the conspiracy.  It would be illogical to require the indictment to include specific dates of overt acts, when overt acts themselves need not be included.

Further, the defendant's claim that the indictment does not allege when he entered the conspiracy is irrelevant.  As discussed above, the indictment is sufficient as drafted and nothing more is required.  At trial, in order to convict the defendant of conspiracy, the United States will be required to prove that "...two or more persons agreed to violate the law, that the defendant knew at least the essential objectives of the conspiracy, and...knowingly and voluntarily became a part of it....Mere association with conspirators, even with knowledge of their involvement in crime, is insufficient to prove participation in their conspiracy." *United States v. Fox*, 902 F.2d 1508, 1514 (10th Cir. 1990) (citations omitted).  A co-conspirator will be liable for all reasonably foreseeable acts of his co-conspirators once he joins the conspiracy and until he does something to disavow his affiliation and leave the conspiracy. *See Pinkerton v. United States*, 328 U.S. 640, 646-647 (1946).

The matter of specific quantities attributable to the defendant is a sentencing issue and is immaterial to the disposition of this motion.  Following *Apprendi*, in order for the defendant to be sentenced above the statutory maximum, *"*the government must...allege the quantity of drugs in the indictment and prove that quantity to the jury beyond a reasonable doubt in prosecutions under 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B)." *U.S. v. Arras,* 373 F.3d 1071, 1074 (10th Cir. 2004).  The United States has done this.  The indictment alleges the defendants conspired to "distribute 1000 kilograms or more of marijuana." (Doc. 414 at p. 2).  Alleging a specific quantity for each defendant is simply not required under the law.

3

The United States will present evidence at trial that the defendant's participation in the conspiracy included transporting marijuana and bulk currency for the Jarvis organization. However, it is not necessary for this evidence to appear in the indictment.   "An indictment need not go further and allege in detail the factual proof that will be relied upon to support the charges." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (citation omitted) (holding sufficient a 21 U.S.C. § 846 indictment which quoted the statute, included the dates of illegal activity, place, and specific controlled substance).  The indictment sufficiently informs the defendant of the charges against him as it is drafted, therefore the motion to dismiss should be denied.

II. Bill of Particulars and Grand Jury Testimony

In the alternative the defendant requests a Bill of Particulars. A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial.  [T]he defendant is not entitled to notice of all of the *evidence* the government intends to produce, but only the theory of the government's case." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (citing *United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992) (citations and internal quotation marks omitted, emphasis in original).  Additionally, even if an indictment is not sufficient, "a bill of particulars is unnecessary where the information is available through...an open file policy." *United States v. Griffith*, 362 F.Supp.2d 1263, 1278 (D. Kan. 2005). See also *United States v. Canino,* 949 F.2d 928, 949 (7th Cir.1991) (upholding trial court's denial of a bill of particulars and holding "'open-file' policy is an adequate 'satisfactory form' of information retrieval, making the bill of particulars unnecessary.")

It is not the function of a bill of particulars to disclose in detail the evidence the government will use at trial. *United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir. 1980). A bill of particulars cannot be used to obtain evidentiary detail. *Id.* The defendant is entitled to know what the government has charged, but he is not entitled to know how the government will prove those charges. *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981).

The indictment sets forth the elements of the charge and the defendant is sufficiently apprised of the charges. Moreover, the United States has provided voluminous discovery to the defendants in this case, including the transcripts of grand jury testimony. Although it may not technically be "open file," the discovery produced to date is extensive. The defendant is fairly apprised of the charges against him, protected from double jeopardy, and nothing more is required. Given these circumstances, the defendant's request for a bill of particulars should be denied.

In support of his request for a bill of particulars, the defendant relies on *United States v. Johnson*, 2006 WL 2802261 (D. Kan. 2006). However, that case does not provide any indication of the amount of discovery available to the defendant. The case does mention that the defendant had all been provided all statements by the government's witnesses. However, the court was also ruling on other discovery matters. It seems unlikely the defendant had been provided extensive discovery at the time of this order because the court was simultaneously ordering disclosure of DEA 6 reports and arrest reports, among other things, which have already been provided here.

While it may not state the exact date the United States believes the defendant joined the conspiracy and committed overt acts in furtherance thereof, nor the specific amounts of marijuana attributable specifically to him, there is extensive discovery in this case and it is clear

from his recitation of facts that the defendant is in the process of extrapolating that which is relevant to him. "The Government is under no obligation to conduct a defendant's investigation or to make a defendant's case for him." *United States v. Garza*, 165 F.3d 312, 315 (5th Cir. 1999).

### III.  Additional Argument of Defendant Hill

In joining Defendant Fitzner's Motion to Dismiss Count 1 or for a Bill of Particulars, defendant Hill cites to one additional case regarding the time a defendant is part of a conspiracy and the amount of drugs attributable to him. The case is *United States v. Dunmire*, 403 F.3d 722, (10th Cir. 2005). That case addresses sufficiency of evidence to uphold a conviction for distribution of a specified quantity of crack cocaine. While the time and quantity are highly relevant to sentencing, as discussed above, they are immaterial to the sufficiency of an indictment charging a violation of 21 U.S.C. § 846, and to the disposition of this motion.

CONCLUSION

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the court deny the defendants' motion.

Respectfully submitted,
DAVID C. IGLESIAS
United States Attorney

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM   87103
(505) 346-7274

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing pleading was mailed on this 15th day of December 2006 to the following counsel of record:

Joe Romero, Jr., and Jody Neal-Post, Attorneys for Dana Jarvis
John F. Robbenhaar, Attorney for Ayla Jarvis
Jason Bowles, Attorney for George Ripley
William Kirchner and Walter B. Nash, Attorneys for David Reid
Kari Converse, Attorney for Greg Hill
Stephen D. Aarons, Attorney for Matthew Hotthan
Timothy Padilla, Attorney for Manuel Gil
Ann Steinmetz, Attorney for Mary Cannant
Robert Cooper, Attorney for Adrian Sanford
Gregory D. D'Antonio, Attorney for Benjamin Swentnickas
Robert Gorence, Attorney for Dennis Wilson
Charles S. Aspinwall, Attorney for John Nieto
Roberto Albertorio, Attorney for Lloyd Montoya
John Samore, Attorney for Melania Kirwin
Todd B. Hotchkiss, Attorney for Dakota Fitzner
Rudolph B. Chavez, Attorney for Rafal Mistrzak
Scott M. Davidson, Esq.

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney