IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 05-1849 JH |
| ) | |
| AYLA JARVIS, et al., ) | |
| ) | |
| Defendants. ) | |

UNITED STATES' RESPONSE TO DEFENDANT AYLA JARVIS'S MOTION
FOR SEVERANCE FROM CO-DEFENDANTS

COMES NOW the United States of America, by and through David C. Iglesias, United States Attorney for the District of New Mexico, and James R.W. Braun, Assistant United States Attorney for said District, and hereby responds to Defendant Ayla Jarvis's "Motion for Severance from Co-Defendants" (Doc. 714).[1]

INTRODUCTION

On August 23, 2005, a federal grand jury in the District of New Mexico returned a twenty-six count indictment in this case against twenty-one defendants. On April 25, 2006, the grand jury returned a superseding indictment against the remaining defendants and eight additional defendants, for a total of twenty-two defendants. All twenty-two defendants were charged in Count 1 with Conspiracy to Distribute 1000 Kilograms and More of Marijuana, in violation of 21 U.S.C. § 846. Ten of those defendants were also charged in Count 3 with conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). Since the return of the

---

[1] Defendant Dana Jarvis has joined this motion (Doc. 743), but has not added additional arguments to be addressed. Defendant Greg Hill has joined this motion (Doc. 759) and his additional arguments are addressed below.

superseding indictment, four more defendants have pled guilty, so that eighteen defendants remain. Exactly half of those defendants are charged in both Count 1 and Count 3.

Under the Federal Rules of Criminal Procedure "two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. Rule 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together....They promote efficiency and 'serve the interests of justice' by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (citing *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)). The Rules also provide that "[i]f it appears that a defendant or the government is prejudiced by joinder of ... defendants ... for trial together, the court *may* ... grant a severance of defendants or provide whatever other relief justice requires." Fed. R. Crim P. Rule 14 (emphasis added).

The courts do not look upon severance lightly, however. It "is a matter of discretion and not of right." *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984). "Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro* at 538-539. "[T]he trial court must weigh the prejudice to [the] defendant caused by joinder against the...important considerations of economy and expedition....[T]he defendant must bear a heavy burden of showing...that the joinder...causes actual or threatened deprivation to an individuals's right to fair trial." *McConnell* at 1444-1445 (citations omitted).

DISCUSSION

I.  Arguments of Defendant Ayla Jarvis

    A.    **Denial of Exculpatory Evidence**

The defendant claims "co-defendant Dana Jarvis may be able to explain how certain conduct of the Defendant Ayla Jarvis is innocent in nature, and has nothing to do with the alleged conspiracies." (Def. Mot. at p. 2). Further, the defendant anticipates that she will "supplement this motion with an affidavit to demonstrate the testimony to be given by Dana Jarvis on Ayla Jarvis'[sic] behalf." (Def. Mot. at p. 6). However, to date, no such affidavit or any other documentation has been provided in support of this claim.

In order to "avoid a finding of prejudice based upon mere speculation," *United States v. Dickey*, 736 F.3d 571, 590 (10th Cir. 1984), when a defendant moves the court for severance based on the need of a codefendant's exculpatory testimony it must be shown that the defendant "would call the co-defendant at a severed trial, that the co-defendant would in fact testify, and that the testimony would be favorable to the moving defendant." *Id.* (citing *United States v. Vigil*, 561 F.2d 1316, 1317 (9th Cir. 1977).

In adopting the prerequisites of the Ninth Circuit, the court in *Dickey* noted that in *Vigil* the defendant had met those requirements by filing "an affidavit with his motion to sever swearing (1) that he intended to call the co-defendant at trial, and (2) that he was informed by the co-defendant's counsel that the testimony given would be favorable to the movant." *Dickey* at 590. However, in *Dickey*, the Tenth Circuit upheld the trial court's denial of severance because the defendant "did not meet, nor did he attempt to meet, the prerequisites for severing a defendant from a joint trial on the above stated grounds. Hence, there was no real prejudice

3

shown by [the defendant] which violated his sixth amendment right to confrontation." *Id*.

The court further illuminated the standard for consideration of a motion for severance based on potential exculpatory testimony of a co-defendant in *United States v. McConnell*.[2] There the court set forth a list of seven relevant factors:

> 1) the likelihood that the co-defendant would in fact testify and waive his Fifth Amendment privilege;
> 2) the significance of the testimony in relation to the defendant's theory of defense;
> 3) the exculpatory nature and effect of such testimony;
> 4) the likelihood that the co-defendant's testimony would be impeached;
> 5) the extent of prejudice caused by the absence of the testimony;
> 6) the effect of a severance on judicial administration and economy;
> 7) the timeliness of the motion.

749 F.2d at 1445. In that case the moving defendant included with his motion for severance an affidavit from the co-defendant stating "that if the severance was granted...he [the co-defendant] would waive his fifth amendment privilege and give exculpatory testimony at [the defendant's] trial. The affidavit set forth in some detail the testimony [the co-defendant] would give." *Id.* at 1444. As such, the defendant in *McConnell* provided the court with enough information to adequately analyze the value of the testimony in light of the relevant factors.

The defendant here, contrary to *Vigil* and *McConnell* and analogous to the defendant in *Dickey*, has not filed an affidavit stating that she will, in fact call co-defendant Dana Jarvis in the event that the trial is severed. She has neither given indication that he would in fact testify, nor has she indicated that the testimony would in fact be favorable to her. Nor has she included an

---

[2]*Dickey* and *McConnell* were both decided in 1984 by two separate panels of the Tenth Circuit. Reading the two cases together provides the most comprehensive understanding of the court's standard for consideration of severance on this issue, as was done by the court in *United States v. Shaw*, 141 F.3d 1186 (10th Cir. 1998) (unpublished).

4

affidavit from co-defendant Dana Jarvis stating that he will waive his fifth amendment rights upon severance and testify on her behalf and what the "nature and exculpatory effect" of his testimony will be. Instead, the defendant makes a generalized statement that co-defendant Dana Jarvis *may* be able to provide exculpatory testimony and anticipates filing an affidavit. This in itself is an admission that she has failed to provide this court with the information necessary to review and sever based on her need for the exculpatory testimony of co-defendant Dana Jarvis. Thus, on this issue, her motion for severance must be denied.

    **B.**    **Admission of Incriminating Hearsay Statements**

The United States will not attempt to admit statements in violation of *Bruton v. United States*, 391 U.S. 123 (1968) (holding limiting jury instructions insufficient substitute for defendant's right of confrontation when inculpatory hearsay statements, inadmissible against the defendant, were properly admitted against co-defendant) at a joint trial. If it is necessary to admit such statements, the United States will sufficiently redact them so as not to violate the Sixth Amendment rights of co-defendants. *See Richardson v. Marsh*, 481 U.S. 200 (1987) (holding a defendant's right to confrontation was not violated when a nontestifying co-defendant's confession was admitted after being redacted to eliminate any reference to the defendant).

The defendant's reference to the use of Fed. R. Evid. Rule 806 in order to impeach extrajudicial statements at trial is irrelevant to the disposition of this motion. If such evidence is necessary at trial, issues surrounding its admissibility may be argued at that time.

    **C.**    **Megatrial**

Since the return of the superseding indictment was issued in this case, four of the twenty-two defendants have pled guilty, and it is anticipated that more will plead guilty in the

intervening time before trial. While it may become necessary, at a date closer to trial, to evaluate the efficient management of the trial of a large number of defendants, to sever on this issue now would be speculative and premature.

Further, in the event that such an evaluation is later necessary, it is notable that in *United States v. Casamento*, 887 F.2d 1141 (2d Cir. 1989), the case the defendant cites as support for severance on this issue, the court found that the defendants did not suffer substantial prejudice despite the fact that twenty-one defendants were tried together on a sixteen count indictment.

### D.     Greater Efficiency

As discussed above, it is unclear at this time exactly which defendants will plead guilty and which will proceed to trial. As such, it is premature and speculative to determine that separate trials will be more efficient at this time.

The defendant cites *United States v. Gallo*, 668 F.Supp. 736 (E.D.N.Y. 1987), for the proposition that multiple trials may result in greater efficiency, and conjectures that if severance is granted "certain severed defendant's may plead guilty after they have seen the government's method and proof in the preceding trials." (Def. Mot. at p. 8). This argument is based on nothing but mere speculation. It ignores the fact that in *Gallo* the defendants were charged with RICO violations and "[u]nlike a traditional conspiracy, where all of the principals will likely have been involved in the same events and agreements, [the court confronted] a conspiracy to participate in a multi-faceted enterprise...a wide-ranging criminal network of highly diverse crimes." *Id.* at 756.

There is no prejudice to the defendant when "[a]ll of the evidence admitted at the joint trial could properly [be] admitted at a separate trial to show the nature of the drug distribution

scheme in which [the defendant] was an active participant." *United States v. Gbemisola*, 225 F.3d 753, 761 (D.C. Cir. 2000). In that case, the court found that despite the mid-trial dismissal of the conspiracy count of the indictment, the trial court did not abuse its discretion by refusing to sever the defendants because the evidence made it clear that the defendants were involved in a common scheme, even if there had never been a conspiracy. *Id.* at 760. *See also Schaffer v. United States*, 362 U.S. 511, 514-515 (1960) (holding that there was no prejudice from joint trial following dismissal of conspiracy county because "proof of the over-all operation of the scheme [was] competent as to all counts.").

Here, just like *Gbemisola*, all of the defendants are alleged to have participated in a common scheme to distribute drugs and launder the proceeds. Even if the defendant were severed from the rest of her co-defendants, the United States would be able to introduce evidence of the formation and operation of the conspiracy as relevant to the jury's understanding of the nature of the conspiracy and the defendant's participation therein. Therefore, even if the argument weren't premature, there would exist no reason to sever on the premise of efficiency because to do so would require the United States to present the same case over and over, rather than in one comprehensive trial.

### E. Prejudicial Spillover

"[J]uries are presumed to follow their instructions" *Richardson v. Marsh*, 481 U.S. 200, 211 (1987), and the Tenth Circuit has repeatedly found that limiting instructions to the jury which "specifically indicated that the jurors must consider individually the charges against each defendant and the evidence pertaining thereto, 'leaving out of consideration entirely any evidence admitted solely against the other defendants...[were] proper in preventing prejudice to the

moving defendants from evidence introduced against their co-defendants." *U.S. v. Rogers*, 925 F.2d 1285, 1288 (10th Cir. 1991) (citing *United States v. Cardall*, 885 F.2d 656, 668 (10th Cir. 1989).

The defendant cites several cases from the D.C. Circuit in support of the proposition that she should be severed from her co-defendants due to the risk of spill-over prejudice. (Def. Mot. at p. 9). However, none of these cases would require that such action be taken by this court.

The defendant cites *United States v. Mardian*, 546 F.2d 973, 977 (D.C. Cir. 1976)(en banc), in support of her assertion that she should be severed because the evidence against other co-defendants, particularly her father, is "far more damaging" to them than it is to her. However, in *Mardian* the reviewing court upheld the trial court's pre-trial denial of severance for that defendant who was only a member of the conspiracy for a very short time, even though the bulk of the government's case focused on a time period *after* the defendant was no longer involved.[3] *Id.* at 979.

Likewise, neither the court in *United States v. Butler*, 882 F.2d 1191 (D.C. Cir. 1987), nor the court in *United States v. Sutton*, 801 F.2d 1346 (D.C. Cir. 1986) found that the defendants suffered from the kind of prejudice that they acknowledged might be risked by joint trials. Rather, the appellate courts repeatedly upheld the trial courts' discretion in not severing defendants who were involved to varying degrees in the conspiracies, but charged with committing the same illegal acts, requiring the same evidence as proof. *Butler* at 1194; *Sutton* at

---

[3] The appellate court did find that the trial court should have severed on the defendant's second motion which occurred during trial when the defendant's lead attorney became unexpectedly ill and the defendant had to proceed through three months of trial without his chosen counsel. The motion to sever was not opposed by the prosecution and would not have caused undue hardship on anyone involved. *Mardian* at 979-981.

1364-1365.

Further, the mere fact that the defendant is the daughter of the leader of the drug trafficking organization in this case will not make it particularly difficult for a jury to compartmentalize and consider the evidence against her separately. In *United States v. Carter*, 613 F.2d 256 (10th Cir. 1979), six members of a single family were convicted of conspiracy to manufacture, possess with intent to distribute, and distribute marijuana. Only one member of the family was a "central figure" in the conspiracy, *Id.* at 258. However "each member of ...the family claim[ed] prejudice resulted from nonseverance because each was forced to defend against evidence of activities and agreements in which they were not involved, thus generating 'guilt by association.'" *Id.* at 256. The court found "sufficient evidence for the jury to have found full knowledge by each family member defendant in the details and the extent of ..the...conspiracies. Overt acts were proved as to each family member relating to each conspiracy." *Id.* at 259.

The defendant here is charged with conspiracy and the United States must present evidence that proves to the jury beyond a reasonable doubt that "...two or more persons agreed to violate the law, that the defendant knew at least the essential objectives of the conspiracy, and...knowingly and voluntarily became a part of it....Mere association with conspirators, even with knowledge of their involvement in crime, is insufficient to prove participation in their conspiracy." *U.S. v. Fox*, 902 F.2d 1508, 1514 (10th Cir. 1990) (citations omitted). The defendant has presented no evidence that shows how her familial relationship to her co-defendant, Dana Jarvis, will make it so difficult for the jury to successfully compartmentalize and consider individually the charges and evidence pertaining to her, and therefore, severance on this

issue must be denied.

### F.    Denial of Right to Fair Trial

As discussed above, the United States will not attempt to introduce statements in violation of *Bruton*; juries are presumed to follow their instructions; and limiting instructions are a proper measure for preventing prejudice against one defendant from evidence admitted solely against co-defendants.  Most of the statements the United States intends to introduce in this case are co-conspirator statements and their admissibility will be addressed at the anticipated *James* hearing.[4]  The defendant's claims that she will be denied a fair trial by the admission of co-defendant statements and the jury's inability to understand and compartmentalize the evidence is without support and is insufficient for severance.

### G.    Age of Defendant during Conspiracy

As discussed above, in order to convict the defendant, the United States will have to prove her individual participation in this conspiracy and the jury is presumed to be able to follow instructions limiting the applicability of evidence to individual defendants to prevent prejudice. The defendant's age is irrelevant.

When an adult defendant is charged in a conspiracy which was joined prior to the defendant's eighteenth birthday, "that defendant's pre-majority conduct is admissible on the same basis as post-majority conduct ... 'pre-majority conduct is not merely extrinsic evidence of a prior wrongful act, but an integral component of the alleged ... [crimes] for which he is on trial.'"  *United States v. Delatorre*, 157 F.3d 1205, 1211 (10th Cir. 1998) (citing *United States v. Welch*, 15 F.3d 1202, 1211 n.11 (1st Cir. 1993).  *See also United States v. Harris*, 944 F.2d 784

---

[4] *See* Docs. 707, 725, 729, 731, and 735 - Unopposed Motions for *James* Hearing.

(10th Cir. 1991) (holding defendant who entered conspiracy as a juvenile could be tried as an adult because his involvement in the conspiracy continued after he turned eighteen).

In this case, while the conspiracy may have begun when the defendant was just a small child, because the evidence will show she later joined the conspiracy and continued her participation as a coconspirator after her eighteenth birthday, she can properly be tried as an adult. Any evidence against her, following her entrance into the conspiracy, is admissible just as if she had been an adult throughout the entirety of her participation as a coconspirator. In other words, once she joined the conspiracy, she became liable just like any other coconspirator, despite her age, because she continued in the conspiracy after turning eighteen. Therefore, her status as a juvenile during any portion of the entire conspiracy does not constitute grounds for severance.

II. Arguments of Defendant Hill

In joining Defendant Jarvis's Motion for Severance, Defendant Hill adds three arguments in favor of severance: 1) his participation was limited to Indiana where few other co-defendants participated; 2) his participation is alleged for only a short time; and 3) he is alleged to have conspired with Ayla Jarvis when she was only four years old. None of these assertions present facts which require either the severance of Ayla Jarvis or Greg Hill.

As discussed previously, in order to prove a defendant's culpability as a co-conspirator, the United States must prove the existence of the conspiracy, "... that the defendant knew at least the essential objectives of the conspiracy, and...knowingly and voluntarily became a part of it." *U.S. v. Fox*, 902 F.2d 1508, 1514 (10th Cir. 1990) (citations omitted). A co-conspirator will be liable for all the reasonably foreseeable acts of his co-conspirators once he joins the conspiracy

and until he does something to disavow his affiliation and leave the conspiracy. *See Pinkerton v. United States*, 328 U.S. 640, 646-647 (1946). The time or location of the defendant's participation is irrelevant if he knowingly and voluntarily became a member of the overall conspiracy. Further, the precedent cited above illuminates that limited participation does not require severance. *See United States v. Mardian*. Finally, the age of co-defendant Ayla Jarvis has already been discussed as irrelevant to her presence in the joint trial of this conspiracy and is therefore irrelevant to defendant Hill as well.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the court deny the defendants' motion.

Respectfully submitted,
DAVID C. IGLESIAS
United States Attorney

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM   87103
(505) 346-7274

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing pleading was mailed on this 15th day of December 2006 to the following counsel of record:

Joe Romero, Jr., and Jody Neal-Post, Attorneys for Dana Jarvis
John F. Robbenhaar, Attorney for Ayla Jarvis
Jason Bowles, Attorney for George Ripley
William Kirchner and Walter B. Nash, Attorneys for David Reid
Kari Converse, Attorney for Greg Hill
Stephen D. Aarons, Attorney for Matthew Hotthan
Timothy Padilla, Attorney for Manuel Gil
Ann Steinmetz, Attorney for Mary Cannant
Robert Cooper, Attorney for Adrian Sanford
Gregory D. D'Antonio, Attorney for Benjamin Swentnickas
Robert Gorence, Attorney for Dennis Wilson
Charles S. Aspinwall, Attorney for John Nieto
Roberto Albertorio, Attorney for Lloyd Montoya
John Samore, Attorney for Melania Kirwin
Todd B. Hotchkiss, Attorney for Dakota Fitzner
Rudolph B. Chavez, Attorney for Rafal Mistrzak
Scott M. Davidson, Esq.

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney