IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 05-1849 JH |
| ) | |
| DENNIS WILSON, et al., ) | |
| ) | |
| Defendants. ) | |

UNITED STATES' RESPONSE TO DEFENDANT DENNIS WILSON'S
MOTION FOR SEVERANCE OF DEFENDANTS

COMES NOW the United States of America, by and through David C. Iglesias, United States Attorney for the District of New Mexico, and James R.W. Braun, Assistant United States Attorney for said District, and hereby responds to Defendant Dennis Wilson's "Motion for Severance of Defendants" (Doc. 727).[1]

INTRODUCTION

On August 23, 2005, a federal grand jury in the District of New Mexico returned a twenty-six count indictment in this case against twenty-one defendants. On April 25, 2006, the grand jury returned a superseding indictment against the remaining defendants and eight additional defendants, for a total of twenty-two defendants. All twenty-two defendants were charged in Count 1 with Conspiracy to Distribute 1000 Kilograms and More of Marijuana, in violation of 21 U.S.C. § 846. Ten of those defendants were also charged in Count 3 with conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). Since the return of the

---

[1] Defendant Greg Hill has joined this motion (Doc. 758) and his additional arguments are addressed below.

superseding indictment, four more defendants have pled guilty, so that eighteen defendants remain.  Exactly half of those defendants are charged in both Count 1 and Count 3.

Rule 8 of the Federal Rules of Criminal Procedure provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

Fed. R. Crim. P. Rule 8(b).  "There is a preference in the federal system for joint trials of defendants who are indicted together....They promote efficiency and 'serve the interests of justice' by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (citing *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)).

The Rules also provide that "[i]f it appears that a defendant or the government is prejudiced by joinder of...defendants...for trial together, the court *may*...grant a severance of defendants or provide whatever other relief justice requires." Fed. R. Crim P. Rule 14 (emphasis added).  The courts do not look upon severance lightly, however.  It "is a matter of discretion and not of right." *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984).  "Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro* at 538-539.  "[T]he trial court must weigh the prejudice to [the] defendant caused by joinder against the...important considerations of economy and expedition....[T]he defendant must bear a heavy burden of showing...that the joinder...causes actual or threatened deprivation to an individuals's right to fair trial." *McConnell* at 1444-1445 (citations omitted).

I.  Arguments of Defendant Wilson ("Wilson")

Wilson claims that because he is only charged with a single count of conspiracy in the indictment and that other co-defendants, particularly Dana Jarvis, are charged with multiple other counts, he will be prejudiced not only by the disparity of evidence against his co-defendants, but merely by being in the same courtroom with them. (Def. Mot. at p. 3).  Further, he argues that his severed trial would be simple and short because "[h]e was not a knowing participant of a conspiracy and he clearly did not understand the scope and methods of the conspiracy." (Def. Mot. at p. 4).  Not surprisingly, the United States does not agree with Wilson's conclusory observation.  The United States will present evidence at trial that the defendant had a number of roles in the conspiracy including wrapping loads at stash houses in Tucson and storing marijuana at his residence in Taos.

Neither disparity in counts charged, disparity of evidence, nor limited participation in a conspiracy require severance.  The language of Rule 8(b) clearly states that defendants indicted together need not be charged in all counts together and the Tenth Circuit holds that "[i]n conspiracy cases, the general rule is that persons indicted together should be tried together." *United States v. Rogers*, 921 F.2d 975, 984 (10th Cir.1990)(citing *United States v. Pack*, 773 F.2d 261 (10th Cir. 1985) ("*Rogers* I").

In order to prove that a defendant is a member of a conspiracy, the United States must present evidence that proves to the jury beyond a reasonable doubt that "...two or more persons agreed to violate the law, that the defendant knew at least the essential objectives of the conspiracy, and...knowingly and voluntarily became a part of it....Mere association with conspirators, even with knowledge of their involvement in crime, is insufficient to prove participation in their conspiracy." *United States v. Fox*, 902 F.2d 1508, 1514 (10th Cir. 1990)

(citations omitted). A co-conspirator will be liable for all the reasonably foreseeable acts of his co-conspirators once he joins the conspiracy and until he does something to disavow his affiliation and leave the conspiracy. *See Pinkerton v. United States*, 328 U.S. 640, 646-647 (1946).

There is no prejudice to the defendant when "[a]ll of the evidence admitted [against him] at the joint trial could properly [be] admitted at a separate trial to show the nature of the drug distribution scheme in which [the defendant] was an active participant." *United States v. Gbemisola*, 225 F.3d 753, 761 (D.C. Cir. 2000). In that case, the court found that despite the mid-trial dismissal of the conspiracy count of the indictment, the trial court did not abuse its discretion by refusing to sever the defendants. The evidence made it clear that the defendants were involved in a common scheme, even if there had never been a conspiracy. *Id.* at 760. *See also Schaffer v. United States*, 362 U.S. 511, 514-515 (1960) (holding that there was no prejudice from joint trial following dismissal of conspiracy count because "proof of the over-all operation of the scheme [was] competent as to all counts.").

Here, just like *Gbemisola*, all of the defendants are alleged to have participated in a common scheme. Even if the defendant were severed from the rest of his co-defendants, the United States would present evidence of the formation and operation of the conspiracy as relevant to the jury's understanding of the nature of the conspiracy and the defendant's participation therein. Additionally, evidence of any acts in furtherance of the conspiracy, by his co-conspirators, following the time at which he joined the conspiracy, will be admissible in a severed trial, as those acts are attributable to him.

"[J]uries are presumed to follow their instructions," *Richardson v. Marsh*, 481 U.S. 200,

211 (1987), and the Tenth Circuit has repeatedly found that limiting instructions to the jury which "specifically indicated that the jurors must consider individually the charges against each defendant and the evidence pertaining thereto, 'leaving out of consideration entirely any evidence admitted solely against the other defendants...[were] proper in preventing prejudice to the moving defendants from evidence introduced against their co-defendants." *United States v. Rogers*, 925 F.2d 1285, 1288 (10th Cir. 1991) (citing *United States v. Cardall*, 885 F.2d 656, 668 (10th Cir. 1989) ("*Rogers* II"). Therefore, even if evidence admitted at the joint trial is only admissible as to a co-defendant and not to this defendant, the court may prevent prejudice through proper instruction to the jury.

Even when a defendant's role in a conspiracy is limited or insular from that of his co-conspirators, his severance is not required. In *Rogers* I, the defendant argued that his trial for drug trafficking conspiracy should have been severed from that of a co-defendant with whom he only had three charged counts in common (out of fourteen), whom he did not know and had never met, and against whom extensive evidence was presented that was not admissible against the defendant. Stating that "[s]everance is justified in only the most extreme cases," the court found that severance was not warranted because both the defendant and co-defendant were engaged in the same on-going conspiracy, even though they did not work together, and that the defendant was not prejudiced by the evidence inadmissible against him because the jury was properly instructed.

Other circuits have come to similar conclusions. In *United States v. Riley*, 991 F.2d 120 (4th Cir. 1993), the court held that the trial court did not abuse its discretion in refusing to sever a defendant's trial with ten other defendants for participating in a narcotics distribution conspiracy

5

and related offenses. This ruling came in spite of the fact that there was somewhat less evidence against the defendant than against the co-defendants because the evidence was sufficient to implicate the defendant in the conspiracy and the jury was properly instructed on separately considering evidence against each member of conspiracy.

In *United States v. Mardian*, 546 F.2d 973, 979 (D.C. Cir. 1976)(en banc), the D.C. Circuit upheld the trial court's denial of severance. That defendant was charged in only one count of the indictment, was a member of the conspiracy for a only very short time, and the bulk of the government's case focused on a time period *after* the defendant was no longer involved.[2]

The defendant claims his need for, and cites several cases in support of, severance based on "great disparity in the evidence." (Def. Mot. at p. 2) (*See United States v. Gaines*, 563 F.2d 1352, 1355 (9th Cir. 1977). However, there is "great disparity" between the circumstances in this case and those in the cases he cites.

In *United States v. Haworth*, 168 F.R.D. 658 (D.N.M. 1996), in a trial of a large group of defendants, some of whom were charged with violent crimes subject to the death penalty and some of whom were only charged with the drug-related conspiracy counts, Judge Hanson exercised his discretion to sever the non-violent defendants into their own separate trial. Judge Hanson found that "given the volume of evidence presented on the violent crimes...[i]t is questionable whether a jury would be able realistically to compartmentalize the disparate

---

[2]The appellate court *did* find that based on all of the circumstances the trial court should have severed on the defendant's second motion, which occurred two weeks into trial. At that time, the defendant's lead attorney became unexpectedly ill and the defendant had to proceed through three months of trial without his chosen counsel. The motion to sever was not opposed by the prosecution and would not have caused undue hardship on anyone involved. *Mardian* at 979-981.

evidence with respect to each defendant." *Id.* at 659.

Likewise, the court found in *United States v. Sampol*, 636 F.2d 621, 647 (D.C. Cir. 1980), that the trial court abused its discretion in not granting severance to the defendant. That particular defendant was charged with crimes only tangentially related to the overall conspiracy,[3] the purpose of which was assassination. Again, that defendant was not involved in the violent crimes with which his co-defendants were charged. The court found that the co-defendants were "accused of participating in an intentional and extremely violent assassination scheme, the gory details of which were described with extreme accuracy to the jury...[and it was] unrealistic to expect a jury not to be influenced by such extraneous testimony in its assessment of [the defendant's] guilt upon the lesser charges." *Id.*

Those cases actually demonstrate why severance is not appropriate in this case. Unlike either of the two cases discussed above, there are no charges of violence in this case. All of the defendants are involved in the general conduct - trafficking marijuana and laundering the proceeds. Although Jarvis is charged with engaging in a continuing criminal enterprise, that is also based on the same underlying conduct. These charges are an integral part of the conspiracy in which the defendant took part and there is nothing about them so viscerally prejudicial as to require severance, as the evidence of murder might.[4]

---

[3] The prejudiced defendant was charged with two counts of false declarations to a grand jury and one count of misprision of a felony, while the other seven co-defendants were charged with conspiracy to murder a foreign official, murder of a foreign official, two counts of first degree murder, and murder by use of explosives to blow up a vehicle engaged in interstate commerce.

[4] The defendant also cites to *United States v. Kelley*, 635 F.2d 778 (10th Cir. 1980) as support for severance, but that case deals with severance of counts and so the facts are irrelevant here.

Finally, the defendant's claims that his severance will promote judicial economy, citing to *Haworth*, *United States v. Casamento*, 887 F.3d 1141 (2d Cir. 1989) and *United States v. Shea*, 750 F.Supp. 46 (D.Ma. 1990), are premature. These cases all state that severance may be used to manage complex trials with large numbers of defendants. Twenty-two defendants were charged in the superseding indictment. There are now eighteen, two of which are fugitives, and it is anticipated that more defendants will plead guilty in the intervening time before trial. While it may become necessary, at a date closer to trial, to evaluate the efficient management of the trial of a large number of defendants, to sever on this issue now would be speculative and premature.[5]

The defendant has failed to meet the heavy burden to show "actual or threatened deprivation of the right to fair trial." The mere fact that he is charged only in the first count of the indictment and that evidence of other crimes will be presented does not create prejudice so great that the jury cannot be expected to follow curative limiting instructions. It would be premature and speculative to sever for the purpose of trial management because it is unknowable at this juncture which and how many defendants will in fact be tried. Therefore, the defendant's motion for severance should be denied.

II.  Arguments of Defendant Hill

In joining Defendant Wilson's Motion for Severance, Defendant Hill adds two arguments in favor of severance: 1) his involvement was temporally and geographically disparate from his co-defendants'; and 2) there is a possibility of multiple conspiracies rather than one single one.

---

[5] Further, in the event that such an evaluation is later necessary, it is notable that in *Casamento*, 887 F.2d 1141 (2d Cir. 1989), the court found that the defendants did not suffer substantial prejudice despite the fact that twenty-one defendants were tried together on a sixteen count indictment. In *Shea*, there were 23 defendants, 57 counts, and 99 overt acts, a case much larger than this, and the judge was managing another complex case at the same time.

Neither of these assertions present facts which require either the severance of Dennis Wilson or Greg Hill.

As discussed above, in order to prove a defendant's culpability as a co-conspirator, the United States must prove the existence of the conspiracy, "... that the defendant knew at least the essential objectives of the conspiracy, and...knowingly and voluntarily became a part of it." *U.S. v. Fox*, 902 F.2d 1508, 1514 (10th Cir. 1990) (citations omitted). A co-conspirator will be liable for all the acts of his co-conspirators once he joins the conspiracy and until he does something to disavow his affiliation and leave the conspiracy. *See Pinkerton v. United States*, 328 U.S. 640, 646-647 (1946). The time or location of the defendant's participation is irrelevant if he knowingly and voluntarily became a member of the overall conspiracy. Further, precedent above illuminates that limited participation does not require severance.

The United States asserts that the evidence will show the existence of one conspiracy to distribute marijuana and one related conspiracy to launder money and that these counts are properly joined because they arise out of a common scheme or plan and that Hill played an integral role in both conspiracies. *See* Fed. R. Crim. P. Rule 8(b). If however, the evidence reveals at trial that there are multiple conspiracies instead, the court will have two choices before it. This was the situation in *Wilkett v. United States*, 655 F.2d 1007 (10th Cir. 1981), where the court found:

> When...a single conspiracy has been charged and the evidence shows the existence of two separate conspiracies, there are at least two courses open to the Court...(1) the trial may continue against all defendants, with cautionary instructions to the jury regarding multiple conspiracies, or (2) when the prejudice to some defendants from the spill-over evidence or the possibility of guilt by association cannot be cured by cautionary instructions, the Court may require the government to elect against which defendants it chooses to proceed and the remainder are severed for

separate trial.

*Id.* at 1010 (citing United States v. Butler, 494 F.2d 1246 (10th Cir. 1974)).  This unsupported speculation does not require severance of Wilson or Hill at this time.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the court deny the defendants' motion.

> Respectfully submitted,
> DAVID C. IGLESIAS
> United States Attorney
>
> */s/ James R.W. Braun*
>
> JAMES R.W. BRAUN
> Assistant U.S. Attorney
> P.O. Box 607
> Albuquerque, NM   87103
> (505) 346-7274

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing pleading was mailed to counsel of record for defendant Ayla Jarvis, Joe. M. Romero, on this 3rd day of November 2006.

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney