IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-1849 JH |
| | ) | |
| AYLA JARVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

UNITED STATES' RESPONSE TO DEFENDANT AYLA JARVIS'S MOTION FOR
A BILL OF PARTICULARS AS TO COUNT 3 AND THE FORFEITURE ALLEGATION

COMES NOW the United States of America, by and through David C. Iglesias, United

States Attorney for the District of New Mexico, and James R.W. Braun, Assistant United States

Attorney for said District, and hereby responds to the Defendant Ayla Jarvis's "Motion to for a

Bill of Particulars as to Count 3 and the Forfeiture Allegation of the Superseding Indictment"

(Doc. 713).[1],[2]

I.  Claims of Defendant Ayla Jarvis

The defendant claims that the Count 3 and the Forfeiture Allegation should be dismissed

on the grounds that they fail to state with specific particularity the charges such that the

defendant may defend against them (Def. Mot. at p. 3-4) and that the indictment is insufficient in

informing the defendant whether or not the acts committed by the defendant were while she was

---

[1]Although styled as a motion for a bill of particulars, the defendant claims that dismissal of Count 3 and the Forfeiture Allegation is appropriate (Def. Mot. at p. 4), and therefore this response proceeds as if the motion were for dismissal, or in the alternative, a bill of particulars.

[2]Defendant Melania Kirwin joins the motion (Doc. 750) and her additional arguments are addressed below.

a juvenile or after she turned 18 (Def. Mot. at p. 1).  The claims are without merit and therefore the motion should be denied.

        a.        **Sufficiency of Indictment as to Count 3**

The defendant claims that Count 3 generically charges her in the money laundering conspiracy without identifying specific acts by her in furtherance thereof, lacks sufficient particularity to allow her to defend against it, and fails to ensure that the grand jury was presented with evidence of the essential elements of the crime. (Def. Mot. at p. 3).

An indictment is "a plain, concise, and definite written statement of the essential facts constituting the offense charged..." Fed. R. Crim. P. Rule 7(c).  Indictments should be read "as a whole and interpreted in a common-sense manner." *United States v. Kilpatrick*, 821 F.2d 1456, 1462 (10th Cir. 1987).  The indictment is sufficient if it "...contains the elements of the offense...fairly informs a defendant of the charge," and enables him to plead double jeopardy. *Hamling v. United States*, 418 U.S. 87, 117-118 (1974). Under *Whitfield v. United States*, 543 U.S. 209 (2005), overt acts need not be alleged in the indictment of a section 1956(h) conspiracy. Further, "a conspiracy indictment need not allege the underlying offense with the same degree of specificity that is required to charge the offense itself." *Nelson v. United States*, 406 F.2d 1136, 1137 (10th Cir. 1969).  "[W]hen the sufficiency of the indictment is at issue, 'the entire document may be considered.'" *United States v. Edmonson*, 962 F.2d 1535, 1542 (10th Cir. 1992) (citing *United States v. Mobile Materials, Inc.,* 871 F.2d 902 (10th Cir.1989)).

Count 3 of the superseding indictment exactly tracks the language of 18 U.S.C. § 1956(h), but it need not also track the language of the underlying offenses, *Nelson*, 406 F.2d 1136, nor allege overt acts, *Whitfield*, 543 U.S. 209.  The "Manner and Means of the Conspiracy"

section (Doc. 414 at p. 2-3) further describes the operation of the conspiracy including the description of the movement of drug proceeds: marijuana distributors in Ohio, Indiana, and elsewhere provided the proceeds to money couriers, who would then transport the U.S. currency to New Mexico and transfer it to co-conspirators who would count it.  It is clear from reading the indictment as a whole, that the money laundering conspiracy is not based on running money through bank accounts, rather it is based on the transfer and transportation of the drug money from distributors to couriers to counters and, ultimately, to the money holder for use, among other things to buy more marijuana.  The defendant is well informed of the charges against her and protected from double jeopardy.  Additionally, transcripts of grand jury testimony were released to the defendants on October 27, 2006, after the filing of this motion.  Therefore, the defendant knows precisely on what evidence the charge is based.  Count 3 is sufficient as drafted and therefore the motion to dismiss should be denied.

**b.    Sufficiency of Forfeiture Allegation**

The defendant claims that the Forfeiture Allegation is insufficient because it "fails to identify any specific act committed by [her] which would support the forfeiture.... " (Def. Mot. at p. 2).  However, this is not a requirement of Forfeiture Allegations.

Criminal forfeiture is a well-established element of sentencing following convictions for money laundering, under 18 U.S.C. § 982(a)(1), and controlled substances violations, under 21 U.S.C. § 853(a).  *Libretti v. United States*, 516 U.S. 29, 39 (1995).  In order for a judgment for forfeiture to be entered at sentencing, a forfeiture allegation must be made in the indictment such that there is notice "...that the defendant has an interest in property that is subject to forfeiture in accordance with the applicable statute," Fed. R. Crim. P. Rule 7(c)(2), and "...that the

government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute." Fed. R. Crim. P. Rule 32.2(a). However, following the enactment of Rule 32.2, the forfeiture allegation within the indictment is merely a notice provision as it remains an aspect of sentencing.

Although acknowledging that it is a substantive charge in the indictment for the purposes of the Sixth Amendment, the Supreme Court has declined to characterize a forfeiture allegation as a substantive offense. By requiring the allegation be charged in the indictment, Congress has provided enhanced procedural safeguards, but such a requirement has not changed the nature of criminal forfeiture as an element of sentencing. *Libretti* at 40-41. In *Libretti*, the defendant, who pled guilty to engaging in a continuing criminal enterprise, challenged the district court's forfeiture order on the grounds that no "factual basis" for the forfeiture was established and argued that criminal forfeiture is not merely an element of sentencing but is "a hybrid that shares elements of both a substantive charge and a punishment imposed for criminal activity." The Court refused to accept this characterization. *Id.*

Under Rule 32.2, it is not necessary for an itemized list of property, nor the defendants' interest therein, to appear in the indictment. As the advisory committee note to Rule 32.2(a) explains:

> subdivision (a) is not intended to require that an itemized list of the property to be forfeited appear in the indictment or information itself...[it] reflects the trend in caselaw interpreting present Rule 7(c)...[which] sets forth a requirement that the government give the defendant notice that it will be seeking forfeiture in accordance with the applicable statute. It does not require a substantive allegation

in which the property subject to forfeiture, or the defendant's interest in the

property, must be described in detail.

Fed. R. Crim. P. 32.2(a) advisory committee note (2000).  See also *U.S. v. Iacaboni*, 221 F.

Supp. 2d 104 (D. Mass 2002), *aff'd*, 363 F.3d 1 (1ˢᵗ Cir. 2004) (Indictment tracking language of

18 U.S.C. § 982 (a)(1) was sufficient as under Rule 32.2(a) an itemized list of property need not

appear in the indictment.); *U.S. v. Dolney*, 2005 WL 1076269 (E.D.N.Y. 2005) (Court cited the

advisory committee note and held that the Government need not itemize the property to be

forfeited, but only inform the defendant the it will be seeking forfeiture pursuant to the statute.).

The Eighth Circuit has held that "to plead a forfeiture adequately, the government must

set forth the property subject to forfeiture with enough particularity for the defendant to marshal

evidence in his defense...identify[ing] the specific instrumentalities or proceeds of crime that the

government alleges are forfeitable." *U.S. v. Hatcher*, 323 F.3d 666, 673 (8ᵗʰ Cir. 2003).  There

the court found that by specifying that it would forfeit all property stolen from the jewelry stores

that the defendants were charged with robbing, rather than setting out an itemized list of

property, the Government had sufficiently plead the forfeiture allegation in the indictment. *Id.*

As discussed above, the Rule 32.2 does not require an itemized list of property to be

forfeited, let alone a detailed description of how the Government intends to link the property to

the criminal activity.  The rule requires merely notice that the Government will seek to forfeit

properties in which the defendant has an interest pursuant to the applicable statutes.  Such a

general statement as "all property stolen from the jewelry store" has been deemed sufficient

notice.  *Hatcher*, at 673.

Here, the indictment tracks the language of 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1).

Further, the Government has set out a demonstrative list of properties associated with the charged

unlawful activity.  Under the Rule 32.2 and its interpretation by other courts, this is sufficient

notice to the defendants in order to prepare their defense.  Therefore the motion to dismiss should

be denied.

>        c.        **Age of the Defendant During Conspiracy**

In order to prove that a defendant is a member of a conspiracy, the United States must

present evidence that proves to the jury beyond a reasonable doubt that "...two or more persons

agreed to violate the law, that the defendant knew at least the essential objectives of the

conspiracy, and...knowingly and voluntarily became a part of it....Mere association with

conspirators, even with knowledge of their involvement in crime, is insufficient to prove

participation in their conspiracy."  *United States v. Fox*, 902 F.2d 1508, 1514 (10th Cir. 1990)

(citations omitted). A co-conspirator will be liable for all the acts of his co-conspirators once he

joins the conspiracy and until he does something to disavow his affiliation and leave the

conspiracy. *See Pinkerton v. United States*, 328 U.S. 640, 646-647 (1946).  The defendant's age

is irrelevant.

When an adult defendant is charged in a conspiracy which was joined prior to the

defendant's eighteenth birthday, "that defendant's pre-majority conduct is admissible on the

same basis as post-majority conduct ...'pre-majority conduct is not merely extrinsic evidence of a

prior wrongful act, but an integral component of the alleged...[crimes] for which he is on trial.'"

*United States v. Delatorre*, 157 F.3d 1205, 1211 (10th Cir. 1998) (citing *United States v. Welch*,

15 F.3d 1202, 1211 n.11 (1st Cir. 1993). *See also United States v. Harris*, 944 F.2d 784 (10th Cir.

1991) (holding defendant who entered conspiracy as a juvenile could be tried as an adult because

his involvement in the conspiracy continued after he turned eighteen).

In this case, while the conspiracy may have begun when the defendant was just a small child, because the evidence will show she later joined the conspiracy and participated as a coconspirator after her eighteenth birthday, she can properly be tried as an adult. Any evidence against her, following her entrance into the conspiracy, is admissible just as if she had been an adult throughout the entirety of her participation as a coconspirator. In other words, once she joined the conspiracy, she became liable just like any other coconspirator, despite her age, because she continued in the conspiracy after turning eighteen. Therefore, her status as a juvenile during any portion of the entire conspiracy is irrelevant.

### d.    Bill of Particulars

The defendant requests a Bill of Particulars on Count 3 and the Forfeiture Allegation. Particularly, she requests the identification of "post-18 conduct ... which allegedly makes her part of the money laundering conspiracy and pre-18 conduct which demonstrates a specific date as to her alleged joining of the conspiracy." There is extensive discovery in this case. Indeed, as the defendant is well aware, there are reports relating to her stop in Bloomington, Indiana, on October 28, 2004, and the currency seizure arising from that stop, which relates to the money laundering.[3] "The Government is under no obligation to conduct a defendant's investigation or to make a defendant's case for him." *United States v. Garza*, 165 F.3d 312, 315 (5th Cir. 1999).

A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial. [T]he defendant is not entitled to notice of all of the *evidence* the government intends to

---

[3] The defendant is clearly aware of this evidence as she filed her motion to suppress it.

produce, but only the theory of the government's case." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (citing *United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992) (citations and internal quotation marks omitted, emphasis in original).  Additionally, even if an indictment is not sufficient, "a bill of particulars is unnecessary where the information is available through...an open file policy." *United States v. Griffith*, 362 F.Supp.2d 1263, 1278 (D. Kan. 2005). See also *United States v. Canino,* 949 F.2d 928, 949 (7th Cir.1991) (upholding trial court's denial of a bill of particulars and holding "'open-file' policy is an adequate 'satisfactory form' of information retrieval, making the bill of particulars unnecessary.")

It is not the function of a bill of particulars to disclose in detail the evidence the government will use at trial.  *United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir. 1980).  A bill of particulars cannot be used to obtain evidentiary detail.  *Id.*  The defendant is entitled to know what the government has charged, but he is not entitled to know how the government will prove those charges.  *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981).

The indictment sets forth the elements of the charges and the Forfeiture Allegation is sufficiently pled.  The defendant is sufficiently apprised of the charges.  Moreover, the United States has provided voluminous discovery to the defendants in this case, including transcripts of grand jury testimony.  Although it may not technically be "open file," the discovery produced to date is extensive.  The defendant is fairly apprised of the charges against her, protected from double jeopardy, and nothing more is required.  Given these circumstances, the defendants' request for a bill of particulars should be denied.

III.  Additional Arguments of Defendant Kirwin

In joining this motion, defendant Kirwin additionally states that only two statements of

cooperating witnesses implicate her in the conspiracy.  She also requests a bill of particulars including the alleged amounts of marijuana attributable to her.

The number of witnesses against her irrelevant.  One would be enough to sustain a conviction, so long as the jury believed that witness beyond a reasonable doubt.  In fact, the Tenth Circuit's pattern jury instructions specifically state "... the testimony of an alleged accomplice may, by itself, support a guilty verdict. You should receive this type of testimony with caution and weigh it with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice, unless you believe that testimony beyond a reasonable doubt."  10th Cir. Pattern Jury Instructions § 1.15 (2006).

The matter of specific quantities attributable to the defendant is a sentencing issue and is immaterial to the disposition of this motion.  Following *Apprendi*, in order for the defendant to be sentenced above the statutory maximum, *"the government must...allege the quantity of drugs in the indictment and prove that quantity to the jury beyond a reasonable doubt in prosecutions under 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B)."*  *U.S. v. Arras,* 373 F.3d 1071, 1074 (10th Cir. 2004).  The United States has done this.  The indictment alleges the defendants conspired to "distribute 1000 kilograms or more of marijuana." (Doc. 414 at p. 2).  Alleging a specific quantity for each defendant would be tantamount to alleging overt acts and is unnecessary.  Drug quantity is a sentencing issue and even if no quantity were charged at all, the indictment would not be insufficient, it would merely limit any sentences to the maximum sentence proscribed by 21 U.S.C. 841 (b)(1)(C).

CONCLUSION

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the

court deny the defendants' motion.

Respectfully submitted,
DAVID C. IGLESIAS
United States Attorney


*/s/ James R.W. Braun*


JAMES R.W. BRAUN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM   87103
(505) 346-7274


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing pleading was mailed on this 15th day of December 2006 to the following counsel of record:

Joe Romero, Jr., and Jody Neal-Post, Attorneys for Dana Jarvis
John F. Robbenhaar, Attorney for Ayla Jarvis
Jason Bowles, Attorney for George Ripley
William Kirchner and Walter B. Nash, Attorneys for David Reid
Kari Converse, Attorney for Greg Hill
Stephen D. Aarons, Attorney for Matthew Hotthan
Timothy Padilla, Attorney for Manuel Gil
Ann Steinmetz, Attorney for Mary Cannant
Robert Cooper, Attorney for Adrian Sanford
Gregory D. D'Antonio, Attorney for Benjamin Swentnickas
Robert Gorence, Attorney for Dennis Wilson
Charles S. Aspinwall, Attorney for John Nieto
Roberto Albertorio, Attorney for Lloyd Montoya
John Samore, Attorney for Melania Kirwin
Todd B. Hotchkiss, Attorney for Dakota Fitzner
Rudolph B. Chavez, Attorney for Rafal Mistrzak
Scott M. Davidson, Esq.

*/s/ James R.W. Braun*


JAMES R.W. BRAUN
Assistant U.S. Attorney