LEXSEE 1998 U.S. DIST. LEXIS 9808

UNITED STATES OF AMERICA, Plaintiff, vs. GERARDO JUAREZ-LOZANO, Defendant.

Case No. 98-40023-01-RDR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

*1998 U.S. Dist. LEXIS 9808*

June 17, 1998, Decided
June 18, 1998, Filed; June 18, 1998, Entered on the Docket

**DISPOSITION:** [*1] Defendant's motion for pretrial release denied. Defendant's motion for inspection and discovery granted in part and denied in part.

**COUNSEL:** For GERARDO JUAREZ-LOZANO aka Gerardo Lozano-Juarez, defendant: Henry O. Boaten, Topeka, KS.

U. S. Attorneys: Gregory G. Hough, Office of United States Attorney, Topeka, KS.

**JUDGES:** RICHARD D. ROGERS, United States District Judge.

**OPINION BY:** RICHARD D. ROGERS

**OPINION:**

### MEMORANDUM AND ORDER

This order is issued to record the oral ruling of the court upon a pretrial motion for inspection and discovery and to announce the ruling of the court upon a motion for pretrial release. These motions were heard by the court on May 22, 1998.

Defendant is charged in seven counts with various drug offenses. Defendant's motion for inspection and discovery involves several categories of information. Only three matters required discussion during the hearing before the court. One of those matters involved information presented to the grand jury. Regarding this information, the court ruled that unless the information is required to be produced by Rule 16, the Brady or Giglio decisions, or the Jencks Act, the court would not require the government to produce it. [*2]

The disclosure of confidential informants was also disputed. The government represented at the hearing that only one confidential informant was involved in this case. The court ruled that the government should disclose the identity of the confidential informant to defense counsel 10 days prior to trial. If the informant is going to testify at trial, then the government should also make the informant available for defense counsel to interview some time prior to the informant's direct testimony.

Finally, a dispute prior to the hearing regarding the production of audio or video tapes has apparently been resolved by the parties and is moot. The remainder of the motion for inspection and discovery shall also be considered moot.

At the hearing, the court took under advisement defendant's motion for pretrial release until the court could review the testimony produced before the United States Magistrate Judge during defendant's detention hearing. The court is now prepared to rule.

Our review of the decision to detain defendant pending trial is de novo. *U.S. v. Cox, 635 F. Supp. 1047, 1051 (D.Kan. 1986).* In relevant part, *18 U.S.C. § 3142*(e) provides for pretrial detention if, [*3] after a hearing, a court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." The statute sets forth the factors to be considered in making that determination. These factors include: 1) the nature and circumstances of the offense, including whether the offense is a crime of violence or involves a narcotic drug; 2) the weight of the evidence against the person; 3) the history and characteristics of the person, including the person's character, family ties, employment, financial resources, length of residence in the community, past conduct and criminal history, and whether he was under supervision at the time of the alleged offense; and 4) the nature and seri-

ousness of the danger to any person or the community that would be posed by release. *18 U.S.C. § 3142*(g).

A presumption applicable in cases alleging serious drug offenses has force in this case. Under § 3142(e), upon a finding of probable cause that the defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release **[*4]** will assure defendant's appearance and the safety of the community. Once the presumption is invoked, the burden of production shifts to the defendant. *U.S. v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991).* However, the burden of persuasion regarding risk of flight and danger to the community always remains with the government. *Id. at 1354-55.* The defendant's burden of production is not heavy, but some evidence must be produced. Id. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain. Id.

The government bears the burden of showing by clear and convincing evidence that a defendant is a danger to the community. *18 U.S.C. § 3142*(f). For a conclusion to be supported by clear and convincing evidence, it must be supported by the evidence to a high degree of certainty. *United States v. Chimurenga, 760 F.2d 400, 405 (2d Cir. 1985).* The government must show by a preponderance of the evidence that a defendant poses a flight risk. *United States v. Patriarca, 948 F.2d 789, 793 (1st Cir.1991).*

The court heard the testimony of the defendant. He stated that **[*5]** he has lived in Topeka for 15 years. He is a resident alien with a green card. He has held many jobs with various people. Most of these jobs are seasonal. Since 1996, he has done odd jobs. He has no schooling or job training. Defendant is divorced and is obliged to pay child support. He has two children, ages 10 and 7. He does not own a home or a car.

Defendant travels to Mexico about every year. He has family members living in Mexico. In 1994, defendant pleaded guilty to a charge of possession of narcotics. He completed his probation successfully. Defendant also has a conviction for assault.

The government has proffered to the court that the arrest in this case is based on hand-to-hand sales of drugs by defendant to a confidential informant which have been recorded on audio or video tape.

Defendant is facing a mandatory minimum sentence of 20 years if he is convicted upon the charges contained in the indictment.

Defendant has testified that he would abide by any conditions set down by the court to secure his appearance. He also testified that he has never failed to appear in the past and that he did not flee when this case was originally filed in state court and later dismissed. **[*6]**

The court finds that the government has proven with clear and convincing evidence that defendant poses a danger to the community if released pending trial. Defendant has prior drug and assault convictions. A substantial amount of illegal drugs are alleged in this case. The evidence of guilt appears to be strong. Defendant does not have a substantial history of steady employment. There is a confidential informant in this case who does not appear to be incarcerated and could be at risk. Under these circumstances, the court does not believe conditions of release can be established which are sufficient to protect the community from further illegal activity.

The court also finds the government has proven by a preponderance of the evidence that defendant would be a substantial risk to flee if he were released upon conditions. Defendant has ties to Mexico and has traveled there in the past. Defendant faces deportation and a lengthy sentence if he is convicted. Although defendant has behaved appropriately on bond or probation in the past, the court believes a substantial risk of flight exists in this case where the potential penalties are so much greater.

In conclusion, defendant's motion **[*7]** for pretrial release shall be denied. Defendant's motion for inspection and discovery shall be granted in part and denied in part in accordance with this order.

**IT IS SO ORDERED.**

Dated this 17th day of June, 1998 at Topeka, Kansas.

/s/ RICHARD D. ROGERS

United States District Judge