## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                        Cr.  No. 05-1849 JH

DANA JARVIS, et al.,

                Defendants.

### ORDER

This matter is before the Court on Doc. No. 770, which Defendants have awkwardly titled their joint reply in support of their motion to compel discovery related to the interception of electronic communications, or in the alternative, a motion to reconsider.  In that motion, the Defendants offer new rationales in support of many of their discovery requests relating to wiretaps and ask the Court to modify its previous order [Doc. No. 733] on their original motion [Doc. No. 573].

The briefing on the present motion has followed a circuitous path, although it began quite routinely.  On July 16, 2006, attorney Scott Davidson filed the original joint motion requesting discovery related to interception of electronic communications, and on August 2, 2006, the Government filed its response.  However, while the Government served all the individual defendants' attorneys with its response, it apparently failed to serve Mr. Davidson, who is acting on behalf of all those defendants in this case who are individually represented by CJA attorneys.  Mr. Davidson, who had agreed to grant the Government an extension to file its response, initially was unsurprised by the fact that he had not received the Government's brief.  However, in late September of 2006 Mr.

Davidson finally called Assistant United States Attorney James Braun to ask about the status of the Government's response.  Mr. Braun informed Mr. Davidson that the Government had filed its response in early August, and  while acknowledging that Mr. Davidson may not have been served, suggested that Mr. Davidson obtain a copy of the response from the Court's electronic filing system.[1] The record does not indicate whether Mr. Davidson ever obtained the document from the Court's electronic docket.  Similarly, the record does not explain why none of Mr. Davidson's co-defense counsel, all of whom had been served with the motion in early August of 2006, failed to raise with Mr. Davidson the issue of the status of their clients' joint reply brief.  What is clear, however, is that after the conversation between Mr. Davidson and Mr. Braun approximately one month passed, during which time Mr. Davidson failed to either file a reply brief, file a request to file a late reply brief, or to otherwise act to preserve his clients' right to file a reply.  Mr. Davidson offers no explanation for his inaction during this period.  On October 24, 2006—nearly three months after the response brief was filed—this Court ruled on the motion, which it granted in part and denied in part.  Almost two weeks later, on November 6, 2006, Mr. Davidson filed Defendants' reply, which is framed in the alternative as a motion to reconsider.

The Government argues, and the Court agrees, that Defendants should not be permitted to raise arguments for the first time in a reply or in a motion to reconsider that they could have raised in their original brief.  In this instance, Defendants have raised new arguments regarding categories 3, 5, 6, 8, 12, 14, and 17 for the first time in their reply/motion to reconsider.  Defendants have not explained why they failed to make any arguments in support of their initial motion to compel and

---

[1] The electronic filing system for the District of New Mexico is available to all counsel of record.  In addition, there is no doubt that Mr. Davidson had access to the electronic filing system because he has filed several documents in this case electronically.

instead waited until their reply brief to propound their theories.  Thus, the Court will again deny Defendants' request for production of these items because Defendants' arguments are untimely.[2]

However, the Defendants' arguments regarding categories 13 and 16 are timely, as even the Government concedes.  *See* Doc. No. 778 at p. 4.  After reviewing those arguments, the Court concludes that Defendants are entitled to the production of documents in both categories 13 (surveillance logs and related records) and 16 (minimization training records).

With regard to surveillance logs and related records, Defendants argue that they are "entitled to know what the law enforcement officers observed prior to the Government's application for a Title III wiretap because this is directly relevant to the question of necessity."  Doc. No. 770 at p. 13.  In other words, the pre-wiretap surveillance records would be relevant to the question of the inadequacy of traditional surveillance methods, including their unlikelihood of success and the danger they would pose to law enforcement officers.  The Government presents no response to this argument, instead arguing in summary fashion that DEA agents' surveillance reports "are not subject to production under Rule 16 [of the Federal Rules of Criminal Procedure]."  Doc. No. 778 at p. 11.  The Government's argument, undeveloped as it is, is further undermined by its admission that it has already produced "hundreds of pages of surveillance reports" that it now claims are outside the scope of Rule 16.  Accordingly, the Court concludes that the Government must produce the records in category 13.

Title III  of the Omnibus Crime Control and Safe Streets Act provides that monitoring of intercepted conversations "shall be conducted in such a way as to minimize the interception of

---

[2] The issue is probably moot, however, because after reviewing Defendants' arguments as to regarding categories 3, 5, 6, 8, 12, 14, and 17, the Court also concluded that Defendants are not entitled to production of those documents, even if they had timely raised their arguments.

communications not otherwise subject to interception." 18 U.S.C. § 2518(5).  The Government must demonstrate compliance with the minimization requirement by showing that agents' minimization efforts were reasonable under the circumstances.  *Scott v. United States*, 436 U.S. 128, 137 (1977). There is no single formula that can be applied to determine whether agents made reasonable efforts to minimize the seizure of unauthorized conversations while conducting the wiretaps; rather, the reasonableness of their efforts will depend upon the facts and circumstances of each case.  *Id.* at 140. As to Defendants' request for minimization training records (category 16), the Court finds persuasive the opinions of the courts in *United States v. King*, 991 F. Supp. 77, 91 (E.D.N.Y. 1998) (noting that among the various factors considered by courts to determine whether the government has satisfied its burden to minimize is whether the monitoring personnel were provided with minimization instructions) (citing *United States v. Rizzo*, 491 F.2d 215, 217 (2nd Cir. 1974)), and *United States v. Orozco*, 630 F. Supp. 1418, 1537 (S.D. Cal. 1986) (considering the government attorney's minimization briefings of agents monitoring the wiretaps, along with general guidelines and instructions for interception and minimization provided to those agents, in determining whether government met its *prima facie* burden to demonstrate minimization).   As these opinions demonstrate, the minimization training and instructions given to those agents conducting the electronic issue is relevant to, though certainly not determinative of, whether the Government met its statutory duty to minimize.  Accordingly, the Government must produce those documents in category 16.

        **IT IS THEREFORE ORDERED** that Defendants' motion to compel discovery [Doc. No. 573] is **GRANTED IN PART** and **DENIED IN PART** consistent with this Order.  The Court's previous Order on the motion [Doc. No. 733] is hereby **AMENDED** to the extent it conflicts with

this Order.  To the extent that Doc. No. 770 is construed as a separate motion to reconsider, it is

**DENIED**.


_____

**UNITED STATES DISTRICT JUDGE**