**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**

                                      **No:     05-CR- 1849 (JH)**

**DANA JARVIS,**

        **Defendant.**

**DEFENDANT DANA JARVIS' REPLY TO THE UNITED STATES' RESPONSE TO
HIS MOTION FOR
FED. R. CRIM. P. 12(b)(4)(B) DESIGNATION BY THE UNITED STATES OF ITS
<u>INTENT TO OFFER EVIDENCE IN ITS CASE IN-CHIEF</u>**

      Defendant, Dana Jarvis, through counsel of record Joe M. Romero Jr. and Jody Neal-Post, hereby replies to the United States' response, Doc. No. 850.

<u>**Argument & Authorities**</u>

      The United States correctly notes the limited case law interpreting Fed. R. Crim. P.  12(b)(4) (B), yet largely declines to distinguish the case law Mr. Jarvis has cited and which does, in fact, exist along with advisory comments. The United States attempts to convince this Court that the Defendant's demand for notice is untimely, yet the Rule itself lays out no fixed time for the defendant's request: "At the arraignment *or as soon thereafter as is practicable*…." Fed. R. Crim. P. 12(b)(4) (B).   Mr. Jarvis submits that when he filed his motion on December 29, 2006, it was "as soon thereafter as [was] practicable" in a case now totaling over thirty indicted, dismissed, pled and or pending defendants.

      Had Mr. Jarvis filed his motion within the United States' definition of "timely," at or upon arraignment or near after, the government's argument could well have been that it was too soon to

expect the United States to know with any reasonable certainty what evidence it would use in its case-in-chief. Such argument would have been reasonable and likely a hundred percent accurate at that time in a case of this magnitude. Three confidential sources existed upon the date of initial indictment, and one cooperating witness. There are now at least fifteen cooperating witnesses and with the exception of one's status being unknown, all have debriefed which presumably has expanded and also crystallized the evidence the United States possesses. Certainly the United States knows some things now it did not know over a year ago, and certainly some of this evidence will be used against Mr. Jarvis at trial. Mr. Jarvis' request would not have been reasonable sooner, and no prosecutor could have been expected to comply with Rule 12(b)(4)(B) notice before his case was significantly developed, as is the case now herein less than ninety days until trial.

The United States also attempts a literal reading of the Rule in effort to argue that "suppress" means only constitutional suppression motions pursuant to the Fourth Amendment. Mr. Jarvis' cited case law is not as restrictive as the United States would argue and as *Anderson* demonstrated: "The purpose of this Rule is to 'insure that a defendant knows of the government's intention to use evidence to which the defendant may want to object…'." *United States v. Anderson*, 2006 U.S. Dist. LEXIS 6692, *4 (D.D.C. 2006)(attch as Ex. A to Mr. Jarvis' Motion), *citing* Fed. R. Crim. P. 12 Advisory Committee Note to 1974 Amendment.

Case law is replete with characterizations of motions in limine being filed to "suppress" evidence, to the extent that "suppress" is synonymous with "exclude" or "limit." *See e.g. Hale v. Gibson*, 227 F.3d 1298, 1322 (10th Cir. 2000)("Moreover, Hale's trial counsel filed a motion in limine prior to trial attempting to suppress the evidence of Brenda Allison that was later denied by the trial court prior to trial."); *United States v. Gomez*, 67 F.3d 1515, 1526 (10th Cir. 1995)("He did not file a motion in limine to suppress the transcripts…."); *United States v. Agnew*, 931 F.2d 1397, 1400 (10th Cir. 1991)"motion in limine for the suppression of photographs…"). No where would utilization of

Rule 12 for the purposes of determining appropriate motions in limine be more useful than in a complex case of this magnitude, and there is simply no authority prohibiting this Court from utilizing a  formal rule of criminal procedure will all the flexibility the advisory notes suggest it contains.  Complex cases require creativity, as the District's Justice Expense and Delay Reduction Plan counsels.

Contrary to the government's suppositions at its page 3, Mr. Jarvis does not seek a description of how the government's evidence was obtained or that the government's evidence is broken down by type of evidence.  Mr. Jarvis simply seeks the exhibit list the government is now offering, as well as its witness list, but sixty rather than 15 days before trial such that motions in limine can be drafted, fully briefed and decided by this Court pre-trial.

The defendant is simply attempting to use the existing rules to receive notice of the evidence that will be marshaled against him by the United States at trial, such that he can file appropriately tailored motions in limine, pre-trial, in the most efficient use of this Court's and counsels' time for preparation for the upcoming trial.

Mr. Jarvis reiterates his request that the Government's notice pursuant to Fed. R. Crim. P. 12(b)(4)(B) be separately filed from among the items of other discovery or disclosure that have or may be produced pursuant to Fed. R. Crim. P. 16(a)(1).

WHEREFORE, Defendant Jarvis moves this Court for an Order that the Government file a Fed. R. Crim. P. 12(b)(4)(B) notice within 60 days pre-trial as will allow the Defendant time to review such evidence and witness designations and file motions in limine seeking pre-trial evidentiary rulings regarding the proffered evidence for the United States' case-in-chief.

Respectfully submitted:

*Electronically filed 1/16/07*

By: _____

Joe M. Romero, Jr.
Attorney for Defendant Jarvis
1905 Lomas NW
Albuquerque, NM 87104
(505) 843-9776

*Electronically filed 1/16/07*

By: _____

Jody Neal-Post
Attorney for Defendant Jarvis
317 Amherst SE
Albuquerque, NM  87106
(505) 268-7263

I hereby certify that on January 16, 2007,
I filed the foregoing pleading electronically through
the CM/ECF system, which caused counsel of
record for the United States to be served by
electronic means.

*Electronically filed 1/16/07*
_____

Joe M. Romero, Jr.