IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**THE UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.                                                        No. CR 05-1849 JH

**DANA JARVIS,** *et al.,*

    **Defendants.**

**COUNT III DEFENDANTS' JOINT REPLY TO THE UNITED STATES' RESPONSE
TO THEIR MOTION TO DISMISS COUNT III OR,
IN THE ALTERNATIVE,
MOTION FOR A BILL OF PARTICULARS PURSUANT TO
FED. R. CRIM. P. 7(c)(1), 7(f) & 12(b)(3)(B)**

    The Defendants named in Count III of the Superceding Indictment file this Joint Reply to United States' Response at Doc. 812.

### 1. Reply to the Government's Arguments as to Sufficiency

    The United States clarifies in its Response that the defendants are not faced with the magnitude of possible permutations of proof suggested in the Joint Defendants' motion, as the money laundering the United States intends to prove is "not based upon running money through bank accounts, rather it is based upon the transfer and transportation of the drug money from distributors to couriers to counters and, ultimately, to the money holder for use, among other things, to promote the drug trafficking activity." Doc. 812, p. 3.

    At footnote 2 the United States "maintains that the effect on interstate commerce need not be specifically pled in Count 3" and goes on to argue that even though not required, the effect on interstate commerce is adequately indicated by the above recited description of the manner of money laundering the Superceding Indictment alleges. *Id.* However, "if 'evidence that the individual transaction at issue

1

had a de minimis effect on interstate commerce' is required to establish a violation of § 1956, then it would seem that such an effect should be specifically alleged and proven. Because Congress prohibited money laundering only when the individual financial transaction at issue affects interstate or foreign commerce, proof of a nexus with interstate or foreign commerce is an essential element of the crime of money laundering." *United States v. Goodwin*, 141 F.3d 394, 401 (2nd Cir. 1997).

*Goodwin* explains further that "a nexus with interstate commerce in each individual case is a constitutionally-mandated jurisdictional element of the offense." *Goodwin*, 141 F.3d at 401. While finding the indictment sufficient in *Goodwin*, the court noted that the standard of review was quite low due to the timing of the defendant's allegation of insufficiency, the defendant therein failing to raise the matter pre-trial, in contrast to the Joint Defendants herein. *Id.* ("The scrutiny given an indictment also depends on the timing of the defendant's objection."). Plainly on its face, the superceding indictment in this case has failed to meet the requirement of "alleging that the financial transactions in question had some *de minimis* effect on interstate commerce." *See id.* As mere possession or transport of the cash proceeds of criminal activities is not a "transaction" for money laundering purposes, the Joint Defendants stand to be prejudiced if the required nexus between interstate commerce and the "financial transactions" at issue is not specifically alleged such that the Defendants can defend against the Government's asserted proofs at trial. *See e.g. United States v. Garza,* 118 F.3d 278, 284 (5th Cir. 1997)("currency found by officers in connection with a drug trafficking offense, by itself, is insufficient evidence to support a money laundering conviction"); *also United Srtates v. Puig-Infante,* 19 F.3d 929 (5th Cir. 1994).

The Tenth Circuit has recognized the necessity of the allegations of a nexus between the transaction at issue and an interstate commerce connection, if the federal court is to have jurisdiction:

> In essence, the government asks this court to rewrite the money laundering statute. It asks us to vitiate the language 'a transaction which in any way or degree affects interstate

2

or foreign commerce,' and substitute instead the notion that 'federal jurisdiction under the money laundering statute is vested in any transaction involving Federal Reserve Notes.' This we refuse to do. We lack both the inclination and the power. Moreover, we doubt that even Congress could do this without offending the constitution. We therefore hold that the government failed to prove the requisite federal jurisdiction in the prosecution of Huey Grey under 18 U.S.C. § 1956. We reverse his conviction and vacate his sentence for money laundering.

*United States v. Grey*, 56 F.3d 1219, 1226 (10th Cir. 1995).

The United States has failed in its indictment to make the necessary showing of a nexus to interstate commerce, having also failed to even indirectly make such showing to the grand jury supporting the Count III allegations. "Inferred factual conclusions based on circumstantial evidence are permitted only when, and to the extent that, human experience indicates a probability that certain consequences can and do follow from the basic circumstantial facts." *Grey*, 56 F.3d at 1225.

Barely a basis of even circumstantial fact was presented upon which the jurors could draw legitimate inferences as to laundering, fatally flawing the indictment as to Count III.

## 2.  Reply to Grand Jury Issues

The United States voluntarily produced the grand jury transcripts to the Joint Defendants. While they show the charges of money laundering were put to the grand jury, it is largely left to inference upon inference that the facts presented could be construed as sufficient to find probable cause of laundering for each and every Count III defendant.

In *United States v. Garza*, similar alleged "proof" of laundering was presented at trial. In the trial context the Appellate Court could not agree that the evidence was sufficient to establish laundering, failing as it did to establish the disposition aspect of laundering that the Tenth Circuit has found necessary in *Grey*. *See Grey*, 56 F.3d at 1226. The evidence rejected in *Garza* was expansive, yet so misdirected as to the required proof that the convictions were reversed:

> The government presented evidence that $ 2 million in proceeds had been collected and forwarded to Colombian producers and a stockpile of $ 5 million in cash was found at

3

> Inocencio's residence. However, no evidence was presented that Garza or Garcia handled these proceeds or were, in any way, involved in the 'disposition' of these funds. While the jury may draw reasonable inferences from the evidence presented, nothing reasonable could be inferred from this evidence.

*United States v. Garza*, 118 F.3d 278, 284-85 (5th Cir. 1997).

The grand jury transcripts here unsurprisingly reveal less than the trial record in *Garza*, the required probable cause showing at the grand jury level being far lower than the trial standard of beyond a reasonable doubt. Yet the grand jury must be presented with *some* evidence as to each and every required element, and "inference upon inference" is not likely enough in this Circuit. *See Grey,* 56 F.3d at 1225. There must have been evidence as to "the circumstances or location under which [the defendants] came into… possession [of cash] or how [it was] eventually distributed by them." *Id.* While the transcripts reveal cash seizures, the source and distribution of such cash seems to be a conjecture of inference upon inference asserted by the case agent to the grand jury, rather than actual direct or circumstantial evidence upon which the jury could make proper inferences.

Count III of the Superceding Indictment is, therefore, insufficient as based upon a grand jury proceeding wherein the jury was provided inadequate evidence of the interstate commerce nexus as well as insufficient as to the submission of evidence regarding the source and movement of cash such that a reasonable inference of laundering could have been legitimately obtained. Consequent to this insufficiency of grand jury presentation, the indictment fails to reflect the essential element of the commerce nexus. *United States v. Peterman*, 841 F.2d 1474, 1477 (10th Cir. 1988). The risk here is an impermissible conviction "on a charge never considered by the grand jury," requiring Count III to be dismissed as a matter of law. *Stirone v. United States*, 361 U.S. 212, 219, 4 L. Ed. 2d 252, 80 S. Ct. 270 (1960); *see also United States v. Miller*, 471 U.S. 130, 139-140, 85 L. Ed. 2d 99, 105 S. Ct. 1811 (1985).

### 3.  Reply to the United States' Argument Against a Bill of Particulars

Alternatively, the Count III Defendants sought an order directing the Government to file a Bill

of Particulars. Since the filings of the Parties' previous briefings, the United States Supreme Court has rendered its decision in *United States v. Juan Resendiz-Ponce* on the sufficiency of an indictment in the context of dismissal. *See Resendiz-Ponce,* 166 L. Ed. 2d 591 (January 9, 2007). The short of it is that an indictment must provide "time and date specificity" as to an allegation to ensure against the harm sought to be judicially prevented- a defendant being put to the "risk of multiple prosecutions for the same crime." *Resendiz-Ponce* , * 12 (LEXIS pagination).

The Joint Defendants argued in the alternative for a Bill of Particulars if this Court found the indictment sufficient.  As demonstrated above, the continuing insufficiency in the Superceding Indictment as to Court III is distinct and separate from the lack of particularity requiring the Bill of Particulars if sufficiency is found- the first encompassing a jurisdictional failure, while the second raises a constitutional double jeopardy issue.

Even with the discovery provided subsequent to the filing of the Joint Defendants' Motion, Count III still fails in identifying individual transactions, or dates of alleged violations in the charged fifteen year time frame meeting the time and date specification the Supreme Court clearly requires. *Resendiz-Ponce* , * 12 (LEXIS pagination); *also United States v. Jensen*, 193 F. Supp. 2d 601, 605-06 (D.N.Y. 2002)(specific dates make an indictment sufficient).  Looking to the rest of the Indictment for additional detail adds no specifics as to the transactions alleged illegal, rendering the Superceding Indictment entirely deficient as to any time and date specifics in Count III. *United States v.  Esteves,* 886 F. Supp. 645(N.D. Ill 1995)( indictment sufficient when transactions which form basis of charges, and time and place of transactions); *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988)("the indictment quoted the language of 21 U.S.C. § 846 and included the dates of the illegal activity, the place, and the specific controlled substance.").  Each defendant is entitled to such notice.

The Joint Defendants again ask the Court to consider *United States v. Johnson.  United States v.*

5

*Johnson*, argued in the Joint Defendants' initial briefing, exemplifies what the Supreme Court crystallized in *Resendiz-Ponce* : each defendant is entitled to time and date specification which can be provided by a Bill of Particulars:

> The extended dates of the alleged offense -- over **nine years** -- coupled with the lack of specificity in the indictment justifies the granting of a bill of particulars. For these reasons, the court believes that a bill of particulars is necessary, even though the government has produced substantial discovery in this matter**. The government shall be required to provide the specific time and location where the alleged offense commenced and the manner in which the alleged offense was perpetrated**. The government should provide the bill of particulars within twenty-five days.

*United States v. Johnson*, 2006 U.S. Dist. LEXIS 62841, 2-5 (D. Kan. 2006)(attch as Ex. I to Joint Defendants Motion at Doc. No. 710)(emphasis added).

Requiring a defendant to anticipate, without time and date specificity, what acts over fifteen years as to whom and through what conduct they will be required to defend against at trial is a recipe for unfair, avoidable and reversible surprise. *United States v. Lot Numbered One of the Lavaland Annex*, 256 F.3d 949, 957 (10th Cir. 2001), *citing United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992)(discussing analogous circumstances in which a defendant is entitled to a bill of particulars). The Joint Defendants implicated in Count III are constitutionally entitled to more.

## CONCLUSION

Based upon the foregoing, the Defendants respectfully request on order dismissing Count III, or in the alternative, an order directing the Government to file a Bill of Particulars as described herein.

Respectfully submitted:

*Electronically filed 1/25/07*
By: _____
Joe M. Romero, Jr.
Attorney for Defendant Jarvis
1905 Lomas NW
Albuquerque, NM 87104
(505) 843-9776

*Electronically filed 1/25/07*
By: _____
Jody Neal-Post
Attorney for Defendant Jarvis
317 Amherst SE
Albuquerque, NM 87106
(505) 268-7263

I hereby certify that on January 25, 2007,
I filed the foregoing pleading electronically through
The CM/ECF system, which caused counsel of
record for the United States and all defendants
to be served by electronic means.

*Electronically filed 1/25/07*
_____
Joe M. Romero, Jr.

7