IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                  NO.  CR 05-1849 JH

DANA JARVIS et al.,

    Defendant.

**DEFENDANT AYLA JARVIS' REPLY
TO "UNITED STATES' RESPONSE TO DEFENDANT AYLA JARVIS'S
MOTION FOR A BILL OF PARTICULARS AS TO COUNT 3
AND THE FORFEITURE ALLEGATION"**

COMES NOW the Defendant, Ayla Jarvis, by and through her attorney John F. Robbenhaar, and hereby replies to the "United States' Response to Defendant Ayla Jarvis' Motion For A Bill of Particulars as to Count 3 and the Forfeiture Allegation" [Doc. 813], (hereafter "response" or "Govt. Resp.").[1]

1.    In its response, the Government argues that "age is irrelevant", and that it may prosecute the Defendant Ayla Jarvis as long as the Government demonstrates that Ms. Jarvis participated in the conspiracy after she reached the age of majority.  Govt. Resp. at 6-7.  This argument overlooks the simple fact that, as per the law of conspiracy, all acts by the co-conspirators of the Defendant Ayla Jarvis are admissible against Ms. Jarvis, if the Government can prove that Ms. Jarvis entered the Ct. 3 conspiracy.  S*ee Pinkerton v. U.S.*, 328 U.S. 640, 646-49 (1946).  Clearly, acts by co-

---

[1] Defendant Ayla Jarvis' Motion for Bill of Particulars was entered on the Court's docket as Doc. 713.  Counsel agrees with the Government that this motion would have been better styled a "Motion to Dismiss Count 3, or In The Alternative, Motion for a Bill of Particulars...", and apologizes to the Court for this oversight.

defendants in furtherance of the alleged conspiracy that occurred in the 1990s, for example, can not be held against Ms. Jarvis at trial (or at sentencing), as Ms. Jarvis was then just a young child, and incapable under the law of forming criminal intent. *See Allen v. United States*, 150 U.S. 551, 558, 14 S.Ct. 196, 198, 37 L.Ed. 1179 (1893) (infra) (setting forth ages of possible culpability of juveniles).  But acts by co-conspirators when the Defendant was 16 or 17 may be relevant and admissible against Ms. Jarvis, if the Government can prove that the Defendant had entered the Count 3 conspiracy by that time.  Age does matter, and for this reason the Government should be ordered to disclose the entrance date of Ms. Jarvis into the alleged money laundering conspiracy.

      2.    Furthermore, because of the unique situation presented by Ms. Jarvis, the Government needs to disclose the specific acts by Ms. Jarvis that it intends to rely upon which presumably demonstrate post–eighteen conspiratorial conduct.  Without knowing prior to trial of the specific acts relied upon by the Government, the Defendant will be precluded from raising possible defenses, including possible violation of the Federal Juvenile Delinquency Act.  *See* 18 U.S.C. § 5032.  For if there aren't any admissible post-eighteen acts by the Defendant Ayla Jarvis that link her to the money laundering conspiracy, then the Government would have indicted Ms. Jarvis in violation of the FJDA, as money laundering is not one of the enumerated offenses listed in 18 U.S.C. § 5032.

      3.    The Government notes that it disclosed Grand Jury transcripts, Govt. Resp. at 3, as if to suggest that it has already provided the particulars of its proof to the defendants.  While Ms. Jarvis certainly applauds the Government for its disclosure of

these important documents, upon closer review the Grand Jury transcripts reveal the paucity of detail in the Government's proof.  For example, regarding Ms. Jarvis, the April 2006 presentation generically states without detail only that "she [Ayla Jarvis] was responsible for transporting bulk cash for the organization."  April 25, 2006 GJ Transcript, at 7.  The August 2005 presentation describes a seizure of an amount of cash from Ms. Jarvis in Indiana in October 2004, and then generically describes the larger Count 3 conspiracy–by way of leading question–as the following:

> Q: Now, as far as the money laundering counts, essentially the defendants listed in that court are defendants who were either involved in the financial portion of the conspiracy of were involved in transporting bulk cash, it that right?
>
> A: That is correct.

August 23, 2005 GJ Transcript, at 48.  No further explanation is provided, and no details of the claimed involvement of Ayla Jarvis is given.  The Grand Jury transcripts, then, fail to provide the necessary information as to Defendant Ayla Jarvis' alleged entrance date into the Count 3 conspiracy; if the October 2004 cash seizure from Ms. Jarvis is the <u>only</u> incident that will be presented by the Government as to Ms. Jarvis' alleged involvement in the Count 3 conspiracy, then the Government should say so.  However, if the Government intends to offer evidence of pre-eighteen involvement by Ms. Jarvis, then this should be divulged as well, in order to allow Ms. Jarvis to perfect necessary defenses.  Ms. Jarvis is entitled to know the "substantive facts of the charges against [her]", *U.S. v. Griffith*, 362 F.Supp.2d 1263, 1277 (D.Kan. 2005), which at present are lacking.

    4.    Additionally, the United States Supreme Court's recent decision in *U.S. v.*

*Resendiz-Ponce*, 166 L.Ed.2d 591 (January 9, 2007) confirms that the Government must provide in the Indictment "time and date specificity" as to an allegation to ensure against the harm sought to be judicially prevented–a defendant being put to the "risk of multiple prosecutions for the same crime." *Resendiz-Ponce*, at 12 (Lexis pagination). The Government must specify the dates of Ms. Jarvis' alleged involvement in Count 3, including any individual transactions or dates of transactions by Ms. Jarvis. Furthermore, as per *Resendiz-Ponce*, the Government must specify Ms. Jarvis' alleged entrance in the Count 3 conspiracy, so that Ms. Jarvis can adequately prepare a defense to the charge.

     5.    Finally, as to the Forfeiture Allegation of the Superseding indictment, the Government admits that when it pleads a forfeiture allegation, it must provide notice "that the defendant has an interest in property that is subject to forfeiture...".  Govt. Resp. at 3.  At no point has the Government provided notice to the Defendant Ayla Jarvis as to any property in which Ms. Jarvis has an interest.  Just claiming that the Defendant Ayla Jarvis is "jointly and severally liable" for a money judgment in the amount of $158,400,000.00 fails to comport with the pleading requirements of an Indictment, as well as Due Process of Law, in that it doesn't allow the Defendant Ayla Jarvis the ability to marshal evidence in her defense.  Ms. Jarvis has no legal interest in any of the bank accounts identified, in any of the real property identified, in any of the conveyances, in the liquor license identified, or in the United States currency listed.  Because the Defendant has no legal interest in any of the specific items or properties sought to be forfeited, she should be dismissed from the Forfeiture Allegation of the Superseding Indictment.

CONCLUSION

6. It is imperative that the Government (1) identify the Defendant Ayla Jarvis' alleged entrance date into the Count 3 conspiracy, and (2) identify the specific acts (pre– and post–eighteen) which tie Ms. Jarvis in to the conspiracy, for only then can the Defendant adequately identify and analyze necessary defenses to the charge. Assuming the Government will argue that Ms. Jarvis entered the conspiracy while a juvenile, then all acts preceding such entrance by any of the co-defendants cannot be held against Ms. Jarvis, and the jury will have to be instructed as such. The age of the Defendant is not "irrelevant", and Ms. Jarvis' status as a juvenile for the bulk of the charged conspiracy affects the admissibility of the Government's evidence at trial, and the potential defenses Ms. Jarvis may raise at trial. Ms. Jarvis respectfully requests that the Court grant her motion and dismiss her from Count 3, or in the alternative, order the Government to disclose the specific acts that it will present which ostensibly demonstrate Ms. Jarvis' involvement in the Count 3 conspiracy.

Respectfully submitted:

*Filed Electronically*
JOHN F. ROBBENHAAR
Attorney for Defendant Ayla Jarvis
1011 Lomas NW
Albuquerque, NM 87102
(505) 242-1950

I HEREBY CERTIFY that a
true and correct copy of the
foregoing pleading was mailed/
delivered to Assistant United States
Attorney James Braun on
January 26, 2007.

*Filed Electronically*
JOHN F. ROBBENHAAR

5