IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE UNITED STATES OF AMERICA,

      Plaintiff,

      vs.                              No. CR 05-1849 JH

DANA JARVIS, et al.,

      Defendants.

**DEFENDANTS' JOINT REPLY
TO THE GOVERNMENT'S RESPONSE (DOC. # 811)
TO THE DEFENDANTS' JOINT MOTION TO
SEVER COUNTS I AND III
ON GROUNDS OF MISJOINDER
UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 8
AND PREJUDICIAL JOINDER UNDER
FEDERAL RULE OF CRIMINAL PROCEDURE 14 (DOC. # 723)**

The Defendants who are represented by court-appointed counsel hereby respectfully reply to the Government's response to their motion to sever Count I from Count III.

This brief reply is divided into five parts. First, contrary to the Government's suggestion that there is "binding law" preventing the Court from severing Count I from Count III, the Court has wide discretion to sever and its decision to sever will not be disturbed on appeal absent abuse of discretion. Second, for the defendants indicted in Count I (marijuana distribution) but not in Count III (money laundering),

there is prejudice arising from a joint trial because the money laundering evidence

bears no relation to the allegations against them in Count I, making joinder highly

prejudicial, without sufficient countervailing benefits.  Third, the Government fails

to offer any convincing response to the empirical evidence of a substantial,

quantified prejudicial effect arising from joint trials.  Fourth, the Government

omitted a key portion of a quote from the Tenth Circuit's decision in *United States*

*v. Riebold*, 557 F.2d 697 (10th Cir. 1977).  And fifth, in the event the Court does not,

at this juncture of the proceedings, find prejudice sufficient to sever Count I from

Count III, it may nevertheless do so at a later time, in order to preserve the right to

a fair trial for each individual indicted in this case.

1.     **The Court has the authority to sever Count I from Count III.**

The Government argues that "the binding law" prevents severance in this

case, while at the same time stating that the court's decision under Rule 14 is

discretionary.  *Compare* Gov't's Resp. at 8 *with id.* at 5.  There is no binding law

precluding severance in this case.  On the contrary, the law is clear that the Court

may sever the counts under Rule 14 if there appears to be prejudice to a defendant

due to joint trial.  *See Zafiro v. United States*, 506 U.S. 534, 538 (1993).  The law is

also clear that if this Court severs Count I from Count III, its decision will not be

disturbed on appeal unless the appellate court, after deferring to the judgment of

this Court, were to find an abuse of discretion.  *See, e.g., Zafiro*, 506 U.S. at 539;

*Riebold*, 557 F.2d at 707 ("The granting of a motion to sever is a discretionary matter

which will not be set aside, absent an abuse of discretion."); *United States v.*

*Cardall*, 885 F.2d 656, 667 (10th Cir. 1989); *United States v. Valentine*, 706 F.2d 282,

289-90 (10th Cir. 1983); *United States v. McConnell*, 749 F.2d 1441, 1444-45 (10th Cir.

1984).

**2.      For every defendant indicted in Count I but not in Count III, money
laundering bears no relation to the allegations against them.**

The Government mis-characterizes the Defendants' argument as being that

there is no logical connection whatsoever between Count I and Count III.  Gov't's

Resp. at 3-4.  The Defendants' argument is that for the defendants who are indicted

in Count I but not in Count III, there is no logical connection between the evidence

of money laundering the Government will introduce at trial and the marijuana

distribution conspiracy in Count I.  The Government asserts that the marijuana

distribution conspiracy is intextricably intertwined with the money laundering

conspiracy, Gov't's Resp. at 5, and that joint trial is proper despite the fact that some

of the defendants are in no way implicated in the alleged money laundering

conspiracy. Gov't's Resp. at 4. But for the defendants who are charged in Count I,

but not in Count III, this is not true. For each of these defendants, there is no logical

connection, the evidence of the money laundering conspiracy is not in any way

germane to the single charge against them, and joint trial would be prejudicial. The

Government's reliance on *United States v. Gbemisola*, 225 F.3d 753 (D.C. 2000), is

misplaced because it involved *all* of the defendants being involved in a common

scheme, *see Gbemisola*, 225 F.3d at 760, whereas in this case a substantial number

of the defendants are not implicated in money laundering.

**3.      There is demonstrable evidence of a substantial prejudical effect due to joinder and severance has the potential to be more efficient than joint trial.**

The Government asserts that severance will result in lengthy, "duplicitous"

trials. Gov't's Resp. at 5. The Government offers no authority for this sweeping

statement. The Government fails to point to any empirical evidence that severance

would lead to lengthy, redundant presentations of evidence, or a less efficient

administration of criminal justice. Furthermore, the Government's unsupported

assertion flies in the face of the studies cited in the Defendants' motion. *See* Andrew

D. Leipold & Hossein A. Abbassi, *The Impact of Joinder and Severance on Federal

Criminal Cases: An Emprical Study*, 59 VAND. L. REV. 349 (March 2006) (hereinafter

*Joinder and Severance*); Robert O. Dawson, *Joint Trials of Defendants in Criminal Cases: An Analysis of Efficiencies and Prejudices*, 77 MICH. L. REV. 1379 (1979) (hereinafter *Joint Trials*).

The Government ignores the potential that severance could be more efficient. For instance, presentation of evidence regarding Count III might be obviated by the outcome of a trial on Count I. *See **Joint Trials**, supra*, at 1381. The Government offers no evidence or authority to counter the evidence and authorities cited by the Defendants regarding the over-statement of efficiencies from joint trials.

In response to Leipold and Abbrassi's careful study of more than 350,000 federal criminal cases from 1999 to 2003, which demonstrated a substantial, quantified risk that an individual's conviction might be influenced by improper factors, *see **Joinder and Severance**, supra*, at 390, the Government argues that the Court should simply ignore the evidence. The Defendants urge the Court to carefully examine the evidence of prejudice due to joinder of counts as it exercises its discretion to sever under Rule 14.

Let us suppose, *arguendo*, that a joint trial would be more efficient than severing Count I from Count III. This does not end the inquiry because the question is not simply whether joint trial is more efficient. That has never been the standard

5

for severance. The Court must carefully weigh the actual or threatened prejudice to defendants against considerations of efficiency and convenience. *See, e.g., Zafiro*, 506 U.S. at 537-39; *McConnell*, 749 F.2d at 1444-45. In light of the demonstrable fact that there is a substantial, quantified prejudicial effect due to joinder of counts, and the potential for severance to be *more* efficient than joint trial, *see Joint Trials*, *supra*, at 1381, the Court should sever Count I from Count III in order to preserve the right to a fair trial. *See* 1A Charles Alan Wright, **FEDERAL PRACTICE & PROCEDURE: CRIMINAL 3** (1999) § 141, at 6, *quoted in Joinder and Severance, supra*, at 361 (quoted in Defendants' motion). The Court should err on the side of caution and not sacrifice the right to a fair trial merely on grounds of efficiency or convenience.

**4.     The Government omitted a key portion of a Tenth Circuit decision.**

The Government cited *Riebold*, 557 F.2d 697, for the proposition that the defendants were properly joined and should not be tried separately. Gov't's Resp. at 2. The Government omitted a key portion of the quotation. Whereas the Government quoted *Riebold* as stating that "'[w]here evidence overlaps and the offenses are similar . . . joinder of offenses is proper,'" Gov't's Resp. at 2, the entire quotation is as follows: "Where the evidence overlaps and the offenses are similar, such as here, *and the operable events occurred within a relatively short span of*

6

*time*, joinder of offenses is proper." *Riebold*, 557 F.2d at 707 (emphasis added). The

portion of the quotation omitted by the Government is significant because the

allegations in this case span approximately 15 years.

**5.      The Court has a continuing duty determine whether prejudice arising at a
later date warrants severance.**

In the event the Court finds that at this juncture, there is insufficient evidence

of actual or threatened prejudice to any of the defendants due to being charged and

tried jointly, the Court may nevertheless order severance at a later date. *See*

*McConnell*, 749 F.2d at 1445 ("[A] trial court has a continuing duty to insure that

prejudice does not occur, and if it does to sever defendants or offenses."). *See also*

*Schaffer v. United States,* 362 U.S. 511, 516 (1960) ("[T]he trial judge has a continuing

duty at all stages of the trial to grant a severance if prejudice does appear."). For

instance, the Court might later find prejudice due to the fact that "[w]hen many

defendants are tried together in a complex case and they have markedly different

degrees of culpability, [the] risk of prejudice is heightened." *Kotteakos v. United*

*States*, 328 U.S. 750, 774-75 (1946). Or, it might find prejudice arising from the fact

that "[e]vidence that is probative of a defendant's guilt but technically admissible

only against a codefendant also might present a risk of prejudice." *Zafiro*, 506 U.S.

7

at 539 (citing ***Bruton v. United States***, 391 U.S. 123 (1968)).  Or, "if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial," ***Zafiro***, 506 U.S. at 539 (citing ***Tifford v. Wainwright***, 588 F.2d 954 (9th Cir. 1979) (*per curiam*)), it might find prejudice due to joint trial.  If the Court finds prejudice due to any of these circumstances, it should sever Count I from Count III in order to preserve the right to a fair trial and the right to due process of law.

## CONCLUSION

For the foregoing reasons, and the reasons adduced in the motion, the Defendants who are represented by court-appointed counsel respectfully request that the Court sever Counts I and III, pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure, the Fifth Amendment, and the Sixth Amendment.

Electronically Filed

/s/    Scott M. Davidson, Ph.D., Esq.
1011 Lomas Boulevard NW
Albuquerque, NM 87102
(505) 255-9084
Associate Counsel for Defendants
   represented by counsel appointed
   under the Criminal Justice Act

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January, 2006, I filed the foregoing electronically through the CM/ECF system, which caused all counsel to be served by electronic means, as more fully reflected on the Notice of Electronic filing.

<u>Electronically filed</u>
Scott M. Davidson, Ph.D., Esq.