IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.

                                    No:   05-CR- 1849 (JH)

DANA JARVIS,

       Defendant.

### MOTION FOR STAY PENDING APPEAL OF SIXTH AMENDMENT CHOICE OF COUNSEL AND RESTRAINT OF SUBSTITUTE ASSETS ISSUES

Defendant, Dana Jarvis, through counsel of record Joe M. Romero, Jr. and Jody Neal-Post, hereby moves the Court to stay proceedings in this matter until resolution of the appeal currently pending concerning the Sixth Amendment right to retained counsel of choice and the restraint of "substitute" assets. As grounds counsel states:

### I. The Appeal Divests This Court of Jurisdiction Because the Appeal Concerns the Very Matter That Concerns This Court: Mr. Jarvis' Trial Preparation

A non-frivolous appeal removes district court jurisdiction over any matter implicated in the appeal. *McCauley v. Halliburton Energy Servs.*, 413 F.3d 1158 (10th Cir. 2005) (district court was divested of jurisdiction by taking of an appeal concerning whether arbitration, or trial preparation, was proper, therefore, the circuit court granted the employer's motion to stay proceedings in the district court, pending the appeal).

The questions presented in the appeal include whether the district court denied Mr. Jarvis his Sixth Amendment right to counsel of his choosing when it denied his Motion for Release of Assets as to certain "substitute" assets restrained by the United States in anticipation of a monetary judgment on the Government's forfeiture allegation. The gravamen on appeal is Mr. Jarvis' repeated requests to be able to use the "substitute assets" to secure retained counsel of choice pursuant to *United States v. Gonzales-Lopez*. *United States v. Gonzalez-Lopez*, 126 S. Ct. 2557, 2562 (2006)(holding that the Sixth Amendment commands "not that a trial be fair, but that a particular guarantee of fairness be provided--to wit, that the accused be defended by the counsel he believes to be best.").

Thus the appeal concerns, and will determine, who Mr. Jarvis' defense counsel will be.

In the recent United States Supreme Court opinion of *United States v. Gonzalez-Lopez*, the high court held that "erroneous deprivation of the right to counsel of choice…unquestionably qualifies as structural error." *Id.* at 2564 (quotations and citation omitted). The Supreme Court held that attorneys are not fungible: "Different attorneys will pursue different strategies with regard to investigation and discovery, development of the theory of defense, selection of the jury, presentation of the witnesses, and style of witness examination and jury argument." *Id.* "And the choice of attorney will affect whether and on what terms the defendant cooperates with the prosecution, plea bargains, or decides instead to go to trial. In light of these myriad aspects of representation, the erroneous denial of counsel bears directly on the framework within which the trial proceeds--or indeed on whether it proceeds at all." *Id.* at 2564-65 (quotation and citation omitted).

Thus the Court of Appeals' resolution of the appeal in this matter will determine whether present counsels' efforts of trial preparation and litigation are all for naught as in violation of Mr. Jarvis' Sixth Amendment right to provide himself counsel of his choosing from his own untained assets. *See id.* at 2565 ("The Government acknowledges that the deprivation of choice of counsel pervades the entire trial.").

The Supreme Court has elsewhere explained that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982). The appeal in this case inherently involves the issues being addressed in pre-trial litigation and the merits of the underlying claim at trial, implicating the general rule that filing an appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs,* 459 U.S. at 58; *see also Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985).

Such an appeal triggers the general divestiture principle and, so long as the appeal is not frivolous, it warrants issuance of a stay. *McCauley v. Halliburton*, 413 F.3d at 1160, *citing Blinco v. Green Tree Servicing, LLC,* 366 F.3d 1249, 1251-53 (11th Cir. 2004); *also Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504-06 (7th Cir. 1997). "Whether a case should be litigated in the district court is not an issue collateral to the question presented by an appeal however; it is the mirror image of the question presented on appeal." *Bradford-Scott Data Corp.*, 128 F.3d at 505.

Everything now occurring in this Court, up through trial and sentencing, would be to no end if the Tenth Circuit rules for Mr. Jarvis in his present interlocutory appeal, as the point at which this Court denied Mr. Jarvis his constitutional right was the point from which structural error attached in the present proceedings. *See id.* at 506. "The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse [the interlocutory appeal]….and finally to return to court" *Id.*; *also Gonzales-Lopez,* 126 S. Ct. at 2564.

In *Stewart v. Dronges,* the Tenth Circuit held that a district court was automatically divested of jurisdiction by an interlocutory appeal from the denial of summary judgment based on qualified immunity where the court did not certify the appeal as frivolous or forfeited. *Donges*, 915 F.2d 572, 575-76 (10th Cir. 1990). The court stated:

>the divestiture of jurisdiction occasioned by the filing of a notice of appeal is especially significant when the appeal is an interlocutory one….The interruption of the trial proceedings is the central reason and justification for authorizing such an interlocutory appeal in the first place. When an interlocutory appeal is taken, the district court only retains jurisdiction to proceed with matters not involved in that appeal.

*Id.* (internal citations omitted).

## II. Even If This Appeal Did Not Divest This Court of Jurisdiction, A Stay Is Proper To Achieve Justice, Avoid Irrevocable Harm And Serve The Public Interest in Judicial Economy.

In the event this Court concludes that the district court has not been divested of jurisdiction, Mr. Jarvis alternatively contends that a stay of proceedings is warranted under the traditional four-factor stay analysis. *See, e.g., F.T.C. v. Mainstream Marketing Servs., Inc.*, 345 F.3d 850, 852 (10th Cir. 2003).

To obtain a stay under these rules, the Court address the following factors: (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay or injunction is granted; and (4) any risk of harm to the public interest. *See id; Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001); 10th Cir. R. 8.1. With respect to the four stay factors, where the moving party has established that the three harm factors tip decidedly in its favor, the "probability of success" requirement is relaxed. *Prairie Band of Potawatomi v. Pierce*, 253 F.3d 1234, 1246 (10th Cir. 2001).

As the Supreme Court held in *Gonzalez-Lopez,* the harm to a defendant's right to retained counsel of his choosing is irreparable, structural error if he goes to trial without that counsel, "regardless of the quality of representation he received." *Gonzalez-Lopez*, 126 S. Ct. at 2563. The "deprivation of the right is 'complete' when the defendant is erroneously prevented from being represented by the lawyer he wants…" *Id.* at 2564 n.5. Conversely, there is no harm to the Government from awaiting the appellate decision on Mr. Jarvis' constitutional right to retained

4

counsel, because the Government does not have a stake in any outcome save a constitutionally just outcome. Finally, a stay will also serve the public's interest in justice, judicial economy and accuracy.

The Position of the United States has been sought through counsel of record AUSA Braun, who opposes this request.

WHEREFORE, Defendant Dana Jarvis moves this Court to stay proceedings in this matter pending outcome of his Tenth Circuit appeal, No. 06-2264.

Respectfully submitted:

*Electronically filed*
By: _____
Joe M. Romero, Jr.
Attorney for Defendant Jarvis
1905 Lomas NW
Albuquerque, NM 87104
(505) 843-9776

*Electronically filed*
By: _____
Jody Neal-Post
Attorney for Defendant Jarvis
317 Amherst SE
Albuquerque, NM 87106
(505) 268-7263

I hereby certify that on February 6, 2007,
I filed the foregoing pleading electronically through
The CM/ECF system, which caused counsel of
record for the United States to be served by
electronic means.

*Electronically filed*
_____
Joe M. Romero, Jr.

5