FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 2 2 2007

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 05-1849 JH |
| | ) | |
| MELANIA KIRWIN, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, MELANIA KIRWIN, and the defendant's counsel, JOHN F. MOON SAMORE:

### REPRESENTATION BY COUNSEL

1. The defendant understands her right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with her attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands her rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to confront and cross-examine witnesses and to call witnesses in her defense; and

   d. against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The defendant hereby agrees to waive these rights and to plead guilty to Count 1 of the Superseding Indictment in this case charging violation of 21 U.S.C. § 846, that being conspiracy to distribute 1000 kilograms and more of marijuana.

## SENTENCING

4. The defendant understands that the minimum and maximum penalties the Court can impose as to Count 1 are:

   a. imprisonment for a period of not less than ten (10) years nor more than life;

   b. a fine not to exceed the greater of $4,000,000.00 or twice the pecuniary gain to the defendant or pecuniary loss to the victim;

   c. a mandatory term of supervised release of not less than five (5) years that must follow any term of imprisonment (if the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked – even on the last day of the term – and the defendant could then be returned to another period of incarceration and a new term of supervised release);

   d. a mandatory special penalty assessment of $100.00; and

   e. restitution as may be ordered by the Court.

5. The defendant understands and agrees that sentencing will be pursuant to the Sentencing Reform Act of 1984, which requires the sentencing Court to consider applicable advisory sentencing guideline ranges in determining the appropriate sentence.

6. The parties stipulate and agree pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., that the sentence shall be imprisonment for a term of twelve (12) months and one day. This stipulation is conditioned on the defendant meeting the requirements of 18 U.S.C. § 3553(f)(1)-

(5). If it is determined that the defendant does not meet the requirements of 18 U.S.C. § 3553(f)(1)-(5), so that she is not eligible for a sentence below the statutory mandatory minimum, the defendant may withdraw her plea of guilty.

7. The United States hereby expressly reserves the right to make known to the United States Probation Office, for inclusion in the presentence report prepared pursuant to Rule 32, Fed. R. Crim. P., any information that the United States believes may be helpful to the Court.

### DEFENDANT'S ADDITIONAL OBLIGATIONS

8. The defendant understands her obligation to provide the United States Probation Office with truthful, accurate, and complete information. The defendant hereby represents that she has complied with and will continue to comply with this obligation.

### FORFEITURE

9. The defendant agrees to forfeit, and hereby forfeits, whatever interest she may have in any asset derived from or used in the commission of the offense in this case. The defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets. The defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

### WAIVER OF APPEAL RIGHTS

10. The defendant is aware that 18 U.S.C. §§ 1291 and 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant

knowingly waives the right to appeal her conviction and imposition of the sentence agreed to in paragraph 6 of this plea agreement.

## GOVERNMENT'S AGREEMENT

11. Provided that the defendant fulfills her obligations as set out above, the United States agrees that it will not bring additional charges against the defendant arising out of the defendant's conduct now known to the United States Attorney's Office for the District of New Mexico.

12. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

13. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement.

## VIOLATION OF PLEA AGREEMENT

14. The defendant understands and agrees that if she violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the Superseding Indictment in this case, as well as perjury, false statement, and obstruction of justice.

## ENTIRETY OF AGREEMENT

15.  This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 22nd day of February, 2007.

>DAVID C. IGLESIAS
>United States Attorney
>
>*[signature]*
>
>JAMES R. W. BRAUN
>Assistant United States Attorney
>201 Third Street N.W., Suite 900
>Post Office Box 607
>Albuquerque, New Mexico  87102
>(505) 346-7274

I have read this agreement and carefully reviewed every part of it with my attorney.  I understand the agreement and voluntarily sign it.

>*[signature]*
>
>MELANIA KIRWIN
>Defendant
>
>*[signature]*
>
>JOHN F. MOON SAMORE
>Attorney for Defendant