UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BILL JONES, a/k/a Charles Johnston, )<br>)<br>Defendant. ) | Cr. No. 05-1849 JH |

UNITED STATES' MOTION TO REVOKE
MAGISTRATE JUDGE'S RELEASE ORDER AND REQUEST FOR STAY

The United States of America hereby moves the Court, pursuant to 18 U.S.C. § 3145(a)(1), to revoke the magistrate judge's release order in this case and to stay the order pending resolution of this motion, and in support thereof states:

1. On August 23, 2005, a federal grand jury returned a twenty-six count indictment in this case charging defendant Bill Jones ("Jones") and twenty co-defendants in Count 1 with Conspiracy to Distribute 1000 Kilograms and More of Marijuana, in violation of 21 U.S.C. § 846. A superseding indictment charging Jones with the same offense, but expanding the time-frame of the conspiracy, was returned on April 25, 2006. Because he has a prior conviction for a felony drug offense, Jones faces a mandatory minimum term of twenty years, and up to life, imprisonment as to that count.

2. Jones was arrested in Colorado on March 22, 2007. On April 3, 2007, Jones appeared before United States Magistrate Judge Michael J. Watanabe in the District

of Colorado for a detention hearing. Magistrate Judge Watanabe ordered Jones released on conditions including a $50,000.00 cash/property/surety bond.

    3.    18 U.S.C. § 3142(e) provides, in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act ....

The presumption established by Section 3142(e) is applicable in this case based on the charges in the superseding indictment for which the grand jury has found probable cause. See United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991). In Stricklin, the Tenth Circuit stated:

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

932 F.2d at 1354-55.

    4.    In this case, Jones has not overcome the presumption that no condition or combination of conditions exist that would reasonably assure his future appearance in court as required or the safety of the community. The risk of flight that Jones poses is further evidenced by the fact that he was a fugitive in this case for over eighteen months.

    WHEREFORE, for the foregoing reasons, and any additional reasons that may be

presented at a hearing on this matter, the United States requests that the Court revoke Magistrate Judge Watanabe's release order in this case and order Jones detained pending trial. The United States further requests that the Court stay Magistrate Judge Watanabe's release order pending the resolution of this motion and order that Jones be transported to the District of New Mexico forthwith for a hearing on this motion.

    Respectfully submitted,

    LARRY GOMEZ
    Acting United States Attorney

    */s/ James R.W. Braun*

    JAMES R.W. BRAUN
    Assistant U.S. Attorney
    P.O. Box 607
    Albuquerque, New Mexico  87103
    (505) 346-7274

I HEREBY CERTIFY that a true copy of the foregoing pleading was faxed to AFPD Robert Pepin, this 6th day of April 2007.

*/s/ James R.W. Braun*
_____

JAMES R.W. BRAUN
Assistant U.S. Attorney