IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.               Criminal No. 05-1849 JH

**DANA JARVIS,**

    **Defendant.**

### AGREEMENT BETWEEN PLAINTIFF AND DEFENDANT DANA JARVIS REGARDING THE REAL PROPERTY COMMONLY KNOWN AS <u>HARLOW'S ON THE HILL</u>

At hearing on October 26, 2006, the Parties and the Court agreed that the present Protective Order entered by this Court on November 4, 2005 regarding the property known as Harlow's is moot due to changes in circumstances. [Doc. No. 246]. The Parties hereby agree and stipulate that this Agreement should be substituted for the moot protective order as to the real property owned by Defendant Dana Jarvis at 3523 Central Avenue N.E., Albuquerque, New Mexico, and the personal property attached to this same physical address, known as Liquor License No. 2599 (in the name of Club Rhythm and Blues). Both items identified above are named as subject to forfeiture in the forfeiture allegation of the Superseding Indictment in this present cause. *See* Doc. 414, *Forfeiture Allegation*, pp. 9-11.

The United States and Defendant Dana Jarvis have reached the following agreement regarding the sale of the real and personal property, in joint acknowledgment of Mr. Jarvis' continued ownership of the real property and license and the United States'

obligations to protect the property from potential and continuing criminal use and or waste.

    **A.**    **Declarations of the Parties**

    1.    Mr. Dana Jarvis is the present title owner of the real property at 3523 Central Avenue, N.E., Albuquerque, New Mexico, and owner of the liquor license attached to the same address, License No. 2599.

    2.    The United States has alleged both items of property identified at Declarations, ¶ 1, are subject to criminal forfeiture proceedings if Mr. Jarvis is convicted of any crime alleged in this Indictment for which criminal forfeiture is an available sentencing penalty, and the requisite nexus between the crime of conviction and the property is found.

    3.    The United States has a duty to preserve and prevent criminal use of the property pursuant to Fed. R. Civ. P. 41(g)(7)(a) which the Parties agree is reasonable to acknowledge here.

    4.    The Parties are on notice via the email exhibit submitted to this Court at hearing on October 26, 2006 that the State of New Mexico controls the ownership, disposition and status of liquor license No. 2599, and whether or not this license remains in the control of the owner Mr. Jarvis is a legal matter between the State of New Mexico licensing authorities and Mr. Jarvis, and the United States will not intervene in any way between the State and Defendant as to License No. 2599.

    5.    The Parties agree that clarification of the property status is necessary to protect the property rights of Mr. Jarvis pre-trial while imposing minimum burdens on the

property within the constitutional parameters of *James Daniel Good*, and the United States' duties at Declarations, ¶ 3.

**B.     Terms**

1.     The Parties agree that Mr. Jarvis, as current title holder of both the real and personal property identified here, has the right to continue to manage his property, including lawfully selling it on reasonable fair market terms.

2.     The Parties agree that the United States will not unreasonably impede the sale of the property as allowable by law, and that time is of the essence.

3.     The Parties acknowledge that the company Fork and Dagger has executed a lawful and legitimate purchase agreement with Mr. Jarvis regarding the above named real and personal properties. *See Ex. A, attached*.

4.     The Parties further acknowledge that it is routine and reasonable for the purchaser to receive clear and unencumbered title to both properties at closing, and to this end, the parties agree that the United States will monitor the sale and Closing of the properties, with the United States executing a release of the *lis pendens* and encumbrances on the properties which will be delivered to the title company for recording at Closing.

5.     The Parties further agree that the outstanding loan to First State Bank secured by the liquor license named above shall be paid in full according to terms agreed to between Mr. Jarvis and First State Bank.

6.     The Parties agree further that standard closing costs and expenses shall be paid out of sale proceeds as per Mr. Jarvis' and the Buyer's purchase agreement, with the purchase agreement controlling, to include:

a. outstanding taxes on the real property and taxes, licensing costs and or fees shall be paid out of closing costs; commissions, outstanding debts as reflected in the UCC search, title insurance, outstanding gross receipts on the liquor license, title company costs, recording fees;

b. Payment of child support arrearages for Emma Jean Kirwin-Jarvis, born October 4, 2004, in the amount of $900.00 per month pursuant to valid court order, to her mother and custodial parent Melania Marie Kirwin or other lawfully designated and actual caregiver of Emma;

c. Payment of child support arrearages for Dylan Jarvis, born July 25, 1990 in the amount of $ 300.00 per month, to his mother and custodial parent, Eileen Fitzgerald, or other lawfully designated and actual caregiver of Dylan;

d. Payment of outstanding federal and state income taxes of Mr. Dana Jarvis; and

e. Payment of property management and trust fund management fees to Mr. Jarvis' former acting Power of Attorney, Mr. Brandon Cummings, upon presentation of past due invoicing at $ 25.00 per hour.

f. Payment of any outstanding UCC obligations to close the sale, including any obligations incurred by the former lessee of the premises;

4

    g.    Payment of any outstanding gross receipts taxes; and

    h:    Payment of any other legitimate and lawful obligations of Mr. Jarvis as agreed to amongst the Parties to this agreement, Mr. Jarvis and the United States.

7.    The Parties agree that the funds remaining shall be deposited in the United States Seized Asset Fund or as otherwise agreed and directed by the United States and or United States Marshall's Service, pending outcome of Mr. Jarvis' criminal matters and that the U.S. Marshall's Service agrees to make the court ordered monthly child support payments monthly for both of Mr. Jarvis' minor children out of these funds during the pendency of the resolution of the criminal case.

8.    Mr. Jarvis expressly agrees that violation of any provision of this agreement shall constitute a material breach of the agreement and that upon the alleged occurrence of such violation, the United States may, in its discretion; bring such allegations before the District Court for appropriate resolution consonant with the stage of the underlying proceedings.

Respectfully Submitted,

By:    *Electronically Filed*
Joe M. Romero, Jr.
Co-Counsel for Mr. Jarvis
1905 Lomas Blvd. NW
Albuquerque, NM 87104
(505) 843-9776

*Electronically Filed*
Jody Neal-Post
Co-Counsel for Mr. Jarvis
317 Amherst SE
Albuquerque, NM 87106

5

                                                  (505) 268-7263

                                                  _____
Stephen R. Kotz
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

It is Ordered and Approved by:

_____
United States District Court Judge

6