FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 2 1 2007

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 05-1849 JH |
| | ) | |
| MATTHEW HOTHAN, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties hereby notify the Court of the following

agreement between the United States Attorney for the District of New Mexico, the defendant,

MATTHEW HOTHAN, and the defendant's counsel, STEPHEN D. AARONS:

### REPRESENTATION BY COUNSEL

1.     The defendant understands his right to be represented by an attorney and is so

represented. The defendant has thoroughly reviewed all aspects of this case with his attorney and

is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.     The defendant further understands his rights:

      a.     to plead not guilty;

      b.     to have a trial by jury;

      c.     to confront and cross-examine witnesses and to call witnesses in his
defense; and

      d.     against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.    The defendant hereby agrees to waive these rights and to plead guilty to an

Information charging violation of 21 U.S.C. § 846, that being conspiracy to distribute marijuana.

## SENTENCING

4.    The defendant understands that the minimum and maximum penalties the Court

can impose as to the Information are:

   a.    imprisonment for a period of not more than twenty (20) years;

   b.    a fine not to exceed the greater of $1,000,000.00 or twice the pecuniary
         gain to the defendant or pecuniary loss to the victim;

   c.    a mandatory term of supervised release of not less than three (3) years that
         must follow any term of imprisonment (if the defendant serves a term of
         imprisonment, is then released on supervised release, and violates the
         conditions of supervised release, the defendant's supervised release could
         be revoked – even on the last day of the term – and the defendant could
         then be returned to another period of incarceration and a new term of
         supervised release);

   d.    a mandatory special penalty assessment of $100.00; and

   e.    restitution as may be ordered by the Court.

5.    The defendant understands and agrees that sentencing will be pursuant to the

Sentencing Reform Act of 1984, which requires the sentencing Court to consider applicable

advisory sentencing guideline ranges in determining the appropriate sentence. **Notwithstanding

such advisory guidelines, the defendant fully understands that no one can predict with

certainty what sentence the Court will impose. The determination of the actual sentence

imposed is solely in the reasonable discretion of the Court.**

2

6.      The United States hereby expressly reserves the right to make known to the United States Probation Office, for inclusion in the presentence report prepared pursuant to Rule 32, Fed. R. Crim. P., any information that the United States believes may be helpful to the Court.

## STIPULATIONS

7.      The United States and the defendant stipulate as follows:

a.      At least 100 but less than 400 kilograms of marijuana are attributable to the defendant. Accordingly, the parties agree that the defendant's base offense level is 26, pursuant to U.S.S.G. § 2D1.1(c)(7).

b.      The defendant was a minimal participant in the criminal activity underlying this agreement. Consequently, pursuant to U.S.S.G. §3B1.2(a), the defendant is entitled to a reduction of four (4) levels from the base offense level as calculated under the sentencing guidelines.

c.      As of the date of this agreement, the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. Consequently, pursuant to U.S.S.G. § 3E1.1, so long as the defendant continues to accept responsibility for his criminal conduct, he is entitled to a reduction of three (3) levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant personally providing an appropriate oral or written statement to the United States Probation officer who prepares the presentence report in this case in which the defendant clearly establishes his entitlement to this reduction.

8.      The defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the defendant understands that the Court

3

may choose to deviate from the advisory guideline sentence. The defendant understands and agrees that if the Court does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than expected by the defendant, or if the Court deviates from the advisory guideline range, the defendant will not seek to withdraw the plea of guilty. In other words, regardless of any stipulations the parties may enter into, the defendant's final sentence is solely within the discretion of the Court.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

9.      The defendant understands his obligation to provide the United States Probation Office with truthful, accurate, and complete information. The defendant hereby represents that he has complied with and will continue to comply with this obligation.

## GOVERNMENT'S AGREEMENT

10.     Provided that the defendant fulfills his obligations as set out above, the United States agrees:

a.      That it will not bring additional charges against the defendant arising out of the defendant's conduct now known to the United States Attorney's Office for the District of New Mexico.

b.      That it will move at the time of the defendant's sentencing to dismiss the Superseding Indictment as to the defendant.

11.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

4

## VOLUNTARY PLEA

12.    The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement.

## VIOLATION OF PLEA AGREEMENT

13.    The defendant understands and agrees that if he violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the Superseding Indictment in this case, as well as perjury, false statement, and obstruction of justice.

## ENTIRETY OF AGREEMENT

14.    This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 21st day of __May__, 2007.

LARRY GOMEZ
Acting United States Attorney


JAMES R.W. BRAUN
Assistant United States Attorney
201 Third Street N.W., Suite 900
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 346-7274

5

I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.

MATTHEW HOTHAN
Defendant

STEPHEN D. AARONS
Attorney for Defendant

6