IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

07 JUN 19 AM 11: 26

CLERK-ALBUQUERQUE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 05-1849 JH |
| | ) | |
| CATHY FITZGERALD, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties hereby notify the Court of the following

agreement between the United States Attorney for the District of New Mexico, the defendant,

CATHY FITZGERALD, and the defendant's counsel, CLIFFORD M. MCINTYRE:

### REPRESENTATION BY COUNSEL

1.      The defendant understands her right to be represented by an attorney and is so

represented. The defendant has thoroughly reviewed all aspects of this case with her attorney and

is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.      The defendant further understands her rights:

      a.      to plead not guilty;

      b.      to have a trial by jury;

      c.      to confront and cross-examine witnesses and to call witnesses in her
defense; and

      d.      against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.     The defendant hereby agrees to waive these rights and to plead guilty to an

Information to be filed charging violation of 21 U.S.C. § 846, that being conspiracy to distribute

100 kilograms and more of marijuana.

## SENTENCING

4.     The defendant understands that the minimum and maximum penalties the Court

can impose as to the Information are:

   a.    imprisonment for a period of not less than five (5) years nor more than
         forty (40) years;

   b.    a fine not to exceed the greater of $2,000,000.00 or twice the pecuniary
         gain to the defendant or pecuniary loss to the victim;

   c.    a mandatory term of supervised release of not less than four (4) years that
         must follow any term of imprisonment (if the defendant serves a term of
         imprisonment, is then released on supervised release, and violates the
         conditions of supervised release, the defendant's supervised release could
         be revoked – even on the last day of the term – and the defendant could
         then be returned to another period of incarceration and a new term of
         supervised release);

   d.    a mandatory special penalty assessment of $100.00; and

   e.    restitution as may be ordered by the Court.

5.     The parties stipulate and agree pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., that

the sentence shall be imprisonment for a term of 84 months, followed by a term of supervised

release of five (5) years.

6.     The United States hereby expressly reserves the right to make known to the

United States Probation Office, for inclusion in the presentence report prepared pursuant to Rule

32, Fed. R. Crim. P., any information that the United States believes may be helpful to the Court.

2

## DEFENDANT'S ADDITIONAL OBLIGATIONS

7.      The defendant understands her obligation to provide the United States Probation Office with truthful, accurate, and complete information. The defendant hereby represents that she has complied with and will continue to comply with this obligation.

## FORFEITURE

8.      The defendant agrees to forfeit, and hereby forfeits, whatever interest she may have in any asset derived from or used in the commission of the offense in this case. The defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets. The defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

9.      The defendant agrees to the imposition of a money judgment against her in the amount of $5,000.00, representing a portion of the net profit the defendant derived from the offense charged in the Information, which is due at the time of the defendant's sentencing.

10.     The defendant voluntarily and immediately agrees to forfeit to the United States all of her right, title, and interest to 67 Willow (a/k/a 28 Quail Run), Santa Fe, New Mexico, which is more particularly described as follows:

SE 1/4 SE 1/4 NE 1/4 SW 1/4 of Section 31, Township 15 North, Range 9 East, N.M.P.M., Santa Fe County, New Mexico.

3

11.    The defendant agrees to fully assist the United States in the forfeiture of the

above-described property and to take whatever steps are necessary to pass clear title to the United

States, including but not limited to execution of any documents necessary to transfer the

defendant's interest in the above-described property to the United States.

12.    The defendant agrees to waive her right to notice of any forfeiture proceeding

involving the above-described property.

13.    The defendant knowingly and voluntarily waives her right to a jury trial on the

forfeiture of the above-described property.  The defendant knowingly and voluntarily waives all

constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding.

The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether

constitutional or statutory, and agrees to waive any claim or defense under the Eighth

Amendment of the United States Constitution, including any claim of excessive fine, to the

forfeiture of said property by the United States or any State or its subdivisions.

## WAIVER OF APPEAL RIGHTS

14.    The defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 1291 afford a

defendant the right to appeal a conviction and the sentence imposed.  Acknowledging that, the

defendant knowingly waives the right to appeal her conviction and imposition of the sentence

agreed to in paragraph 5 of this plea agreement.

4

## GOVERNMENT'S AGREEMENT

15.    Provided that the defendant fulfills her obligations as set out above, the United States agrees:

a.    That it will not bring additional charges against the defendant arising out of the defendant's conduct now known to the United States Attorney's Office for the District of New Mexico.

b.    That it will move at the time of the defendant's sentencing to dismiss Count 1 of the Superseding Indictment as to the defendant.

16.    This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

17.    The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement.

## VIOLATION OF PLEA AGREEMENT

18.    The defendant understands and agrees that if she violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the Superseding Indictment in this case, as well as perjury, false statement, and obstruction of justice.

5

## ENTIRETY OF AGREEMENT

19.    This document is a complete statement of the agreement in this case and may not

be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 19th day of June, 2007.

LARRY GOMEZ
Acting United States Attorney


JAMES R.W. BRAUN
Assistant United States Attorney
201 Third Street N.W., Suite 900
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 346-7274


I have read this agreement and carefully reviewed every part of it with my attorney.  I understand the agreement and voluntarily sign it.


CATHY FITZGERALD
Defendant


CLIFFORD M. MCINTYRE
Attorney for Defendant