IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-1849 JH |
| | ) | |
| CATHY FITZGERALD, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION OF THE UNITED STATES FOR
A MONEY JUDGMENT**

The United States of America, by its undersigned counsel, moves for entry of a money judgment for the reasons set forth in the following supporting suggestions. A proposed order is submitted with this motion.

1. On June 19, 2007, Defendant Cathy Fitzgerald pleaded guilty to an Information charging that she unlawfully, knowingly and intentionally combine, conspire, confederate and agree with other persons to distribute 100 kilograms and more of marijuana in violation of 21 U.S.C. § 846.

2. On June 19, 2007, the defendant Cathy Fitzgerald entered into a plea agreement with the United States in which she agreed that she had derived $5,000.00 from the offenses for which she has been convicted. In the event of her conviction, she would be required to forfeit to the United States the $5,000.00, representing a portion of the net profit the defendant derived from the offense charged in Information, due at the time of defendant's sentencing.

3. The United States has not, as of this date, identified specific assets that were derived from the offenses for the Defendant has been convicted. Nor has the United States yet identified

any property of the Defendant that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p).

4. Accordingly, the United States seeks the entry of a Final Order of Forfeiture consisting of a personal money judgment against the defendant in the amount of $5,000.00.

5. The entry of a Final Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace. *See United States v. Baker*, 227 F.3d 955 (7th Cir. 2000) (a forfeiture order may include a money judgment for the amount of money involved in the money laundering offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond); *United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999) (criminal forfeiture order may take several forms: money judgment, directly forfeitable property, and substitute assets); *United States v. Davis*, 177 F. Supp.2d 470 (E.D. Va. 2001) (same, following *Candelaria-Silva*); *United States v. Conner*, 752 F.2d 566, 576 (11th Cir. 1985) (because criminal forfeiture is *in personam*, it follows defendant; it is a money judgment against the defendant for the amount of money that came into his hands illegally; the Government is not required to trace the money to any specific asset); *United States v. Ginsburg*, 773 F.2d 798, 801-02 (7th Cir. 1985) (*en banc*) (criminal forfeiture is a personal judgment that requires the defendant to pay the total amount derived from the criminal activity, "regardless of whether the specific dollars received from that activity are still in his possession"); *United States v. Amend*, 791 F.2d 1120, 1127 (4th Cir. 1986) (same); *United States v. Robilotto*, 828 F.2d 940, 949 (2d Cir. 1987) (following *Conner* and *Ginsburg*; the court may enter a money judgment for the amount of the illegal proceeds regardless of whether defendant retained the proceeds); *United States v. Navarro-Ordas*, 770 F.2d 959, 969 (11th Cir. 1985) (court may enter "personal money

judgment" against the defendant for the amount of the illegally obtained proceeds); *United States v. Voigt*, 89 F.3d 1050, 1084, 1088 (3d Cir. 1996) (the Government is entitled to a personal money judgment equal to the amount of money involved in the money laundering offense); *United States v. Holland*, 160 F.3d 377, 380 (7th Cir. 1998) (defendant ordered to pay judgment equal to value of property concealed from bankruptcy court and subsequently laundered); *United States v. Corrado*, 227 F.3d 543 (6th Cir. 2000) (*Corrado I*) (remanding case to the district court to enter money judgment for the amount derived from a RICO offense); *United States v. Saccoccia*, 823 F. Supp. 994, 1006 (D.R.I. 1993) (money judgment for the amount laundered, $136 million, entered against each defendant), *aff'd*, 58 F.3d 754 (1st Cir. 1995); *United States v. Sokolow*, 1995 WL 113079 at *1 (E.D. Pa. 1995) (because money is fungible, the Government need not receive the identical money involved in the money laundering offense so long as the amount involved is known), *aff'd*, 81 F.3d 397 (3d Cir. 1996); *United States v. Cleveland*, 1997 WL 537707 at *11 (E.D. La. 1997) (the Government is entitled to a money judgment equal to the amount of money that defendant laundered in money laundering case); *United States v. Stewart*, 1998 WL 720063 (E.D. Pa. 1998) (court enters money judgment for "aggregate sum of all money laundering counts for which defendant was convicted"), *aff'd as modified*, 185 F.3d 112 (3d Cir. 1999); *United States v. Henry*, 850 F. Supp. 681, 683 (M.D. Tenn. 1994) (court enters money judgment for $191,206, which was the amount of Medicare fraud proceeds defendant was convicted of laundering), *aff'd*, 64 F.3d 664, 1995 WL 478635 (6th Cir. 1995) (Table); *United States v. Delco Wire and Cable Co., Inc.*, 772 F. Supp. 1511 (E.D. Pa. 1991) (criminal forfeiture is "like a money judgment that runs against the defendant until satisfied in full"; judgment entered for $10 million, which was the amount of the racketeering proceeds).

6. Once the Final Order of Forfeiture is entered, the Government may move at any time,

pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the defendant, having a value up to the amount of the money judgment, as substitute assets. *See United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999) (once the Government has obtained a money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment); *United States v. Baker*, 227 F.3d 955 (7th Cir. 2000) (same); *United States v. Numisgroup Intl. Corp*, 169 F. Supp. 2d 133 (E.D.N.Y. 2001) (Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy a money judgment, including a judgment based on the value of the missing proceeds and the value of the missing facilitating property); *United States v. Harrison*, 2001 WL 803695 (N.D. Ill. 2001) (entry of money judgment as part of preliminary order of forfeiture gives Government opportunity later to satisfy the judgment by seeking forfeiture of substitute assets; Rule 32.2(e)); *United States v. Davis*, 177 F. Supp.2d 470 (E.D. Va. 2001) (if property cannot be forfeited as directly traceable to the offense, it can be forfeited as a substitute asset and used to satisfy the money judgment).

By virtue of the guilty plea and the determination of the amount of money derived from the offenses for which the Defendant has been convicted, a money judgment should be entered against the defendant.

Accordingly, the United States respectfully requests that this Court enter a final order of forfeiture as proposed in the attached order.

Respectfully submitted,

LARRY GOMEZ
ACTING UNITED STATES ATTORNEY

STEPHEN R. KOTZ
Assistant U.S. Attorney
P. O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on the ___ day June, 2007.
I filed the foregoing electronically through the CM/ECF system.

AND I FURTHER CERITFY that on such date I served the foregoing on the following non-CM/ECF Participants by mail:

Clifford M. McIntyre
Attorney for Defendant Cathy Fitzgerald
1500 Mountain Rd. NW
Albuquerque, NM 87104

_____
STEPHEN R. KOTZ
Assistant U.S. Attorney