**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 27 2007

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | CRIMINAL NO. 05-1849 JH |
| LLOYD MONTOYA, | ) ) ) | |
| Defendant. | ) ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, LLOYD MONTOYA, and the defendant's counsel, ROBERTO ALBERTORIO:

### REPRESENTATION BY COUNSEL

1.  The defendant understands his right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with his attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.  The defendant further understands his rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to confront and cross-examine witnesses and to call witnesses in his defense; and

    d. against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The defendant hereby agrees to waive these rights and to plead guilty to an Information to be filed charging violation of 21 U.S.C. § 846, that being conspiracy to distribute 100 kilograms and more of marijuana.

## SENTENCING

4. The defendant understands that the minimum and maximum penalties the Court can impose as to the Information are:

   a. imprisonment for a period of not less than five (5) years nor more than forty (40) years;

   b. a fine not to exceed the greater of $2,000,000.00 or twice the pecuniary gain to the defendant or pecuniary loss to the victim;

   c. a mandatory term of supervised release of not less than four (4) years that must follow any term of imprisonment (if the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked – even on the last day of the term – and the defendant could then be returned to another period of incarceration and a new term of supervised release);

   d. a mandatory special penalty assessment of $100.00; and

   e. restitution as may be ordered by the Court.

5. The defendant understands and agrees that sentencing will be pursuant to the Sentencing Reform Act of 1984, which requires the sentencing Court to consider applicable advisory sentencing guideline ranges in determining the appropriate sentence. **Notwithstanding such advisory guidelines, the defendant fully understands that no one can predict with certainty what sentence the Court will impose. The determination of the actual sentence imposed is solely in the reasonable discretion of the Court.**

6.  The United States hereby expressly reserves the right to make known to the United States Probation Office, for inclusion in the presentence report prepared pursuant to Rule 32, Fed. R. Crim. P., any information that the United States believes may be helpful to the Court.

## STIPULATIONS

7.  The United States and the defendant stipulate as follows:

a.  At least 400 kilograms but less than 700 kilograms of marijuana are attributable to the defendant. Accordingly, the parties agree that the defendant's base offense level is 28, pursuant to U.S.S.G. § 2D1.1(c)(6).

b.  As of the date of this agreement, the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. Consequently, pursuant to U.S.S.G. § 3E1.1, so long as the defendant continues to accept responsibility for his criminal conduct, he is entitled to a reduction of three (3) levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant personally providing an appropriate oral or written statement to the United States Probation officer who prepares the presentence report in this case in which the defendant clearly establishes his entitlement to this reduction.

8.  The defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the defendant understands that the Court may choose to deviate from the advisory guideline sentence. The defendant understands and agrees that if the Court does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than expected by the defendant, or if the Court deviates from the

advisory guideline range, the defendant will not seek to withdraw the plea of guilty. In other words, regardless of any stipulations the parties may enter into, the defendant's final sentence is solely within the discretion of the Court.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

9. The defendant understands his obligation to provide the United States Probation Office with truthful, accurate, and complete information. The defendant hereby represents that he has complied with and will continue to comply with this obligation.

## WAIVER OF APPEAL RIGHTS

10. The defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 1291 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal his conviction and any sentence within the applicable guideline range as determined by the Court after resolution of any objections by either party to the presentence report to be prepared in this case, and the defendant specifically agrees not to appeal the determination of the Court in resolving any contested sentencing factor. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, that the Court may depart upwards from the applicable sentencing guideline range as determined by the Court.

## GOVERNMENT'S AGREEMENT

11. Provided that the defendant fulfills his obligations as set out above, the United States agrees:

    a. That it will not bring additional charges against the defendant arising out of the defendant's conduct now known to the United States Attorney's Office for the District of New Mexico.

    b. That it will move at the time of the defendant's sentencing to dismiss Count 1 of the Superseding Indictment as to the defendant.

12. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

13. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement.

## VIOLATION OF PLEA AGREEMENT

14. The defendant understands and agrees that if he violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the Superseding Indictment in this case, as well as perjury, false statement, and obstruction of justice.

## ENTIRETY OF AGREEMENT

15.  This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 27th day of June, 2007.

> LARRY GOMEZ
> Acting United States Attorney
>
> *(signature)*
>
> JAMES R.W. BRAUN
> Assistant United States Attorney
> 201 Third Street N.W., Suite 900
> Post Office Box 607
> Albuquerque, New Mexico 87102
> (505) 346-7274

I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.

> *(signature)*
> LLOYD MONTOYA
> Defendant
>
> *(signature)*
> ROBERTO ALBERTORIO
> Attorney for Defendant