IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.

      No:    05-CR- 1849 (JH)

DANA JARVIS,

      Defendant.

### DEFENDANT DANA JARVIS' MOTION TO DISMISS FOR IRREPARABLE STRUCTURAL ERROR & ADDITIONAL FIFTH & SIXTH AMENDMENT VIOLATIONS

Defendant, Dana Jarvis, through counsel of record Joe M. Romero, Jr. and Jody Neal-Post, hereby requests this case be dismissed with prejudice due to irreparable structural error caused by the erroneous denial of Defendant Jarvis' Motion to Release Funds for retained counsel. There have been now two Sixth Amendment violations of rights to counsel based upon the actions of the Government. *See United States v. Gonzalez-Lopez*, 126 S. Ct. 2557, 2562 (2006); *United States v. Jarvis*, 2007 U.S. App. LEXIS 20687 (Doc. 1065 herein); Doc. 654 (finding violations of Sixth Amendment rights to prepare a defense with the effective assistance of counsel). These cumulative constitutional violations have irreparably destroyed the fairness of these criminal proceedings, causing in turn a Fifth Amendment due process violation. *See Douglas v. California,* 372 U.S. 353, 358 n.2 (1963), *quoting Coppedge v. United States*, 369 U.S. 438, 449 (1962)). The only remedy in these unique circumstances is dismissal with prejudice, in part due to the actual conflict of interests now preventing Mr. Jarvis' counsel of choice from ever representing him in this case.

The United States has reviewed this Motion and opposes it.

## Argument & Authorities

## The Sixth Amendment Choice of Counsel Violation

"A choice-of-counsel violation occurs *whenever* the defendant's choice is wrongfully denied." *Gonzalez-Lopez*, 126 S. Ct. at 2565 (emphasis in orig.). In *United States v. Gonzales-Lopez*, the United States Supreme Court was unequivocal that wrongful deprivation of retained counsel of choice is structural error in a criminal proceeding:

> **erroneous deprivation of the right to counsel of choice, with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as 'structural error.'** Different attorneys will pursue different strategies with regard to investigation and discovery, development of the theory of defense, selection of the jury, presentation of the witnesses, and style of witness examination and jury argument. And the choice of attorney will affect whether and on what terms the defendant cooperates with the prosecution, plea bargains, or decides instead to go to trial. In light of these myriad aspects of representation, the erroneous denial of counsel bears directly on the 'framework within which the trial proceeds,' --or indeed on whether it proceeds at all. It is impossible to know what different choices the rejected counsel would have made, and then to quantify the impact of those different choices on the outcome of the proceedings.

*Gonzalez-Lopez*, 126 S. Ct. at 2565 (emphasis added)(internal citations omitted). In *Gonzalez-Lopez*, the Supreme Court held that a conviction obtained in the face of an erroneous deprivation of choice of retained counsel required reversal and, presumably, remand for a new trial. *Id.* at 2570 (characterization found in J. Alito's dissent to the majority holding). This remedy is not available here to correct this Sixth Amendment violation.

On August 28, 2007, the Tenth Circuit entered its published decision in *United States v. Jarvis*, holding "the order of the district court denying Jarvis' motion to release funds is, therefore, **reversed** and this case is **remanded** to the district court with instructions to order the *lis pendens* notices removed." *United States v. Jarvis*, 2007 U.S. App. LEXIS 20687  (emphasis in original). As this

Court is aware, the Motion to Release Funds was for the purpose of releasing the Mora properties from the United States' *lis pendens*, such that Mr. Jarvis could use the properties to hire counsels Robert Gorence and Paul Kennedy to represent him in these proceedings. *Doc.* Nos. 293, pp. 2-3; Doc. 314, ¶ 6 (Motion to Release Funds, filed by Robert Gorence; "Defendant Jarvis desires to retain Robert J. Gorence and Paul Kennedy for his defense but counsel will need adequate funds…."; *Transcript of Proceedings January 19, 2006*, 5:1-11, 6:9-15, 7:1-20 (Mr. Gorence speaking, "Mr. Jarvis needs the services of both of us to represent him on this continuing criminal enterprise indictment….", and "We're of the belief that Mr. Jarvis has the financial wherewithal to hire us if the Court were to grant the motion to release assets that have been seized."); *id.* at 8:10-14, Ms. Rosenstein speaking, "Mr. Jarvis wants the Court to know that he is the defendant and he would very much like to be able to retain Mr. Gorence and Mr. Kennedy in this matter with his own personal funds…."(Transcript attached).

Mr. Gorence and AUSA Braun discussed the specific matter of retained counsel of choice before this Court in the same January 19, 2006 hearing:

> *AUSA Braun*: So I don't think the Court needs to grant the limited entry of appearance, it can simply appoint an attorney on the CJA panel who is competent to handle this type of case.
>
> *Mr. Gorence*: Your Honor, to answer that, and I think obviously the Sixth Amendment contemplates counsel of choice if an individual has the wherewithal to hire counsel….
>
> I think preliminarily with regard [to the properties listed in the indictment], you can see from the indictment, the Mora County property that the government has filed *lis pendens* on under a theory that if they are successful in obtaining the money judgment, those are substitute assets preliminarily, without even showing that they are traceable, those ought to be released and this Court ought to order the *lis pendens* removed so Mr. Jarvis can retain counsel of his choice.

*Id.* 6:13-15; 7:13-20.

"A choice-of-counsel violation occurs *whenever* the defendant's choice is wrongfully denied." The wrongful denial of Mr. Jarvis' Motion on January 19, 2006 was a choice of counsel violation, as the stated purpose of the Motion as reflected in the record was Mr. Jarvis' request for release of funds to hire counsel of choice, Mr. Gorence and Mr. Kennedy, as his defense team.

Structural error attached in this case on the date of denial of the constitutional right, January 19, 2006. Mr. Jarvis made request to this Court for the counsel he was deprived of, Mr. Gorence and Mr. Kennedy. This defense team is now unavailable. The remedy of *Gonzalez-Lopez*, starting over with the Defendant's counsel of choice, is now impossible.

This Court may take judicial notice of the fact that Mr. Gorence has an actual conflict in this case preventing him from now representing Mr. Jarvis, that being Mr. Gorence's present representation of co-defendant Dennis Wilson. *See Doc.* 454 (May 5, 2006), *Entry of Appearance of Robert Gorence for Dennis Wilson; Rael v. Blair*, 2007-NMSC-6, ¶ 21 (it is a *per se* conflict of interests when counsel has an on-going professional relationship with another client (Wilson) which is relevant to the Defendant's (Jarvis') trial); *United States v. Kaufman*, 354 F. Supp. 2d 1201, 1205-06 (D. Kan. 2005)(government's allegations of "differing levels of culpability" between the co-defendants at issue reflected in superseding indictment supports finding of actual conflict). The Court can also take judicial notice of Mr. Gorence having been present before this Court on January 19, 2006 representing Mr. Jarvis. On that day Mr. Gorence and Mr. Kennedy were denied in their request to have their motion to release funds granted to hire them. *TP* 7:5-7. Today, an actual conflict of interests now prevents Mr. Gorence from representing Mr. Jarvis regardless of what anyone wants. *But for* the wrongful deprivation of Mr. Jarvis' Motion to Release Funds on January 19, 2006, Mr. Jarvis' Sixth Amendment right to choice of counsel would not have been violated.

Mr. Jarvis' right is now irremediable, due to the actual and *per se* conflicts of interest that have arisen since the denial of Mr. Jarvis' request. If the case proceeds forward now, any conviction

obtained in this present case will necessarily be reversed. *Gonzalez-Lopez*, 126 S.Ct. at 2563. If dismissed without prejudice and re-indicted, the problem remains, Mr. Gorence being forever unavailable in this unique procedural posture. Forcing Mr. Jarvis to trial with counsel other than Mr. Gorence will forever result in replication of the same structural error, even after the "remedy" of a new trial is granted. As the constitutional violation is irremediable, dismissal with prejudice is required.

## The Sixth Amendment Violation of Right to Counsel's Assistance

This is the unusual case with *two* Sixth Amendment violations of record- the implicit finding of the Tenth Circuit and the explicit finding of this Court of violations of the right to prepare a defense with the effective assistance of counsel. *See* Mr. Jarvis' *Motion to End Unconstitutional Conditions of Confinement, Doc.* 342, *Order* at *Doc.* 654.

In this Court's Order, *Doc.* 654, this Court found, "with regard to the Defendant's conditions of confinement":

> The Court concludes that the Defendant has presented sufficient evidence to demonstrate that the current conditions of administrative segregation are interfering with his Sixth Amendment right to prepare a defense with the effective assistance of counsel.

*Order, Doc.* 654, p.1. The Order went on to detail the factual basis of this Sixth Amendment finding of violation, describing the actual manners and modes of interference with access to counsel and in Mr. Jarvis' defense preparation caused by the solitary confinement conditions in which Mr. Jarvis had been for, at that point, over six months. *Id.* at 1-2. The record reflects further the uncontradicted evidence of Mr. Jarvis' failing mental state during this period impacting his ability to assist in his own defense even when able to access counsel. *Id.* at 2-3.

Every individual charged with a crime has the right to assistance of counsel at all critical stages of the criminal proceedings. "The pre-trial period constitutes a critical period"

or "critical stage" in the proceedings, and such stages are "not limited to formal appearances before a judge." *Mitchell v. Mason*, 325 F.3d 732, 743 (6th Cir. 2003); *also Powell v. Alabama*, 287 U.S. 45, 57, 53, 77 L. Ed. 158, 53 S. Ct. 55 (1932) (describing the pre-trial period as possibly the most critical period of the proceedings).  Denials of counsel during critical stages of the proceedings warrant a presumption of prejudice, because "[t]he presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial." *Mitchell*, 325 F.3d at 742; *United States v. Cronic*, 466 U.S. 648, 668 (1984).

Mr. Jarvis was held in pre-trial solitary confinement for more than six months upon allegations, as the Court noted, the United States has chosen not to charge him for, unconstitutionally denying him access to speak with and prepare a defense with his counsel. *Id.*, *Order* at 2. As with the structural error created by the *Gonzalez-Lopez* violation, any conviction obtained now will be reversible due to the pre-trial denial of assistance of counsel. Dismissal is required.

### Multiple Sixth Amendment Violations Compound into a Fifth Amendment Violation

Even if the violation of counsel of choice were not the structural error it is, compound Sixth Amendment errors denying counsel as to a single Defendant are untenable to the appearance of the integrity of the system:

> The court has, moreover, an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them.

*Gonzalez-Lopez*, 126 S. Ct. at 2566.

The multiple Sixth Amendment violations here cumulate to cause a Fifth Amendment violation of Mr. Jarvis' right to fairness in the criminal process:

> **No general respect** for, nor adherence to, the law as a whole can well be expected without judicial recognition of the paramount need for prompt, *eminently fair* and sober criminal law procedures. The methods we employ in the enforcement of our criminal law have aptly been called the measures by which the quality of our civilization may be judged.

*United States v. Stein*, 435 F. Supp. 2d 330, 356 (D.N.Y. 2006), *citing Douglas v. California,* 372 U.S. 353, 358 n.2 (1963)(emphasis in *Stein*).

*In Stein,* the United States interfered with the defendants' contractual rights to counsel appointed by their employer and the District Court found the cumulative violations so impacted the integrity of the proceedings that the Fifth Amendment was also violated. The Second Circuit determined that substantive due process violations require "dismissal of the indictment [as] the proper remedy." *Stein v. KPMG, LLP*, 486 F.3d 753, 763 (2nd Cir. 2007). Dismissal with prejudice is the only remedy as the fairness of these proceedings can never be restored in the face of the unique circumstance here that Mr. Jarvis' chosen defense team will never now be available again.

## Conclusion

The simplicity of the remedy here belies the magnitude of the constitutional significance of what has occurred in these proceedings. Structural error occurred in these proceedings 20 months ago. Subsequently a second Sixth Amendment violation was found by this Court, also interfering with Mr. Jarvis' fundamental rights to access to his counsel and to assist in his own defense- so vital a structural violation as to be presumptively prejudicial to the fairness of any criminal proceedings. This Court found that Mr. Jarvis was held in solitary confinement longer than any other individual in the history of this district. The cumulative effect of these Sixth Amendment violations is yet another constitutional violation, a Fifth Amendment violation. There is no remedy other than dismissal for the structural errors in the particular facts of these proceedings. "If those whom the government suspects are culpable in fact are guilty, they should pay the price. But the determination

of guilt or innocence must be made fairly - not in a proceeding in which the government has obtained an unfair advantage long before the trial even has begun." *United States v. Stein*, 435 F. Supp. 2d 330 (D.N.Y. 2006).

The only constitutionally adequate remedy is dismissal with prejudice.

WHEREFORE, Defendant Jarvis moves this Court for an Order of dismissal of this entire cause, with prejudice.

Respectfully submitted:

*Electronically filed 10/4/07*
By: _____
Joe M. Romero, Jr.
Attorney for Defendant Jarvis
1905 Lomas NW
Albuquerque, NM 87104
(505) 843-9776

*Electronically filed 10/4/07*
By: _____
Jody Neal-Post
Attorney for Defendant Jarvis
317 Amherst SE
Albuquerque, NM  87106
(505) 268-7263

I hereby certify that a true and correct copy of the foregoing was served on opposing counsel, AUSAs James Braun and Stephen Kotz, on October 4, 2007.

*Electronically filed 10/4/07*
_____
Joe M. Romero, Jr.