IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

      No:   05-CR- 1849 (JH)

**DANA JARVIS,**

      **Defendant.**

### DEFENDANT DANA JARVIS' MOTION TO SEAL PROCEEDINGS RELATED TO ATTORNEY-CLIENT ISSUE REGARDING ROBERT GORENCE

Defendant, Dana Jarvis, through counsel of record Joe M. Romero, Jr. and Jody Neal-Post, hereby requests sealing of any proceedings, including pleadings, related to the attorney-client issue regarding Robert Gorence raised by Mr. Gorence at the status conference of October 11, 2007 in this matter. As grounds, Mr. Jarvis states:

1. At the status conference on October 11, 2007, Mr. Gorence, counsel for co-Defendant Dennis Wilson in this present case, made request of the court for a hearing to determine whether an attorney-client, or privileged or confidential, relationship existed between Mr. Gorence and Mr. Jarvis in these proceedings, prior to his representation of his current client, co-defendant Mr. Wilson.

2. Mr. Gorence represented that the matter was necessitated by Mr. Jarvis' Motion to Dismiss, and a letter of notice Mr. Jarvis' counsel sent to him asserting Mr. Jarvis' attorney-client privilege of confidential communications based upon *In re Lichtenberg*, 117 N.M. 325, 326 (1994) (" confidentiality under this rule may attach [as early as] 'when the lawyer agrees to consider whether a client-lawyer relationship shall be established.'").

3. "Obligations arising out of the attorney-client relationship are important primarily to the attorney and client and only secondarily to third parties…. It is rare, however, that a court presiding over litigation in which the attorney represents the client will resolve conflicts or enforce obligations between the attorney and client. To do so could affect the court's impartiality in determining the primary controversy." *In re Merriam*, 250 B.R. 724, 737 (Bankr. D. Colo. 2000).

4. Despite Mr. Gorence's characterization of the issues he raises as relating to Mr. Jarvis' Motion to Dismiss, the heart of the real matter, properly characterized, is more likely to be found in counsel's separate duty, his duty of obligations to the Court. *See id.* (distinguishing duties to client and duties to Court). If this is determined to be the case, or the overriding dispositive matter, it would likely be resolvable upon the existing historical record herein, obviating the need for such proceedings as Mr. Gorence may request.

5. At the present time, the United States has not yet filed its Response to Mr. Jarvis' Motion to Dismiss, so undersigned counsel cannot yet provide a position to this Court as to whether Mr. Jarvis will agree to or oppose as unnecessary, Mr. Gorence's request for a hearing as an underlying necessity for resolution of Mr. Jarvis' pending Motion.

6. However, due to the reality that unsealed pleadings and open hearings on the nature or existence of a confidential relationship have the obvious potential to reveal confidential information, Mr. Jarvis, in an abundance of caution, hereby requests that any pleading filed by either Mr. Gorence or Mr. Jarvis' counsel regarding the existence of an attorney-client relationship between Mr. Gorence and Mr. Jarvis be filed under seal. Such precautions could preclude constitutional error.

7. Mr. Jarvis further requests that should such proceedings actually be had, the United States, if found to be a necessary party to such proceedings, be ordered to utilize a special prosecutor and "Chinese Wall," and that a special master be appointed to hold the proceedings, *in camera*.

8.     Mr. Gorence was provided advance notice of Mr. Jarvis' intent to file this motion via email on October 14, 2007, and presented this Motion for his position on October 15, 2007. He represents his position as opposed to any pleadings being filed under seal in this case, and as opposed to the use of a Special Master.

9.     The United States, through AUSAs James Braun and Steve Kotz, were also provided advance notice of Mr. Jarvis' intent to file this motion via email on October 14, 2007, and presented this Motion for the United States' position on October 15, 2007.  As of October 16, the United States had chosen not to provide a position and so is assumed to oppose.

WHEREFORE, Defendant Jarvis hereby requests that any pleadings touching on the existence or determination of an attorney-client relationship between Mr. Gorence and Mr. Jarvis be sealed.  Furthermore, Mr. Jarvis requests that should such proceedings be held, that the United States not be a party to such proceedings, or if found to be a required party, that a Special United States prosecutor be appointed with appropriate "Chinese Walls" within the United States Attorney's Office, and that a Special Master conduct these proceedings *in camera*.

Respectfully submitted:

*Electronically filed 10/16/07*
By: _____
Joe M. Romero, Jr.
Attorney for Defendant Jarvis
1905 Lomas NW
Albuquerque, NM 87104
(505) 843-9776

*Electronically filed 10/16/07*
By: _____
Jody Neal-Post
Attorney for Defendant Jarvis
317 Amherst SE
Albuquerque, NM  87106
(505) 268-7263

I hereby certify that a true and correct copy of the foregoing was electronically served on all counsel of record, including AUSAs James Braun and Stephen Kotz, on October 16, 2007.

*Electronically filed 10/16/07*

_____

Joe M. Romero, Jr.