*U.S. Department of Justice*

*United States Attorney*
*District of New Mexico*

*Post Office Box 607          505/346-7274*
*Albuquerque, New Mexico  87103    505/346-7224*
*FAX 505/346-7296*

August 16, 2006

**VIA FACSIMILE: (505) 346-2395**
Honorable Judith C. Herrera
United States District Court
333 Lomas Blvd. N.W., Suite 710,
Albuquerque, New Mexico 87102

    RE:    <u>United States v. Dana Jarvis, et al., CR. No. 05-1849 JH</u>

Dear Judge Herrera:

    At the conclusion of the Evidentiary Hearing on August 11, 2006, the Court posed questions and requested that the United States respond. The Court asked how long the United States intended to keep Mr. Jarvis in segregation. Due to the specific potentially on-going nature of the threat of physical harm uncovered by the investigation, the United States intends that Mr. Jarvis remain in segregation indefinitely. The threat involved the use of witting and unwitting third parties with whom Mr. Jarvis had contact. Segregation is intended to prevent contact with third parties who could carry out a threat both within and without the institution. It is important to note that Mr. Jarvis was not placed in administrative segregation for violation of the Regional Correctional Center (RCC) rules, but for a specific threat to the safety of others.

    The Court also requested information regarding limitations on telephone calls in general population as opposed to segregation. The only difference is that the telephone is taken to an inmate in segregation rather than allowing the inmate to use the telephone in a public area. It is our understanding that the time frame for use of the telephone is the same.

    Access to attorneys is the same for inmates in segregation and inmates in general population. Likewise, the interview room is the same. Moreover, unlike other inmates, Mr. Jarvis has unrestricted and unlimited access to counsel.

    Throughout the course of these proceedings, the United States has responded to and addressed each concern Defendant has raised regarding his participation in preparation of his defense, including a site evaluation by a Supervisory AUSA to assure that guards cannot overhear defendant's conversations.

    The United States suggests that if the Court considering expansion of allowable contact with his defense team that the Court modify conditions to allow Mr. Jarvis to contact his defense investigator directly. However, the United States would request a reasonable time for the

Marshal's Service to conduct a background check of the investigator and that the investigator be directed not to function as a conduit for the provision of communications between defendant and third parties, either orally or in writing, i.e. carrying correspondence out of the institution.

    Thank you for your attention to the matters discussed in this letter. If the Court has further questions or concerns, please advise and I will do my best to address any concerns.

                                          Sincerely,

                                          DAVID C. IGLESIAS
                                          United States Attorney

                                          STEPHEN R. KOTZ
                                          Assistant United States Attorney

cc:    Joe Romero, Esq.

SRK/mm