### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        *Plaintiff,*

   v.                         **CR. No. 05-1849 JH**

DAVID C. REID

        *Defendant,*

          and

ALLEN EIDE d/b/a ALCAR COMPANY,

        *Third Party Claimant.*

### EXPEDITED SETTLEMENT AGREEMENT BETWEEN
### THE UNITED STATES AND ALLEN EIDE DBA ALCAR COMPANY

IT IS HEREBY STIPULATED by and between the United States of America and Third Party Claimant Allen Eide d/b/a Alcar Company to compromise and settle its interest in the following property (hereafter "Aircraft"):

        A 1978 BEECHCRAFT KING AIR C90 TURBOPROP AIRCRAFT,
        SERIAL NUMBER LJ-754,
        FAA REGISTRATION NUMBER N754TW

This stipulated settlement is entered into between the parties pursuant to the following terms:

1.    The parties to this Agreement hereby stipulate that Allen Eide d/b/a Alcar Company has a prior vested or superior lienhold interest in the Aircraft.

2.    The parties have agreed that the Aircraft will be released to Paul Lessaongang of Falcon Executive Aviation, located in Mesa, Arizona following entry of the Court's Order for Interlocutory Sale.  Falcon Executive Aviation will assume custody and responsibility for the sale of

the Aircraft in a commercially feasible manner in accordance with the Order for Interlocutory Sale. Allen Eide d/b/a Alcar Company recognizes that he shall be responsible for the care of the Aircraft after the Aircraft is released to Falcon Executive Aviation.

3.     The United States and Allen Eide d/b/a Alcar Company agree upon sale of the Aircraft the gross proceeds derived from the sale of the Aircraft will be disbursed in the following order:

First, the reasonable and necessary costs incurred by Falcon Executive Aviation in connection with the maintenance, repair and readying of the Aircraft for sale will be paid;

Second a Broker commission up to five percent (5%) of the gross sale price of the Aircraft will be paid to Falcon Executive Aviation;

Third Allen Eide d/b/a Alcar Company costs and expenses to recover the Aircraft will be paid;

Fourth the accrued unpaid interest and principal owed under the Promissory Note attached hereto as part of Exhibit A will be paid.

Fifth the net proceeds remaining from the sale of the Aircraft, if any, will be tendered to the United States Marshals Service and will be deposited in the Department of Justice Seized Asset Deposit Fund and substituted as the seized collateral pending the entry of a final judgment in the action.

4.     Falcon Executive Aviation and Allen Eide d/b/a Alcar Company will require the purchaser of the Aircraft to fully complete and execute the Buyer's Information and Certification attached hereto as Exhibit "B".

5.     Falcon Executive Aviation and Allen Eide d/b/a Alcar Company will provide a complete written accounting of the sale of the Aircraft to the United States.  This accounting will

2

include, but not be limited to the purchase price, buyer's identity and all commissions and costs incurred and paid.

6.     Allen Eide d/b/a Alcar Company shall release the United States, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims by Allen Eide d/b/a Alcar Company and his agents that currently exist or that may arise as a result of the Government's actions against and relating to the Aircraft.

7.     Allen Eide d/b/a Alcar Company shall release the United States, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims by Allen Eide d/b/a Alcar Company and his agents that currently exist or that may arise following assumption of custody of the Aircraft by Falcon Executive Aviation located Mesa, Arizona.

8.     Allen Eide d/b/a Alcar Company agrees not to pursue any action against the United States or to enforce any of the rights that he may have under the Aircraft Security Agreement, including but not limited to the right to seek replevin of the Aircraft or foreclose his security interest in the Aircraft  or to assess any additional interest or penalties afforded him under the Aircraft Security Agreement against the United States.

9.     The parties agree to execute further documents, to the extent necessary, to convey clear title to the Property and to implement further the terms of this settlement.  Each party agrees to bear its own costs and attorneys' fees.

10.     Payment to the Petitioner pursuant to this settlement agreement is contingent upon a court-authorized interlocutory sale of the Aircraft.  Further, the terms of this settlement agreement

are subject to approval by the United States District Court.  Violation of any term or conditions of

this settlement agreement shall be construed as a violation of the Court order authorizing the sale of

the Aircraft.

Respectfully submitted:

LARRY GOMEZ
Acting United States Attorney

_____ Date 10-30-07
STPEHEN R. KOTZ
Assistant United States Attorney
PO Box 607
Albuquerque, NM 87103
Telephone: 505-346-7274
Fax: 505-346-7296

_____ Date 10/12/07
WALTER NASH, Esq.
PO BOX 2310
Tucson, AZ  85701
Telephone:  520-792-1613
Fax:  520-628-1079

AGREED:

_____ Date 26 Sept 07
DOUGLAS A. CHRISTENSEN, Esq.
Pearson Christensen & Clapp, PLLP
24 North 4th Street, P.O. 5758
Grand Forks, ND 58206-5758
Telephone:  701-775-0521
Fax:  701-775-0524
Attorney for Third Party Petitioner
Allen Eide d/b/a Alcar Company

4