IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                                                 CR. No. 05-1849 JH

DAVID C. REID

    *Defendant,*

    and

ALLEN EIDE DBA ALCAR COMPANY,

    *Third Party Petitioner.*

### JOINT MOTION FOR INTERLOCUTORY SALE OF PROPERTY

    The United States, by its attorney, Stephen R. Kotz, Assistant United States Attorney for the District of New Mexico, and Defendant David C. Reid, by his attorney, Richard B. Jones, hereby request that the Court enter an order authorizing the interlocutory sale of the following described Property (hereafter "Aircraft"), pursuant to the terms set forth herein:

> A 1978 BEECHCRAFT KING AIR C90 TURBOPROP AIRCRAFT,
> SERIAL NUMBER LJ-754,
> FAA REGISTRATION NUMBER N754TW

    1.     On August 25, 2006, a grand jury in this district indicted Defendant David C. Reid charging him, among other offenses, with drug trafficking, in violation of 21 U.S.C. § 841, *et seq.* The indictment alleged further, that upon Defendant's conviction, certain property would be forfeitable to the United States, including the Beechcraft King Aircraft. The Aircraft was seized pursuant to a seizure warrant.

    2.     Third Party Petitioner Allen Eide d/b/a Alcar Company has asserted an interest in the above-described Aircraft by virtue of a Promissory Note and Aircraft Security Agreement dated

1

April 19, 2005 which is attached as Exhibit "A" to the Expedited Settlement Agreement between the United States and Allen Eide d/b/a Alcar Company. The Defendant has not made any payments on the note since August, 2005. Accordingly, the note is in default. Interest will continue to accrue on the unpaid principal set forth in the note at a per diem rate of .02778 percent.

3. The United States and Third Party Petitioner Allen Eide d/b/a Alcar Company have entered into a settlement agreement pursuant to which the United States has agreed that the Aircraft will be released to Falcon Executive Aviation located in Mesa, Arizona. Falcon Executive Aviation will assume custody of the Aircraft and will sell the Aircraft at market value in a commercially feasible manner. Falcon Executive Aviation will retain custody, control and responsibility for the Aircraft until the sale of the Aircraft has been completed.

4. The parties agree the Aircraft will be sold in the following manner:

a. Paul Lessaongang of Falcon Executive Aviation will sell the Aircraft for market value in a commercially feasible manner.

b. Prior to concluding the sale of the Aircraft Mr. Lessaongang and Allen Eide d/b/a Alcar Company will provide the USMS with the identity of the prospective purchaser. The USMS may, in its sole discretion, refuse the sale of the Aircraft if the USMS determines that the proposed purchaser of the Aircraft is made by or on behalf of a person involved in the criminal activity alleged as the basis for the forfeiture.

c. The Aircraft will be sold for cash.

d. The proceeds derived from the sale of the Aircraft will be disbursed as follows:

1) Reasonable and necessary expenses incurred by Falcon Executive Aviation in connection with the maintenance, repair, marketing and sale of the Aircraft will be paid;

2) Falcon Executive Aviation will be paid a commission up to five percent (5%)

of the purchase price of the Aircraft;

        3)     The Third Party Petitioner Allen Eide d/b/a Alcar Company will be paid all of his costs and expenses incurred to obtain possession of the Aircraft and the accrued interest and principal owed under the Note attached as Exhibit A to the Expedited Settlement Agreement between the United States and the Petitioner Allen Eide d/b/a Alcar Company;

        4)     The balance of the proceeds derived from the sale of the Aircraft, if any, will be deposited in the Department of Justice Seized Asset Deposit Fund and substituted as the property in this action pending a final judgment in this case.

    5.     The Defendant Reid agrees to promptly execute any documents which may be required to complete the sale of the Aircraft.

    6.     This stipulation may be executed in one or more counterparts, each of which will deemed an original but all of which together will constitute one and the same instrument.

WHEREFORE, the United States and the Defendant move that the Court enter an Order granting their joint motion for an interlocutory sale as proposed by the parties.

Respectfully submitted,

| | |
|---|---|
| LARRY GOMEZ<br>Acting United States Attorney<br><br>_____ Date 10-30-07<br>STEPHEN R. KOTZ<br>Assistant United States Attorney<br>PO Box 607<br>Albuquerque, NM 87103<br>Telephone: 505-346-7274<br>Fax: 505-346-7296<br><br>_____ Date 10/12/07<br>WALTER NASH, Esq.<br>PO Box 2310<br>Tucson AZ 85701<br>Telephone: 520-792-1613<br>Fax: 520-628-1079<br>Attorney for David Reid | APPROVED:<br><br>_____ Date 26 Sept 07<br>DOUGLAS A. CHRISTENSEN, Esq.<br>Pearson Christensen & Clapp, PLLP<br>24 North 4th Street<br>P.O. Box 5758<br>Grand Forks, ND 58206-5758<br>Telephone: 701-775-0521<br>Fax: 701-775-0524<br>Attorney for Third Party Petitioner<br>Allen Eide d/b/a Alcar Company |