IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

      No:    05-CR- 1849 (JH)

**DANA JARVIS,**

      **Defendant.**

### DEFENDANT DANA JARVIS' RESPONSE TO CO-DEFENDANT DENNIS WILSON'S MOTION TO DETERMINE WHETHER AN ALLEGED COLFLICT OF INTEREST EXISTS WITH ROBERT J. GORENCE'S REPRESENTATION OF DENNIS WILSON

      Defendant, Dana Jarvis, through counsel of record Joe M. Romero, Jr. and Jody Neal-Post, hereby responds to Dennis Wilson's Motion. Mr. Jarvis states as follows:

      1.    On October 26, 2007, Mr. Jarvis received electronic notice of Mr. Gorence's Motion on behalf of his client herein, Mr. Dennis Wilson, Doc. No. 1989.

      2.    Counsel for Mr. Wilson neither sought nor indicated any position on the Motion from Mr. Jarvis, before filing his Motion.

      3.    On November 4, 2007, undersigned counsel for Mr. Jarvis noticed on the docket in this case that a hearing had been set on Mr. Gorence's Motion for November 20, 2007 at 9:30 am. *Doc. No.* 1103.

      4.    Mr. Jarvis' counsels were not noticed on this hearing. Furthermore, Mr. Jarvis' Motion to Seal Proceedings related to this issue of Mr. Gorence's representation of Mr. Jarvis, filed ten days *before* Mr. Gorence's Motion, been not been resolved by Order of this Court. *Doc.* 1090.

      5.    Mr. Jarvis is a necessary party to this hearing as the court cannot determine whether or not a conflict exists in Mr. Gorence's representation of Co-Defendant Wilson, unless and until

the court has determined if an attorney-client relationship previously existed between Mr. Gorence and Mr. Jarvis "that subjected [the] lawyer to the ethical obligation of preserving confidential communications." *Nelson v. Green Builders, Inc.,* 823 F. Supp. 1439, 1444 (D. Wis. 1993) (relied upon by Cole v. Ruidoso Mun. Sch., 43 F.3d 1373 (10th Cir. 1994). "New Mexico law holds that attorneys have no option to waive privilege for a client, and are obligated to assert it. *Hunter v. Kenney,* 77 N.M. 336, 422 P.2d 623 (1967)." Advisory Opinion 1992-2. "One of the foundations of our profession is the client's right to confidence. We do not believe that Rule 16-106 should be construed to create any exception of convenience, or to put upon an attorney any right or obligation to do anything other than assert the privilege." *Id.*

6. To show that an implied or explicit attorney-client relationship existed for the purposes of a conflict analysis, "a party must show that (1) it submitted confidential information to a lawyer and (2) it did so with the reasonable belief that the lawyer was acting as the party's attorney." *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1384 (10th Cir. 1994), c*iting Nelson*, 823 F. Supp. at 1445. n8. "[T]he parties need not have executed a formal contract." *Cole ,* 43 F.3d at 1384 (10th Cir. 1994), *citing Westinghouse Electric Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311, 1317 (7th Cir. 1978). "Nor is the existence of a relationship dependent upon the payment of fees." *Id.* at 1317 n.6. Additionally, "an 'implied professional relationship' can exist in the context of the 'preliminary consultation by a prospective client with a view to retention of the lawyer,' even though 'actual employment does not result.'" *Westinghouse*, 580F.2d at 1319; *see also In re Lichtenberg*, 117 N.M. 325, 326 (1994) ("confidentiality under this rule may attach 'when the lawyer agrees to consider whether a client-lawyer relationship shall be established.'").

7. "A fiduciary relationship may arise solely from the nature of the work performed and the circumstances under which confidential information is divulged." *Nelson*, 823 F. Supp. at 1445. Mr. Jarvis "need not reveal the substance of [his] communication to the lawyer, for this would defeat the purpose of the disqualification." *Cole,* 43 F.3d at 1384, *citing Smith v. Whatcott*, 757 F.2d 1098, 1100 (10th Cir. 1985). "Usually, a showing of the circumstances and subject of the consultation will be enough to demonstrate whether the information was confidential." *Cole*, 43 F.3d at 1384.

2

8.  Mr. Jarvis attaches his affidavit in support, without waiving any privileges, demonstrating the circumstances and subjects of the consultations he had with Mr. Gorence and the nature of confidences he passed as his basis of reasonable belief that Mr. Gorence was his attorney. It was reasonable for Mr. Jarvis to believe so when Mr. Gorence accepted the confidential communications from him, filed papers on his behalf in his capacity as a licensed attorney and argued his Motion to Release, Doc. 314, on Mr. Jarvis' behalf on January 19, 2006, contrary to Co-Defendant Wilson's assertion otherwise at his paragraph 5, Doc. 1098. *Affidavit of Dana Jarvis, attch as Ex. A*. In further contravention, Mr. Jarvis states he has now provided his counsel with all the documents referred to in his affidavit as having been provided to Mr. Gorence, including, upon information and belief, the actual indictment Mr. Gorence made notations on during discussion with Mr. Jarvis. *See also Affidavit of Professor Rodney Uphoff, Esq., attch as Ex. B.*

9.  For New Mexico attorneys, the duties of keeping confidences, loyalty, and avoiding the appearance of impropriety forbid representation of two adverse parties in related (much less the same) proceedings. *State v. Martinez*, 100 N.M. 532, 673 P.2d 509 (N.M. App. 1983). More importantly, this rule is to benefit the first or former client, not the present client: "All of these concepts are for the benefit of the former or first client," not the benefit of the second client. *Martinez*, 100 N.M. at 535, 673 P.2d at 512. This is why, the New Mexico courts reason, that there is no automatic disqualification of attorneys who move from the district attorney's office to the public defender, but there is automatic disqualification in all related cases when attorneys move from the public defender to the prosecution: "The real danger of breach of defendant's confidences, or at least a substantial appearance of impropriety is from the defendant's perspective." *Id.* at 537, 673 P.2d at 514.

10. "In New Mexico, an attorney may not represent a party in a matter in which the adverse party is that attorney's former client and the subject matter of the two representatives are substantially related." Advisory Opinion 1984-8, *citing United Nuclear Corporation v. General Atomic Corporation*, 96 N.M. 155, 629 P.2d 231 (1980). The determination of whether there is a substantial relationship turns on the *possibility*, or *appearance thereof*, that confidential information might have been

3

given to the attorney, and that information is possibly relevant to the subsequent matter in some way.[1] Advisory Opinion 1984-8. "The rule ... involves the realistic appraisal of the *possibility* that confidences had been disclosed in the one matter which will be harmful to the client in the other." *Id.* As the ethics committee has held in advisory opinions, a reviewing court is "to restrict the inquiry to the *possibility* of disclosure and not whether actual confidences were disclosed." *Id., citing Westinghouse,* 580 F.2d 1311.

11. Defendant Jarvis agrees with Defendant Wilson's counsel at his paragraph 6, "that he has an ethical responsibility to raise this matter with the Court to get a definitive ruling both for the benefit of Mr. Jarvis and Mr. Wilson." *Doc.* 1098, ¶ 6.

12. However, Mr. Jarvis points out that while all counsel and this Court share varying responsibilities for the integrity of the proceedings, it was the "duty" of the United States to "bring to the Court's attention any potential conflicts of interest of which it may [have] become aware." United States' Briefing in Support of its Rule 44(c) Motion, filed herein two years ago, October 17, **2005,** p. 3, *attch as Ex. C.*

13. To date, the United States still fails to act on this duty as regards Defendants Jarvis and Wilson. Had the United States acted promptly when Mr. Gorence entered his appearance for Mr. Wilson and made its proper inquires as to conflicts, as it did two years ago in this same case as to Defendants Jarvis and Fitzgerald, this Court would have promptly initiated inquiry and resolved this situation 18 months ago.

14. The United States, having prevailed upon this assertion of duty belonging to the United States as the basis for disqualifying Mr. Jarvis' previous counsel, Cliff McIntyre, is judicially estopped from controverting this position now. "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because

---

[1] "[T]he burden of proving that the matter is the same or is substantially related is upon the party asserting disqualification; the burden of proving the absence of actual knowledge of confidential information, or of information which would disadvantage the prior firm's client, is upon the party resisting disqualification." Advisory Opinion 1986-3.

his interests have changed, assume a contrary position." *Davis v. Wakelee*, 156 U.S. 680, 689 (1895), *also New Hampshire v. Maine,* 532 U.S. 742, 752-53 (2001).

15. Mr. Jarvis reasserts his request that these proceedings regarding the existence of an attorney-client relationship be sealed. The Defendant also reasserts his request that the United States *not* be a party to these proceedings, as the issues have been raised by the Co-Defendants only and the possibility of exposure of confidential information is ever-present in a conflict proceeding. Mr. Jarvis requests further that the Court issue a new Notice of Hearing including Mr. Jarvis as a necessary party, *excluding* the United States, and noticing the proceedings as sealed proceedings set to resolve this matter on November 20, 2007 at 9:30 a.m.

Respectfully submitted:

*Electronically filed 11/5/07*
By: _____
Joe M. Romero, Jr.
Attorney for Defendant Jarvis
1905 Lomas NW
Albuquerque, NM 87104
(505) 843-9776

*Electronically filed 11/5/07*
By: _____
Jody Neal-Post
Attorney for Defendant Jarvis
317 Amherst SE
Albuquerque, NM 87106
(505) 268-7263

I hereby certify that a true and correct copy of the
foregoing was served on opposing counsel, AUSAs
James Braun and Stephen Kotz, on November 5, 2007.

*Electronically filed 11/5/07*
_____

Joe M. Romero, Jr.