Defendant Jarvis' Reply Motion to Dismiss

Exhibit E

Transcript Excerpts as Cited in Brief from hearings on

October 27, 2005

&

October 11, 2007

1

```
                IN THE UNITED STATES DISTRICT COURT    RECEIVED
                    FOR THE DISTRICT OF NEW MEXICO

                                                        DEC 1 3 2005
UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                    NO. Cr-05-1849

DANA JARVIS,

        Defendant.
_____

                    TRANSCRIPT OF PROCEEDINGS
                    November 30, 2005
                    October 27, 2005

BEFORE: THE HONORABLE JUDITH C. HERRERA
        United States District Judge

                    A P P E A R A N C E S

For the Plaintiff:
James R.W. Braun
Stephen R. Kotz
Assistant United States Attorneys
P.O. Box 607
Albuquerque, NM 87103

For Defendant Mary Cannant:
Ann Steinmetz
Attorney at Law
Box 4305
Albuquerque, NM 87196-4305

For the Defendant Jorge Luis Ortiz-Moffett:
Arman Salese
Attorney at Law
145 S. 6th Ave
Tucson, AZ  85701

Tova Indritz
Attorney at Law
715 Tijeras Avenue, NW
Albuquerque, NM 87102-3076
```

PAUL BACA
OFFICIAL COURT REPORTER
(505) 348-2228

1  represent you on the criminal matter, Ms. Fitzgerald, and Mr.
2  Jarvis, the same question on the forfeiture matter?
3         MS. FITZGERALD: Yes, I waive any conflict, Your
4  Honor.
5         MR. JARVIS: Yes, I do, Your Honor.
6         THE COURT: Okay. All right. Let me ask Mr. Braun,
7  is there anything in addition?
8         MR. BRAUN: Your Honor, in footnote two of the
9  government's motion there are many potential conflicts that
10 the Court raised in that Herrera case. I think there are a
11 few more if the Court --
12        THE COURT: Okay. Let me double-check here.
13        MR. BRAUN: And then also I would like to raise the
14 issue, as the Court is aware Ms. Rosenstein, of course, was
15 appointed under the Criminal Justice Act, and I don't think it
16 is appropriate to have a defendant retain an attorney as to
17 one part of the criminal prosecution, but have the government
18 pay for an attorney as the other part.
19        MR. McINTYRE: May I address that, Your Honor?
20        THE COURT: Yes.
21        MR. McINTYRE: Mr. Jarvis is indigent at the moment
22 because all of his assets have been frozen, and by the way, I
23 fully disclosed this matter to Ms. Rosenstein and she agreed
24 to allow me to enter for the forfeiture issues. A friend of
25 Mr. Jarvis delivered to me an initial retainer fee which I

1   disclosed to counsel, I told him who it was and I said look
2   the guy up, if you are going to seize my bank account do it
3   now, and apparently, I am not sure whether they think that
4   they haven't seized it, the money is in my trust account, I
5   haven't dispersed a dime of it yet, but he is still indigent,
6   it is not his money that retained me, it is a friend who has
7   on the check loan for Dana Jarvis.
8          Now, if we can unfreeze some of his assets, then I
9   would say yes, he would have to retain Ms. Rosenstein
10  privately.  But at this moment in time he is indigent, and I
11  was retained by a friend, and I don't think that it is
12  appropriate to say, well, now he has retained an attorney and
13  he can't have appointed counsel at this moment.  If the
14  government were to agree to unfreeze enough money to pay
15  attorneys, I would change my position.
16          MR. JARVIS:  Your Honor, I have two private attorneys
17  lined up, private attorneys who are willing to take my case if
18  I was able to pay for them the monies that were frozen in my,
19  or seized from my bank account, came from a title company in
20  Santa Fe and a trust in Colorado.  Those are 100 percent
21  legitimate assets from a legitimate source, and I don't
22  believe that the government had any right putting their hands
23  on that money, and I would appreciate it if the account could
24  be unfrozen.
25          I have back child support payments that are due also

27

1  on the money coming from my night club, there is taxes and
2  insurance I have due, and the government's planning on taking
3  my house away, my home in Bernalillo, and I have a mortgage
4  payment with Commercial Federal on that house, and I have been
5  in jail now over two months.  The third mortgage payment is
6  overdue, it is coming up, Commercial Federal has started
7  foreclosure proceedings on that house.  So if the government
8  wants to take that away from me, they ought to let me get to
9  my money so I can make the payments on it so they will have
10 something to take away, otherwise between the ex-wives, you
11 know, Mr. Braun, Your Honor, with all due respect, I beg of
12 you, put your foot down and to unfreeze my assets so that I
13 can get proper defense and pay for an attorney on my own, and
14 not put, keep the burden on the government, and also so that
15 Mr. Braun and his crew doesn't end up in court with the State
16 of New Mexico, two lending institutions and two ex-wives.  I
17 wouldn't wish that on anybody.
18         Thanks for letting me talk, Your Honor.
19         THE COURT:  Mr. Braun.
20         MR. BRAUN:  Your Honor, we are not here to address
21 that issue at this time, but under the CJA the defendant is
22 entitled to one counsel for this case.  If he is going to have
23 an appointed counsel, she can represent him on the whole
24 case.  CJA, from my understanding, does not differentiate
25 between the forfeiture portion of the criminal case and the

PAUL BACA
OFFICIAL COURT REPORTER
(505) 348-2229

1  guilt portion of the criminal case, he is entitled to one
2  lawyer.
3        Now, if it is a loan, as Mr. McIntyre said, then it
4  is Mr. Jarvis' money that he used to retain Mr. McIntyre. Mr.
5  McIntyre represents Mr. Jarvis, not the friend who loaned the
6  money, so he can either retain Mr. McIntyre for the entire
7  case or have a CJA attorney appointed for the entire case, but
8  he is not entitled to two.
9        THE COURT: All right. We really aren't here on that
10  issue right at the moment, with respect to the appointment of
11  counsel or even addressing all of the asset issues that Mr.
12  Jarvis discussed. So back to the issue really on potential
13  conflict, let me ask the defendants a few more questions
14  here. Again, going back to the issue of independent
15  representation where you have different attorneys and some of
16  the issues that could arise. One of the issues that has been
17  identified by our appellate courts is do you understand that
18  it could arise that one of you might cooperate with the
19  government in exchange for leniency, that might be a conflict
20  that could arise between the two of you. Again, I am not
21  saying what the facts are in this case, I am just saying
22  that's an issue that could result in a conflict between. Do
23  you understand that?
24        MS. FITZGERALD: Yes.
25        MR. JARVIS: I understand that definitely wouldn't

```
                                                                    1


         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

         Plaintiff,

vs.                              NO. CR-05-1849 JH

DANA JARVIS, et al.,

         Defendants.
_____

              TRANSCRIPT OF PROCEEDINGS
                   October 11, 2007

BEFORE: THE HONORABLE JUDITH C. HERRERA
        United States District Judge

                  A P P E A R A N C E S

For the Plaintiff:

James R.W. Braun
Stephen R. Kotz
Assistant U.S. Attorneys
P. O. Box 607
Albuquerque, NM  87103


For the Defendants:

Jody Neal-Post
Attorney at Law
317 Amherst SE
Albuquerque, NM  87106

Robert J. Gorence
Attorney at Law
201 12th St. NW
Albuquerque, NM  87102
```

PAUL BACA
OFFICIAL COURT REPORTER
(505) 348-2228

6

1  can't talk very loud.

2  THE COURT: We do have someone on the telephone who
3  needs to hear us, so any of you who speak, it probably would
4  help if you spoke into the microphone.

5  MR. GORENCE: There's a couple of issues. The first,
6  I would just like clarification. After the les pendens is
7  removed is the Court contemplating a period of time after?
8  And there is presently a filed motion on behalf of Mr. Jarvis
9  to dismiss, but that he would engage private counsel to the
10  extent that is possible with the property that is now
11  unattached, because it seems, I know that that's the
12  government's concern as we look at scheduling, I don't know,
13  and with Mr. Romero's departure to Iraq, where we can really
14  meaningfully meet unless Miss Neal-Post is going to take over
15  full time and --

16  THE COURT: Well, I guess that's one of the things
17  that I need to hear from Miss Post on, or all of you on. I
18  recognize the fact that there may be scheduling issues in this
19  case that might be different from most cases, so I do want you
20  all to -- I'll just have to hear from you all on that.

21  Mr. Braun, it looks like you have something to say.

22  MR. BRAUN: Well, Your Honor, from the government's
23  perspective I think there needs to be some deadlines in place
24  to force the issue so that Mr. Jarvis knows he needs to hire
25  this attorney, either a trial deadline or something of that

PAUL BACA
OFFICIAL COURT REPORTER
(505) 348-2228

1  sort. As far as coming up with scheduling dates, it would be
2  helpful if I had just one person designated from the defense
3  to deal with who could act on behalf of all the defense
4  attorneys.
5         MR. GORENCE: That's going to be very difficult, Your
6  Honor. It's one thing to coordinate. Your Honor, I can meet
7  with the U.S. Attorney's Office, but to have my schedule, and
8  everybody's schedule, just for simplicity it's going to be
9  very difficult. I have, currently, the courthouse case has
10 got a firm setting of May 5. Mr. Blackburn and Mr. Sizemore,
11 I think that's going to be difficult just to, say, appoint one
12 person, and here is the matrix of where we are preoccupied
13 within another courtroom.
14        THE COURT: Well, I'm not necessarily asking for you
15 all to set a goal for a trial date, I'm asking, really, for
16 you all to give me some guidance on the motions that need to
17 be filed, and so forth. I'll set a trial date and then we
18 will deal with that after I set the trial date. But obviously
19 we need to set a trial date, and I intend to do that. And
20 again, I expect to hear from Mr. Jarvis's counsel on some of
21 the other issues that you touched on, Mr. Gorence, other
22 counsel and things of that nature. I didn't mean that you had
23 to address it today but --
24        MS. NEAL-POST: I can address Mr. Romero's
25 availability. I spoke with him at 11:30 this morning. He