IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 05-1849 JH |
| ) | |
| DENNIS WILSON, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' RESPONSE TO
DEFENDANT DENNIS WILSON'S "MOTION TO DETERMINE
WHETHER AN ALLEGED CONFLICT OF INTEREST EXISTS WITH
ROBERT J. GORENCE'S REPRESENTATION OF DENNIS WILSON"

The United States hereby responds to defendant Dennis Wilson's "Motion to Determine Whether an Alleged Conflict of Interest Exists with Robert J. Gorence's Representation of Dennis Wilson" (Doc. 1098).

1. The United States concurs with defendant Wilson's request for a hearing to determine whether attorney Robert Gorence has a conflict of interest in this case.

2. The United States submits that the hearing be conducted by the court under the following procedure:

    a. The court should take evidence from Mr. Gorence and defendant Jarvis separately and *in camera*, on the record.

    b. Based on the evidence presented by Mr. Gorence and defendant Jarvis, the court should determine whether an attorney-client relationship was established

between Mr. Gorence and defendant Jarvis or whether Mr. Gorence is otherwise required to protect confidential information received from defendant Jarvis.

        c.      If the court determines that an attorney-client relationship was established between Mr. Gorence and defendant Jarvis or that Mr. Gorence is otherwise required to protect confidential information received from defendant Jarvis, the court should hold a separate hearing in open court, in the presence of both defendant Jarvis and defendant Wilson, to determine whether that relationship creates a conflict of interest, or the serious potential for a conflict of interest, with regard to Mr. Gorence's current representation of defendant Wilson, and if so, whether that actual or potential conflict of interest should preclude Mr. Gorence from continuing to represent defendant Wilson.  *See* Fed.R.Crim.P. 44(c).

    3.      The United States opposes the use of a "special master" to conduct this hearing, as Rule 44(c) clearly contemplates that such a hearing be conducted by the court.

    4.      The United States opposes the sealing of this hearing or any related pleadings, except to the extent necessary to protect attorney-client privilege or confidential information or to prevent defense strategy from being revealed.  *See United States v. McVeigh*, 119 F.3d 806, 811 ("It is clearly established that court documents are covered by a common law right of access.  Under that doctrine, judicial documents are presumptively available to the public, but may be sealed if the right to access is outweighed by the interests favoring nondisclosure.").

Respectfully submitted,

LARRY GOMEZ
United States Attorney

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM   87103
(505) 346-7274

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of November, 2007, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel of record for the defendant to be served by electronic means.

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney