## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**

                           **No:**     **05-CR- 1849 (JH)**

**DANA JARVIS,**

       **Defendant.**

## DEFENDANT DANA JARVIS' MOTION FOR CLARIFICATION, FINDINGS, AUTHORITIES AND CONCLUSIONS REGARDING RULINGS OF <u>NOVEMBER 20, 2007</u>

Defendant, Dana Jarvis, through counsel of record Joe M. Romero, Jr. and Jody Neal-Post, hereby requests clarifications, findings, authorities and conclusions of this Honorable Court underlying its rulings of November 20 2007, such that the record appropriately reflects the Court's reasoning and rulings sufficient for appellate review. As grounds and more specifically, Mr. Jarvis states:

1.      In order for a litigant to seek appellate review, the record must reflect the argument and authorities the litigants have provided to the district court, to wit:

> Although this was a complex case involving a ten-day jury trial and separate proceedings on remedies, the record on appeal contains few of the documents and motions filed below and only brief portions of the transcript of the relevant proceedings. Further, many of Maxxon' and Mabie's arguments consist of no more than unsupported statements that error occurred without any citation to pertinent legal authority. We have endeavored to cull the record and interpret the arguments in order to address the issues on the merits wherever possible. However, we remind appellants of their obligation to support their arguments with legal authority, *see, e.g., Rios v. Ziglar*, 398 F.3d 1201, 1206 n.3 (10th Cir. 2005) (HN1 'To make a sufficient argument on appeal, a party must advance a reasoned argument . . .

> and it must support its argument with legal authority.'), and to provide a record sufficient to allow appellate review, *see, e.g.,* 10th Cir. R. 10; *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000) ("Where the record is insufficient to permit review we must affirm."), or risk summary dismissal of their claims.

*United States SEC v. Maxxon, Inc.*, 465 F.3d 1174, 1175 (10th Cir. 2006).

2.      In turn, the record on appeal must also reflect the "reasoned argument" supporting each claim of error, which is an obligation shared by the litigants and the district court. *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005).  Just as the litigants must provide reasoning and authorities in support of their arguments, so does the district court have a duty to reveal its reasoning and authorities for its rulings such that informed review can be had, if necessary. *See e.g. United States ex rel. Stone v. Rockwell Int'l Corp.*, 173 F.3d 757, 761 (10th Cir. 1999)(district court record insufficient where it reflected "no explanation except its statement [conclusion] that the grand jury testimony was relevant.").

3.      In the hearing of November 20, 2007, the District court denied Mr. Jarvis' *Motion to Quash the Subpoena* served on his former counsel, Mr. Robert J. Gorence, who was then allowed to testify for the United States against Mr. Jarvis' *Motion to Dismiss.* The oral record of the hearing provides only the conclusion of the Court, without reasoning or citations to authority in support of the Court's determination of the Defendant's Motion.

4.      Mr. Jarvis seeks clarification of the Court's denial of his *Motion to Quash*, specifically requesting the Court provide its findings, reasoning and necessary conclusions of law on the written record, such that "meaningful appellate review" may be had.

5.      Mr. Jarvis makes this request as timely as he can, as the hearing was abruptly continued without conclusion after 5:00 p.m. last evening.

6.      The Defendant further requests clarification as to the Court's single page order at Doc. 1135, as to whether the Court considered the Defendant's Response in Opposition to the United States'

Motion for Leave to File a Surreply, filed within 12 hours of the Government's request and before entry of this Court's order, reflecting at Docket No. 1133. The Order does not reflect that the Defendant's Motion, based upon cited authorities, was reviewed, and nor does the Court docket e-notice reflect a link showing the defendant's response to the surreply in the Motion package. Further, the Order does not reflect any reasoning or authority upon which the Government's Motion for Leave was granted. *Mattox v. Disciplinary Panel of United States Dist. Court*, 758 F.2d 1362, 1369 (10th Cir. 1985)(due process requires reasoning reflect on the record).

7.      The United States has received notice of this proposed filing and its position sought, but has not yet responded. Mr. Jarvis expects that due to the begin nature of the relief sought, the United States would not be opposed.  However, Mr. Jarvis is filing without the position of the United States, as this afternoon commences the Thanksgiving holidays.

WHEREFORE, Defendant Jarvis hereby requests this Court clarify its oral order denying the Defendant's Motion to Quash by providing written record of the Court's findings, and conclusions and basis in authority such, also clarifying the underlying basis and complete review of submissions for Doc. 1135, such that the defendant's right to meaningful appellate review is preserved.

Respectfully submitted:

*Electronically filed 11/21/07*

By:   _____

Joe M. Romero, Jr.
Attorney for Defendant Jarvis
1905 Lomas NW
Albuquerque, NM 87104
(505) 843-9776

*Electronically filed 11/21/07*

By:   _____

Jody Neal-Post
Attorney for Defendant Jarvis
317 Amherst SE
Albuquerque, NM  87106

(505) 268-7263

I hereby certify that a true and correct copy of the
foregoing was served on opposing counsel, AUSAs
James Braun and Stephen Kotz, on November 21, 2007.

*Electronically filed 11/21/07*

_____

Joe M. Romero, Jr.