# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO
### Clerk's Minutes
### Before the Honorable Judith C. Herrera

Case Name: CR 05-1849 JH USA v. Jarvis, et al.        Case No.        05-1849 JH

Date:         November 20, 2007

Courtroom Clerk:        Valerie Vigil        Court Reporter:        **Paul Baca**

Court in Session:        2:34 p.m.        Court in Recess:        5:18 p.m. (2:44)

Type of Proceeding: Hearing on Motion to Dismiss [1076]

Attorney(s) Present for Plaintiff(s):        Attorney(s) Present for Defendant(s):

James Braun, Steve Kotz        Joe Romero (Dana Jarvis)
                                        Jody Neal-Post (Dana Jarvis)
                                        Dana Jarvis, Defendant (present)


### Proceedings:

Court in Session:

| | |
|---|---|
| **2:34 p.m.** | Entries of Appearance |
| | Court asks who has burden of proof, and for nature of that burden.  Mr. Romero responds. |
| | Continuing questions by the Court and responses by Mr. Romero. |
| **2:44 p.m.** | Argument by Ms. Neal-Post and questions by the Court. |
| **2:52 p.m.** | Court asks counsel to identify on the docket by name and docket number the motion or other pleading which any response or reply brief is responding to. |
| **2:57 p.m.** | Mr. Gorence asks whether his testimony will be necessary; he has a personal scheduling conflict. |
| | Mr. Romero argues motion to quash.  Mr. Braun responds.  Court asks for copy of the subpoena.  Copy is provided, and is attached to these minutes as **Exhibit A**. |
| **3:09 p.m.** | Argument by Ms. Neal-Post. |
| **3:15 p.m.** | Court states that it could rule on the motion to dismiss on basis of Gorence's motion to release assets and Deft Jarvis' affidavit, as well as Gorence's comments at the hearing.  Court denies motion to quash subpoena of Gorence.  If either counsel want Gorence to testify, it will be limited to nonprivileged matters.  If Deft needs to cross examine using privileged matters, the Court will consider doing that in camera. |
| **3:26 p.m.** | Deft wishes to call Professor Uphoff.  Mr. Braun objects.  Argument by Ms. Neal-Post on the motion to quash. |
| **3:51 p.m.** | RECESS. |

| | |
|---|---|
| **4:09 p.m.** | Court in session.  Mr. Romero makes standing objection.  Court asks for argument on motion to dismiss. |
| **4:10 p.m.** | Argument by Ms. Neal Post. |
| **4:20 p.m.** | Question by the Court. |
| **4:22 p.m.** | Argument by Mr. Braun. |
| **4:26 p.m.** | Reply by Ms. Neal Post. |
| **4:34 p.m.** | United States calls Robert Gorence.  Direct examination by Mr. Braun. |
| **4:40 p.m.** | Cross examination by Mr. Romero.  Mr. Gorence is excused. |
| **4:50 p.m.** | Mr. Romero presents affidavit by Ms. Judith Rosenstein (non-privileged) and Hope Eckert (needs to be reviewed *ex parte*).  Mr. Braun objects because Deft did not raise this issue earlier, and witnesses are unavailable to testify. Response by Ms. Neal Post; proffer of Ms. Rosenstein's testimony. No objection by the USA, so the Court accepts Ms. Rosenstein's affidavit into evidence.  It is attached to these minutes as **Exhibit B**.  Ms. Neal Post describes Ms. Eckert's affidavits.  Mr. Kotz objects on relevance grounds.  Court asks how evidence would be reviewed?  Defense asks the Magistrate review the issue in camera. |
| **5:09 p.m.** | Court will refer issue to Judge Garcia, including a transcript of Gorence's testimony.  Defense counsel can submit Eckert's affidavit and attached email as well.  Defense would also like Judge Garcia to review items 1a-6a and 22-31 from the privilege log.  Defense counsel will file a written motion to that effect |
| **5:18 p.m.** | RECESS. |

AO 89 (Rev. 7/95) Subpoena In a Criminal Case

# United States District Court
## District of New Mexico

UNITED STATES OF AMERICA

v.

**DANA JARVIS**

## SUBPOENA IN A CRIMINAL CASE

CASE NUMBER: **CR 05-1849 JH**

TO:   **ROBERT J. GORENCE**

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| Pete V. Domenici Federal Courthouse<br>333 Lomas N.W.<br>Albuquerque, New Mexico 87102 | Honorable Judith C. Herrera<br>Brazos Courtroom |
| | DATE AND TIME<br>**Tuesday, November 20, 2007**<br>**1:30 p.m. and thereafter until completed** |

☐ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

_____

_____

_____

_____

_____

_____

_____

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| Matthew J. Dykman, Clerk of Court<br>(BY) DEPUTY CLERK | October 24, 2007 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER

JAMES R.W. BRAUN, AUSA
Post Office Box 607
Albuquerque, NM  87103   (505) 346-7274

Exhibit A



**U.S. Department of Justice**
*United States Attorney*
*District of New Mexico*
P.O. Box 607
Albuquerque, New Mexico 87103
505/346-7274
Fax 505/346-7296

Date:        November 1, 2007        Pages (including cover)  _____2_____

| To: | Fax Number: |
|---|---|
| Robert J. Gorence, Esq. | 244-0888 |
| | |
| | |
| | |

From:        JAMES R.W. BRAUN, 505-224-1498

RE:          USA v. Dana Jarvis
             CR 05-1849 JH

Contents/Comments:   Per our phone conversation, I am faxing you the subpoena in the above case.  Thank you for agreeing to honor the subpoena via fax.  Let me know if you have any questions or concerns.

**CONFIDENTIAL U.S. ATTORNEY FACSIMILE COMMUNICATION**

The information contained in this facsimile message, and any and all accompanying documents, constitute confidential information.  This information is the property of the U.S. Attorney's Office.  If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited.  If you receive this information in error, please notify us immediately by telephone at the above number, and destroy the information.

```
          ***********************
          ***   TX REPORT   ***
          ***********************


    TRANSMISSION OK

    TX/RX NO            3831
    DESTINATION TEL #   92440888
    DESTINATION ID
    ST. TIME            11/01 10:17
    TIME USE            00'22
    PAGES SENT          2
    RESULT              OK
```



**U.S. Department of Justice**
*United States Attorney*
*District of New Mexico*
P.O. Box 607
Albuquerque, New Mexico 87103
505/346-7274
Fax 505/346-7296

Date:      November 1, 2007          Pages (including cover) _____2_____

| To: | Fax Number: |
|---|---|
| Robert J. Gorence, Esq. | 244-0888 |
|  |  |
|  |  |
|  |  |

From:      JAMES R.W. BRAUN, 505-224-1498


RE:        USA v. Dana Jarvis
           CR 05-1849 JH


Contents/Comments:  Per our phone conversation, I am faxing you the subpoena in the
above case.  Thank you for agreeing to honor the subpoena via fax.  Let me know if you

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                   No:    05-CR- 1849 (JH)

DANA JARVIS,

        Defendant.

## AFFIDAVIT OF JUDITH A. ROSENSTEIN, ESQ.

STATE OF NEW MEXICO       )
                              ) ss
COUNTY OF BERNALILLO    )

      JUDITH A. ROSENSTEIN, of full age, being duly sworn, upon her oath deposes and says:

1. Affiant is a duly licensed attorney in the states of New Mexico, New Jersey, Illinois and California and has practiced law for more than thirty seven years, during most of which affiant specialized in criminal defense in both state and federal jurisdictions.

2. Affiant was appointed to represent Dana Jarvis, lead defendant in CR 05-1849 JH, pursuant to the Criminal Justice Act, from on or about August 26, 2005, until relieved as his counsel on or about January 19, 2006.

3. During affiant's representation of Mr. Jarvis, it became clear that, if certain property, then subject to future forfeiture and *lis pendens*, were released by the



government, the defendant wished to retain counsel of his choice. Mr. Jarvis,
with the knowledge and consent of affiant, met with at least one attorney,
Robert Gorence, in an effort to determine which counsel would qualify as his
personal choice. Affiant also discussed representation of Mr. Jarvis, should
his property released, with at least three attorneys, Mr. Gorence, Joe Romero
and Billy Blackburn, all of whom showed varying degrees of interest.

4. Mr. Jarvis attempted to retain Cliff McIntyre as forfeiture counsel, as affiant
   had very little experience in that area of law. Mr. McIntyre, who was
   appointed counsel for a co-defendant in this case, filed a motion regarding the
   release of property. The government filed a Rule 44c motion, which was
   heard after a status conference on the case on October 27, 2005. At that
   hearing, both Mr. Jarvis and Mr. McIntyre's client testified under oath and
   were subjected to cross examination by the government and the court. They
   both stated that they did not believe a conflict existed and if it did, they
   waived any such conflict. Affiant and Mr. McIntyre also stated their belief
   that there was no actual or potential conflict of interest. The United States, by
   AUSA James Braun, argued that such dual representation was "unfair,"
   without specifying the basis for the perceived unfairness. The court granted
   the government's motion to disallow the dual representation by Mr. McIntyre.

5. As a result of this ruling, and the fact that affiant was not well qualified to
   represent Mr. Jarvis on forfeiture issues, affiant requested, pursuant to CJA
   rules, a legal consultant for that aspect of the case, and an investigator. Once
   approved, affiant kept the consultant, attorney Hope Eckert, and the

investigator, Albert Mares, current regarding the issues of Mr. Jarvis'

representation, including the fact that affiant moved to be relieved. Based on

confidential e-mails between affiant, Ms. Eckert and Mr. Mares, Mr. Jarvis'

legal defense team understood that Mr. Gorence was Mr. Jarvis' counsel of

choice and that Mr. Gorence wished to represent him, should funds for that

purpose become available.

6.  Mr. Gorence, along with attorney Paul Kennedy, filed a motion on Mr. Jarvis'

behalf to release funds in order to allow Mr. Jarvis to retain counsel of his

choice.  Based on the contents of the motion Mr. Gorence filed and the

argument presented by Mr. Gorence at the hearing on the motion, held

January 19, 2006, during which affiant was present, it was clear that once

affiant's motion to withdraw was granted, Mr. Gorence immediately began

acting and speaking on Mr. Jarvis' behalf.  The Gorence/Kennedy filed

motion was for the express purpose of freeing up funds to enable those same

attorneys to be retained by Mr. Jarvis.  After being relieved as Mr. jarvis'

counsel, affiant personally advised the Court at Mr. Jarvis' request that Mr.

Jarvis wished to retain these counsel if the court would release his assets.  Mr.

Gorence was present when this statement was made and he did not correct or

advise the court that affiant had misrepresented his intent to formally enter the

case.

JUDITH A. ROSENSTEIN

Sworn to and subscribed before me
on this 19th day of November, 2007.

_____
NOTARY PUBLIC

My commission expires 5/6/11