IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                        No. CR 05-1849 JH

DENNIS WILSON, et. al,

        Defendants.

**ORDER DENYING DEFENDANT DENNIS WILSON'S MOTION
FOR RECONSIDERATION OF MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATIONS**

THIS MATTER comes before the Court on the Sealed Motion for Reconsideration of Magistrate Judge's Findings and Recommendations and Request for an Evidentiary Hearing [Doc. 1153], filed December 4, 2007 by Defendant Dennis Wilson ("Wilson"). Defendant Dana Jarvis ("Jarvis") filed a Response [Doc. 1156] on December 6, 2007.[1] For the reasons given below, both the motion and the request for hearing are denied.

On November 15, 2007, the Court entered an Order of Designation [Doc. 1125] pursuant to 28 U.S.C. §636(b)(1)(A), designating Chief United States Magistrate Judge Lorenzo F. Garcia to hear and determine the non-dispositive Motion to Determine Whether an Alleged Conflict of Interest

---

[1]On December 10, 2007, Jarvis filed a document labeled "Defendant Dana Jarvis' Affidavit in Opposition to Defendant Wilson's Motion for Reconsideration of Chief Magistrate Garcia's Proposed Findings and Recommendations." This document was not attached to the Jarvis's Response to the Motion to Reconsider but rather was attached as an unnumbered exhibit to Doc. 1161, Jarvis's Sealed Motion to Disqualify His Former Counsel, Robert Gorence, as Counsel for Co-Defendant Wilson. The Court nevertheless read the Affidavit and considered it in making the current ruling.

Exists with Robert J. Gorence's Representation of Dennis Wilson [Doc. 1098], filed by Defendant Wilson. Doc. 1098 will hereinafter be referred to as the "Motion to Determine."

A hearing was held on November 20, 2007 on that motion and others. At the hearing, Judge Garcia notified the parties that the Motion to Determine would be decided on the parties' written submissions without the need for either oral argument or an evidentiary hearing. On November 21, 2007, Judge Garcia filed a Memorandum Opinion and Order [Doc. 1138] on the Motion to Determine, setting forth specific factual findings made by the Court, granting the Motion, and determining that "an attorney-client relationship arose from Mr. Jarvis' meetings with Attorneys Gorence and Kennedy and that a conflict of interest exists, but that the existence of a conflict was waived by Mr. Jarvis' unreasonable delay in raising the issue." [Doc. 1138, at 6].

Wilson now files this Motion for Reconsideration of the Magistrate Judge's Findings and Recommendations. The objections are overruled, and the Motion for Reconsideration is denied.

As noted above, resolution of the Motion to Determine was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). That section provides that an Article III judge may designate a Magistrate Judge to hear and determine any non-dispositive pretrial motion. The section further provides that the Article III judge "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

In his Motion for Reconsideration, Wilson files certain objections to the findings of fact and conclusions of law. However, Wilson does not make a showing, nor even allege, that the findings were clearly erroneous. He simply objects to findings as found and argues that there was never an attorney-client relationship between counsel Gorence and Defendant Jarvis.

The Magistrate Judge found otherwise, and the Court holds that the Magistrate Judge's factual findings, including the finding that the communications between Defendant Jarvis and

attorney Gorence were made for the purpose of securing legal representation and were therefore privileged, was not clearly erroneous. Further, the finding that a conflict of interest existed but was waived by Defendant Jarvis, is not clearly erroneous. As discussed in greater detail in the Magistrate Judge's ruling on Defendant Jarvis's Motion to Disqualify, Jarvis delayed seeking disqualification of attorney Gorence as counsel and also joined with Wilson in several motions filed on his behalf by attorney Gorence, and disqualification at this point in the proceedings would be prejudicial to co-defendant Wilson. The Court finds no clear error in the Magistrate Judge's finding of waiver.

Wilson further objects to the Magistrate Judge's conclusions of law, arguing basically that no conflict of interest exists because there was no attorney-client relationship. The Court adopts the Magistrate Judge's legal conclusions and holds that an attorney-client relationship sufficient to raise a duty of confidentiality existed between Gorence and Jarvis, if only for a short period of time. In re Lichtenberg, 117 N.M. 325 326, 871 P.2d 981, 982 (1994) ("the duty of confidentiality under this rule may attach 'when the lawyer agrees to consider whether a client-lawyer relationship shall be established'"); Rule 11-503(A)(1), NMRA (Lawyer-client privileges, Definitions: "a 'client' is a person . . . who consults a lawyer . . . with a view to obtaining professional legal services"). However, as noted above and as discussed more fully in the Magistrate Judge's separate ruling on the Motion to Disqualify, Defendant Jarvis waived his right to raise the issue of conflict of interest.

No evidentiary hearing is necessary as to the existence of a conflict of interest, in light of the Court's holding that any such conflict was waived by Defendant Jarvis and that, thus, attorney Gorence may continue his representation of Defendant Wilson.

IT IS THEREFORE ORDERED that Defendant Dennis Wilson's objections to the Magistrate Judge's Findings and Recommendations are overruled, and his Sealed Motion for Reconsideration of Magistrate Judge's Findings and Recommendations [Doc. 1153] is denied.

IT IS FURTHER ORDERED that Defendant Dennis Wilson's request for an evidentiary hearing is denied.

_____
UNITED STATES DISTRICT JUDGE