IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 05-1849 JH |
| ) | |
| DANA JARVIS, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' RESPONSE TO "DEFENDANT JARVIS'
MOTION FOR BRADY/GIGLIO/GILES/KYLES MATERIALS RELATED
TO GOVERNMENT WITNESS ROBERT J. GORENCE, ESQ." (DOC. 1155)

The United States responds to "Defendant Jarvis' Motion for Brady/Giglio/Giles/ Kyles Materials Related to Government Witness Robert J. Gorence, Esq." (Doc. 1155) as follows:

1.     As the court is well aware, Jarvis has filed a motion to dismiss the indictment in this case based largely on a claim that he was denied his qualified right to choice of counsel. In support of that claim, Jarvis has asserted that if the court had ordered the United States to remove notices of *lis pendens* on his property in Mora County in early 2005, attorneys Robert Gorence and Paul Kennedy would have entered their appearances on his behalf.

2.     At the November 20, 2007 hearing on Jarvis's motion to dismiss, the United States called Mr. Gorence to testify pursuant to a subpoena. Mr. Gorence testified that

neither he nor Mr. Kennedy would have entered their appearances in exchange solely for the release of the Mora County property. Tr. at 57-58. At the conclusion of his testimony, Mr. Gorence was permanently excused without objection from the defense. *Id.* at 64.

    3.    Jarvis now seeks to go on a fishing expedition to obtain information on Mr. Gorence[1] for the purposes of (1) litigating Jarvis's motion to disqualify Mr. Gorence from representing co-defendant Dennis Wilson and his motion to dismiss, (2) contesting Wilson's motion to reconsider Judge Garcia's finding of a conflict of interest, and (3) impeaching Mr. Gorence's testimony at the November 20 hearing. Def. Mot. at 2, 5.[2]

    4.    In his motion, Jarvis refers to Mr. Gorence repeatedly as a "government witness" and insinuates that Mr. Gorence made a deal with the United States to benefit himself or Wilson in exchange for his testimony. *See* Def. Mot. at 4 ("It is no stretch to imagine how Mr. Gorence might be tempted to obtain gain from this unusual offering of

---

[1] Jarvis asserts that "he has made letter request for nearly all the categories of information" requested in his motion. Def. Mot. at 1. To the contrary, in his letter to the United States, Jarvis did not request most of the specific information he now seeks in his motion. *See* December 1, 2007 letter from Jody Neal-Post to AUSA James Braun and AUSA Steve Kotz, attached hereto as Exhibit 1; December 4, 2007 letter from AUSA James Braun to Jody Neal-Post, attached hereto as Exhibit 2.

[2] This motion is partially moot, as Jarvis's motion to disqualify Mr. Gorence and Wilson's motion to reconsider have been denied. Doc. 1165 and Doc. 1169. The requested information is therefore not necessary to the resolution of those motions. With regard to the impeachment of Mr. Gorence, defense counsel chose not to ask him any questions about the requested information during cross-examination and he was then permanently excused. Thus, he is no longer subject to cross-examination.

his testimony."). This allegation is unfounded. As noted by Judge Garcia:

> Jarvis is the party who raised the issue that he was deprived of the counsel of his choice. In order to determine this issue, the Court must, of necessity, explore the question whether Gorence would ever have taken on representation of Jarvis. Gorence's testimony on this issue is, of course, necessary and relevant, and his appearance at the hearing on this limited issue does not render him a 'government witness' against Jarvis.

Order Denying Defendant Jarvis's Motion to Disqualify Counsel (Doc. 1165) at 8.

5.     Jarvis bases his discovery motion on *Brady v. Maryland* and its progeny. Under *Brady*, the government is required to disclose evidence that is favorable to the accused when such evidence is material to either guilt or punishment. 373 U.S. 83, 87 (1963). "When the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within this general rule." *Giglio v. United States*, 405 U.S. 150, 154 (1972). The purpose of *Brady* is to ensure a defendant's due process right to a fair trial. *See United States v. Bagley*, 473 U.S. 667, 675 (1985).

6.     In his motion, Jarvis attempts to turn *Brady* into a rule of pretrial discovery. However, [t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one...." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). The information that Jarvis seeks has absolutely nothing to do with Jarvis's guilt or innocence or with punishment; it is therefore not subject to disclosure under *Brady* or *Giglio*. *See United States v. Buchanan*, 891 F.2d 1436, 1443 (10th Cir. 1989) ("Only where a witness' credibility is material to the question of guilt does the prosecutors' failure to disclose

impeachment evidence violate *Brady*."). Accordingly, Jarvis's motion must be denied.

WHEREFORE, the United States respectfully requests that the court deny "Defendant Jarvis' Motion for Brady/Giglio/Giles/Kyles Materials Related to Government Witness Robert J. Gorence, Esq."

Respectfully submitted,

LARRY GOMEZ
United States Attorney

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM   87103
(505) 346-7274

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of December, 2007, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel of record for the defendant to be served by electronic means.

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney