IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.

      No:    05-CR- 1849 (JH)

DANA JARVIS,

      Defendant.

**DEFENDANT DANA JARVIS' APPEAL TO THE DISTRICT COURT OF THE CHIEF MAGISTRATE JUDGE'S REPORT  [Doc. 1166]
ON ORDER OF DESIGNATION [Doc. 1158]**

Defendant, Dana Jarvis, through counsels of record Joe M. Romero, Jr. and Jody Neal-Post, hereby appeals the Chief Magistrate Judge's Report on Order of Designation [Doc. 1166], which was designated by this Court [Doc. 1158] upon Defendant's Motion [Doc. 1154], as, in part, beyond the designation.  As grounds, Mr. Jarvis states as follows.

### Introduction

This Court designated to Chief Magistrate Garcia "to conduct an *in-camera* review of the material set forth in Defendant's privilege log for the purpose of determining whether the materials detailed in the privilege log rebut or impeach Mr. Gorence's testimony that he would not have represented Defendant Jarvis if the Court had released only Jarvis' Mora County property." [Doc. 1158 at 2.] Chief Magistrate Judge Garcia did conduct such *in-camera* review and determined that the materials support, rather than impeach, Mr. Gorence's testimony. [Doc 1166.]  Under the statute, this Court may only revisit the Magistrate Judge's determination upon a showing "that the magistrate's [magistrate judge's] order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). If, "on the entire evidence," the District Court "is left with the definite and firm conviction that a mistake has been committed," the District Court should set aside the Magistrate

Judge's Order. *Allen v. Sybase, Inc.,* 468 F.3d 642, 658 (10th Cir. 2006). In order to preserve any claim for appellate review, an aggrieved party must seek district court review under this statute because under "§ 636(b)(1)(A), a magistrate judge may not issue a final order directly appealable to the court of appeals." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). "Properly filed objections resolved by the district court are a prerequisite" to preserving any Magistrate Judge's § 636(b)(1)(A) determination for circuit appellate review. *Id.* Mr. Jarvis therefore files these objections in this Court.

## Legal Authority and Argument

Mr. Jarvis points to two errors, in all due respect to the Chief Magistrate Judge's determination. First, Judge Garcia on page 4 notes that Mr. Gorence and Paul Kennedy filed a motion and appeared in court in an effort to have *all* of the various properties released. The motion that Mr. Gorence filed on Mr. Jarvis' behalf asked for, as the remedy, *not* the release of all the properties, but for a *Jones* evidentiary hearing at paragraphs 2, 5 and in the Prayer:

> WHEREFORE, for all the above reasons, and for such reasons as may appear *upon a full evidentiary hearing* of this Matter, Defendant asks that this Motion be granted.

[Doc. 314, ¶¶ 2, 5, & prayer, *citing United States v. Jones*, 160 F.3d 641 (10th Cir 1998)(emphasis added)].

The body of the Motion at paragraph 4 and footnote 1 address the restraint of the substitute Mora properties, which Mr. Gorence specifically argued to have released at the January 19, 2006 hearing:

> *Mr. Gorence*: I think preliminarily with regard [to the properties listed in the indictment], you can see from the indictment, the Mora County property that the government has filed *lis pendens* on under a theory that if they are successful in obtaining the money judgment, those are substitute assets preliminarily, without even showing that they are traceable, *those ought to be released and this Court ought to order the lis pendens removed so Mr. Jarvis can retain counsel of his choice.*

*TP January 19, 2006* at 6:9-15, 7:13-20(emphasis added).

2

The only request for release of properties was this oral argument supplementing the written Motion's prayer for a *Jones* hearing. [Doc. 314].

As Mr. Gorence stated in his testimony on November 20, 2007 regarding this same Motion, Doc. 314, "the motion speaks for itself." The Motion filed by Mr. Gorence could not have resulted in the relief Mr. Gorence now says was required for his entry of appearance. The implication from this procedural fact is, as Mr. Jarvis believed, that Mr. Gorence would enter his appearance on release of the Mora property, if only on the prospect of or to fight for the release of further properties and frozen assets in a *Jones* hearing. Further, the rejected *Limited Entry of Appearance* stated that entry of appearance by Mr. Gorence would occur "If the motion is successful," *not* upon release of *all* the assets identified in the Motion. The materials show Mr. Gorence's testimony is incredible as a matter of law as legally impossible. *See Seeds v. Lucero*, 207 F. Supp. 2d 1297, 1300 (D.N.M. 2002); *United States v. Rivera*, 775 F.2d 1559, 1561 (11th Cir. 1985)(testimony is incredible if the events could not have occurred). As clearly erroneous and contrary to law, the Magistrate Judge's determination must be reversed.

Second, Judge Garcia at pages 4 to 5 and footnote 2 reasoned that, although material in the privilege log materials he reviewed *in-camera* illustrate that Mr. Gorence was wrong in his testimony about not receiving any paperwork from Mr. Jarvis and wrong about not returning a file to him, this impeachment was not meaningful because it did not directly impeach what Mr. Gorence's unequivocal testimony represented about his intent. However, the law does not require that a party directly refute a particular statement by a witness to have impeached the witness. The verb "impeach" means "to discredit the testimony of a witness" and includes indirect evidence that the witness is in error about other facts surrounding the relevant fact. *See* Frank Schmalleger, Gordon M. Armstrong, *Crime and the Justice System in America: An Encyclopedia,* (1997) 261. Thus Judge Garcia has made clear error as to the legal significance of the impeachment.

WHEREFORE and based upon the above legal arguments, Mr. Jarvis requests that this Court find that the Magistrate Judge legally erred and revisit his decision. If the matter can be

3

resolved as one of law and without this Court delving into the privileged materials, such is the preferred manner of resolution in continuing protection of Mr. Jarvis' privileged materials.

If the Court determines that review of the privileged materials is necessary for resolution by the District Court pursuant to the requirements of 28 U.S.C. 636 and for preservation for circuit review, Mr. Jarvis suggests appointment of an independent Article III judge will be necessary to review the privileged materials in light of these objections.

Respectfully submitted:

*Electronically filed 12/26/07*
By: _____
Joe M. Romero, Jr.
Attorney for Defendant Jarvis
1905 Lomas NW
Albuquerque, NM 87104
(505) 843-9776

*Electronically filed 12/26/07*
By: _____
Jody Neal-Post
Attorney for Defendant Jarvis
317 Amherst SE
Albuquerque, NM 87106
(505) 268-7263

I hereby certify that a true and correct copy of the foregoing was served on opposing counsel, AUSAs James Braun and Stephen Kotz, on December 26, 2007.

*Electronically filed 12/26/07*
_____
Joe M. Romero, Jr.