IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

vs.                                                                                                                  CR No. 05-1849 JH

**DANA JARVIS,**

        **Defendant.**

**DEFENDANT JARVIS' MOTION FOR RELIEF FROM INTERFERENCE
WITH HIS RIGHT TO PRESENT HIS DEFENSE DUE TO CONTINUOUS
IRREGULARITIES IN THE ELECTRONIC CASE DOCKETING, INCLUDING
<u>DEFENDANT'S INACCESSIBILITY TO HIS OWN DOCKET</u>**

COMES NOW the Defendant DANA JARVIS, by and through co-counsel of record, Gary Mitchell and Jody Neal-Post, and pursuant to the Fifth and Sixth Amendments to the United States Constitution, hereby requests this Court provide immediate remedy in the form of constitutionally adequate access to the Defendant's electronic docket, such that counsel can provide timely and effective assistance to Mr. Jarvis so that the Defendant's Sixth Amendment right to present a defense can be actualized.

As grounds, Mr. Jarvis states as follows.

<u>Legal Authorities</u>

Two hundred and one years ago, Chief Justice Marshall, presiding over the treason trial of Aaron Burr, interpreted the Sixth Amendment's Compulsory Process Clause, commonly called the defendant's "right to present a defense," as guaranteeing a criminal accused the right to secure papers material to his defense. *United States v. Aaron Burr*,

25 F. Cas. 30, 35 (U.S. Court of Appeals 1807); *accord United States v. Hubbell*, 530 U.S. 27, 55 (2000, *citing United States v. Nixon*, 418 U.S. 683, 711, 41 L. Ed. 2d 1039, 94 S. Ct. 3090 (1974). It is indisputable that the documents filed in a defendant's own criminal proceedings meet the criteria for Sixth Amendment compulsory process as being "material" to the Defendant's presentation of his chosen defense.

### Docket Improprieties & Interference with Docket Access in the Present Case

This present action is over two and one half years into litigation. As of today, there should appear at least 1225 entries on the docket. Counsel states "should appear at least" because counsels still cannot access the entire docket, not even the entire docket of pleadings that materially affect Mr. Jarvis. *See Ex. A*, excerpt of today's docket, showing only 1224 entries. Counsels know there should be at least 1225 entries because electronic notice was sent to Mr. Jarvis' counsels today of *ex parte* matters under a title revealing confidential information. Although the title of Doc.1224 reveals the confidential disclosures, neither counsel for Mr. Jarvis can open this document. The document was also served on Mr. Davidson, joint CJA defense counsel, who has no need to know its contents, as well as being served on Mr. Cliff McIntyre, former counsel for Mr. Jarvis whom the United States succeeded in conflicting out of Mr. Jarvis' representation *two years ago*, and who similarly has no need to know the contents of this document.

That this issue is of constitutional importance rather than a mere administrative or clerical issue is brought home by the fact that Mr. Jarvis' pending Motion to Dismiss has been heavily impacted by litigation over an improper electronic filing over two years ago, the filing of Docket 314 by a counsel who had never entered an appearance on Mr. Jarvis' behalf. *See e.g.* this Court's Order at *Doc.* 1217; *also Doc.* 324; *Doc.* 329. *But for* the failure in the electronic filing system allowing a motion to be filed without an entry of appearance, the

2

United States could never have argued the offending counsel who filed Doc. 314 would never have entered his appearance, the most litigated aspect of Mr. Jarvis' Motion to Dismiss.

This Court has been aware of electronic filing problems since the Doc. 314 matter in January 2006. That the Court is aware of the continuing and unresolved nature of the electronic docket problems is reflected in the November 20, 2007 hearing on the Defendant's Motion to Dismiss which reflects a substantial colloquy with Mr. Jarvis' defense counsel regarding counsel's lack of access to Mr. Jarvis' own docket. *See T.P.* 11/20/07 (J. Herrera); pp. 12:15- 14:18:

> Ms. Neal-Post: Just for the Court's information, I as co-counsel cannot get into these pleadings (*ex parte*) either, so I can't always find the docket number. …the clerk's office is aware that co-counsel cannot access any sealed pleadings either, and when I pull it up on the docket I don't even see any entries, so we are having a lot of difficulty with the electronic filing,….
>
> There is also an issue with some of the filings. Sometimes the filings have what I call a file stamp across the top, but sometimes they don't and so the United States and myself have adopted a way around this so that we can try and make sure that we get service, and they mailed me service which was, you know, much appreciated, but the particular document that I was mailed didn't have a file stamp on it despite that fact that it was a filed document, so, there are lots of issues…

Mr. Jarvis has advised the Court directly as noted above. Mr. Jarvis has sought administrative correction through the District Court clerks in Albuquerque and Las Cruces and through the Court's chambers, the later in response to receiving faxes of orders numbered Doc. 1215 and 1216 which Mr. Jarvis' counsel could not otherwise access. Exhibit A, printed out from undersigned counsel Neal-Post's Pacer ID number, illustrates that Counsel cannot otherwise access these orders material to Mr. Jarvis - in fact, Mr. Jarvis'

3

counsels cannot even verify the orders that pertain to him or what those docket entries were, the exhibit showing that no entries exist on the docket for the orders faxed to counsel by the Court.

Due process requires notice. Notice must be constitutionally adequate and *verifiable*. The Tenth Circuit has found in the context of necessary pleadings (an 851 enhancement) "that when an error of a non-clerical nature is made which might negatively implicate proper notice of an enhancement or a meaningful opportunity to be heard, this and at least three other circuits consider whether the defendant was prejudiced by the error."*United States v. Castro-Portillo*, 211 Fed. Appx. 715, 725-26 (10th Cir. 2007). Mr. Jarvis has ample record evidence already of prejudice stemming from Doc. 314. A meaningful opportunity to be heard in this circumstance is a meaningful opportunity to present a defense. To effectuate this Sixth Amendment right, Mr. Jarvis needs his own access to all the documents in his own case.

As to sealed pleadings the United States was a party to, the United States has attempted a practical work-around, which although appreciated as are the Court's work-around efforts, falls short of constitutionally minimum notice and access to the material documents necessary for the defendant's preparation of his defense. Specific examples of instances of the impairment of the fundamental fairness of these proceedings are as follows, beginning at the present and working in reverse chronological order:

1.  Mr. Jarvis has newly appointed co-counsel who arrived in this case by this Court's order at Doc. 1211. Mr. Mitchell is "desperately" trying to bring himself familiar with his client's case but can neither access the sealed and or *ex parte* pleadings relating to Mr. Jarvis, nor can he even access a master list (the complete docket relating to Mr. Jarvis) to know documents exist *that he can't access*. Meanwhile the case continues in a period of

4

constitutionally inadequate representation by Mr. Mitchell upon circumstances outside Mr. Mitchell's and Ms. Neal-Post's control- systemic inability to access the material documents comprising Mr. Jarvis' case.

2. Mr. Jarvis' defense team cannot independently access documents. Appointed Counsel for Mr. Jarvis and his law clerk are located respectively in Ruidoso, Albuquerque and Santa Fe, New Mexico. The geographic breadth of the state of New Mexico makes it impossible to timely share documents amongst the three counsels other than electronically or by fax. The inadequacy of relying on faxing of court orders to the exclusion of counsel docket access is illustrated through the fax service of Docs. 1215 and 1216- counsel's fax machine ran out of toner mid-way through fax service at 4:46 p.m. so counsel did not, in fact, receive service of the orders the date filing and service reflect on the docket. Counsel's immediate contact to chambers for an emailed pdf version of the document was never acted upon, such that "in-fact," Mr. Jarvis was not served February 7, 2008. Without electronic docket access, Mr. Jarvis' counsel could not otherwise avail themselves even of "self-service" of notice by accessing the electronic docket, rendering Mr. Jarvis with neither actual nor constitutionally adequate service.

3. Mr. Jarvis' *ex parte filing* regarding government witness Robert Gorence was not served through the electronic system on Mr. Gorence, so Mr. Jarvis himself made belated hand service to rectify the system failure when the error came to light. *See T.P.* 11/20/07 (Magistrate J. Garcia), at 4:22- 5:2.

4. Mr. Jarvis' *ex parte* filing seeking appointment of an outside expert was open on the docket and the United States viewed it, although the United States immediately made proper notice on Mr. Jarvis of the docketing error. That bell was rung, however, and the

United States became privy to defense strategy, although Mr. Jarvis is at present unaware of any improper use of such knowledge by the United States as to this filing.

5.      The colloquy with the Court at the November 20, 2007 hearing begs the question as to whether all documents which should be considered at counsel's urging on Mr. Jarvis' behalf, are actually being considered. *T.P.*   11/20/07 at pp. 14-16. The Court requested pleadings titles which reflect enough information for the court to identify the document whether or not counsel was able to access the docket number reflecting the document to which court attention was to be directed.  While seemingly a reasonable suggestion, this too is inoperable as document titles which reflect confidential document content are not being uniformly protected- as with the entry on today's docket at 1225 and service of this notice on counsel without a "need to know."

The United States has been contacted and takes no position on the relief requested, with the caveat that the United States opposes blanket access by Mr. Jarvis to all sealed pleadings "affecting" him.

## Conclusion

It is fundamental that an accused be prosecuted in proceedings where he has access to all the documents filed against him, and relative to him in the preparation of his own defense.  Such fundamental procedural protection is lacking herein, despite counsels' repeated attempts to rectify the matter.

Undersigned counsel request immediate electronic access to every sealed document filed in this proceeding to which Mr. Jarvis is a party, as the filer, joiner, responding party or as a party whose rights are affirmed, denied or altered by the Court Order.  Counsels further request accessibility to an electronic docket which accounts for all docket entries, while maintaining confidentiality of the contents of each entry which is material only to Mr. Jarvis.

6

Counsels also request formal electronic service through the ECF system to themselves and only to other counsel and parties upon a "need to know" basis, such that confidential matters are not inappropriately exposed, and such that all parties constitutionally entitled to document service and access, receive such *verifiable* service.

Such immediate action by the Court is required to protect the Defendant's various constitutional rights currently in degradation, the defendant's rights to due process, to a fundamentally fair proceeding, and his Sixth Amendment right to present his defense.

Respectfully submitted by:

*Electronically Filed*
        */s/*
            *February 21, 2008*
By_____
Gary Mitchell, Esq.
P.O. Box 2460
Ruidoso, NM 88355-2460
575.257.3070

*Electronically Filed*
        */s/*
            *February 21, 2008*
By_____
Jody Neal-Post, Esq.
317 Amherst SE
Albuquerque, NM 87106
505.268.7263

I hereby certify that a true and correct copy of
the foregoing pleading was delivered to opposing
counsel via the CM/ECF system this 21st of February, 2008.

*Electronically Filed*
_____
Jody Neal-Post

7

Case 1:05-cr-01849-JCH     Document 1226     Filed 02/21/08     Page 8 of 8