IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                                                                          Cr. No. 05-1849 JH

**DANA JARVIS, et. al,**

        **Defendants.**

## ORDER

Defendant Dana Jarvis ("Jarvis") has filed a motion titled *Defendant Jarvis' Motion for Relief from Interference with His Right to Present His Defense Due to Continuous Irregularities in the Electronic Case Docketing, Including Defendant's Inaccessibility to His Own Docket* [Doc. No. 1226]. In that motion, Jarvis' counsel—Mr. Gary Mitchell (lead counsel) and Ms. Jody Neal-Post—assert that they have not had full access to the entire docket in this case, and that this has impacted Jarvis' ability to prepare his defense and Mr. Mitchell's ability to familiarize himself with his client's case. However, after reviewing the motion and conducting an investigation into the matters raised therein, the Court concludes that Jarvis' motion is frivolous and should be denied.

Jarvis complains that his counsel are unable to see certain items on the docket. However, the Clerk's Office's information services team has verified that both counsels' CM/ECF accounts and the docket in this case are working properly. It appears that counsels' inability to see certain items on the docket stems from counsels' failure to understand the Court's CM/ECF system or the manner in which it interacts with PACER. On January 1, 2007, this Court switched from its former ACE electronic filing system to the current CM/ECF system. Prior to that date and continuing until the present time, the Court has offered free classes to attorneys and their staffs to familiarize them

with the new system. For over a year, the Court has announced the availability of this training on its public website. According to the Clerk's Office, this Court has conducted 176 free classes on CM/ECF and has trained 1,400 participants. However, the Clerk's Office's records reflect that neither Ms. Neal Post nor Mr. Mitchell has attended a CM/ECF class offered by this Court.

Rather than seeking to learn to use the CM/ECF and PACER systems properly—as 1,400 of their colleagues have done—instead Jarvis' counsel seek to blame the Court and the electronic filing system for their own failure to understand those systems. For example, Jarvis's counsel argue that the failure of attorneys Robert Gorence and Paul Kennedy to enter their appearance before filing a motion on behalf of Jarvis, who was then represented by other counsel (*see* Doc. Nos. 314 and 329)—an action in violation of the Local Rules—reflects a failure in the electronic filing system. Jarvis' counsel seem to argue that the electronic system should not have allowed Gorence and Kennedy to file a motion without first filing an entry of appearance. This argument is simply nonsensical. The attorneys who practice before this Court have a responsibility to understand and adhere to the Local Rules. When they fail to do so, the Court will take appropriate action. However, it is not the role of CM/ECF to police every single document filed for possible violations of our Local Rules.

Similarly, Jarvis' counsel complains that No. 1224 on the docket reveals confidential disclosures, and that it was improperly served on counsel who are no longer in this case or who have no need to know its contents. The Court finds this argument equally puzzling. That document is a reply brief in support of a motion that is available to the public and was not filed under seal. There is no "confidential" information in Doc. No. 1224, and its service upon any attorney could result in no prejudice to Jarvis. However, in an abundance of caution, on February 26, 2008, the Court deleted from the caption of this case all counsel who are no longer representing defendants in the

case, and it removed the link between attorney Scott Davidson and Jarvis so that in the future Mr. Davidson will not receive service of any sealed document pertaining to Jarvis.

The other arguments advanced in Jarvis' motion are equally meritless. For example, Jarvis complains that CM/ECF did not electronically serve his *ex parte* filing regarding Mr. Gorence on Mr. Gorence, counsel for co-defendant Dennis Wilson. However, that fact merely demonstrates that the system is working properly. By definition, only the filing party's counsel and the Court have access to documents filed *ex parte*.[1] If Jarvis' counsel wished to serve Mr. Gorence electronically, then they should not have filed their motion *ex parte*.

As members of the Federal Bar, the State Bar of New Mexico, and the CJA panel, attorneys Neal-Post and Mitchell have a duty to this Court and to their clients to learn and understand the CM/ECF and PACER systems. As Jarvis' frivolous motion amply demonstrates, Ms. Neal-Post and Mr. Mitchell have failed to do so.

**IT IS THEREFORE ORDERED** that no later than April 1, 2008, Mr. Mitchell and Ms. Neal-Post must attend, together and in person, a training session on CM/ECF and PACER at the Pete V. Domenici Federal Courthouse in Albuquerque, New Mexico. Mr. Mitchell and Ms. Neal-Post may bring members of their staffs to the training if they so desire. Mr. Stephen Wright, Case Management Supervisor, will conduct the training, and counsel must contact him at (505) 348-2000 as soon as possible to set up a mutually convenient time and date. Counsels' time spent traveling to and attending the training will not be compensable under the Criminal Justice Act.

**IT IS FURTHER ORDERED** that *Defendant Jarvis' Motion for Relief from Interference with His Right to Present His Defense Due to Continuous Irregularities in the Electronic Case*

---

[1] *Ex parte* is defined as "on or from one party only, and without notice to, or argument by, any person adversely interested." Black's Law Dictionary 597 (7th ed. 1999).

3

*Docketing, Including Defendant's Inaccessibility to His Own Docket* [Doc. No. 1226] is **DENIED**, as the Court concludes that there have been no "irregularities" in CM/ECF system that have interfered with Jarvis' rights.  Due to the baseless nature of the motion, counsels' time in preparing Doc. No. 1226 will not be compensable under the Criminal Justice Act.

_____
**UNITED STATES DISTRICT JUDGE**