**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                                                          **CR No. 05-1849 JH**

**DANA JARVIS,**

      **Defendant.**

**COUNSEL'S SUPPLEMENT TO DEFENDANT JARVIS' MOTION TO RECONSIDER [Doc. 1249] THE COURT'S ORDER AT DOC. 1236 REGARDING MR. JARVIS' MOTION FOR RELIEF FROM INTERFERENCE WITH HIS RIGHT TO PRESENT HIS DEFENSE DUE TO CONTINUOUS IRREGULARITIES IN THE ELECTRONIC CASE DOCKETING, INCLUDING DEFENDANT'S INACCESSIBILITY TO HIS OWN DOCKET**

COMES NOW co-counsel of record, Jody Neal-Post, hereby supplementing the Defendant's Motion to Reconsider at Doc. 1249, post compliance with this Court's sanction Order against undersigned counsel at Doc. 1236.

**Order Compliance**

Pursuant to this Court's Order, undersigned counsel attended the District Court's standard CM/ECF training provided by Mr. Stephen Wright on March 26, 2008. *See attached Certificate of Successful Completion.*

The training was the standard 3.5 hours class offered to federal practitioners and their staff members. However, in this standard training, Mr. Wright allowed undersigned counsel to ask as many questions as she liked and answered all questions specifically related to Mr. Jarvis' docket issues. The training was definitely informative and helpful on a variety of issues. The training also clarified common areas of user errors contrasted to areas of

systemic inabilities to meet the filing needs for legitimate criminal defense motions and orders in this present criminal prosecution.

## Resolution of Issues through Training

The Court determined that undersigned counsel had failed in her duties to the Court and her client to "learn and understand the CM/ECF and PACER systems." The Court ordered the training reported on herein as remedy to what the Court determined to be counsel's deficiencies in understanding the electronic filing system.

Undersigned counsel notes further that the Court has also remedied some of the difficulties identified in Mr. Jarvis' Motion to Reconsider [Doc. 1249] related to the docket designation necessary to the pending appeal at the Tenth Circuit, by verifying for Mr. Jarvis' appellate counsel that 67 docket entries which are unidentified on Mr. Jarvis' docket are not relevant to the appeal, Tenth Circuit Case No. 08-2066.

## Information Gleaned from the Training

The standard training addresses both civil and criminal case filings and docket access and issues, but the focus was heavily on civil cases. The critical issue of access to restricted documents was touched upon, with the most helpful caveat presented of logging in with a user's CM/ECF identification first, which information was understood as confirmed *not* to exist in the generally available training materials. The training did not take the students through a sample hands-on exercise of accessing any restricted filings. The information regarding the CM/ECF ID access was an oral presentation without documentation or practice, and while essential information, undersigned doubts it would have been remembered months after the training as few trainees would probably have realized the significance of this information without an immediate need to use it. Undersigned also notes

that this same and most helpful information was never received through the CM/ECF help desk or other personnel at this or the Las Cruces federal district courts.

The training confirmed that efiling is mandatory in this federal district court. Training also confirmed an ongoing system difficulty regarding terminated counsel's continuing access to restricted documents, such as the problem recited by Mr. Jarvis of his withdrawn but still consulting counsel Joe Romero's inability to access documents or receive NEFs (Notices of Electronic Filing). Undersigned learned that when a court order has specific conditions, such as Mr. Romero's order allowing withdrawal while continuing as transition counsel, the case manager for the particular case would have to docket the order specific to the order's language, such that the docket and notice capabilities of the system reflect the Court's expressions in the Order. The system cannot reflect such custom orders without adjustment.

Counsel also learned that the issue of information in document titles reflecting on the docket is the responsibility of the filer, whether the filer is counsel or the court. For example, counsel would be responsible to refrain from reflecting confidential information in a document title if counsel wishes such information to be for the Court only and not for other case participants. Likewise, as to the issue with confidential information reflected in the Court's CJA docket entries, the Court filer would be responsible to refrain from placing payee names and amounts and services rendered in CJA docket title entries, if such are to remain confidential.

Relevant to Mr. Jarvis' concerns, the training indicated that the NEF shows who received notice electronically and who did not. The "other means of service" section of the NEF is where counsel is to look to see whom, if anyone, must be hand served a particular filing. It was not determined in the class the exact status of the service issues Mr. Jarvis

raised in his Motion and his Reconsideration regarding some of the filings herein where service was not effectuated by the Court system.

Contrary to information undersigned had previously received from her various help desk contacts, undersigned learned at the training how to use the utilities function of the system such that a law clerk could receive direct NEF service and the "one free look" capability that accompanies such service. Counsel's previous inquiries had consistently led to the same answer, that a law clerk could not receive notice.

Finally, Mr. Wright clarified that the matter raised by Mr. Jarvis in his initial motion regarding the filing of Doc. 314 by counsel who had filed no entry of appearance would today result in such counsel **not** receiving NEFs or Notices of hearings related to such unauthorized filing. Undersigned counsel understood that the system made such service as occurred herein for the January 19, 2006 hearing until the system was changed to prevent such notice from being sent to counsel who had filed without entering their appearances. Since October 2007, such error of provision of notice to counsel *im*properly filing motions in a case would not now occur.

## Conclusion

The training was unquestionably helpful. Just as unquestionably, counsel's completion of the training before becoming counsel of record in this case would not have prevented the systemic and user difficulties which are specific to and of record in this case.

Errors in electronic systems occur and are of occasional record in the CM/ECF system around the country. *See, e.g. Hollins v. Dep't of Corr.*, 191 F.3d 1324, 1328-29 (11th Cir. 1999) (excusing untimely filing of appeal where party relied on docket error in electronic case filing system). While the system and the Court's efforts here to make it function properly are and have been extraordinary, the electronic filing system is a literal software

4

system subject to the unique necessities of litigation. The more unique and complex a litigation, the greater the likelihood that the standard configuration for electronic filing and docketing will require custom tinkering to reflect the legitimate litigation needs of the parties and the Court's unique resolutions of issues.

In *Phoenix Global*, the District of New York acknowledged just this:

> The circumstances surrounding Phoenix Global's ill-fated attempts to file its motion remind the Court that the legal profession is caught in an awkward phase between the old world of typewriters and hand deliveries and the new world of ECF.
>
> In recognition that computers, like humans, are not foolproof, the Southern District of New York adopted Model Rule 11, drafted by the 2001 Judicial Conference of the United States, that provides: 'A Filing User whose filing is made untimely as a result of technical failure may seek appropriate relief from the court.' This rule was intended to address situations where the filing user is unable to access the court's web site or the user's system itself has malfunctioned.

*Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 2004 U.S. Dist. LEXIS 20977 (D.N.Y. 2004).

WHEREFORE, undersigned counsel respectful requests that Mr. Jarvis' Motion to Reconsider be granted upon the grounds described therein, in addition to the information provided by counsel in the report above, such that all sanctions against both undersigned counsel and co-counsel Gary Mitchell are immediately vacated in an amended Order of this Court.

                 Respectfully submitted by:

                 *Electronically Filed*

                   */s/*
                   *April 11, 2008*
                 By_____
                Jody Neal-Post, Esq.
                317 Amherst SE

Albuquerque, NM 87106  
505.268.7263

I hereby certify that a true and correct copy of
the foregoing pleading was delivered to opposing
counsel via the CM/ECF system this 11th of April, 2008.

*Electronically Filed*

_____
Jody Neal-Post