IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 05-1849 JH |
| ) | |
| DANA JARVIS, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' MOTION FOR THIS COURT TO
TO FIND THAT IT HAS NOT LOST JURISDICTION TO
PROCEED IN THIS CASE BASED ON DEFENDANT DANA JARVIS'S
FILING OF A NOTICE OF APPEAL ON A NON-APPEALABLE ISSUE

The United States hereby moves the court to find that it has not lost jurisdiction to proceed with this case despite defendant Dana Jarvis's filing of a notice of appeal, and in support thereof states as follows.

I.  INTRODUCTION.

This motion relates to Jarvis's notice of appeal to the United States Court of Appeals for the Tenth Circuit from this court's order denying Jarvis's motion to dismiss the indictment (hereinafter referred to as "the Order"), and the effect of the notice of appeal on this court's jurisdiction over the case. As shown below, the notice of appeal does not divest this court of jurisdiction because the order it references is non-appealable.

> II.    THE FILING OF A NOTICE OF APPEAL ON A NON-APPEALABLE ORDER DOES NOT DIVEST THIS COURT OF JURISDICTION.

In *Stewart v. Donges*, the Tenth Circuit stated:

> Once a notice of appeal on an appealable issue such as qualified immunity is filed, the status quo is that the district court has lost jurisdiction to proceed. To regain jurisdiction, it must take the affirmative step of certifying the appeal as frivolous or forfeited, and until that step is taken it simply lacks jurisdiction to proceed with the trial.

915 F.2d 572, 577 (10th Cir. 1990). Thus, a prerequisite to this court losing jurisdiction based on Jarvis's filing of a notice of appeal is that the notice of appeal is "on an appealable issue." *Id.* In that regard, the Tenth Circuit has held:

> If the notice of appeal is deficient by reason of untimeliness, lack of essential recitals, <u>reference to a non-appealable order</u>, or otherwise, the district court may ignore it and proceed with the case. If the district court is in doubt whether the notice of appeal is valid, it may decline to act further until disposition of the appeal.

*Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340-41 (10th Cir. 1976) (emphasis added); *Howard v. Mail-Well Envelope Co.*, 164 F.R.D. 524, 527-28 (D. Co. 1996) (district court chose to ignore plaintiff's appeal of a non-appealable order and proceed with case). As discussed below, the denial of Jarvis's motion to dismiss is not an appealable issue. Therefore, this court should find that Jarvis's notice of appeal has not divested the court of jurisdiction and proceed with this case.[1]

---

[1] The United States has filed a motion to dismiss Jarvis's appeal with the Tenth Circuit based on the same argument made herein.

III.     THE ORDER IS NOT APPEALABLE.

   A.     Overview of the Collateral Order Doctrine.

The federal courts of appeals have jurisdiction over appeals "from final decisions of the district courts of the United States." 28 U.S.C. § 1291. A "final decision" means a decision that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Mesa Oil, Inc. v. United States*, 467 F.3d 1252 (10th Cir. 2006) (internal quotations omitted). The purpose for this "finality requirement" is to prevent "'the debilitating effect on judicial administration caused by piecemeal appeal . . . of what is, in practical consequences, but a single controversy.'" *Id*. (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 471 (1978)).

Jarvis does not assert that his appeal is from a "final decision" of this court. Instead, he states that his appeal is pursuant to the collateral order doctrine. Doc. 1238.

The collateral order doctrine gives the court of appeals appellate jurisdiction over a narrow class of interlocutory orders. *Mesa Oil*, 467 F.3d at 1254. To meet the requirements of the collateral order doctrine, the interlocutory order must: (1) "conclusively determine the disputed question," (2) "resolve an important issue completely separate from the merits of the action," and (3) "be effectively unreviewable on appeal from a final judgment." *Id*. An order that fails to meet any one of these three "stringent" requirements "is not reviewable under the collateral order doctrine." *Id*.

B.   The Order Does Not Resolve an Important Issue Completely Separate from the Merits of the Case.

Applying the collateral order doctrine "with the utmost strictness," as is required in criminal cases, *United States v. Ambort*, 193 F.3d 1169, 1171 (10th Cir. 1999), the Order does not meet either the second or third prongs of the collateral order doctrine.[2] The second prong requires that the district court's order must "resolve an important issue completely separate from the merits of the action." *Mesa Oil*, 467 F.3d at 1254. Examples of "completely separate" issues include the transfer of a juvenile to adult status, commitment for a psychiatric evaluation to determine competency, and restraints on property subject to forfeiture. *See United States v. David A.*, 436 F.3d 1201 (10th Cir. 2006); *United States v. Deters*, 143 F.3d 577 (10th Cir. 1998); *United States v. Musson*, 802 F.2d 384 (10th Cir. 1986). The Order in this case is not analogous to other issues that have been held to be completely separate, and in fact does not resolve an issue that is completely separate from the merits of the prosecution.

The Supreme Court's decision in *Flanagan v. United States,* 465 U.S. 259 (1984) is controlling in this case. In *Flanagan,* the government moved to disqualify the defendants' chosen counsel because there was a potential that an actual conflict might arise from the counsel's joint representation of multiple defendants. *Id.* at 261-62. The

---

[2] The government concedes for the purposes of this motion that the Order conclusively determined the disputed matter that is the subject of the appeal and therefore satisfies the first prong of the collateral order doctrine.

district court granted the government's motion and disqualified the defendants' counsel. *Id.* at 262. The defendants appealed. *Id.*

The Supreme Court held that disqualification of the criminal defendants' counsel of choice was not an immediately appealable order under the collateral order doctrine. *Id.* at 270. In reaching this conclusion, the Supreme Court determined that the disqualification of a criminal defense attorney did not meet the doctrine's second requirement – it did not resolve an issue completely separate from the merits of the action. *Id.* at 268-29. The Court reasoned:

> [A] disqualification order, though final, is not independent of the issues to be tried. Its validity cannot be adequately reviewed until trial is complete. The effect of the disqualification on the defense, and hence whether the asserted right has been violated, cannot be fairly assessed until the substance of the prosecution's and defendant's cases is known. In this respect the right claimed by petitioners is analogous to the speedy trial right. . . . [B]ecause impairment of the defense is an important fact in judging whether a speedy trial violation has occurred, a denial of a motion to dismiss on speedy trial grounds is not separable from the issues at trial. The same conclusion applies to a disqualification order if prejudice to the defense is a necessary element of petitioners' claim.

*Id.* (internal citation omitted). Thus, if Jarvis must show that he was prejudiced by the purported violations of his Sixth Amendment rights to obtain dismissal of the indictment, he cannot do so until the entire case is resolved.

> C. <u>The Order Is Not Effectively Unreviewable on Appeal from a Final Judgment</u>.

In his motion to dismiss, however, Jarvis argued that the purported violations of his Sixth Amendment rights constituted structural error which did not require a showing

5

of prejudice to warrant dismissal of the indictment. If this is true, the Order fails to satisfy the third requirement of the collateral order doctrine, that is, that the Order would be "effectively unreviewable" on appeal from a final judgment. An order is "effectively unreviewable" only where the order at issue involves an asserted right that would be "essentially destroyed if its vindication must be postponed until trial is completed." *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 499 (1989).

The crucial distinction between orders that fall within the collateral order doctrine and those that do not are cases which involve "a right not to be tried." *Ambort,* 193 F.3d at 1171 (distinguishing right not to be tried from remedy requiring dismissal of charges). "A right not to be tried" must rest "upon an explicit statutory or constitutional guarantee that trial will not occur." *Id*. As examples, the Tenth Circuit has cited the Double Jeopardy Clause ("nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb) and the Speech and Debate Clause ("for any Speech or Debate in either House, [the Senators and Representatives] shall not be questioned in any other Place"). *See id*. Jarvis bears the burden of establishing the "legal and factual basis" for such a right. *See id.* Courts view any attempt to characterize a claim as a right not to be tried "with skepticism." *Id*.

Again, the Supreme Court's decision in *Flanagan* is directly on point:

> An order disqualifying counsel lacks the critical characteristics that make orders denying bail reduction or refusing to dismiss on double jeopardy or Speech or Debate grounds immediately appealable. Unlike a request for bail reduction, a constitutional objection to counsel's disqualification is in no

> danger of becoming moot upon conviction and sentence. Moreover, it cannot be said that the right petitioners assert, whether based on the Due Process Clause of the Fifth Amendment or on the Assistance of Counsel Clause of the Sixth Amendment, is a right not to be tried. Double jeopardy and Speech or Debate rights are *sui generis* in this regard. . . . Rather, just as the speedy trial right is merely a right not to be convicted at an excessively delayed trial, . . . the asserted right not to have joint counsel disqualified is, like virtually all rights of criminal defendants, merely a right not to be convicted in certain circumstances. Unlike a double jeopardy or Speech or Debate claim, petitioners' claim "would be largely satisfied by an acquittal resulting from the prosecution's failure to carry its burden of proof." . . . "Bearing the discomfiture and cost of a prosecution for crime even by an innocent person is one of the painful obligations of citizenship."

465 U.S. at 266-67.

The rights that Jarvis asserts have been violated are his Sixth Amendment right to the counsel of his choice, his Sixth Amendment right to effective assistance of counsel at all critical stages of the proceedings, and his right to assistance of counsel without the government interfering in his attorney-client relationship. The Court in *Flanagan* addressed similar rights and found them to be reviewable on direct appeal from a final judgment:

> Petitioners correctly concede that post-conviction review of a disqualification order is fully effective to the extent that the asserted right to counsel of one's choice is like, for example, the Sixth Amendment right to represent oneself. . . . Obtaining reversal from violation of such a right does not require a showing of prejudice to the defense, since the right reflects constitutional protection of the defendant's free choice independent of concern for the objective fairness of the proceeding. . . . Similarly, post-conviction review is concededly effective to the extent that petitioners' asserted right is like the Sixth Amendment rights violated when a trial court denies appointment of counsel altogether, . . . or denies counsel's request to be replaced because of a conflict of interest . . . . No showing of prejudice need be made to obtain reversal in these circumstances because prejudice to the defense is presumed.

> In sum, as petitioners concede, if establishing a violation of their asserted right requires no showing of prejudice to their defense, a pretrial order violating the right does not meet the third condition for coverage by the collateral order exception: it is not "effectively unreviewable on appeal from a final judgment."

465 U.S. at 267-68.

As was true in *Flanagan,* if Jarvis is convicted at trial, he may appeal this court's pretrial ruling that his Sixth Amendment rights have not been violated. Presumably the remedy, if his direct appeal were successful, would be reversal of the conviction. The court's ruling, therefore, is not "effectively unreviewable on appeal from a final judgment." *United States v. Storey*, 2 F.3d 1037, 1040 (10th Cir. 1993) (where alleged error "may be the basis for reversal from final judgment," the challenged order is not "effectively unreviewable").

Furthermore, Jarvis has no basis for claiming that he has a right not to be tried. Even if the court accepts that the appropriate remedy for the purported violations of Jarvis's Sixth Amendment rights is dismissal of the indictment, the right is not one "which must be safeguarded by interlocutory appellate review." *See United States v. MacDonald*, 435 U.S. 850, 861 (1978) (holding that although dismissal of the indictment is proper remedy for Sixth Amendment speedy trial violation, defendant could not pursue interlocutory appeal). Because the Sixth Amendment's right to counsel does not create an express right not to be tried, nor does any statute, this court's order denying Jarvis's motion to dismiss does not implicate a "category of rights that can be enjoyed only if

8

vindicated prior to trial." *Ambort*, 193 F.3d at 1172.  As a result, the issues raised in Jarvis's interlocutory appeal do not fall within the collateral order doctrine.  *See Flanagan*, 465 U.S. at 266-67.

    IV.    CONCLUSION.

Because Jarvis has filed a notice of appeal on a non-appealable issue, this court has not lost jurisdiction to proceed in this case.  Therefore, the United States respectfully requests that the court grant this motion and continue to exercise jurisdiction in this case.

    Respectfully submitted,

    GREGORY J. FOURATT
    United States Attorney

    */s/ James R.W. Braun*

    JAMES R.W. BRAUN
    Assistant U.S. Attorney
    P.O. Box 607
    Albuquerque, New Mexico  87103
    (505) 346-7274

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of April, 2008, I filed the foregoing pleading electronically through the CM/ECF system, which is designed to cause counsel of record for the defendant to be served by electronic means.

    */s/ James R.W. Braun*

    JAMES R.W. BRAUN
    Assistant U.S. Attorney