IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 05-1849 JH |
| ) | |
| DANA JARVIS, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' RESPONSE TO DEFENDANT DANA JARVIS'S
"RENEWED MOTION TO CLARIFY STATUS OF PLEADINGS AND ORDERS
FILED BETWEEN SEPTEMBER 1, 2006 AND SEPTEMBER 24, 2007" (DOC. 1309)

The United States hereby responds to defendant Dana Jarvis's "Renewed Motion to Clarify Status of Pleadings and Orders Filed Between September 1, 2006 and September 24, 2007" (Doc. 1309).

On August 20, 2006, the court entered a "Second Order Setting Deadlines and Declaring Case Complex." Doc. 660. Pursuant to that order, the court set a deadline of October 20, 2006 for the defendants in this case to file most motions pursuant to Rule 12(b)(3), Fed. R. Crim. P. *Id.* at 3. On September 1, 2006, Jarvis filed a notice of appeal from the court's denial of his "Motion for the Court to Reconsider or Modify its Order Denying Defendant's Motion for Release of Funds." Doc. 666.

Subsequently, a number of defendants in this case, including Jarvis, filed motions pursuant to the stipulated scheduling order (Doc. 660). Jarvis did not seek any relief from

the order.  Not until several months later, on February 6, 2007, did Jarvis file a motion requesting a stay of the proceedings, in which he asserted that his appeal "concerns, and will determine, who Mr. Jarvis' defense counsel will be."  Doc. 895 at 2.

On February 21, 2007 the court entered an order staying the case "... as to those aspects of the case involved [in] the appeal ... until further direction of the Tenth Circuit Court of Appeals."  Doc. 924 at 1.  The Tenth Circuit's judgment reversing the court's order was entered on August 28, 2007, and the mandate was entered in the district court on September 24, 2007.  The court formally entered an order lifting the stay in this case on October 17, 2007.  Doc. 1091.

In the present motion, Jarvis requests that the court "clarify the status of pleadings, orders and other case activity that occurred ... between September 1, 2006 and September 24, 2007, when the court was without jurisdiction over matters involving Mr. Jarvis' defense."  Doc. 1309 at 1.  While the United States does not oppose the court "clarifying" the status of any order entered during this period, allowing Jarvis a "re-do" on pleadings that he filed is unnecessary, unfair, and would result in a waste of judicial resources.

The filing of a notice of appeal on an appealable issue "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  Thus, it is uncontested that the court lost jurisdiction over the aspects of this case involved in Jarvis's appeal while the appeal was pending.  But even assuming, *arguendo*,

that the divestiture of jurisdiction in this court is as broad as Jarvis asserts and that any action taken by the court during the period of Jarvis's appeal is invalid, Jarvis has failed to cite any authority for the proposition that pleadings filed by a party during that period are null and void and, further, that the party has the right to re-file them a second time.

Jarvis's motion is based on the premise "that different attorneys will approach Mr. Jarvis' defense differently," so that "[e]very action taken by Mr. Jarvis' attorneys in the district court during the pendency of the interlocutory appeal is nullified by the divestiture of jurisdiction." Def. Mot. at 14. This argument might be persuasive but for the fact that Jarvis *is still represented by appointed counsel*.[1]  Indeed, well over eight months after a successful appeal that was taken ostensibly to determine who his defense counsel would be, Jarvis has yet to retain private counsel of his choosing or use the property that was the subject of the appeal to retain an attorney. Under these circumstances, there is simply no basis for allowing Jarvis a second bite on previously-filed motions.

---

[1] Appointed attorney Jody Neal-Post continues to represent Jarvis, and appointed attorney Scott Davidson continues to file motions, such as the present one, on behalf of Jarvis. The only change in representation has been the substitution of appointed attorney Gary Mitchell for appointed attorney Joe Romero. That substitution, however, had nothing to do with Jarvis's successful appeal; Mr. Romero withdrew from the case because he was ordered to active duty status with the Army National Guard. *See* Doc. 1170.

Respectfully submitted,

GREGORY J. FOURATT
United States Attorney

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 346-7274

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of May, 2008, I filed the foregoing pleading electronically through the CM/ECF system, which is designed to cause counsel of record for the defendant to be served by electronic means.

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney