IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                          Cr. No. 05-1849 JH

DANA JARVIS, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on three motions: (1) *United States' Motion for this Court to Find That it Has Not Lost Jurisdiction to Proceed in this Case Based on Defendant Dana Jarvis' Filing of a Notice of Appeal on a Non-Appealable Issue* [Doc. No. 1301]; (2) *Defendant Dana Jarvis' Renewed Motion to Clarify Status of Pleadings and Orders Filed Between September 1, 2006 and September 24, 2007* [Doc. No. 1309]; and (3) *Defendant Jarvis' Motion to Reconsider the Court's Order at Doc. 1236* [Doc. No. 1249]. For the reasons set forth below, the first motion will be denied as moot, the second motion will be denied, and the third will be granted.

## DISCUSSION

**I.    The United States' Motion Regarding Jurisdiction**

In an Order of the Tenth Circuit Court of Appeals dated May 28, 2008, that Court dismissed Defendant Dana Jarvis' interlocutory appeal from this proceeding, finding that the requirements of the collateral order doctrine had not been satisfied and therefore it lacked appellate jurisdiction over Jarvis' appeal. The Tenth Circuit having resolved the issue, it is clear that this Court has jurisdiction to proceed and that the United States' motion is now moot. Accordingly, it will be denied as such.

II.	**Dana Jarvis' Motion to Clarify Status of Pleadings and Orders**

In this motion, Jarvis asks the Court to "clarify" the status of all pleadings and orders entered on the docket in this case between his filing of his notice of appeal on September 1, 2006 and this Court's receipt of the Tenth Circuit's mandate over a year later on September 24, 2007. More than 400 items were entered on the docket during that time, and a review of the docket reveals that the vast majority of them do not relate to Jarvis, but to other defendants. Many others, though they involve Jarvis, relate to merely ministerial matters, such as processing vouchers and payment of counsel and investigators pursuant to the Criminal Justice Act.

Jarvis requests that this Court "declare null and void any pleading, order, or other case activity if it meets two criteria: (1) it relates to Mr. Jarvis' defense against the government's charges, and (2) it occurred between September 1, 2006 and September 24, 2007." Jarvis does not provide the Court with a complete list of pleadings he believes fulfill these criteria (though he does provide some examples), apparently leaving it to the Court to parse through the docket in order to make that determination. He then proposes that after making this broad declaration, the Court set forth a timetable permitting the defendants and the government to either adopt, withdraw, or modify pleadings that have been declared null and void due to the divestiture of jurisdiction.

Jarvis' motion suffers from several defects. First, he bases the motion on the premise that the Court lost jurisdiction to act in matters relating to his defense during the relevant period. However, he sets forth no authority for the proposition that all motions, responses, replies, notices, etc. filed by the parties during that period are necessarily null and void. The few authorities he does cite speak to the fact that a proper interlocutory appeal divests the district court of jurisdiction to act regarding matters not involved in that appeal. *See, e.g., Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990); *McCauley v. Halliburton Energy Services, Inc.*, 413 F.3d 1158, 1163 (10th Cir. 2005).

Those authorities state nothing regarding the validity of the parties' filings during the pendency of an interlocutory appeal. Furthermore, Black's Law Dictionary (7th Ed. 1999) defines "jurisdiction" as "a *court's* power to decide a case or issue a decree." (emphasis added). Again, this suggests that to the extent that the power to act was lost between September 1, 2006 and September 24, 2007, it was the Court, not the parties, who lost that power. The Court is unaware of any legal authority stating that parties to an action lose the right to file motions and other papers in the district court while the case is on interlocutory appeal.

Second, Jarvis entirely ignores the fact that during the relevant time period this Court retained jurisdiction over the proceedings relating to Jarvis' many co-defendants, all of whom were entitled to proceed with their defenses by filing motions pertinent to the charges against them. Jarvis' election to join in several of his co-defendants' motions is a matter of his own doing, and his decision to do so is in conflict with his current position that his actions during that period were void. In addition, Jarvis offers no explanation of why he failed to file his motion to stay more promptly, instead waiting until February of 2007 to do so.

Third, Jarvis bases his motion in large measure on the argument that, "while the interlocutory appeal was pending, each and every pleading filed by Mr. Jarvis' attorney was inextricably intertwined with the appeal by virtue of the fact that his counsel was not his counsel of choice, in deprivation of the right he was seeking to vindicate on appeal." Doc. No. 1309 at p. 14. However, as the Government points out, despite prevailing on his appeal regarding the notice of lis pendens, Jarvis has not yet hired private counsel to represent him in this matter. Instead, he continues to use counsel appointed through the Criminal Justice Act.[1] Jarvis suggests that because an attorney of his

---

[1] Jarvis' former lead counsel, Joe Romero, is no longer representing him due to Romero's obligations with the Army National Guard. However, Jarvis continues to have appointed CJA

3

own choosing may have pursued a different course of action, he is now entitled to undo every decision made by his appointed counsel during the relevant period. Even assuming that position has legal merit, its lacks logical support because Jarvis has not chosen to retain private counsel at this stage. Thus, whether such private counsel would have adopted a different strategy is a matter of pure speculation.

Fourth, as a general matter a party may, at any time, choose to withdraw a motion or his joinder in a motion filed by another. Similarly, a party may move to amend a brief filed in support of or in opposition to a motion, provided that the party can show good cause for such a request. Jarvis has not explained why he could not use that mechanism, rather than requesting that the Court declare apparently large numbers of pleadings null and void—a request that would not be more efficient, but rather would lead to an unnecessary waste of judicial resources and a confusing cluttering of the docket.

In light of the foregoing, the Court will deny Jarvis' motion as written. However, if Jarvis is of the opinion that this Court lacked jurisdiction to make a specific Order or take other action between September 1, 2006 and September 24, 2007, he may refile his motion and request that such Order or action be declared null and void. In the event he chooses to file it, Jarvis' motion must specifically enumerate each such order or judicial act and the reasons why Jarvis believes the Court lacked jurisdiction for that order or action.

### III.     Jarvis' Motion to Reconsider

Counsel for Jarvis has requested that the Court reconsider its Order denying them CJA fees

---

counsel in attorney Gary Mitchell. In addition, attorneys Jody Neal-Post and Scott Davidson continue to represent Jarvis.

for filing Jarvis' motion regarding docket irregularities that allegedly interfered with Jarvis' right to present his defense in this case. Because the Court concludes that Jarvis was entitled to notice and an opportunity to be heard prior to denial of CJA attorney's fees, the Court will grant Jarvis' motion to that extent. Therefore, attorneys Jody Neal-Post and Gary Mitchell will be permitted to file properly supported requests for compensation for preparing and filing Doc. No. 1226.

However, certain other arguments in Jarvis' motion to reconsider must be addressed. First, Jarvis contends that "the relief sought with the Motion seeking access to Mr. Jarvis' docket was largely achieved with [a] single sentence of advice," Doc. No. 1249 at p. 5—i.e., that one must log on to CM/ECF before PACER in order to properly access the docket—essentially contending that no one provided Jarvis' counsel with the that information until after Jarvis filed his motion for relief from docket irregularities. That statement by Jarvis' counsel is at odds with what numerous Court and Clerk's staff, all of whom had spoken with Ms. Neal-Post, told the Court *prior* to the Court's issuance of its March 6, 2008 Order. Those Court staff informed the Court that they had conveyed this information to Ms. Neal-Post. While it is unnecessary to resolve that issue at this stage, it is worth noting that Ms. Neal-Post's position on the question is disputed.

Second, to this Court's surprise and dismay, Jarvis' counsel dispute that as attorneys appearing in this Court, they have a duty to learn how to properly use the electronic filing system. This District has adopted the use of CM/ECF as its method of case management and filing, and much like the Local Rules, knowledge of and compliance with the CM/ECF system is essential to the proper practice of law in the District of New Mexico, regardless of whether that practitioner is a member of a CJA panel or not. This should come as a surprise to no one. Yet, counsel for Jarvis argue that as non-members of this District's CJA panel, they had no such duty to their client or to the Court. Counsel also contends that "because there is no CM/ECF training requirement of this

5

District Court or incident to their bar memberships, neither counsel violated any express duty to this Court." Doc. No. 1249 at p. 10. The Court finds this argument to be without merit. Neither the Court nor the bar expressly requires formal training on this Court's Local Rules, yet attorneys practicing in this Court clearly have an obligation to acquaint themselves with those rules.[2] *See In re Jarvis*, 53 F.3d 416, 422 (1st Cir. 1995) ("[O]nce local rules have been properly promulgated, lawyers and litigants are duty bound to comply with them."); *Harris v. Steelweld Equipment Co., Inc.*, 869 F.2d 396, 400 (8th Cir. 1989) ("[C]ounsel has a responsibility to know the local rules of every court before which he practices. . . . An attorney's failure to keep himself informed of the Local Rules of every court in which he has pending cases is a 'lack of diligence.' "). As one district court has opined, "By appearing on behalf of a litigant in this district, an attorney assumes a responsibility to become familiar with and abide by the rules that apply in this district, including the Local Rules and the ECF Rules. [An attorney] must learn to shoulder that responsibility or must decline to practice before this Court." *See Enduracare Therapy Management, Inc. v. Cornerstone Healthcare of Illinois, Inc*., 2006 WL 1452825 at *2 (S.D. Ill. May 22, 2006) (unpublished). Though it is clear that all counsel appearing before this Court have an affirmative duty to fully familiarize themselves with the CM/ECF system and, if necessary, avail themselves of the free training offered by the Clerk's Office, at this time the Court makes no finding as to whether Mr. Mitchell or Ms. Neal-Post violated that duty.

**IT IS THEREFORE ORDERED** that:

(1) the *United States' Motion for this Court to Find That it Has Not Lost Jurisdiction to*

---

[2] In accordance with this Court's Order, Ms. Neal-Post attended CM/ECF training and apparently found it informative. In contrast, the Clerk's Office informs the Court that Mr. Mitchell has yet to sign up for or attend the training as ordered.

*Proceed in this Case Based on Defendant Dana Jarvis' Filing of a Notice of Appeal on a Non-Appealable Issue* [Doc. No. 1301] is **DENIED AS MOOT**;

(2) *Defendant Dana Jarvis' Renewed Motion to Clarify Status of Pleadings and Orders Filed Between September 1, 2006 and September 24, 2007* [Doc. No. 1309] is **DENIED**, though the Court has granted Jarvis limited leave to file a renewed motion as described above; and

(3) *Defendant Jarvis' Motion to Reconsider the Court's Order at Doc. 1236* [Doc. No. 1249] is **GRANTED**.

_____
**UNITED STATES DISTRICT JUDGE**