IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Cr. No. 05-1849 JH |
| DANA JARVIS, et al., | ) ) | |
| Defendants. | ) ) | |

UNITED STATES' SURREPLY TO DEFENDANTS' REPLY TO THE UNITED STATES' RESPONSE TO "DEFENDANTS' JOINT MOTION TO DISMISS COUNT 3 OR IN THE ALTERNATIVE FOR A BILL OF PARTICULARS"

The United States hereby submits its surreply to the defendants' joint reply to the United States' response to the "Defendants' Joint Motion to Dismiss Count 3 or in the Alternative for a Bill of Particulars" (Doc. 710).[1]

In their reply, the defendants claim that following the recently decided United States Supreme Court case, *United States v. Resendiz-Ponce*, 127 S.Ct. 782 (January 9, 2007), "...an indictment *must* provide 'time and date specificity' as to an allegation..." in order to prevent the risk of double jeopardy. (Def. Reply at p. 5)(emphasis added). This is not the holding of that case.

In *Resendiz-Ponce*, the defendant, a previously deported Mexican citizen, was convicted of attempted illegal re-entry under 18 U.S.C. § 1326(a). The defendant

---

[1] On July 23, 2008, the court granted the United States' motion for leave to file this surreply. (Doc. 1343).

challenged the sufficiency of the indictment on the grounds that it did not allege an essential element of the crime, that being the specific overt act which would qualify as a substantial step towards reentry. *Id.* at 787. The Court held that "...the use of the word 'attempt,' coupled with the specification of the time and place of respondent's attempted illegal reentry..." satisfied the two constitutional requirements identified in *Hamling v. United States*, 418 U.S. 87 (1974) (holding that an indictment must contain the elements of the offense charged and fairly inform the defendant of the charge against him, and enable him to plead double jeopardy). *Resendiz-Ponce* at 788. The Court went on to explain that, in that particular case, the fact that the indictment included time-and-place information resulted in greater protection for the defendant than simply alleging the overt act would have because he may have attempted to reenter the United States on numerous occasions in different locations. *Id.* The Court did not set forth a new requirement. It merely stated that the language in that particular indictment more than satisfied the requirements of *Hamling*.

Even if *Resendiz-Ponce* can be read to require that an indictment include "time and date specificity," as the defendant claims, Count 3 would satisfy that requirement. The count contains time-and-date information for the charged conspiracy, specifically 1990 to August 25, 2005. Superseding Indictment (Doc. 414) at p. 4.

Furthermore, were this requirement to exist in the wake of *Resendiz-Ponce*, there is nothing in that case that would serve to overturn the holding of *Whitfield v. United States*, 543 U.S. 209 (2005) that overt acts need not be alleged in the indictment of a

section 1956(h) conspiracy. Nor would it overturn the well established precedent of this circuit that it is not a function of a bill of particulars to disclose in detail the evidence the government will use a trial, nor can it be used to obtain evidentiary detail. *United States v. Barbieri*, 614 F.2d 715 (10th Cir. 1980) (holding the defendant's request for, *inter alia*, the specific events underlying the indictment and nature of the facts establishing the conspiracy were an "improper request for evidentiary detail.").

*Resendiz-Ponce* does nothing to change the scope and function of a bill of particulars. As Judge Keenan of the Southern District of New York explained:

> Discovery in criminal proceedings is not comparable to discovery in civil because of the nature of the issues, the danger of intimidation of witnesses, and the greater danger of perjury and subornation of perjury....Thus, courts have refused to treat a bill of particulars as a general investigative tool for the defense...or as a device to compel disclosure of the government's evidence prior to trial....*Details as to how and when the conspiracy was formed, or when each participant entered it, need not be revealed before trial*.

*United States v. Persico*, 621 F.Supp. 842, 868 (D.C.N.Y. 1985) (emphasis added) (citations omitted).

In this case, the superseding indictment contains the elements of the offenses charged, fairly informs the defendants of those charges, and enables them to plead double jeopardy in compliance with the requirements of *Hamling*. *Resendiz-Ponce* does not serve to now require that the indictment include "time and date specificity." However, even if it did, the superseding indictment would satisfy that requirement as it is drafted. Further, it is not the function of a bill of particulars to disclose in detail the evidence the

government will use at trial. The indictment is well pled and voluminous discovery has been provided in this case. Nothing more is required.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the court deny the defendants' "Joint Motion to Dismiss Count 3 or in the Alternative for a Bill of Particulars."

        Respectfully submitted,

        GREGORY J. FOURATT
        United States Attorney

        *ELECTRONICALLY FILED*

        JAMES R.W. BRAUN
        Assistant U.S. Attorney
        P.O. Box 607
        Albuquerque, NM   87103
        (505) 346-7274

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of July, 2008, I filed the foregoing pleading electronically through the CM/ECF system, which is designed to cause counsel of record to be served by electronic means.

        *ELECTRONICALLY FILED*

        JAMES R.W. BRAUN
        Assistant U.S. Attorney