**LAW OFFICES OF**
**NASH & KIRCHNER, P.C.**
P.O. BOX 2310
TUCSON, ARIZONA 85702
Telephone (520) 792-1613
Fax (520) 628-1079
Pima County Computer No. 41636
State Bar No. 002893
walter.nash@azbar.org
bkirchner@azbar.org
jennifermauet@qwestoffice.net

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,                                             CR-05-1849 JH

vs.

DAVID REID,

    Defendant.

STATUS MEMORANDUM

Excludable delay under 18 U.S.C. §3161(h)(i)(F) will may occur as a result of this motion or of an order based thereon.

The defendant David Reid, by counsel undersigned, hereby files this memorandum with regard to the pending trial date and other issues to be discussed at the Status Conference presently set for August 6, 2008.

Mr. Reid waives his presence at this hearing. Billy Blackburn,

counsel of record for a co-defendant herein, will appear for counsel undersigned for this hearing. Counsel undersigned has been committed to be in Denver, Colorado for a proceeding in a murder case on the date of this hearing. Bill Kirchner, a lawyer who is a member of this law firm, was scheduled to be present for this hearing, but has been hospitalized. The other lawyer in the firm, Jennifer Mauet, is presently on maternity leave having just given birth to her first child.

The Court has set this matter tentatively for trial on January 26, 2009. That setting will place this trial in conflict with a previously set date in another matter.

Counsel undersigned is trial counsel for Carlos Molinares-Nunez in *United States of America v. Molinares-Nunez*, CR-06-1955-TUC-JMR(JM). This matter is pending in the United States District Court, Tucson, Arizona, and is set for trial on January 6, 2009. It is a far-flung, multi-defendant drug conspiracy involving many tons of marijuana smuggled into the United States over a multi-year period of time. Mr. Molinares-Nunez is the lead defendant and is charged in a battery of counts including a Continuing Criminal Enterprise. The case will involve evidence of more than fifty (50) seizures and a comprehensive series of fixed and roving wiretaps. It is

-2-

anticipated that the trial will last more than a month in its present configuration. Mr. Molinares-Nunez is in custody and the trial date has been for some time by Chief Judge John Roll.

It is the understanding of the counsel undersigned that the estimated length of trial herein is but two weeks. The decision as to how long the government will take to put their case on lies solely within the knowledge of the Government. However, given the fact that we are dealing with a number of acts and over one hundred fifty thousand pages of disclosure, counsel undersigned reasonably believes that it is unrealistic to assume that the Government will finish within a two week period.

There are also a significant number of issues that remain to be resolved as well as lengthy trial and motion preparation steps that defense counsel need to undertake before they are prepared to go to trial.

There is no doubt this matter has been pending for a long period of time, but everything has basically been "on hold" due to the lengthy legal proceedings involving the defendant Jarvis' status of counsel issues. The Government requested, the defendants did not object, and the Court ordered that everything stop until that issue was resolved. Thus, a number of discovery issues and questions, as well as motions related thereto, have

-3-

not been filed with the agreement and understanding of all the parties and the approval of the Court. Discovery and new investigative activities by the Government have been ongoing. Those steps now need to commence.

Defense counsel have been discussing a number of issues with the Government including what witnesses they will actually call, what calls of each defendant they will actually use, what co-conspirator hearsay they may attempt to utilize, what exhibits they may introduce at trial (and the source thereof), and what acts (relevant and Rule 404), and what experts are going to be the subject of the trial evidence. Once the Government (which has been working on this case for a significantly longer period of time than the defendants and their counsel) discloses this, the defendants and their lawyers will be able to better focus on various motions and take other preparations steps.

Counsel undersigned has suggested to the Government that all of these matters be disclosed well in advance of trial to facilitate the saving of time by all parties and the Court. For example, if there are thousands of exhibits, makes no sense for the defendants to prepare for various admissibility questions and Motions to Suppress on those exhibits when the Government intends to introduce but a hundred. It would make more

-4-

sense from an allocation of time standpoint that the Government specify what they will use so that efforts can be focused on those specific exhibits and issues rather than wasting it on another matters. Handling these steps but five days before trial will not facilitate the goal of saving time and reducing the number of issues and motions that the defense will need to bring in advance thereof.

Counsel undersigned has also suggested to the Government that if these matters are disclosed, for example, ninety days before trial, defense counsel could be deemed to stipulate to the admissibility of the items unless a specific objection is filed, thirty days before trial. An example of this would be the specific calls the Government alleges that a defendant is on. If the specific list is disclosed (rather than a laundry list of thousands of calls that *may* be used), counsel for the defendant can determine if there is an identification issue or not. If so, a specific objection can be filed. If not, the caller identification can be deemed to be admitted and all parties and the Court save a great deal of time in trial by eliminating ancillary issues that could be handled well in advance thereof *if* counsel can focus on the matters that will actually be the subject of the trial.

Another example would be exhibits. If defense counsel know what

-5-

will be used at trial and the source thereof, counsel can focus on foundation deficiencies, possible motions to suppress (search or, for example, improper use of a Grand Jury to obtain evidence post-indictment), possible motions *in limine.*  Leaving those matters to the eleventh hour makes for more work for all counsel, more wasted Court time, potential delay in trial or a last minute continuance, and more issues on appeal.

Mr. Blackburn will also address the issue of the completeness of the *Brady* disclosure with regard to cooperating witnesses.  There may be additional investigation and Court steps necessary after the Government completes its disclosure on these individuals including orders to obtain Presentence Investigation Reports, Pretrial Services Report and Supervision Records, Probation Records, and other Court materials for which an order is required.  Frequently, once these matters are disclosed, additional public records requests for underlying reports need to be made. Completing the *Brady* packages for the cooperators on the eve of trial will not allow sufficient time to make the proper use of that *Brady* material, thus creating the need for either a continuance or other relief from the Court. Disclosing these matters well advance of trial will allow defense counsel to

go forward and complete their due diligence and to proceed with the trial when it is scheduled.

This procedure has been utilized in the past in other matters counsel undersigned has been involved in with a resultant substantial savings in time. Thus far, the Government does not appear willing to agree with counsel undersigned is suggested procedure. The Government has had its collective arms around this case for years. The number of defendants is much reduced and it appears as though all who are left will proceed to trial. Thus, it appears the Government should now be in a position to determine and disclose now what it will use to prove its case. To do so well in advance of trial will save time and serve the interests of justice well.

The Motion To Suppress the wiretap is going to require a number of steps to be performed in serial fashion. This Court has read a general discussion of some of the steps needed in a wiretap litigation in conjunction with prior pleadings in this case, including but not limited to a Motion to Continue. The most significant attack on any wiretap application is in the area of necessity. A necessity analysis focuses on aspects of the Government's investigation that are often undisclosed and usually involves a *Franks* hearing request. To be able to obtain a *Franks* hearing sufficient

-7-

facts need to be presented to the Court showing that facts in the affidavit were either false or that there were material omissions from the wiretap initiation affidavit or renewal applications. The focus of that defense investigation almost always begins with the target telephone owner/operator. In this case that is the defendant Dana Jarvis.

In past wiretap cases, counsel undersigned has been able to review the affidavit(s) with the target telephone holder (as counsel for that person or with the approval of the individual's counsel of record) to test the Government's averments for both correctness and completeness. However, and quite understandably, in this case counsel for the defendant Jarvis has been unwilling to do that until the recent legal proceedings were resolved due to significant issues that existed with regard to his choice of counsel. None of those steps have been able to take place until very recently and only now are they getting under way with his new counsel. A lengthy development of those issues is usually followed by a defense investigation designed to corroborate or supplement points raised during that initial effort. Then, specific motions can be directed to the Government if the disclosure is incomplete on those issues.

The area of confidential sources is also one that needs to be fully

developed.  Frequently, claims are made that the recitation in the affidavit of the ability to penetrate an organization by particular confidential sources is given short shrift and not accurately set out.  Specifically, facts may develop that the confidential sources had far more access to higher ups and the ability to obtain information than the affidavit states which cuts against necessity.  These kinds of claims frequently become the grounds for a Court granting a *Franks* hearing request and when fully developed at that hearing, the underpinnings for an order of suppression.  However, those issues require consultation with the target telephone holder followed by extensive investigation and the potential of pretrial motions designed to uncover additional information known *only* by the Government and its agents and generally (and often understandably) not the subject of "open file" disclosure.

     These steps are time consuming, must be undertaken one after the other, and only now are commencing because of the other unrelated legal issues that are certainly not the result of any act or omission on the part of any co-defendant or their counsel.  Simply put, Mr. Jarvis was properly pursuing his legal remedies and we have been unable to go forward because of those efforts.

The results of a related issue as to whether or not the pen register legally captured content in this case is presently being developed by the defendants and their counsel. That too is an extremely time consuming issue in addition to the other matters discussed herein.

It is not reasonably expected that a Motion To Suppress and Request For *Franks* Hearing could be ready for filing, given the delays occasioned by legal steps separate apart from the bulk of the defendants herein, until the early part of December, 2008. Counsel undersigned would also respectfully suggest a trial date in June, rather than January, to allow all of these steps and others to be completed.

Counsel undesigned is also aware that a new defendant has come in to the case relatively recently. Mr. Jarvis also has different counsel. Those defendants and their counsel can better speak to their issues of the viability of a January trial date at the hearing.

RESPECTFULLY SUBMITTED this 4th day of August, 2008

           LAW OFFICES OF
           NASH & KIRCHNER, P.C.


           BY /S/ Walter Nash
           WALTER NASH
           Attorney for Defendant Reid

-10-

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of August, 2008, I served a true and correct copy of this Memorandum by U.S. Mail, postage prepaid, on counsel for the United States at the address listed below:

> James R.W. Braun, Esq.
> Assistant United States Attorney
> P.O. Box 607
> Albuquerque, New Mexico  87103

It has also been sent to counsel for the United States and all current defense counsel electronically.

/s/ Walter Nash
_____