## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cr.  No. 05-1849 JH |
| | ) | |
| DANA JARVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## THIRD ORDER SETTING TRIAL DATE AND CASE SCHEDULE

THIS MATTER came before the Court for a Status Conference on August 6, 2008.

Assistant United States Attorneys James R.W. Braun and Steve Kotz appeared on behalf of the

United States.  Defendant Dana Jarvis was present with his attorneys, Gary Mitchell and Jody

Neal-Post.  Defendant David Reid was represented by William Kirchner, who appeared

telephonically and waived his client''s right to appear in person.  Defendant Greg Hill was

represented by Billy Blackburn, who waived his client''s right to appear in person.  Defendant

Bill Jones was represented by Victor K. Sizemore, who waived his client''s right to appear in

person.  Defendant Dennis Wilson was represented by Robert J. Gorence, who waived his

client''s right to appear in person.  Also present for all Defendants was Scott Davidson, the CJA

attorney appointed to coordinate brief writing, and Richard S. Demarest, the CJA attorney

appointed to coordinate discovery.

The Court previously entered orders setting deadlines and declaring this case as complex

on December 6, 2005 [Doc. no. 274] and August 24, 2006 [Doc. no. 660].  The Court''s

designation of this case as complex remains in force.  However, the Court, having heard from the

parties and recognizing the scheduling conflicts discussed at the Status Conference by several

attorneys for Defendants, FINDS that the current trial setting of January 26, 2009 and the

deadlines associated with that trial setting should be vacated.  The Court also FINDS that the

case is now set for trial is now set for trial beginning March 23, 2009, and the corresponding

deadlines and hearing dates are set forth herein.

NOW, THEREFORE, IT IS HEREBY ORDERED, that the Court's standard discovery

order is hereby set aside and discovery in this case shall be conducted as follows:

1)    The government has previously disclosed and/or produced material

governed by Rule 16(a)(1)(A), (B), and (D), Fed. R. Crim. P.  If any additional material

governed by Rule 16(a)(1)(A), (B), and/or (D) hereafter comes into the possession of the

government, the government shall produce such material as soon as practicable.

2)    The government has previously produced copies of Rule 16(E)(i) and (ii)

material.  If any material governed by Rule 16(E)(i) and/or (ii) hereafter comes into the

possession of the government, or if any material presently in the possession of the government is

subsequently determined to fall within Rule 16(E)(i) and (ii), the government shall produce

copies of such material as soon as practicable.  This paragraph does not govern the discovery of

material seized from the defendants, which is provided for in paragraph 3 below.

3)    Pursuant to Rule 16(a)(1)(E)(iii), the government has previously made the

documents and non-drug objects seized from the defendants in this case available for defense

counsel to inspect.

4)     The government shall produce all material in its possession for which

disclosure is mandated by Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405

U.S. 150 (1972), no later than ninety (90) days prior to trial, and shall continue to produce any

additional Brady or Giglio material as soon as practicable after such material comes into the

government's possession.

      5)     The government shall produce a summary of any expert witness testimony pursuant to Rule 16(a)(1)(G) no later than sixty (60) days prior to trial.

      6)  The government shall produce witness statements pursuant to 18 U.S.C. §§ 3500 (the Jencks Act) no later than sixty (60) days prior to trial.

      7)     The government shall provide a single set of all discovery required to be produced under this Order to Richard S. Demarest, who will act as discovery coordinator on behalf of all defense counsel.  Upon the specific written request of any counsel in this case, the United States shall also provide a copy of discovery to that particular defendant's counsel.

      8)     The defendants shall produce any reciprocal discovery under Rule 16(b)(1)(A) by August 29, 2008.

      9)     The defendants shall produce a summary of any expert witness testimony pursuant to Rule 16(b)(1)(C) no later than sixty (60) days prior to trial.

IT IS FURTHER ORDERED that the defendants shall file any motions pursuant to Rule 12(b)(3), Fed. R. Crim. P., including any motion to suppress wiretap evidence, by November 7, 2008.  Within ten (10) days of the filing of a motion by any defendant, any other defendant may file a notice of joinder in the motion, including in the notice of joinder any factual or legal argument that is specific to the joining defendant and specifying the relief sought by the joining defendant.  The government may file one omnibus response to motions that have been joined by other defendants.  The government shall file its response(s) to any Rule 12(b)(3) motions by December 19, 2008.  A single reply to each government response shall be filed on behalf of the filing defendant and any joining defendants by January 16, 2009.

IT IS FURTHER ORDERED that the parties shall file any motions *in limine* at least

thirty (30) days prior to trial.

IT IS FURTHER ORDERED that the Court will hold a *James* hearing beginning at 9:30 a.m. on September 30, 2008.  Based on estimates by the Government and Defendants, the Court expects this hearing to take three days.  All materials relevant to the *James* hearing must be exchanged by August 29, 2008.

IT IS FURTHER ORDERED that the Court will hold a hearing on any motions pursuant to Rule 12(b)(3), Fed. R. Crim. P. beginning on January 27, 2009 at 9:30 a.m.

FINALLY, IT IS ORDERED that this case is hereby set for jury selection and trial on MARCH 23, 2009 at 9:30 a.m., 333 Lomas Blvd. N.W. Brazos Courtroom--5th Floor, Albuquerque, New Mexico.

_____

**UNITED STATES DISTRICT JUDGE**