IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-1849 JH |
| | ) | |
| DANA JARVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

UNITED STATES' RESPONSE TO DEFENDANTS'
"NOTICE REGARDING MISSING AND UNDESIGNATED DISCOVERY,
ILLEGIBLE PRODUCTIONS & MOTION TO PRODUCE SAME" (DOC. 1391)

The United States responds to the defendants' "Notice Regarding Missing and Undesignated Discovery, Illegible Productions & Motion to Produce Same" (Doc. 1391) as follows:

1.     In the courtroom just prior to the August 6, 2008 status conference in this case, attorney Gary Mitchell and defense discovery coordinator Richard Demarest approached undersigned counsel to discuss questions the defense had regarding discovery.  During the discussion, Mr. Mitchell and Mr. Demarest referenced a list that detailed the defense's issues.  Contrary to the defendants' motion, however, that list was not provided to undersigned counsel at the conference because they claimed it was their only copy.  Instead, it was agreed that a defense representative would contact the prosecution to attempt to resolve the defense questions about discovery.  A defense

representative did not, however, contact the prosecution. Further, the list of issues was never provided to the prosecution before its attachment to the present motion. Rather – without any attempt to confer about the putative discovery issues – the defendants filed the instant motion.

2. On August 13, 2008, the Court entered a Third Order Setting Trial Date and Case Schedule, which also set forth the parties' discovery obligations and deadlines. The United States will, of course, comply with the Court's Order. The defendants, however, have stated absolutely no legal basis for the relief they request: requiring the United States to explain its internal document numbering system and why material that has not been produced is not subject to discovery. Nor can they, because there is no such requirement. During the course of virtually every investigation, the government comes into possession of material that is not ultimately subject to discovery. The fact that the government labels this material for internal organization and document control does not *ipso facto* make it subject to discovery or place a burden on the government to describe for the defense why it is not subject to discovery.

3. Exhibit 93 will be produced to the defense. Indeed, this material would have been produced without the necessity of a motion if defense counsel had simply conferred with the prosecution before filing their motion.

4. The discovery pages that the defendants claim are illegible are copies of seized papers that belonged to defendant Dana Jarvis. The original papers, which are in

DEA custody, will be made available for defense counsel to inspect pursuant to Fed.R.Crim.P. 16(a)(1)(E)(iii).

WHEREFORE, the United States requests the Court to deny the defendants' "Notice Regarding Missing and Undesignated Discovery, Illegible Productions & Motion to Produce Same."

Respectfully submitted,

GREGORY J. FOURATT
United States Attorney

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 346-7274

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of August, 2008, I filed the foregoing pleading electronically through the CM/ECF system, which is designed to cause counsel of record for the defendant to be served by electronic means.

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney