IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

GREGORY C. LANGHAM
CLERK OF COURT

Room A-105, Alfred A. Arraj U.S. Courthouse
901 19th Street
Denver, Colorado 80294-3589
Phone (303) 844-3433
www.cod.uscourts.gov

October 3, 2008

Address:

**U.S. District Court
333 Lomas N.W.
Albuquerque, NM 87102**

Colorado Case Number:08-mj-1181-KLM
Receiving Court Case Number: CR-05-1849 JH

Dear Clerk:

The above numbered case has been ordered transferred to your district pursuant to Rule 5 & 5.1 Federal Rules of Criminal Procedure.

You may access electronically filed documents in this case at our ECF/PACER web address http://ecf.cod.uscourts.gov.  Any documents not available electronically are enclosed in paper format.

Please acknowledge receipt by returning a date stamped copy of this letter noting the case number in your court in the enclosed envelope.

Very truly yours,
Gregory C. Langham, Clerk

By:  s/ Laura Blunkall
       Deputy Clerk

# U.S. District Court
## District of Colorado (Denver)
## CRIMINAL DOCKET FOR CASE #: 1:08-mj-01181-KLM-1
### Internal Use Only

Case title: USA v. Osgood

Other court case number: CR-05-1849 JH U.S. District
Court, District of New Mexico

Date Filed: 09/30/2008

Assigned to: Magistrate Judge Kristen
L. Mix

**Defendant (1)**

**George Osgood**
*also known as*
Mushroom George

represented by **Edward Robin Harris**
Office of the Federal Public Defender
633 Seventeenth Street
#1000
Denver, CO 80202
303-294-7002
Fax: 303-294-1192
Email: Edward_Harris@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

21:846=CD.F - CONSPIRACY TO
DISTRIBUTE 1000 KILOGRAMS
AND MORE OF MARIJUANA;

**Disposition**

18:1956(h)- CONSPIRACY TO
LAUNDER MONEY; , 18:982.F -
CRIMINAL FORFEITURE.

**Plaintiff**

**USA**

represented by **Zachary Hugh Phillips**
U.S. Attorney's Office-Denver
1225 17th Street East
Seventeenth Street Plaza
#700
Denver, CO 80202
303-454-0100
Fax: 303-454-0409
Email: Zachary.Phillips@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/03/2008 | 8 | COMMITMENT TO ANOTHER DISTRICT as to George Osgood. Defendant committed to District of New Mexico. Signed by Magistrate Judge Kristen L. Mix on 10/3/08. (lab, ) (Entered: 10/03/2008) |
| 10/03/2008 | 7 | ORDER OF DETENTION as to George Osgood Signed by Magistrate Judge Kristen L. Mix on 10/3/08. (labsl, ) (Entered: 10/03/2008) |
| 10/03/2008 | 6 | WAIVER of Rule 5(c)(3) Hearing by George Osgood (labsl, ) (Entered: 10/03/2008) |
| 10/03/2008 | 5 | Minute Entry for proceedings held before Magistrate Judge Kristen L. Mix: Identity and Detention Hearing as to George Osgood held on 10/3/2008; statements regarding detention. ORDERED: Defendant detained, to be transported to the District of New Mexico. Defendant remanded. (Tape #FTR KLM AM.) (labsl, ) (Entered: 10/03/2008) |
| 10/01/2008 | 4 | NOTICE OF ATTORNEY APPEARANCE: Edward Robin Harris appearing for George Osgood (Harris, Edward) (Entered: 10/01/2008) |
| 09/30/2008 | 3 | Sealed Document-Financial Affidavit (lab, ) (Entered: 10/01/2008) |
| 09/30/2008 | 2 | Minute Entry for proceedings held before Magistrate Judge Kristen L. Mix: Initial Appearance in Rule 5(c)(3) Proceedings as to George Osgood held on 9/30/2008. ORDERED: Federal Public Defender appointed. Detention and Identity Hearing set for 10/3/2008 10:00 AM in Courtroom C204 before Magistrate Judge Kristen L. Mix. Defendant remanded. (Tape #FTR KLM PM.) (lab, ) (Entered: 10/01/2008) |
| 09/30/2008 | 1 | RULE 5 AFFIDAVIT as to George Osgood from the District of New Mexico. (nmmsl, ) (Entered: 09/30/2008) |

09/30/2008  09:23    303-335-3399        US MARSHAL CPS              PAGE  01/14
Case 1:08-mj-01181-KLM    Document 1    Filed 09/30/2008    Sep 30 2008 09:11am P001/014

AO 442 (Rev. 5/93) Warrant for Arrest                                    1076676

# United States District Court

FOR THE **DISTRICT OF** NEW MEXICO

UNITED STATES OF AMERICA

v.

George Osgood, a/k/a "Mushroom George"

**WARRANT FOR ARREST**

CASE NUMBER:    CR-05-1849 JH

*CO Cse #08-mj-1181-KLM*

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest  George Osgood, a/k/a "Mushroom George"
                                                            Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

[✓] Indictment  [ ] Information  [ ] Complaint  [ ] Order of court  [ ] Violation Notice  [ ] Probation Violation Petition

charging him or her with (brief description of offense)

Count 1: 21 U.S.C. § 846 – Conspiracy to Distribute 1000 Kilograms and More of Marijuana; Count 2: 21 U.S.C. §
848 – Continuing Criminal Enterprise; Count 3: 18 U.S.C. § 1956(h) – Conspiracy to Launder Money; Counts 4 -
28: 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i) – Money Laundering; 18 U.S.C. § 982 and 21 U.S.C. § 853:
Criminal Forfeiture.

in violation of
Title        21             United States Code, Section(s) 846

Matthew J. Dykman                                    Court Clerk
Name of Issuing Officer                              Title of Issuing Officer

Signature of Issuing Officer                         4/25/06 @ Albuquerque, NM
                                                     Date and Location

Bail fixed at $_____    by _____
                                      Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

This form was electronically produced by Elite Federal Forms, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
At Albuquerque NM

APR 25 2006

*MATTHEW J. DYKMAN*
*CLERK*

*CO Cse #08-mj-1181-KLM*

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 05-1849 JH |
| | ) |
| DANA JARVIS a/k/a Todd Ward, | ) Count 1: 21 U.S.C. § 846 – |
| AYLA JARVIS, | ) Conspiracy to Distribute 1000 |
| BENJAMIN SWENTNICKAS a/k/a | ) Kilograms and More of Marijuana; |
| "Doc," | ) |
| DENNIS WILSON a/k/a "Big Dennis," | ) Count 2: 21 U.S.C. § 848 – |
| GEORGE RIPLEY, | ) Continuing Criminal Enterprise; |
| DAVID REID, | ) |
| JOHN PATRICIO NIETO a/k/a | ) Count 3: 18 U.S.C. § 1956(h) – |
| "Townman" a/k/a "Big John," | ) Conspiracy to Launder Money; |
| LLOYD MONTOYA a/k/a "Smiley," | ) |
| GEORGE OSGOOD a/k/a "Mushroom | ) Counts 4 - 26: 18 U.S.C. |
| George," | ) §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i) – |
| GREG HILL, | ) Money Laundering; |
| GENO BERTHOD a/k/a "Old Man," | ) |
| RUSSELL TRUJILLO a/k/a "Rusty," | ) 18 U.S.C. § 982 and 21 U.S.C. |
| MATTHEW HOTHAN a/k/a "Matrix," | ) § 853: Criminal Forfeiture. |
| MANUEL GIL a/k/a "Manny," | ) |
| MELANIA KIRWIN a/k/a Mila Kirwin, | ) |
| HOLLY BRUNER a/k/a "Q," | ) |
| SAM JONES, | ) |
| BILL JONES a/k/a Charles Johnston, | ) |
| DAKOTA FITZNER, | ) |
| RAFAL MISTRZAK, | ) |
| MARY CANNANT, and | ) |
| ADRIAN SANFORD, | ) |
| | ) |
| Defendants. | ) |

## S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury charges:

### COUNT 1

From approximately 1990, the precise date being unknown to the Grand Jury, up

to and including August 25, 2005, in the State and District of New Mexico, and

elsewhere, the defendants, **DANA JARVIS** a/k/a Todd Ward, **AYLA JARVIS,**

**BENJAMIN SWENTNICKAS** a/k/a "Doc," **DENNIS WILSON** a/k/a "Big Dennis,"

GEORGE RIPLEY, DAVID REID, JOHN PATRICIO NIETO a/k/a "Townman" a/k/a "Big
John," LLOYD MONTOYA a/k/a "Smiley," GEORGE OSGOOD a/k/a "Mushroom
George," GREG HILL, GENO BERTHOD a/k/a "Old Man," RUSSELL TRUJILLO a/k/a
"Rusty," MATTHEW HOTHAN a/k/a "Matrix," MANUEL GIL a/k/a "Manny," MELANIA
KIRWIN a/k/a Mila Kirwin, HOLLY BRUNER a/k/a "Q," SAM JONES, BILL JONES
a/k/a Charles Johnston, DAKOTA FITZNER, RAFAL MISTRZAK, MARY CANNANT,
and ADRIAN SANFORD, did unlawfully, knowingly and intentionally combine, conspire,
confederate and agree with each other and with other persons whose names are known
and unknown to the grand jury to distribute 1000 kilograms and more of marijuana, a
schedule I controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

### Manner and Means of the Conspiracy

During the course of the conspiracy, the defendants and other unindicted co-
conspirators participated in a collective endeavor, organized and supervised by
defendant Dana Jarvis, to distribute marijuana for profit.  Dana Jarvis obtained bulk
wholesale quantities of marijuana from sources of supply in the Tucson, Arizona area,
including defendant BENJAMIN Swentnickas and unindicted co-conspirators Jorge Luis
Ortiz-Moffett, "Navigator," and Dennis Cox.  Prior to purchase, the marijuana was
inspected for quality by Dana Jarvis and/or another member of the conspiracy, including
Dana Jarvis's daughter, defendant Ayla Jarvis.  The marijuana was then weighed and
wrapped by members of the conspiracy, including defendants Manuel Gil, Dennis
Wilson, Melania Kirwin, Holly Brunner, Matthew Hothan, Sam Jones, and Adrian
Sanford at "stash house" locations in the Tucson area.

Generally, the bulk marijuana was transported by members of the conspiracy,
including defendants Russell Trujillo, Lloyd Montoya, and Dakota Fitzner, from the
Tucson area to New Mexico where it was stored at additional stash houses maintained
by Dana Jarvis and/or other members of the conspiracy, including defendants Mary

2

Cannant, Dakota Fitzner, and Dennis Wilson.  From the New Mexico stash houses, marijuana was transported by members of the conspiracy, including defendants George Ripley and Dakota Fitzner, to various locations throughout the United States, to include the Denver, Colorado area; Columbus, Ohio; and Bloomington, Indiana.  Although the marijuana was generally transported in duffel bags by motor vehicle, in the summer of 2005 the marijuana was also transported in suitcases aboard aircraft piloted by defendant David Reid.

From the Denver area, defendant Geno Berthod transported the marijuana to the east coast of the United States.  In Bloomington, defendant Greg Hill re-distributed the marijuana for profit.  In Columbus the marijuana was re-distributed for profit by unindicted co-conspirators.

The proceeds from the distribution of the marijuana, in the form of United States currency, were transported back to New Mexico, either by motor vehicle driven by members of the conspiracy, including defendants Dakota Fitzner, Rafal Mistrzak and George Osgood, or aboard aircraft piloted by defendant David Reid.  In New Mexico, the proceeds would be delivered to members of the conspiracy who would count the proceeds.  Some or all of the proceeds were then transported by members of the conspiracy, including defendant John Nieto, to an unindicted co-conspirator in Tucson for safekeeping.  Dana Jarvis used the proceeds to, among other things, purchase assets, pay co-conspirators, operate his nightclub in Albuquerque (Club Rhythm and Blues), and purchase additional bulk marijuana for distribution.

In violation of 21 U.S.C. § 846.

## COUNT 2

From approximately 1990, the precise date being unknown to the Grand Jury, up to and including August 25, 2005, in the State and District of New Mexico, and elsewhere, defendant **DANA JARVIS** a/k/a Todd Ward, did unlawfully, knowingly and

3

Case 1:05-cr-01849-JCH     Document 1422     Filed 10/09/08     Page 8 of 26
09/30/2008  09:23  303-335-3399     US MARSHAL OFS     PAGE  05/14
Case 1:08-mj-01181-KLM     Document 1     Filed 09/30/2008     Page 5 of 14

intentionally engage in a continuing criminal enterprise, in that the defendant did violate

the provisions of Title 21 of the United States Code, Sections 841(a) and 841(b), the

punishment for which exceeds one year imprisonment, and such violations were part of

a continuing series of violations of Title 21 of the United States Code that were

undertaken by the defendant in concert with five or more other persons with respect to

whom the defendant occupied a position of organizer, a supervisory position, or other

positions of management, and from which the defendant obtained substantial income

and resources, and the said violations included, without limitation, the following: (1)

possession with intent to distribute marijuana in early March 2005; (2) possession with

intent to distribute marijuana on or about May 20, 2005; (3) possession with intent to

distribute marijuana in early July 2005; (4) possession with intent to distribute marijuana

on or about July 16, 2005; and (5) possession with intent to distribute marijuana on or

about August 11, 2005.

     In violation of 21 U.S.C. §§ 848(a), 848(c) and 18 U.S.C. § 2.

### COUNT 3

     From approximately 1990, the precise date being unknown to the Grand Jury, up

to and including August 25, 2005, in the State and District of New Mexico, and

elsewhere, the defendants, **DANA JARVIS** a/k/a Todd Ward, **AYLA JARVIS, GEORGE

RIPLEY, DAVID REID, JOHN PATRICIO NIETO** a/k/a "Townman" a/k/a "Big John,"

**GEORGE OSGOOD** a/k/a "Mushroom George," **GREG HILL, GENO BERTHOD** a/k/a

"Old Man," **DAKOTA FITZNER**, and **RAFAL MISTRZAK**, did unlawfully, knowingly and

intentionally conspire and agree with each other and with other persons whose names

are known and unknown to the grand jury to commit the following offenses against the

United States, that is, laundering of monetary instruments, in violation of 18 U.S.C.

§§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

     In violation of 18 U.S.C. § 1956(h).

4

## COUNTS 4 - 12

On or about the dates listed below, in the State and District of New Mexico, and elsewhere, defendant **DANA JARVIS** a/k/a Todd Ward, did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, to wit: the transfer of currency through First State Bank checking account number 1874527, which involved the proceeds of specified unlawful activity, that is conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, with the intent to promote the carrying on of such specified unlawful activity, and knowing that each transaction was designed in whole or in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of such specified unlawful activities, and that while conducting and attempting to conduct each financial transaction, knew that the property involved in the financial transaction, that is, the checks identified below, represented the proceeds of some form of unlawful activity:

| Count | Date Check Cleared | Amount of Check | Check Number | Name of Payee |
|-------|--------------------|-----------------|--------------|---------------|
| 4 | December 4, 2002 | $932.08 | 569 | Commercial Federal |
| 5 | January 6, 2003 | $932.08 | 590 | Commercial Federal |
| 6 | February 3, 2003 | $932.08 | 604 | Commercial Federal |
| 7 | March 10, 2003 | $932.08 | 622 | Commercial Federal |
| 8 | April 9, 2003 | $932.08 | 638 | Commercial Federal |
| 9 | May 12, 2003 | $932.08 | 653 | Commercial Federal |
| 10 | June 9, 2003 | $932.08 | 668 | Commercial Federal |
| 11 | July 7, 2003 | $932.08 | 686 | Commercial Federal |
| 12 | August 11, 2003 | $932.08 | 701 | Commercial Federal |

All in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 2.

5

## COUNTS 13 - 23

On or about the dates listed below, in the State and District of New Mexico, and elsewhere, defendant **DANA JARVIS** a/k/a Todd Ward did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, to wit: the transfer of currency through First State Bank savings account number 1223801, which involved the proceeds of specified unlawful activity, that is conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, with the intent to promote the carrying on of such specified unlawful activity, and knowing that each transaction was designed in whole or in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, and that while conducting and attempting to conduct each financial transaction, knew that the property involved in the financial transaction, that is, the drafts identified below, represented the proceeds of some form of unlawful activity:

| Count | Date Draft Cleared | Amount of Draft | Name of Payee |
|---|---|---|---|
| 13 | July 7, 2004 | $932.08 | Commercial Federal |
| 14 | August 4, 2004 | $932.08 | Commercial Federal |
| 15 | September 7, 2004 | $932.08 | Commercial Federal |
| 16 | October 5, 2004 | $932.08 | Commercial Federal |
| 17 | November 4, 2004 | $932.08 | Commercial Federal |
| 18 | December 6, 2004 | $932.08 | Commercial Federal |
| 19 | January 4, 2005 | $932.08 | Commercial Federal |
| 20 | February 4, 2005 | $932.08 | Commercial Federal |
| 21 | March 4, 2005 | $932.08 | Commercial Federal |
| 22 | April 5, 2005 | $932.08 | Commercial Federal |
| 23 | May 4, 2005 | $932.08 | Commercial Federal |

All in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i),1956(a)(1)(B)(i) and 2.

09/30/2008  09:23   303-335-3399   US MARSHAL OPS   PAGE  08/14
Case 1:08-mj-01181-KLM  US MARSHAL OPS  Filed 09/30/2008  Sep 30 2008 09:42am  P008/014

## COUNTS 24 - 26

On or about the dates listed below, in the State and District of New Mexico, and elsewhere, defendant **DANA JARVIS** a/k/a Todd Ward, did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, to wit: the transfer of currency from Compass Bank checking account number 87080587 into First State Bank checking account number 1874527, which involved the proceeds of specified unlawful activity, that is conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, with the intent to promote the carrying on of such specified unlawful activity, and knowing that each transaction was designed in whole or in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, and that while conducting and attempting to conduct each financial transaction, knew that the property involved in the financial transaction, that is, the checks identified below, represented the proceeds of some form of unlawful activity:

| Count | Date Check Cleared | Amount of Check | Check Number | Name of Payee |
|---|---|---|---|---|
| 24 | January 31, 2005 | $700.00 | 7321 | Santa Fe Consulting |
| 25 | February 7, 2005 | $700.00 | 7351 | Santa Fe Consulting |
| 26 | July 19, 2005 | $1,350.00 | 8038 | Santa Fe Consulting |

All in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 2.

## FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Counts 1 through 26 of this Superseding Indictment, the defendants, **DANA JARVIS** a/k/a Todd Ward, **AYLA JARVIS**, **BENJAMIN SWENTNICKAS** a/k/a "Doc," **DENNIS WILSON** a/k/a "Big Dennis," **GEORGE RIPLEY**, **DAVID REID**, **JOHN PATRICIO NIETO** a/k/a "Townman"

7

a/k/a "Big John," **LLOYD MONTOYA** a/k/a "Smiley," **GEORGE OSGOOD** a/k/a

"Mushroom George," **GREG HILL, GENO BERTHOD** a/k/a "Old Man," **RUSSELL**

**TRUJILLO** a/k/a "Rusty," **MATTHEW HOTHAN** a/k/a "Matrix," **MANUEL GIL** a/k/a

"Manny," **MELANIA KIRWIN** a/k/a Mila Kirwin, **HOLLY BRUNER** a/k/a "Q," **SAM**

**JONES, BILL JONES** a/k/a Charles Johnston, **DAKOTA FITZNER, RAFAL**

**MISTRZAK, MARY CANNANT,** and **ADRIAN SANFORD,** shall forfeit to the United

States pursuant to 21 U.S.C. § 853 any property constituting, or derived from, proceeds

obtained, directly or indirectly, as a result of each offense in violation of 21 U.S.C.

§§ 841, 846, or 848 for which the defendants are convicted, and any property used, or

intended to be used, in any manner or part, to commit, or to facilitate the commission of

the said offenses, and shall forfeit to the United States pursuant to 18 U.S.C.

§ 982(a)(1) all property, real and personal, involved in each offense in violation of 18

U.S.C. § 1956, or conspiracy to commit such offense, for which the defendants are

convicted, and all property traceable to such property, including but not limited to the

following:

    1.  <u>MONEY JUDGMENT</u>

    A sum of money equal to $158,400,000.00 United States currency, representing

the amount of money derived from or involved in the offenses, for which the defendants

are jointly and severally liable.

    2.  <u>BANK ACCOUNTS</u>

        a.  All United States currency, funds, or other monetary instruments

credited to account number 40455157, in the name of Dana Jarvis, located at Bank

One, or its successor in interest.

        b.  All United States currency, funds, or other monetary instruments

credited to account number 689632822, in the name of Dana Jarvis, located at Bank

One, or its successor in interest.

8

c. All United States currency, funds, or other monetary instruments credited to account number 1874527, in the name of Dana Jarvis, located at First State Bank, or its successor in interest.

d. All United States currency, funds, or other monetary instruments credited to account number 1223801, in the name of Dana Jarvis, located at First State Bank, or its successor in interest.

e. All United States currency, funds, or other monetary instruments credited to account number 87080587, in the name of Continental Steel West Corp. d/b/a Continental Steel, located at Compass Bank, or its successor in interest.

f. All United States currency, funds, or other monetary instruments credited to account number 2504448676, in the name of RC Aviation, located at Compass Bank, or its successor in interest.

g. All United States currency, funds, or other monetary instruments credited to account number 7692176673, in the name of Barbara Hanna, located at Wells Fargo Bank, or its successor in interest.

3. <u>REAL PROPERTY</u>

a. 1440 Calle Cielo Vista, Bernalillo, New Mexico, which is more particularly described as follows:

TRACT LETTERED "C", OF THE SCHLAKS ADDITION, AS THE SAME IS SHOWN AND DESIGNATED ON THE PLAT ENTITLED "TRACTS A THROUGH D, SCHLAKS ADDITION, SANDOVAL COUNTY, NEW MEXICO", FILED IN THE OFFICE OF THE COUNTY CLERK OF SANDOVAL COUNTY, NEW MEXICO ON JULY 17, 1978, IN PLAT BOOK 2, FOLIO 237-B.

b. 3523 Central Avenue N.E., Albuquerque, New Mexico, which is more particularly described as follows:

LOTS NUMBERED TEN (10), ELEVEN (11) AND TWELVE (12) IN BLOCK NUMBERED FOUR (4) OF MONTE VISTA, AN ADDITION TO THE CITY OF ALBUQUERQUE, NEW MEXICO, AS THE SAME ARE SHOWN AND DESIGNATED ON THE MAP OF SAID ADDITION FILED IN THE OFFICE

9

OF THE COUNTY CLERK OF BERNALILLO COUNTY, NEW MEXICO, OCTOBER 14, 1926.

THERE IS EXCEPTED THE NORTHERLY PORTION OF SAID LOT THEN (10) WHICH IS DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEAST CORNER OF SAID LOT TEN (10) RUNNING

THENCE SOUTHERLY ALONG THE WESTERLY LINE OF NORTH CARLISLE AVENUE, 62.28 FEET TO THE SOUTHEAST CORNER OF THE TRACT HEREIN DESCRIBED; THENCE WESTERLY, PARALLEL WITH AND 60 FEET NORTHERLY AT RIGHT ANGLES FROM THE NORTHERLY LINE OF EAST CENTRAL AVENUE, 80.19 FEET TO THE SOUTHWEST CORNER OF THE TRACT HEREIN DESCRIBED; THENCE NORTHERLY ALONG THE WESTERLY LINE OF SAID LOT 10, 86.09 FEET TO THE NORTHWEST CORNER OF THE TRACT HEREIN DESCRIBED WHICH IS THE NORTHWEST CORNER OF SAID LOT 10; THENCE EASTERLY ALONG THE SOUTHERLY LINE OF CAMPUS BOULEVARD, 86.97 FEET TO THE PLACE OF BEGINNING.

c. 8012 1ˢᵗ Street N.W., Albuquerque, New Mexico, which is more

particularly described as follows:

LOT "A-1" OF THE PLAT OF LOTS A-1 AND A-2, LANDS OF LARRY SWANK, SITUATE WITHIN PROJECTED SECTION 22, T. 11 N., R. 3 E., N.M.P.M., BERNALILLO COUNTY, NEW MEXICO, AS THE SAME IS SHOWN AND DESIGNATED ON SAID PLAT FILED IN THE OFFICE OF THE COUNTY CLERK OF BERNALILLO COUNTY, NEW MEXICO ON FEBRUARY 2, 1995.

d. 67 Willow (a/k/a 26 Quall Run), Santa Fe, New Mexico, which is more

particularly described as follows:

SE 1/4 SE 1/4 NE 1/4 SW 1/4 OF SECTION 31, TOWNSHIP 15 NORTH, RANGE 9 EAST, N.M.P.M., SANTA FE COUNTY, NEW MEXICO.

4. CONVEYANCES

a. 1978 Beechcraft King Air C-90 Turboprop Aircraft, United States

Registration Number N754TW, Serial Number LJ-754.

b. 1972 Cessna 421B Aircraft, United States Registration Number N3AJ,

Serial Number 421B0230.

c. 1999 Honda Accord, VIN 1HGCG1656XA057214.

d. 1999 Chevrolet Z-71 pickup, VIN 2GCEK19T1X1204114.

10

09/30/2008  09:23    303-335-3399     Document 1     US MARSHAL OFS     Filed 09/30/2008     Page 12 of 14     PAGE  12/14
Case 1:08-mj-01181-RLM                   US MARSHAL U-NM     Fax 5054622361     Sep 30 2008 09:13am P012/014

e. 2003 Honda Goldwing motorcycle, VIN 1HFSC47023A207622.

### 5. LIQUOR LICENSE

New Mexico Liquor License No. 2599 in the name of Club Rhythm and Blues located at 3523 Central N.E., Albuquerque, New Mexico, owned by Dana Jarvis.

### 6. UNITED STATES CURRENCY

a. $1,050.00 in United States currency seized from 5 Carnerada Road, Santa Fe, New Mexico on August 25, 2005.

b. $40,000.00 in United States currency seized from 3900 Ramp Creek Road, Bloomington, Indiana on August 25, 2005.

c. $8,000.00 in United States currency seized from 9227 West Weaver Circle, Casa Grande, Arizona on August 25, 2005.

d. $42,000.00 in United States currency seized from 05 Lauro, Santa Fe, New Mexico on August 25, 2005.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the Court;

(d)  has been substantially diminished in value;

(e)  has been commingled with other property which cannot be divided without difficulty;

It is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above, including but not limited to the following:

11

Case 1:05-cr-01849-JCH   Document 1422   Filed 10/09/08   Page 16 of 26
09/30/2008  09:23  303-335-3399      US MARSHAL OPS                PAGE  13/14
Case 1:08-mj-01181-KLM   Document 1   Filed 09/30/2008   Page 13 of 14

1. <u>REAL PROPERTY</u>

    a. 9227 West Weaver Circle, Casa Grande, Arizona, which is more

particularly described as follows:

SITUATED IN PINAL COUNTY, ARIZONA TO WIT: LOT 2, OF WEAVER
RANCH UNIT 1, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE
OF THE COUNTY RECORDER OF PINAL COUNTY, ARIZONA, IN
CABINET C OF MAPS, SLIDE 174.

    b. 7596 Corrales Road, Corrales, New Mexico, which is more particularly

described as follows:

LOT NUMBERED TWO (2), CORRALES CLASSIC FARMS, AS THE SAME
IS SHOWN AND DESIGNATED ON THE PLAT THEREOF ENTITLED
"SUMMARY PLAT, LOTS 1 AND 2, CORRALES CLASSIC FARMS,
SITUATE WITHIN THE TOWN OF ALAMEDA GRANT (PROJECTED),
SECTION 14, T.12N., R.3E., N.M.P.M., BEING A REPLAT OF A PORTION
OF TRACT 30 AND ALL OF TRACTS 31 AND 32, MIDDLE RIO GRANDE
CONSERVANCY DISTRICT PROPERTY MAP NO. 14, VILLAGE OF
CORRALES, SANDOVAL COUNTY, NEW MEXICO", FILED IN THE
OFFICE OF THE COUNTY CLERK OF SANDOVAL COUNTY, NEW
MEXICO, ON DECEMBER 11, 1992, VOLUME 3, FOLIO 1019-B,
INSTRUMENT NO. 271.

    c. Land in Mora County, New Mexico, which is more particularly

described as follows:

A CERTAIN TRACT OF LAND WITHIN THE MORA GRANT, BEING
SITUATE IN SECTIONS 25 AND 36, TOWNSHIP 21 NORTH, RANGE 14
EAST, NEW MEXICO, PRINCIPAL MERIDIAN, AND MORE
PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT FOR THE SECTION CORNER COMMON TO
SECTIONS 25 AND 36, TOWNSHIP 21 NORTH, RANGE 14 EAST, NEW
MEXICO PRINCIPAL MERIDIAN; THENCE DUE NORTH A DISTANCE OF
847.82 FEET, THENCE S. 49°51'E., A DISTANCE OF 2614.45 FEET;
THENCE S. 42°58'w. A DISTANCE OF 2109.41 FEET, THENCE S.
59°09'E. A DISTANCE OF 371 FEET; THENCE S.70°54'E. A DISTANCE
OF 256.95 FEET; THENCE DUE NORTH A DISTANCE OF 2106.99 FEET
TO THE POINT AND PLACE OF BEGINNING. CONTAINING 82.044
ACRES, MORE OR LESS, TOGETHER WITH ALL WATER RIGHTS AND
EASEMENTS PERTAINING TO THE ABOVE DESCRIBED PROPERTY.

d. Land in Mora County, New Mexico, which is more particularly described

as follows:

TRACT B: A CERTAIN TRACT OR PARCEL OF LAND LYING AND BEING SITUATE WITHIN THE MORA GRANT, IN SECTIONS 25 AND 36, TOWNSHIP 21 NORTH, RANGE 14 EAST, N.M.P.M. COUNTY OF MORA, STATE OF NEW MEXICO, AND BEING MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWEST CORNER OF THE HEREIN DESCRIBED TRACT, ALSO BEING A POINT ON THE SANTA FE NATIONAL FOREST BOUNDARY, FROM WHICH POINT THE SECTION CORNER COMMON TO SECTIONS 25 AND 36 T. 21 N., R 14 E., N.M.P.M. BEARS SOUTH, A DISTANCE OF 847.82 FEET; THENCE FROM SAID POINT OF BEGINNING, S. 49°51'00"E., A DISTANCE OF 1307.22 FEET TO A POINT; THENCE S. 40°09'00"W., A DISTANCE OF 150.00 FEET TO A POINT; THENCE N. 49°51'00"W., A DISTANCE OF 1180.69 FEET TO A POINT ON THE SANTA FE NATIONAL FOREST BOUNDARY; THENCE DUE NORTH, ALONG SAID FOREST BOUNDARY, A DISTANCE OF 196.24 FEET TO THE POINT AND PLACE OF BEGINNING.

CONTAINING 4.284 ACRES MORE OR LESS. TOGETHER WITH ALL WATER RIGHTS AND EASEMENTS PERTAINING TO THE ABOVE DESCRIBED PROPERTY, SHOWN AS TRACT B ON PLAT OF SURVEY ENTITLED "REPLAT OF SURVEY FOR DANA JARVIS" PREPARED BY ARSENIO J. MARTINEZ, N.M.L.S. NO. 4254, IN JULY, 1972.

## 2. BANK ACCOUNTS

All United States currency, funds, or other monetary instruments credited to

account number 2937487, in the name of Greg and Mary Hill, located at Monroe Bank

in Bloomington, Indiana, or its successor in interest.

A TRUE BILL:

/S/
FOREPERSON OF THE GRAND JURY

DAVID C. IGLESIAS
United States Attorney

04/28/06  10:123m

13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Kristen L. Mix                                    Laura Blunkall

United States Magistrate Judge                    Deputy Clerk

Case Number: 08-mj-1181                           FTR KLM PM

September 30, 2008


UNITED STATES OF AMERICA                          Zachary Phillips


        v.

GEORGE OSGOOD                                     Without Counsel

---

### INITIAL APPEARANCE ON RULE 5 FROM THE DISTRICT OF NEW MEXICO

Court in Session: 2:06 pm

Court calls case and appearances of counsel.

Katrina Devine is present from pretrial services.

The defendant is advised of rights, charges and possible penalties.

The defendant is requesting court appointed counsel.

Financial affidavit reviewed.

The court finds that the defendant qualifies for court appointed counsel.

The court appoints an attorney from the office of the Federal Public Defender.

Government is seeking detention.

**ORDERED:** Identity and detention hearing set for October 3, 2008 at 10:00 am.

**ORDERED:** Defendant is remanded to the custody of the United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.  08-mj-01181-KLM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

GEORGE OSGOOD,
       a/k/a Mushroom George,

       Defendant.

---

NOTICE OF APPEARANCE
OBJECTION TO RULE 10 ARRAIGNMENT BY VIDEO CONFERENCE

---

       The Office of the Federal Public Defender, by and through undersigned counsel, hereby enters its appearance in the above captioned case.

       The defendant, through undersigned counsel, objects to the arraignment under Rule 10 of the Federal Rules of Criminal Procedure being conducted by video conference and requests to be personally present in open court during the arraignment.

       Respectfully submitted,

       RAYMOND P. MOORE
       Federal Public Defender


       s/ Edward R. Harris
       Edward R. Harris
       Assistant Federal Public Defender
       633 17th Street, Suite 1000
       Denver, CO  80202
       Telephone: (303) 294-7002
       FAX: (303) 294-1192
       Edward_Harris@fd.org
       Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2008, I electronically filed the foregoing **NOTICE OF APPEARANCE OBJECTION TO RULE 10 ARRAIGNMENT BY VIDEO CONFERENCE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Zachary Phillips, Assistant United States Attorney
    Zachary.Phillips@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

George Osgood  (via U.S. Mail)

s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Kristen L. Mix                                          Laura Blunkall

United States Magistrate Judge                          Deputy Clerk

Case Number: 08-mj-1181                                 FTR KLM AM

October 3, 2008

UNITED STATES OF AMERICA                                Zachary Phillips

     v.

GEORGE OSGOOD                                           Edward Harris

---

## IDENTITY AND DETENTION AND HEARING ON RULE 5 FROM THE DISTRICT OF NEW MEXICO

Court in Session: 10:23 am

Court calls case and appearances of counsel.

Sue Heckman is present from pretrial services.

Defendant tenders a waiver of the identity and preliminary hearing to the court.

Waiver accepted as knowing and voluntary.

Government continues to seek detention.

Defendant is contesting detention.

Statements from defense counsel regarding the issue of detention.

Court presents findings:
No condition or combination of conditions exist to reasonably assure the defendant's presence for further proceedings.

**ORDERED:** Defendant detained, to be transported to the District of New Mexico.

**ORDERED:** Defendant remanded to the custody of the United States

AO 466 (Rev. 10/03) Waiver of Rule 32.1 Hearings

# UNITED STATES DISTRICT COURT

DISTRICT OF ___COLORADO___

UNITED STATES OF AMERICA

**WAIVER OF RULE 32.1 HEARINGS**

v.

___George  Osgood___
_____
Defendant

CASE NUMBER: ___08 MJ 01181 -KLM___

CHARGING DISTRICTS
CASE NUMBER: ___CR 05 1849 JH___

I understand that charges are pending in the _____ District of ___New Mexico___

alleging violation of ___21 USC  846_____ and that I have been arrested in this district and

taken before a judge,  who has informed me of the charge(s) and  my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    a preliminary hearing (but only if I will be kept in custody, and the hearing will only be held in this district if the alleged
        violation occurred here) to determine whether there is probable cause to believe a violation occurred; and

(4)    a hearing under Rule 32.1(a)(6), Fed. R. Crim. P., in which I have the burden of establishing my eligibility for release from
        custody.

**I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):**

( X ) identity hearing

( X ) preliminary hearing

(   )  identity hearing but request a preliminary hearing be held in the prosecuting district and, therefore, consent to the issuance of
        an order requiring my appearance in the prosecuting district where the charges are pending against me.

_____
Defendant

___10/3/08___
_____
Date

_____
Defense Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kristen L. Mix**

Case No. 08-mj-01181

UNITED STATES OF AMERICA,

       Plaintiff,

v.

GEORGE OSGOOD,

       Defendant.

---

### ORDER OF DETENTION

---

THIS MATTER came before the Court for a detention hearing on October 3, 2008. Present were the following: Zachary Phillips, Assistant United States Attorney; Assistant Federal Pubic Defender Edward Harris, counsel for the defendant; and the defendant. The Court reviewed the Pretrial Services Report and considered the comments of counsel.

The Court has concluded that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and the safety of the community, based upon the attached findings.

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purposes of an appearance in connection with this proceeding.

DATED and ENTERED this 3rd day of October, 2008.

BY THE COURT:

     s/ Kristen L. Mix
     U.S. Magistrate Judge
     Kristen L. Mix

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kristen L. Mix**

Case No. 08-mj-01181


UNITED STATES OF AMERICA,

      Plaintiff,

v.

GEORGE OSGOOD,

      Defendant.

---

FINDINGS OF FACT, CONCLUSION OF LAW and REASONS FOR
ORDER OF DETENTION

---

THIS MATTER came before the Court for a detention hearing on October 3, 2008. The Court has taken judicial notice of the Pretrial Services Report and considered the comments of counsel.

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the Court to consider the following factors in determining whether there are conditions of release that reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

    (1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including –

        (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal,

or completion of sentence for an offense under Federal, State or local law; and

(4)     the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the entire court file and have considered the comments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged with violations of 21 U.S.C. §§ 846 and 848 for conspiracy to distribute 1000 kilograms and more of marijuana and continuing criminal enterprise and 18 U.S.C. §§ 1958(h) and (a)(1)(A)(I) and (a)(1)(B)9I) and (2), conspiracy to launder money and money laundering.

Second, I note that the Pretrial Services Report indicates that defendant has a history of illicit drug use and does not have verifiable employment.

Third, I note that the Pretrial Services report indicates that defendant reported that if released, he intended to live in his son's cabin in New Mexico but that he does not maintain regular contact with his son, his son is a student and is "very busy."

After considering all of the factors set forth in the Bail Reform Act and the offenses charged in this case, I find, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant. I also find, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community. In support of those findings, I note the factors listed above, as well as the lengthy sentence that could be imposed if the defendant was found guilty of the charged offenses.

DATED and ENTERED this 3rd day of October, 2008.

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix

🖐 AO 94  (Rev. 12/03) Commitment to Another District

# UNITED STATES DISTRICT COURT

District of _Colorado_

| UNITED STATES OF AMERICA<br>V.<br><br>_George Osgood_ | **COMMITMENT TO ANOTHER DISTRICT** |
|---|---|

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| | _cr-05-1849-JH_ | _08-mj-1181_ | |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**

☒ Indictment   ☐ Information   ☐ Complaint   ☐ Other (specify)

charging a violation of   _21_   U.S.C. §  _846_

**DISTRICT OF OFFENSE**   _New Mexico_

**DESCRIPTION OF CHARGES:** _Conspiracy to distribute money marijuana, conspiracy to launder money, money laundering, continuing criminal enterprise_

**CURRENT BOND STATUS:**

☐ Bail fixed at $ _____ and conditions were not met
☐ Government moved for detention and defendant detained after hearing in District of Arrest
☐ Government moved for detention and defendant detained pending detention hearing in District of Offense
☐ Other (specify)

**Representation:**  ☐ Retained Own Counsel  ☒ Federal Defender Organization  ☐ CJA Attorney  ☐ None

**Interpreter Required?**  ☒ No   ☐ Yes    Language: _____

## DISTRICT OF

TO: THE UNITED STATES MARSHAL

   You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

_10-3-08_        _____
Date                    Judge

### RETURN

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|
| | | |