IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 21 2008

MATTHEW J. DYKMAN
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 05-1849 JH |
| ) | |
| DANA JARVIS, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, DANA JARVIS, and the defendant's counsel, GARY C. MITCHELL and JODY NEAL-POST:

### REPRESENTATION BY COUNSEL

1.  The defendant understands his right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with his attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.  The defendant further understands his rights:

    a.  to plead not guilty;

    b.  to have a trial by jury;

    c.  to confront and cross-examine witnesses and to call witnesses in his defense; and

    d.  against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.    The defendant hereby agrees to waive these rights and to plead guilty to Counts 1 and 26 of the Superseding Indictment in this case charging in Count 1, violation of 21 U.S.C. § 846, that being conspiracy to distribute 1000 kilograms and more of marijuana, in Count, violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B(i), that being money laundering.

## SENTENCING

4.    The defendant understands that the minimum and maximum penalties the Court can impose as to Count 1 are:

    a.    imprisonment for a period of not less than ten (10) years nor more than life;

    b.    a fine not to exceed the greater of $4,000,000.00 or twice the pecuniary gain to the defendant or pecuniary loss to the victim;

    c.    a mandatory term of supervised release of not less than five (5) years that must follow any term of imprisonment (if the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked – even on the last day of the term – and the defendant could then be returned to another period of incarceration and a new term of supervised release);

    d.    a mandatory special penalty assessment of $100.00; and

    e.    restitution as may be ordered by the Court.

5.    The defendant understands that the maximum penalties the Court can impose as to Count 26 are:

    a.    imprisonment for a period of not more than twenty (20) years;

    b.    a fine not to exceed the greater of $500,000.00 or twice the pecuniary gain to the defendant or pecuniary loss to the victim;

2

  c. a mandatory term of supervised release of not more than three (3) years that must follow any term of imprisonment (if the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked – even on the last day of the term – and the defendant could then be returned to another period of incarceration and a new term of supervised release);

  d. a mandatory special penalty assessment of $100.00; and

  e. restitution as may be ordered by the Court.

6. The parties stipulate and agree pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., that the sentence shall be imprisonment for a term of 168 months, followed by a term of supervised release of five (5) years.

7. The United States hereby expressly reserves the right to make known to the United States Probation Office, for inclusion in the presentence report prepared pursuant to Rule 32, Fed. R. Crim. P., any information that the United States believes may be helpful to the Court.

## DEFENDANT'S FACTUAL BASIS

8. By signing this agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offenses to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial intead of entering this guilty plea, the United States could prove fact sufficient to establish my guilt to all of the charges to which I am pleading guilty beyond a reasonable doubt. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

With regard to Count 1, from at least 1990 through August 25, 2005, I was the organizer of a conspiracy to distribute more than 1000 kilograms of marijuana for profit in the District of

3

New Mexico and elsewhere, including Arizona, Colorado, Indiana, and Ohio, and involved numerous other individuals whom I supervised. With regard to Count 26, at my request, check number 8038 in the amount of $1350.00 payable to "Santa Fe Consulting," a non-existent business, was written by the holder of a Continental Steel business bank account in Arizona, Compass Bank checking account number 87080587. My name, Dana Jarvis, was written in the memo section of the check. I had previously provided $1350.00 in U.S. currency to the writer of the check, which I knew constituted proceeds of the drug trafficking conspiracy described above. I subsequently endorsed the check and deposited it into my First State Bank checking account, number 1874527, in New Mexico. The check cleared on July 19, 2005. This transaction was designed to conceal the source of the drug proceeds.

~~9.    I agree that the United States may submit additional facts related to the charges contained in the Superseding Indictment to the United States Probation Office for inclusion in the presentence report.~~

## DEFENDANT'S ADDITIONAL OBLIGATIONS

10.    The defendant understands his obligation to provide the United States Probation Office with truthful, accurate, and complete information. The defendant hereby represents that he has complied with and will continue to comply with this obligation.

## FORFEITURE

11.    The defendant voluntarily and immediately agrees to forfeit to the United States all of his right, title, and interest to the following property, or the net proceeds resulting from the interlocutory sale of the property:

4

a. All United States currency, funds, or other monetary instruments credited to account number 40455157, in the name of Dana Jarvis, located at Bank One, or its successor in interest.

b. All United States currency, funds, or other monetary instruments credited to account number 689832822, in the name of Dana Jarvis, located at Bank One, or its successor in interest.

c. All United States currency, funds, or other monetary instruments credited to account number 1874527, in the name of Dana Jarvis, located at First State Bank, or its successor in interest.

d. All United States currency, funds, or other monetary instruments credited to account number 1223801, in the name of Dana Jarvis, located at First State Bank, or its successor in interest.

e. 1440 Calle Cielo Vista, Bernalillo, New Mexico, which is more particularly described as follows:

> TRACT LETTERED "C", OF THE SCHLAKS ADDITION, AS THE SAME IS SHOWN AND DESIGNATED ON THE PLAT ENTITLED "TRACTS A THROUGH D, SCHLAKS ADDITION, SANDOVAL COUNTY, NEW MEXICO", FILED IN THE OFFICE OF THE COUNTY CLERK OF SANDOVAL COUNTY, NEW MEXICO ON JULY 17, 1978, IN PLAT BOOK 2, FOLIO 237-B.

f. 3523 Central Avenue N.E., Albuquerque, New Mexico, which is more particularly described as follows:

> LOTS NUMBERED TEN (10), ELEVEN (11) AND TWELVE (12) IN BLOCK NUMBERED FOUR (4) OF MONTE VISTA, AN ADDITION TO THE CITY OF ALBUQUERQUE, NEW MEXICO, AS THE SAME ARE SHOWN AND DESIGNATED ON THE MAP OF SAID ADDITION FILED IN THE OFFICE OF

THE COUNTY CLERK OF BERNALILLO COUNTY, NEW MEXICO, OCTOBER 14, 1926.

THERE IS EXCEPTED THE NORTHERLY PORTION OF SAID LOT THEN (10) WHICH IS DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEAST CORNER OF SAID LOT TEN (10) RUNNING

THENCE SOUTHERLY ALONG THE WESTERLY LINE OF NORTH CARLISLE AVENUE, 62.28 FEET TO THE SOUTHEAST CORNER OF THE TRACT HEREIN DESCRIBED; THENCE WESTERLY, PARALLEL WITH AND 60 FEET NORTHERLY AT RIGHT ANGLES FROM THE NORTHERLY LINE OF EAST CENTRAL AVENUE, 80.19 FEET TO THE SOUTHWEST CORNER OF THE TRACT HEREIN DESCRIBED; THENCE NORTHERLY ALONG THE WESTERLY LINE OF SAID LOT 10, 86.09 FEET TO THE NORTHWEST CORNER OF THE TRACT HEREIN DESCRIBED WHICH IS THE NORTHWEST CORNER OF SAID LOT 10; THENCE EASTERLY ALONG THE SOUTHERLY LINE OF CAMPUS BOULEVARD, 86.97 FEET TO THE PLACE OF BEGINNING.

g. 67 Willow (a/k/a 28 Quail Run), Santa Fe, New Mexico, which is more particularly described as follows:

SE 1/4 SE 1/4 NE 1/4 SW 1/4 OF SECTION 31, TOWNSHIP 15 NORTH, RANGE 9 EAST, N.M.P.M., SANTA FE COUNTY, NEW MEXICO.

h. 1972 Cessna 421B Aircraft, United States Registration Number N3AJ, Serial Number 421B0230.

i. New Mexico Liquor License No. 2599, in the name of Club Rhythm and Blues located at 3523 Central N.E., Albuquerque, New Mexico.

12. The defendant agrees to truthfully assist the United States fully in the forfeiture of all of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in the above-described property to the United States.

13.    The defendant agrees to waive his right to notice of any forfeiture proceeding involving the above-described property.

14.    The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the above-described property. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment of the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

15.    In lieu of the imposition of a money judgment, the defendant agrees to convey to an irrevocable trust (hereinafter referred to as "the Mora Real Property Trust") all of his right, title, and interest to the following property (hereinafter referred to as "the Mora Real Property"):

    a.    Land in Mora County, New Mexico, which is more particularly described as follows:

> A CERTAIN TRACT OF LAND WITHIN THE MORA GRANT, BEING SITUATE IN SECTIONS 25 AND 36, TOWNSHIP 21 NORTH, RANGE 14 EAST, NEW MEXICO, PRINCIPAL MERIDIAN, AND MORE PARTICULARLY DESCRIBED AS FOLLOWS:
>
> BEGINNING AT A POINT FOR THE SECTION CORNER COMMON TO SECTIONS 25 AND 36, TOWNSHIP 21 NORTH, RANGE 14 EAST, NEW MEXICO PRINCIPAL MERIDIAN; THENCE DUE NORTH A DISTANCE OF 847.82 FEET, THENCE S. 49°51'E., A DISTANCE OF 2614.45 FEET; THENCE S. 42°58'w. A DISTANCE OF 2109.41 FEET, THENCE S. 59°09'E. A DISTANCE OF 371 FEET; THENCE S.70°54'E. A DISTANCE OF 256.95 FEET; THENCE DUE NORTH A DISTANCE OF 2106.99 FEET TO THE POINT AND PLACE OF BEGINNING. CONTAINING 82.044 ACRES, MORE OR LESS, TOGETHER WITH ALL WATER RIGHTS AND EASEMENTS PERTAINING TO THE ABOVE DESCRIBED PROPERTY.

        b.      Land in Mora County, New Mexico, which is more particularly described as follows:

TRACT B: A CERTAIN TRACT OR PARCEL OF LAND LYING AND BEING SITUATE WITHIN THE MORA GRANT, IN SECTIONS 25 AND 36, TOWNSHIP 21 NORTH, RANGE 14 EAST, N.M.P.M. COUNTY OF MORA, STATE OF NEW MEXICO, AND BEING MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWEST CORNER OF THE HEREIN DESCRIBED TRACT, ALSO BEING A POINT ON THE SANTA FE NATIONAL FOREST BOUNDARY, FROM WHICH POINT THE SECTION CORNER COMMON TO SECTIONS 25 AND 36 T. 21 N., R 14 E., N.M.P.M. BEARS SOUTH, A DISTANCE OF 847.82 FEET; THENCE FROM SAID POINT OF BEGINNING, S. 49°51'00"E., A DISTANCE OF 1307.22 FEET TO A POINT; THENCE S. 40°09'00"W., A DISTANCE OF 150.00 FEET TO A POINT; THENCE N. 49°51"00"W., A DISTANCE OF 1180.69 FEET TO A POINT ON THE SANTA FE NATIONAL FOREST BOUNDARY; THENCE DUE NORTH, ALONG SAID FOREST BOUNDARY, A DISTANCE OF 196.24 FEET TO THE POINT AND PLACE OF BEGINNING.

CONTAINING 4.284 ACRES MORE OR LESS. TOGETHER WITH ALL WATER RIGHTS AND EASEMENTS PERTAINING TO THE ABOVE DESCRIBED PROPERTY. SHOWN AS TRACT B ON PLAT OF SURVEY ENTITLED "REPLAT OF SURVEY FOR DANA JARVIS" PREPARED BY ARSENIO J. MARTINEZ, N.M.L.S. NO. 4254, IN JULY, 1972.

    16.    The beneficiaries of the Mora Real Property Trust shall be the defendant's children Ayla Jarvis and Dylan Jarvis. The documents creating the Mora Real Property Trust shall be drafted by an attorney retained by the defendant. The United States shall have final approval of the terms of said documents so as to ensure that the defendant retains no interest in the Mora Real Property. The defendant shall convey the Mora Real Property to the Mora Real Property Trust prior to the defendant's sentencing in this case.

## GOVERNMENT'S AGREEMENT

17.  Provided that the defendant fulfills his obligations as set out above, the United States agrees:

   a.  That it will not bring additional charges against the defendant arising out of the defendant's conduct now known to the United States Attorney's Office for the District of New Mexico.

   b.  That it will move at the time of the defendant's sentencing to dismiss the remaining counts of the Superseding Indictment as to the defendant.

   c.  Not to seek forfeiture of any of the defendant's property now known to the United States other than the property listed in paragraph 11 of this agreement and any other property against which forfeiture proceedings have been initiated prior to the date of this agreement.

18.  This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

19.  The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement.

## VIOLATION OF PLEA AGREEMENT

20.  The defendant understands and agrees that if he violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any

9

crime(s) or offense(s) contained in or related to the Superseding Indictment in this case, as well as perjury, false statement, and obstruction of justice.

## ENTIRETY OF AGREEMENT

21. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 21st day of November, 2008.

GREGORY J. FOURATT
United States Attorney

_____
JAMES R.W. BRAUN
STEPHEN R. KOTZ
Assistant United States Attorneys
201 Third Street N.W., Suite 900
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.

_____
DANA JARVIS
Defendant

_____
GARY C. MITCHELL
Attorney for Defendant

_____
JODY NEAL-POST
Attorney for Defendant