## UNITED STATES DISTRICT COURT
District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Number: CR-05-1849 JH |
| ) | |
| RAFAEL MISTRZAK, ) | |
| ) | |
| Defendant. ) | |

### REQUEST FOR VARIANCE AND DOWNWARD DEPARTURE

COMES NOW Defendant Rafael Mistrzak pursuant to 18 U.S.C. 1353 (a) (1) et.seq. and US vs Booker 543 U.S. 220 and requests that this court impose a sentence outside of the guideline range and as grounds therefor states:

### Background

Defendant Rafael Mistrzak was one of thirty eight (38) co-defendants in the above entitled case.  Mr. Mistrzak met defendant Dana Jarvis while employed at the defendant Jarvis' Club Rhythm and Blues.  Mr. Mistrzak, because of his reliability, became a trusted employee of Dana Jarvis.  Over a period of time Mr. Jarvis introduce Mr. Mistrzak to some of Jarvis' friends and associates.

Defendant Jarvis also obtained information that Mr Mistrzak had family in Ohio.  Defendant Dana Jarvis began requesting Mr Mistrzak run errands "no questions asked" Mr. Mistrzak complied. After a period of time doing these "favors" for payment, for Mr Jarvis it became apparent to Mr. Mistrzak that Mr. Jarvis was involved in the transportation of marijuana across state lines.  As defendant Rafael Mistrzak became more knowledgeable and involved he also became more concerned.  In  approximately November of 2003 Mr. Mistrzak left the

employment of Defendant Dana Jarvis claiming, correctly and truthfully, that he wanted to pursue a career in real estate. Mr. Mistrzak then spent the next two and one half years (2 ½ ) obtaining a real estate licence and relocating to Miami, Florida. Defendant Rafael Mistrzak had to slowly extricate himself from his employment situation because as previously stated, during the time he began to familiarize himself with Defendant Dana Jarvis, Mr. Mistrzak became concerned for his safety. Dana Jarvis had claimed on prior occasions that he could follow people and that he had had people "taken care of." When the indictments were handed down Mr. Mistrzak had disassociated himself from the illegal activity, had gained full time employment, had obtained and advanced certificate and real estate licence. After the arrest of Mr. Mistrzak he is one of the co-defendants who has not violated the terms and conditions of his pre-trial release, has completed all of his pre trial release counseling, has maintained steady full-time productive employment, and has otherwise been a respectful productive law biding citizen. The actions of Mr. Mistrzak, while being involved with Dana Jarvis, should be looked at as totally aberrant behavior.

**Argument**

US vs Booker 543 U.S. 220  recognized that the court does not have to be bound by sentencing guidelines and can sentence outside those guidelines. Factors to consider for the court to deviate from the sentencing guidelines range are: the nature and circumstances of the offense, the history and characteristics of the defendant. The judgment of the court should also reflect the seriousness of the offense. The court should also examine if the sentencing now would afford and adequate deterrence to future criminal conduct, to protect the public from further crimes by the defendant; provide the defendant needed education and vocational training medical care or

other correctional treatment in the most effective manner, and to avoid unfair sentencing disparities among other defendants.

In this particular case the defendant meets many of the consideration that would allow the court to exercise it's discretion and to sentence the defendant to a lesser sentence than in the sentencing guidelines. Specifically it is apparent that the defendant has never committed crimes in the past. Indeed a check of his criminal record shows that he has had no more than a moving violation and no other criminal contact with any authorities. The defendant Mr. Mistrzak was also involved in government in high school (sophomore class president) and has a sociology degree from The Ohio State University. It is obvious that the punishment in this case, loss of rights of a citizen of the United States, will have a serious impact on Mr. Mistrzak's future personal opportunities. That alone, is deterrence enough to prevent any future criminal conduct. It should also be noted that defendant Mistrzak, because he had distanced himself from this situation prior to indictment and arrests, has demonstrated that he understood that he was doing something wrong. Perhaps, and most importantly, the court needs to examine the context in which Mr. Mistrzak became aware that drugs were being dealt. Mr. Mistrzak assumed the position as the proverbial "brass monkey." He was encouraged by the co defendant and master mind of this cooperation, Dana Jarvis, to "see no evil, hear no evil, speak on evil." The letters of support for Mr. Mistrzak demonstrate that he has been a law biding and respectful citizen who immigrated with his parents from Poland, they were political refugees from the Solidarity movement. As such Mr. Mistrzak's father has seen injustice and has in fact been incarcerated by a despotic regime. Rafael Mistrzak can in no way ever re-pay the dept he owes to his community nor can remove the shame his family feels for his criminal actions. He can, however, with the appropriate sentence, continue to live his life in a respectful law a biding manner.

**Conclusion**

For the forgoing reasons defendant Rafael Mistrzak respectfully requests that this court deviate from the sentencing guidelines by finding that the acts that the defendant Rafael Mistrzak were aberrant in mature, not to be repeated, that he has showed true remorse, that he removed himself from any of the criminal activity at least two and one half years (2 ½ ) prior to the indictment and arrest in the above entitled case. The court should exercise it's discretion in the interest of justice and provide a downwrd departure or variance for Mr. Mistrzak.  Finally defendant Rafael Mistrzak respectfully requests that the court grant him continued probation as he has proven his reliability and trustworthiness during his pre-trial supervision.

Respectfully Submitted;

_____
RUDOLPH B. CHAVEZ
Attorney for Defendant
2014 Central Avenue SW
Albuquerque, NM 87104
(505) 242-5500

I hereby certify that a true
and correct copy of the foregoing
was mailed to all parties of record
this 1ST day of December, 2008.

_____
RUDOLPH B. CHAVEZ