IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 05-1849 JH |
| ) | |
| RAFAL MISTRZAK, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' RESPONSE TO DEFENDANT'S
REQUEST FOR VARIANCE AND DOWNWARD DEPARTURE

The United States responds to defendant Rafal Mistrzak's Request for Variance and Downward Departure (Doc. 1472) as follows:

I.      Introduction

As detailed in the Presentence Report ("PSR"), defendant Rafal Mistrzak ("Mistrzak") was associated with a vast conspiracy that, over the course of approximately fifteen years, was responsible for the distribution of thousands of pounds of marijuana and the transportation of millions of dollars in drug proceeds from distribution points in the midwest and east coast of the United States to members of the conspiracy in New Mexico and Arizona.  Mistrzak has pled guilty to conspiracy to launder money as charged in Count 3 of the superseding indictment for his role in transporting those drug proceeds over a period of several years.

The parties have stipulated that Mistrzak was involved in the interstate

transportation and transfer of more than $400,000.00 in drug proceeds, which results in a base offense level 22. PSR at ¶ 136. Because Mistrzak knew he was transporting the proceeds of marijuana distribution, his offense level is increased by 6 levels. PSR at ¶ 137. His offense level is increased by another 2 levels because he was convicted under 18 U.S.C. § 1956. PSR at ¶ 138. After reductions of 2 levels for minor role and 3 levels for acceptance of responsibility, his total offense level is 25. PSR at ¶ 144. Mistrzak's criminal history category is I, as he has no criminal history. PSR at ¶ 147. The corresponding guideline imprisonment range is 57-71 months. PSR at ¶ 171.[1] Probation has identified no basis for a downward departure. PSR at ¶ 186.

II.    Legal Analysis

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark" in determining an appropriate sentence. *Gall v. United States*, 128 S. Ct. 586, 596 (2007). In fashioning Mistrzak's sentence, this Court must also consider all of the sentencing factors set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford

---

[1] Mistrzak has not objected to these Guidelines calculations. Rather, he is simply requesting that the Court grant a downward variance from the applicable guideline imprisonment range.

2

adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

The applicable guideline range in a given case properly reflects the accumulated wisdom and expertise of the Sentencing Commission, and serves the vital goal of uniformity and fairness in sentencing.  While the Sentencing Guidelines "now serve as one factor among several courts must consider in determining an appropriate sentence," it remains the case that "the Commission fills an important institutional role:  it has the capacity courts lack to 'base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise.'"  *Kimbrough v. United States*, 128 S. Ct. 558, 574 (2007) (quoting *United States v. Pruitt*, 502 F.3d 1154, 1171 (10th Cir. 2007) (McConnell, J., concurring)).  Thus, the Supreme Court recently stated:  "We have accordingly recognized that, in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives."  *Id.* (quoting *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007)).

Further, the Sentencing Guidelines are the sole means available for assuring some measure of uniformity in sentencing, fulfilling a primary Congressional goal in adopting the Sentencing Reform Act of 1984.  Prior to the Guidelines, "[s]erious disparities in sentences ... were common."  *Mistretta v. United States*, 488 U.S. 361, 365 (1989).  "The goal of the Sentencing Guidelines is ... to reduce unjustified disparities and so reach towards the evenhandedness and neutrality that are the distinguishing marks of any principled system of justice."  *Koon v. United States*, 518 U.S. 81, 113 (1996).  As the Tenth Circuit has noted, "[t]he federal courts have been striving towards this worthy goal since 1987."  *United States v. Gonzales-Huerta*, 403 F.3d 727, 738 (10th Cir. 2005).  "Indeed, this goal remains the same post-*Booker*."  *Id.*  Reference to the Guidelines, while carefully considering the 3553(a) factors particularly relevant to an individual defendant, is the only available means of preventing the disfavored result of basing sentences on the luck of the draw in judicial assignments.

For these reasons, the advisory guideline imprisonment range deserves significant respect.  The United States recognizes, however, that the Guidelines are entirely advisory, and that this Court has discretion to vary from the advisory range, subject only to deferential appellate review for reasonableness.  Indeed, in *Gall*, the Supreme Court upheld a district court's variance from a guideline imprisonment range of 30-37 months to a sentence of 36 months' probation on facts similar to those present here.  Thus, while the United States submits that a sentence of probation is not appropriate in this case, it

acknowledges the Court's discretion and recognizes that the Court may determine that a slight variance from the advisory guideline imprisonment range is justified.

                        Respectfully submitted,

                        GREGORY J. FOURATT
                        United States Attorney

                        */s/ James R.W. Braun*

                        JAMES R.W. BRAUN
                        Assistant U.S. Attorney
                        P.O. Box 607
                        Albuquerque, New Mexico  87103
                        (505) 346-7274


## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 10th day of December, 2008, I filed the foregoing pleading electronically through the CM/ECF system, which is designed to cause counsel of record for the defendant to be served by electronic means.

                        */s/ James R.W. Braun*

                        JAMES R.W. BRAUN
                        Assistant U.S. Attorney