IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     *Plaintiff,* | ) |
| | ) |
| | )   CR No. 05-1849 JH |
| | ) |
| DANA JARVIS, | ) |
| | ) |
|     *Defendant.* | ) |

**UNOPPOSED MOTION FOR PRELIMINARY ORDER OF FORFEITURE
REGARDING DANA JARVIS PROPERTY
AND MEMORANDUM BRIEF IN SUPPORT**

The United States of America respectfully submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth below.

1. The United States and Defendant Dana Jarvis have entered into a plea agreement, [Doc. 1465], in which defendant Jarvis pleaded guilty to Counts 1 and 26 of the Superseding Indictment 05-1849 JH [Doc. 414]. Count 1 charges Conspiracy to distribute 1000 kilograms and more of marijuana in violation of 21 U.S.C. § 846. Count 26 charges Money Laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I) and (a)(1)(B)(I). In paragraphs 11-14 of the plea agreement, Defendant Jarvis agreed to immediately forfeit all his right, title and interest in the following property, or net proceeds resulting from the interlocutory sale of the property, listed in the forfeiture allegation of the Superseding Indictment:

    a.     All United States currency, funds, or other monetary instruments credited to account number 40455157, in the name of Dana Jarvis, located at Bank One, or its successor in interest;

    b.     All United States currency, funds, or other monetary instruments credited to

    account number 689832822, in the name of Dana Jarvis, located at Bank One, or its successor in interest;

c.  All United States currency, funds, or other monetary instruments credited to account number 1874527, in the name of Dana Jarvis, located at First State Bank, or its successor in interest;

d.  All United States currency, funds, or other monetary instruments credited to account number 1223801, in the name of Dana Jarvis, located at First State Bank, or its successor in interest;

e.  1440 Calle Cielo Vista, Bernalillo, New Mexico, which is more particularly described as follows:
TRACT LETTERED "C", OF THE SCHLAKS ADDITION, AS THE SAME IS SHOWN AND DESIGNATED ON THE PLAT ENTITLED "TRACTS A THROUGH D, SCHLAKS ADDITION, SANDOVAL COUNTY, NEW MEXICO," FILED IN THE OFFICE OF THE COUNTY CLERKS OF SANDOVAL COUNTY, NEW MEXICO ON JULY 17, 1978, IN PLAT BOOK 2, FOLIO 237-B;

f.  3523 Central Avenue NE, Albuquerque, New Mexico, which is more particularly described as follows:
LOTS NUMBERED TEN (10), ELEVEN (11) AND TWELVE (12) IN BLOCK NUMBERED FOUR (4) OF MONTE VISTA, AN ADDITION TO THE CITY OF ALBUQUERQUE, NEW MEXICO, AS THE SAME ARE SHOWN AND DESIGNATED ON THE MAP OF SAID ADDITION FILED IN THE OFFICE OF THE COUNTY CLERK OF BERNALILLO COUNTY, NEW MEXICO, OCTOBER 14, 1926,

THERE IS EXCEPTED THE NORTHERLY PORTION OF SAID LOT TEN (10) WHICH IS DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEAST CORNER OF SAID LOT TEN (10) RUNNING,

THENCE SOUTHERLY ALONG THE WESTERLY LINE OF NORTH CARLISLE AVENUE, 62.28 FEET TO THE SOUTHEAST CORNER OF THE TRACT HEREIN DESCRIBED; THENCE WESTERLY, PARALLEL WITH AND 60 FEET NORTHERLY AT RIGHT ANGLES FROM THE NORTHERLY LINE OF EAST CENTRAL AVENUE, 80.19 FEET TO THE SOUTHWEST CORNER OF THE TRACT HEREIN DESCRIBED; THENCE NORTHERLY ALONG THE WESTERLY LINE OF SAID LOT 10, 86.09 FEET TO THE NORTHWEST CORNER OF THE TRACT HEREIN DESCRIBED WHICH IS THE NORTHWEST CORNER OF SAID LOT 10, THENCE EASTERLY ALONG THE SOUTHERLY LINE OF CAMPUS BOULEVARD, 86.97 FEET TO THE PLACE OF BEGINNING;

g.  67 Willow (a/k/a 28 Quail Run), Santa Fe, New Mexico, which is more

      particularly described as follows:
      SE 1/4 SE 1/4 NE 1/4 SW 1/4 OF SECTION 31, TOWNSHIP 15 NORTH, RANGE 9 EAST, N.M.P.M., SANTA FE COUNTY, NEW MEXICO;

  h.  1972 Cessna 421B Aircraft, United States Registration Number N3AJ, Serial Number 421B0230;

  I.  New Mexico Liquor License No. 2599, in the name of Club Rhythm and Blues located at 3523 Central NE, Albuquerque, New Mexico.

  2.  The Court's jurisdiction in this matter is founded upon 21 U.S.C. § 853 and 18 U.S.C. § 982. 21 U.S.C. § 853 provides that any person convicted of a violation of 21 U.S.C. §§ 841(a)(1) or 846, punishable by imprisonment for more than one year, shall forfeit to the United States: (1) any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of such violation and (2) any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, such violation. 18 U.S.C. § 982 requires the forfeiture of any property involved in an offense committed in violation of 18 U.S.C. § 1956 or any property traceable to such property.

  3.  Rule 32.2 (b)(1), (b)(2), and (b)(3), Federal Rules of Criminal Procedure, provides that:

  (1) As soon as practicable after entering a guilty verdict or accepting a plea of guilty or *nolo contendere* on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that

3

the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.

(2) If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

(3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

4. Based upon the plea agreement between the parties, the United States has established the requisite nexus between the property and the offenses to which the defendant has pleaded guilty. Accordingly, that property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853

and 18 U.S.C. § 982.

5.      Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n)(1), the United States will publish notice of the Preliminary Order or post notice of the Preliminary Order on www.forfeiture.gov for at least 30 consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published or posted notice as to those persons so notified.  The publication or posting and any written notice will advise that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on Stephen R. Kotz, Assistant United States Attorney, within thirty (30) days of the final publication or posting of notice or of receipt of actual notice, whichever is earlier. 21 U.S.C. § 853(n)(2). The notice will also state that the petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(3).

Counsel for defendant Dana Jarvis, Jody Neal-Post, has reviewed and approved this motion and the proposed Preliminary Order of Forfeiture submitted contemporaneously with this motion.

WHEREFORE, the United States, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982 and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, moves this Court to enter a Preliminary Order of Forfeiture, which forfeits the above described property to the United States.  The United States further requests that the order authorize the United States to seize and maintain control of the forfeited property and that the order authorize the United States to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and the rights of third parties.

          Respectfully submitted,

          GREGORY J. FOURATT
          United States Attorney

          *__Electronically filed on December 12, 2008__*
          STEPHEN R. KOTZ
          Assistant U.S. Attorney
          P. O. Box 607
          Albuquerque, New Mexico 87103
          (505) 224-1464

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of December, 2008.
I filed the foregoing electronically through the CM/ECF
system.

  /s/
STEPHEN R. KOTZ
Assistant U.S. Attorney