IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )  CR No. 05-1849 JH |
| | ) |
| DANA JARVIS, | ) |
| | ) |
| Defendant. | ) |

**PRELIMINARY ORDER OF FORFEITURE
REGARDING DANA JARVIS PROPERTY**

This matter, having come before the Court on the motion of the United States for entry of a Preliminary Order of Forfeiture, the Court having reviewed the motion and being fully advised in the premises, finds that the motion is well-taken and will be granted.

IT IS HEREBY ORDERED THAT:

1.   As the result of defendant Dana Jarvis' guilty plea to Counts 1and 26 Superseding Indictment, Doc. 1465, defendant shall forfeit the following property:

   a.   Pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses committed in violation of 21 U.S.C. §§ 841 (a)(1) and 846; and any property used or intended to be used, in any manner or part, to commit, or facilitate the commission of, such violation.

   b.   Pursuant to 18 U.S.C. § 982(a) any property involved in an offense committed in violation of 18 U.S.C. § 1956, or any property traceable to such property.

2.  The Court has determined, based on the evidence already in the defendant's plea agreement, that the following property, or the net proceeds resulting from the interlocutory sale of the property, is subject to forfeiture pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982; that the defendant had an interest in such property; and that the United States has established the requisite nexus between such property and the offenses of conviction:

    a.    All United States currency, funds, or other monetary instruments credited to account number 40455157, in the name of Dana Jarvis, located at Bank One, or its successor in interest;

    b.    All United States currency, funds, or other monetary instruments credited to account number 689832822, in the name of Dana Jarvis, located at Bank One, or its successor in interest;

    c.    All United States currency, funds, or other monetary instruments credited to account number 1874527, in the name of Dana Jarvis, located at First State Bank, or its successor in interest;

    d.    All United States currency, funds, or other monetary instruments credited to account number 1223801, in the name of Dana Jarvis, located at First State Bank, or its successor in interest;

    e.    1440 Calle Cielo Vista, Bernalillo, New Mexico, which is more particularly described as follows:
TRACT LETTERED "C", OF THE SCHLAKS ADDITION, AS THE SAME IS SHOWN AND DESIGNATED ON THE PLAT ENTITLED "TRACTS A THROUGH D, SCHLAKS ADDITION, SANDOVAL COUNTY, NEW MEXICO," FILED IN THE OFFICE OF THE COUNTY CLERKS OF SANDOVAL COUNTY, NEW MEXICO ON JULY 17, 1978, IN PLAT BOOK 2, FOLIO 237-B;

    f.    3523 Central Avenue NE, Albuquerque, New Mexico, which is more particularly described as follows:
LOTS NUMBERED TEN (10), ELEVEN (11) AND TWELVE (12) IN BLOCK NUMBERED FOUR (4) OF MONTE VISTA, AN ADDITION TO THE CITY OF ALBUQUERQUE, NEW MEXICO, AS THE SAME ARE SHOWN AND DESIGNATED ON THE MAP OF SAID ADDITION FILED IN THE OFFICE OF THE COUNTY CLERK OF BERNALILLO COUNTY, NEW MEXICO, OCTOBER 14, 1926,

THERE IS EXCEPTED THE NORTHERLY PORTION OF SAID LOT TEN (10) WHICH IS DESCRIBED AS FOLLOWS:

      BEGINNING AT THE NORTHEAST CORNER OF SAID LOT TEN (10) RUNNING,

      THENCE SOUTHERLY ALONG THE WESTERLY LINE OF NORTH CARLISLE AVENUE, 62.28 FEET TO THE SOUTHEAST CORNER OF THE TRACT HEREIN DESCRIBED; THENCE WESTERLY, PARALLEL WITH AND 60 FEET NORTHERLY AT RIGHT ANGLES FROM THE NORTHERLY LINE OF EAST CENTRAL AVENUE, 80.19 FEET TO THE SOUTHWEST CORNER OF THE TRACT HEREIN DESCRIBED; THENCE NORTHERLY ALONG THE WESTERLY LINE OF SAID LOT 10, 86.09 FEET TO THE NORTHWEST CORNER OF THE TRACT HEREIN DESCRIBED WHICH IS THE NORTHWEST CORNER OF SAID LOT 10, THENCE EASTERLY ALONG THE SOUTHERLY LINE OF CAMPUS BOULEVARD, 86.97 FEET TO THE PLACE OF BEGINNING;

  g.  67 Willow (a/k/a 28 Quail Run), Santa Fe, New Mexico, which is more particularly described as follows:
SE 1/4 SE 1/4 NE 1/4 SW 1/4 OF SECTION 31, TOWNSHIP 15 NORTH, RANGE 9 EAST, N.M.P.M., SANTA FE COUNTY, NEW MEXICO;

  h.  1972 Cessna 421B Aircraft, United States Registration Number N3AJ, Serial Number 421B0230;

  I.  New Mexico Liquor License No. 2599, in the name of Club Rhythm and Blues located at 3523 Central NE, Albuquerque, New Mexico.

(All the property referenced to above is hereinafter referred to collectively as the Subject Property).

  3.  Upon the entry of this Order, the United States (or a designee) is authorized to seize and maintain custody of the Subject Property whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

  4.  Upon entry of this Order, the United States (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

  5.  The United States shall publish or post notice of this Order and its intent to

dispose of the property in such a manner as the United States (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have alleged an interest in the Subject Property.

6.  Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of receipt of notice or publication of notice or posting of notice on www.forfeiture.gov, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of the alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

7.  Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing or before sentencing if the defendant consents and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8.  Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9.  After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the

Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney Stephen R. Kotz, U.S. Attorney's Office, P.O. Box 607, Albuquerque, New Mexico 87103.

SO ORDERED:

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE

Submitted by:

  /s/
_____
STEPHEN R. KOTZ
Assistant U.S. Attorney