**LAW OFFICES OF**
**NASH & KIRCHNER, P.C.**
P.O. BOX 2310
TUCSON, ARIZONA 85702
Telephone (520) 792-1613
Fax (520) 628-1079
Pima County Computer No. 41636
State Bar No. 002893
walter.nash@azbar.org
bkirchner@azbar.org

Attorney for defendant David Reid

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,                                                            CR-05-1849 JH

vs.

DAVID REID,

    Defendant.

## MOTION TO SEVER DEFENDANTS

The Defendant Reid hereby moves this Court for an order granting him a severance of his trial from that of one or more of the co-defendants on the grounds and for the reasons set out herein.

The present posture of the case is that four defendants remain set for trial. They are David Reid, George Osgood, Greg Hill and Dennis Wilson.

If any co-defendant of the defendant Reid is unwilling to testify in their

own trial (as a result of exercising their right not to testify), but would testify in a separate trial of the defendant Reid and offer exculpatory testimony as to the defendant Reid, Mr. Reid may be entitled to a trial separate from that defendant.  *See Byrd v. Wainright*, 428 F.2d 1017 (5th Cir. 1970); *U.S. v. Rosa*, 560 F.2d 149 (3rd Cir. 1977); *U.S. v. Rogers*, 925 F.2d 1285 (10th Cir. 1991).

The exculpatory nature of the evidence can be testimony that Mr. Reid was never present at various drug-related activities, that the testifying individual never saw Mr. Reid engage in any illegal activity, and/or that he never heard any other defendant claim that Mr. Reid was involved in the activities that of the subject of the Indictment herein.

Traditionally, the way to scrupulously safeguard both the right of a defendant not to incriminate himself and the right of a co-defendant to have access to the evidence, once a severance is granted, is to set the trial of the testifying defendant first and the trial of the defendant for whom the exculpatory testimony would be offered subsequent thereto.  *U.S. v. Gay*, 567 F.2d 916 (9th Cir. 1978).

Counsel undersigned has discussed this issue with counsel of record for all three remaining co-defendants.  If the factual predicate to a

-2-

severance can be established, appropriate evidence will be filed prior to or at the hearing on this Motion.

RESPECTFULLY SUBMITTED this 29th day of January, 2009

                    LAW OFFICES OF
                    NASH & KIRCHNER, P.C.


                    BY /S/ Walter Nash
                    WALTER NASH
                    Attorney for Defendant Reid

-3-

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was delivered to opposing counsel and all other counsel of record *via* the CM/ECF system this 29th day of January, 2009.

/s/ Walter Nash
Walter Nash

-4-