IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

vs.                                                                                            **CRIMINAL NO.:  05-CR-1849 JH**

**GEORGE OSGOOD,**

        **Defendants.**

**UNOPPOSED MOTION CONTINUE
THE FEBRUARY 2, 2009 MOTIONS DEADLINE**

COMES NOW, George Osgood, by and through counsel of record, Amy Sirignano of the Law Office of Amy Sirignano, PC, in support of his Motion to Continue the February 2, 2009 Motions Deadline, and states the following:

1. Undersigned counsel was appointed to represent Mr. Osgood on January 14, 2009 (Doc. 1507) after his previous counsel Mark Chouinard was conflicted out.

2. Undersigned counsel for Mr. Osgood immediately telephonically contacted AUSA James Braun that same day.  AUSA James Braun agreed that undersigned counsel for Mr. Osgood needed time to speak to her client, review discovery, and the case against Mr. Osgood.

3. Undersigned moved to Join the Government's Motion to Continue the *James* hearing and requested additional time days to review the 1500 pleadings filed in this case, 10,000 wiretap calls, obtain and review the relevant case discovery (which has been described as 80,000 pages), conduct an investigation, and draft Pre-Trial pleadings, if any, on behalf of Mr. Osgood.  (Doc. 1508).

4. The Court granted Mr. Osgood's motion in part and ordered the *James* hearing be rescheduled for April 1, 2009. (Doc 1511).

5. Undersigned new counsel for Mr. Osgood promptly contacted the discovery database administrator and received her initial discovery CDs on Monday, January 26, 2008. During Counsel's first visit with her client, December 20, 2009, Mr. Osgood was provided a copy of the government's Memorandum regarding the *James* hearing, a full case docket, and a copy of Mr. Osgood's Motion to Join the Unopposed Motion to Continue the *James* hearing, which were the first relevant pleadings provided to Mr. Osgood for his case.

6. On Monday, January 26, 2009, counsel for Mr. Osgood conferred with counsel for Mr. Jarvis, Ms. Jody Neal-Post, regarding the case and relevant deadlines, in efforts to verify that she was timely responding to all matters relevant to Mr. Osgood. Mr. Jarvis' counsel advised that the deadline for the wiretap suppression motion was still set for the first week of February 2009. Undersigned immediately researched the extensive record until ultimately confirming that the deadline was indeed imminent, February 2, 2009, and that such deadline had not been extended by the Court with other motions deadlines. (Doc. 1456).

7. Undersigned counsel for Mr. Osgood telephonically contacted AUSA James Braun on January 26, 2009 to request additional time to file to file Pretrial Motions. AUSA Braun agreed to an extension of time for Mr. Osgood to file discovery motions, but stated that he would oppose an extension of time for the other defendants to file discovery motions.

8. After conferring with Ms. Neal-Post, counsel for Mr. Osgood isolated, printed, and copied over 400 pages of relevant pleadings for Mr. Osgood. On Tuesday, January 27, 2009, for the first time, Mr. Osgood was provided these pleadings and the relevant wiretap Applications, Affidavits, and Orders, themselves totaling approximately 1086 pages.

9. On Tuesday, January 28, 2009, undersigned counsel for Mr. Osgood again telephonically contacted AUSA James Braun. AUSA Braun graciously agreed to not oppose Mr.

Osgood's request to extend the pretrial/discovery motions deadline for 90 days from the filing of this motion.

10. However, counsel for Mr. Osgood also recently learned from defense counsel that at the August 6, 2008 scheduling conference (Doc. 1369), the parties contemplated that events would unfold in a particular order to facilitate efficiency, and to avoid the unnecessary waste of judicial resources. Because the volume of discovery in this case is gargantuan, it was agreed that only a small portion of the discovery, and only a small portion of the wiretaps, would be introduced at trial. Consequently, the Parties proposed that the first step would be the government's *James* disclosures. This would serve to significantly narrow the scope of documents and issues; it would reduce the universe from the totality of discovery to a realistic and much smaller subset. The second step would be a *James* hearing. The third step would be the court's ruling on the *James* hearing, as to the admissibility of co-defendants' statements. The fourth step would be the wiretap motion. The fifth step would be the Government's response to the wiretap motion. The sixth step would be the defendants' reply. Other deadlines would follow, or partially overlap. But, it was contemplated from the beginning that the *James* disclosure would significantly narrow the range of documents/wiretaps at issue, then the Court's ruling might further narrow the range of statements/conversations at issue. If the wiretap motion precedes the *James* hearing and the court's *James* ruling, then it is likely that much time will be wasted litigating the admissibility of statements obtained via the wiretap that might be moot.

11. Undersigned counsel for Mr. Osgood requests ninety (90) days from the filing of this motion to review the 1500+ pleadings filed in this case, obtain and review the relevant case discovery (which has been described as 80,000 pages), conduct an investigation, and draft and join Pre-Trial/discovery motions, on behalf of Mr. Osgood. Such extension will ensure that Mr.

Osgood is unencumbered in exercising his right to participate in his own defense with the assistance of fully informed counsel.

For the foregoing reasons, Defendant Osgood respectfully requests that the Court enter an Order continuing the February 2, 2009 deadline for his wiretap suppression motion for 90 days, which is unopposed by the United States, extending as well Mr. Osgood's deadline to file and/or join any other necessary discovery and or Pretrial Motions for 90 days, and that this Court grant undersigned counsel for Mr. Osgood 90 days to review the pleadings in this case, obtain and review the relevant case discovery, conduct an investigation, and draft pre-trial/discovery motions.

                                            Respectfully submitted,

                                            __/s_____
                                            Amy Sirignano, Esq.
                                            Law Office of Amy Sirignano, PC
                                            1011 Lomas Blvd. N.W.
                                            Albuquerque, NM  87102
                                            (505) 242-2770
                                            (505) 242-2774 facsimile

                                             Attorney for Defendant

***CERTIFICATE OF SERVICE:***
I hereby certify that a copy of the
foregoing pleading was served via
EM/ECF on opposing counsel,
AUSA James Braun,
this 29th day of January, 2009.

_/s_____
Amy Sirignano

4