IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 05-1849 JH |
| ) | |
| DAVID REID, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' RESPONSE TO
DEFENDANT REID'S MOTION TO SEVER DEFENDANTS

The United States hereby responds to defendant David Reid's Motion to Sever Defendants (Doc. 1523) as follows:

1.      Under the Federal Rules of Criminal Procedure "two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. Rule 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together.... They promote efficiency and 'serve the interests of justice' by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (citing *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)).  The Rules also provide that "[i]f the joinder of offenses or defendants in an indictment ... appears to prejudice a defendant ..., the court may ... sever the defendant's trials, or provide any other relief that justice requires." Fed. R. Crim P. 14(a) (emphasis added).

2. The courts do not look upon severance lightly, however. It "is a matter of discretion and not of right." *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984). "Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro* at 538-539. In *McConnell*, the Tenth Circuit stated:

> In determining the merits of a motion for severance, the trial court must weigh the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration. Inasmuch as severance is a matter of discretion and not of right, the defendant must bear a heavy burden of showing real prejudice to his case.

749 F.2d at 1444 (citations omitted).

3. Defendant Reid bases his motion to sever on the possibility that one of his remaining co-defendant might be able to provide exculpatory testimony on his behalf. Def. Mot. at 1-2. When a defendant moves the court for severance based on the asserted need of a co-defendant's exculpatory testimony, the defendant must show that he "would call the co-defendant at a severed trial, that the co-defendant would in fact testify, and that the testimony would be favorable to the moving defendant." *United States v. Dickey*, 736 F.2d 571, 590 (10th Cir. 1984) (citing *United States v. Vigil*, 561 F.2d 1316, 1317 (9th Cir. 1977)). The defendant in *Vigil* met these prerequisites where his counsel filed "an affidavit with his motion to sever swearing (1) that he intended to call the co-defendant at trial, and (2) that he was informed by the co-defendant's counsel that the testimony given would be favorable to the movant." *Dickey* 736 F.2d at 590. "Further, at the hearing on the motion to sever, counsel for the movant related his understanding that the codefendant

would be willing to testify at a separate trial, but not at a joint trial. *Id.* However, in *Dickey*, the Tenth Circuit upheld the trial court's denial of severance because the defendant "did not meet, nor did he attempt to meet, the prerequisites for severing a defendant from a joint trial on the above stated grounds. Hence, there was no real prejudice shown by [the defendant] which allegedly violated his sixth amendment right to confrontation." *Id.*

    4.    The Tenth Circuit further illuminated the standard for consideration of a motion for severance based on potential exculpatory testimony of a co-defendant in *United States v. McConnell*.[1] There the court set forth a list of seven relevant factors:

> 1) the likelihood that the co-defendant would in fact testify at the movant's severed trial and waive his Fifth Amendment privilege;
>
> 2) the significance of the testimony in relation to the defendant's theory of defense;
>
> 3) the exculpatory nature and effect of such testimony;
>
> 4) the likelihood that the co-defendant's testimony would be impeached;
>
> 5) the extent of prejudice caused by the absence of the testimony;
>
> 6) the effect of a severance on judicial administration and economy;
>
> 7) the timeliness of the motion.

749 F.2d at 1445.

    5.    Here, defendant Reid has not even alleged, must less shown, that he would

---

[1] *Dickey* and *McConnell* were both decided in 1984 by two separate panels of the Tenth Circuit. Reading the two cases together provides the most comprehensive understanding of the court's standard for consideration of severance on this issue, as was done by the court in *United States v. Shaw*, 141 F.3d 1186 (10th Cir. 1998) (Table) (unpublished).

call a particular co-defendant at a severed trial, that the co-defendant would in fact testify, and that the testimony would be favorable to him. *See Dickey*, 736 F.2d at 590. Nor has he addressed any of the factors outlined in *McConnell*. Indeed, he acknowledges that at this time he cannot establish the factual predicate to obtain a severance on this ground. Def. Mot. at 2-3. Thus, defendant Reid's motion should be summarily denied.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court deny defendant Reid's Motion to Sever Defendants without a hearing.

Respectfully submitted,

GREGORY J. FOURATT
United States Attorney

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM  87103
(505) 346-7274

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the 9th day of March, 2009, I filed the foregoing pleading electronically through the CM/ECF system, which is designed to cause counsel of record for the defendants to be served by electronic means.

              *ELECTRONICALLY FILED*

              JAMES R.W. BRAUN
              Assistant U.S. Attorney