IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-1849 JH |
| | ) | |
| DAVID REID, | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' RESPONSE TO DEFENDANT REID'S SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF PREVIOUSLY FILED DISCOVERY MOTIONS

In his "Supplemental Memorandum in Support of Previously Filed Discovery

Motions" (Doc. 1532), defendant Reid ("Reid") asks the Court to order the government to

provide the defense with the following at least 60 days before trial:  (1) a list of the

witnesses it will call at trial; (2) a list of the exhibits it will introduce at trial; (3) a list of

the intercepted calls it will introduce at trial; (4) all *Brady* and Jencks Act material not

previously disclosed; and (5) "the evidence that it intends to utilize as to defendant Reid

on the single money laundering count in which he is named."  Def. Mot. at 4.  The United

States responds to Reid's memorandum as follows:

1.     With regard to Reid's first and second requests, the United States does not

oppose the Court ordering both parties to simultaneously file witness and exhibit lists 60

days before trial, provided that the parties be required to state their objections to any

exhibits no later than 30 days before trial or be deemed to have stipulated to any exhibit

for which no objection is made.  Such a requirement will accomplish Reid's stated purpose of facilitating pretrial stipulations and minimizing issues at trial.  *See* Def. Mot. at 4.

2.      With regard to Reid's third request, the United States has already filed a list of the intercepted calls that it intends to introduce at trial.  *See* Exhibit 1 to United States Memorandum Regarding *James* Hearing (Doc. 1493).  This list was filed on December 29, 2008, after defendant Dana Jarvis pled guilty.  Significantly, out of the thousands of calls intercepted in this case, the United States has narrowed down the number of calls that it intends to introduce at trial to approximately 231.  Therefore, this request should be denied as moot.

3.      With regard to Reid's fourth request, the current scheduling order in this case requires the United States to produce *Brady/Giglio* material no later than 90 days prior to trial, with a continuing disclosure obligation thereafter, and to produce Jencks Act material no later than 60 days before trial.  Third Order Setting Trial Date and Case Schedule (Doc. 1368).  The United States is aware of and will comply with its obligations under *Brady* and *Giglio*.  Therefore, this request should be denied as moot.

4.      In addition to requesting that the United States disclose *Brady/Giglio* information in its possession, Reid requests that the Court "order production of the draft of, or notes prepared for" presentence reports relating to cooperating defendant witnesses

for whom presentence reports have not been prepared.  Def. Mot. at 14.[1]  The United

States does not oppose the Court ordering the Probation Office to prepare partial

presentence reports for the cooperating defendants whom the United States identifies as

trial witnesses, which would contain information such as criminal history and history of

substance abuse; the United States would then produce such reports to the defense

pursuant to *Brady/Giglio*.

      5.      Finally, with regard to Reid's fifth request for information relating to the

money laundering conspiracy charged in Count 3 of the superseding indictment, the

parties have already briefed the defendants' joint request for a bill of particulars as to that

count.  *See* Defendants' Joint Motion to Dismiss Count III, or, in the Alternative, Motion

for a Bill of Particulars Pursuant to Fed. R. Crim. P. 7(c)(1), 7(f) & 12(b)(3)(B) (Doc.

710); United States' response (Doc. 812); and defendants' joint reply (Doc. 865).  In the

present motion, Reid claims:  "It is unknown whether the Government's theory of money

laundering as to the defendant Reid is based upon those [financial] transactions or upon

simply allegations of his transporting money.  The Court is respectfully urged to order the

Government to specify what the claim is and to identify the facts that support it."  Def.

Mot. at 8.  The United States, however, has already clearly stated "that the money

laundering conspiracy is not based on running money through bank accounts, rather it is

---

[1] As noted in Reid's motion, the United States has already produced available information from United States Probation and Pretrial Services for some cooperating defendant witnesses.

based on the transfer and transportation of the drug money from distributors to couriers to

counters and, ultimately, to the money holder for use, among other things, to promote the

drug trafficking activity." Doc. 812 at 3. The United States has also noted that while a

defendant is entitled to know what the government has charged, he is not entitled to know

how the government will prove those charges. *Id.* at 4 (citing *United States v. Kendall*,

665 F.2d 126, 134 (7th Cir. 1981)). Therefore, this request should be denied.

WHEREFORE, the United States requests that the Court grant in part and deny in

part Reid's "Supplemental Memorandum in Support of Previously Filed Discovery

Motions."

Respectfully submitted,

GREGORY J. FOURATT
United States Attorney

*ELECTRONICALLY FILED*

JAMES R.W. BRAUN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 346-7274

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 9th day of March, 2009, I filed the foregoing pleading electronically through the CM/ECF system, which is designed to cause counsel of record for the defendant to be served by electronic means.

*ELECTRONICALLY FILED*

JAMES R.W. BRAUN
Assistant U.S. Attorney