IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

        vs.                              CR 05-1849 JH

DANA JARVIS, *et al.*,

        Defendant.

## MOTION TO ENFORCE PLEA AGREEMENT AND FOR SPECIFIC PERFORMANCE OF AGREEMENT TO DISMISS WITH PREJUDICE

COMES NOW the Defendant, Dana Jarvis, by and through his counsel of record, hereby moving this Court to withdraw its previous Order of Dismissal entered at Doc. 1602, upon finding that the United States breached the plea agreement by failing to seek dismissal with prejudice.

Upon such finding of breach, the Defendant requests a corrected Order reflecting dismissal with prejudice of counts 2-25 be entered, consistent with the Parties' contractual plea agreement. As grounds, Mr. Jarvis states as follows:

### Statement of Facts

On November 18, 2008, Mr. Jarvis entered a change of plea before the Honorable James A. Parker, who substituted in for the unavailable presiding judge on that single hearing. Judge Parker declined to accept the plea agreement, deferring instead to the presiding Judge's judgment after her

1

opportunity to review the proposed plea agreement, although Judge Parker accepted the change of plea to guilty.

On March 24, 2009, the sentencing hearing was held and the presiding judge did in fact accept the plea agreement. Doc. 1465. Mr. Jarvis was sentenced to 168 months incarceration as to Counts 1 and 26.

On April 22, 2009, the United States, through SAUSA James Braun, finally filed its Motion to Dismiss counts 2-25 as required by the plea agreement at ¶¶'s 17 (a) and (b). However, the United States failed to notice Defendant's counsel or seek a defense position on the Motion which it entitled "Unopposed Motion to Dismiss" and the Motion to Dismiss erroneously indicated that Counts 2-25 were to be dismissed without prejudice. Doc. 1600.

Defense counsel received timely electronic notice of the government's filing and immediately discussed that the Motion was in error as the plea agreement could only be interpreted to require all dismissed counts be with prejudice. Four hours later, the District Court entered its Order dismissing counts 2-25 *without* prejudice, apparently relying on the United States, SAUSA Braun's representation in error, that the Defendant was unopposed.

Undersigned counsel Neal-Post and Rosenstein then both contacted SAUSA Braun assuming he had made an unintentional error in drafting the Motion and Order as dismissal without prejudice. Both counsel were advised that the United States felt it made no error as to the dismissal without prejudice, and the United States *intended* dismissal to be without prejudice,

which the Defendant strongly contested based upon the plea agreement.

The United States, SAUSA Braun, explained via phone that the government's position was that the United States did not agree in the plea agreement to dismiss with prejudice. SAUSA Braun further explained his rationale: that if Mr. Jarvis successfully challenges his conviction in the future through an appeal or § 2255 motion, the United States should not be in a worse position by having those counts dismissed with prejudice. T/C between Braun and Rosenstein 4/22/09 and between Braun and Neal-Post 4/23/09.

Discussion continued, and yet again without notice the following day, April 24, 2009, SAUSA Braun filed his second unnoticed Motion to Dismiss seeking remedies in the alternative, including the setting of a briefing schedule on the dismissal with/without prejudice issue. Doc. 1611. Mr. Jarvis responded immediately and within hours noticing the Court that this government Motion, too, was without notice and the Defendant opposed the government's proposals, with the exception of the setting of a briefing schedule. The Defendant requested a briefing schedule commencing with the filing of the Defendant's Motion to Enforce the Plea agreement on or before May 15, 2009. Doc. 1612. As of this writing, the District Court has not acted upon the government's motion nor set a briefing schedule. Mr. Jarvis files this Motion as expediently as possible, in his efforts to obtain final resolution of his case.

## The Plea Agreement was Breached:  It Required Dismissal with Prejudice

### a.  Preservation of the Issue in the District Court is Mandatory

One month ago the United States Supreme Court resolved a circuit split as to whether a defendant must object contemporaneously under Rules 51(b) and 52(b) to preserve alleged government breaches of plea agreements. *Puckett v. United States*, 129 S. Ct. 1423, 1426 (March 24, 2009). The answer was "yes." This Motion is therefore the required contemporaneous objection to the government's breach of its plea agreement obligation to dismiss counts 2-25 with prejudice.

### b.  Standard of Proof

Mr. Jarvis has the burden to prove the factual basis of the breach he alleges by a preponderance of the evidence. *Allen v. Hadden*, 57 F.3d 1529, 1534 (10th Cir. 1995). "[I]f the pleadings reveal a factual dispute on the issue of breach of a plea agreement, the district court must hold a hearing to resolve the factual issues." *United States v. Guzman*, 318 F.3d 1191, 1196 (10th Cir. 2003).

### c.  General Principles Regarding Plea Contract Breaches

"The law governing the interpretation of plea agreements is an amalgam of constitutional, supervisory, and private contract law concerns." *United States v. Novosel*, 481 F.3d 1288, 1291 (10th Cir. 2007), *citing United States v. Wood*, 378 F.3d 342, 348 (4th Cir. 2004); *United States v. Thompson*, 237 F.3d 1258, 1260 (10th Cir. 2001). The "rules of contract law inform the

4

interpretation and enforcement of promises in a plea agreement." *Id*. "Plea agreements, however, are 'unique contracts, and we temper the application of ordinary contract principles with special due process concerns for fairness.'" *United States v. Hamdi*, 432 F.3d 115, 122-23 (2nd Cir. 2005). Thus, the court evaluates plea agreements from the reasonable perspective of the defendant. *Guzman*, 318 F.3d at 1195-96.

Due process requires that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise *must* be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971)(emphasis added). A government promise must be read as the *defendant's* reasonable understanding of the promise at the time the plea was entered. *United States v. Scott*, 469 F.3d 1335, 1338 (10th Cir. 2006).

Any ambiguities in the plea agreement will be construed against the government, on both due process grounds and the maxim that contracts are construed against the drafter. *See United States v. Altamirano-Quintero*, 511 F.3d 1087, 1093-94 (10th Cir. 2007); *United States v. Brye*, 146 F.3d 1207, 1210 (10th Cir. 1998). Court must refuse any government invitation to rely "upon a 'rigidly literal construction of the language' of the agreement" to escape its obligations. *Scott*, 469 F.3d at 1339, *quoting United States v. Hand*, 913 F.2d 854, 856 (10th Cir. 1990), *quoting United States v. Shorteeth*, 887 F.2d 253, 256 (10th Cir. 1989).

The prohibition against strictly literal government interpretations of the contact language naturally leads to the understanding that the government is as bound by its implicit promises in the agreement as by its explicit promises. *United States v. Lawlor*, 168 F.3d 633, 637 (2nd Cir. 1999); *United States v. Nolan-Cooper*, 155 F.3d 221, 237 (3rd Cir. 1998); *United States v. Mitchell*, 136 F.3d 1192, 1194 (8th Cir. 1998). "Contracts are to be interpreted as a whole." *Hamdi,* 432 F.3d at 123. "Absent an express limitation on the government's obligations" in the contract, the government's promise will be "broadly" construed in favor of the defendant's understanding. *Allen v. Hadden,* 57 F.3d at 1535.

The spirit of the agreement also binds the United States. *See id.* The Court is to protect the defendant against "end-runs" subverting the government's obligations to the defendant just as vigilantly as the Court is to protect against open and direct government acts in derogation of the plea contract. *United States v. Bowe*, 257 F.3d 336, 346 (4th Cir. 2001). Because a plea bargain requires the defendant to waive fundamental constitutional rights, the government is held "to the most meticulous standards of both promise and performance." *United States v. Velez Carrero*, 77 F.3d 11, 11 (1st Cir. 1996).

### d. The Contract Clauses at Issue

The Parties' plea contract contains a section entitled "Government's Agreement." At ¶ 17 of this section it states, "Provided the defendant fulfills his obligations set out above, the United States agrees:

(a) That it will not bring additional charges against the defendant arising out of defendant's conduct now known to the United States Attorney's Office for the District of New Mexico.

(b) That it will move at the time of the defendant's sentencing to dismiss the remaining counts of the Superseding Indictment as to the defendant."

*Plea Agreement*, Doc. 1465, p. 9.

The plea contract contained an additional section entitled "Violation of the Plea Agreement" at ¶ 20. This clause stated that

> if he [defendant] violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation, including, but not limited to, any crime(s) or offense (s) contained in or related to the Superseding Indictment in this case, as well as perjury, false statement, and obstruction of justice.

*Id.* at 9-10.

### e. The Government was the Contract Drafter: It Chose Specific Terms it Wanted and Did Not Want

The United States drafted the plea agreement; the agreement's language, other than the factual basis, was not negotiated. The United States could have but did not state that the dismissal of counts would be

without prejudice. The United States could have but did not impose a waiver of appellate rights. The United States could have but did not state that should the Defendant file a successful appeal or §2255 petition, the charges would be reinstated. The contract simply does not contain dismissal with prejudice language.

### f. Mr. Jarvis' Reasonable Understanding of the Agreement at the Time of the Plea

Mr. Jarvis accepted the plea agreement so the United States would stop prosecuting him and interfering with his property rights. *Affidavit to be submitted.* In his acceptance of responsibility, he sought a just and fair finality, and he agreed to substantial detriments as his tri-part consideration to achieve this purpose in the plea agreement: Mr. Jarvis bargained away fourteen years of his liberty; he forfeited approximately 1.2 million dollars in assets and waived "all constitutional, legal and equitable defenses to the forfeiture of said [enumerated] property in any proceeding."; and he agreed to a conditioned withdrawal of his detention appeal rehearing motion at the Tenth Circuit, 08-2223, upon finality of this cause in the district court.

Mr. Jarvis agreed to all of this so that the United States would stop prosecuting him, now and for good. He gave up these rights and substantial assets for dismissal with prejudice.

Mr. Jarvis understood paragraphs 17 (a) and (b) to be the government's promise that if he fulfilled his obligations under the agreement, and no one alleges he has not, the remaining charges would be dismissed

forever - for whatever else could "not bring additional charges against the defendant arising out of the defendant's conduct now known to the United States" mean than dismissed forever? Mr. Jarvis agreed to the further protection of paragraph 20, which specifically delineated the limited parameters of how he could ever again be prosecuted for the dismissed charges.

Mr. Jarvis' contracted-for bargain was dismissal of counts 2-25 with prejudice - the legal mechanism for the Defendant's reasonable lay understanding of "dismissed forever" based on the plain language of the agreement. For twenty–six years the law of this Circuit has recognized that "counts dismissed as a result of plea bargaining are 'with prejudice.'" *Robinson v. Hadden*, 723 F.2d 59, 62 (10th Cir. 1983). It makes no sense that it would be anything else.

> In negotiating for a plea, the defendant has a very real interest in limiting the number of counts to which he is exposed for the obvious reason that the total length of time to which he can be sentenced is reduced. It would be of little benefit to him if those same counts could be included in a new indictment, and so it is generally understood that if on a plea bargain charges are dismissed, they will not be revived. Should the government reinstitute the counts in a new indictment, the defendant could invoke the agreement as a defense under *Santobello v. New York*, 404 U.S. 257 (1971). Accordingly, the common understanding is that in the absence of contrary expression, counts dismissed as a result of plea bargaining are 'with prejudice.

*United States ex rel. Goldberg v. Warden, Allenwood Federal Prison Camp*, 622 F.2d 60, 65 (3rd Cir. 1980), cited by the Tenth Circuit in *Robinson*.

*Robinson* dictates but one certain result - the dismissal was to be with prejudice. *See United States v. Jarvis*, 499 F.3d 1196, 1202 (10th Cir. 2007).

The United States, SAUSA Braun, opposes the relief requested.

WHEREFORE, Mr. Jarvis respectfully requests that this Court vacate the dismissal entered at Doc. 1602 and enter a corrected dismissal of Counts 2-25 with prejudice.

Respectfully submitted:

| | |
|---|---|
| I hereby certify that a true copy of this pleading was sent to AUSA James Braun via electronic filing and e-mail on this  4th  day of May, 2009. | JUDITH A. ROSENSTEIN<br>P.O. Box 25622<br>Albuquerque, NM 87125-5622<br>(505) 379-1289 (telephone)<br>(505) 797-8086 (facsimile)<br>jrosenstein7@cybermesa.com |
| ELECTRONICALLY FILED<br>_____<br>Judith A. Rosenstein | ELECTRONICALLY FILED<br>_____<br>Judith A. Rosenstein<br>Attorney for Defendant |
| | JODY NEAL-POST<br>Attorney for Defendant<br>317 Amherst Dr. SE<br>Albuquerque, NM 87106-1403<br>(505) 268-7263 (telephone)<br>(505) 255-2782 (facsimile) |
| | GARY C. MITCHELL<br>Attorney for Defendant<br>P.O. Box 2460<br>Ruidoso, NM 88355-2460<br>(575) 257-3070 (telephone)<br>(575) 257-3171 (facsimile) |