IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                                           )<br>              Plaintiff,                          )<br>                                                           )<br>      vs.                                               )      Cr. No. 05-1849 JH<br>                                                           )<br>DANA JARVIS,                                 )<br>                                                           )<br>              Defendant.                       ) | |

UNITED STATES' RESPONSE TO DEFENDANT DANA
JARVIS'S "MOTION TO ENFORCE PLEA AGREEMENT AND FOR
SPECIFIC PERFORMANCE OF AGREEMENT TO DISMISS WITH PREJUDICE"

The United States hereby responds to defendant Dana Jarvis's "Motion to Enforce Plea Agreement and for Specific Performance of Agreement to Dismiss with Prejudice" (Doc. 1628) as follows.

1.  The plea agreement entered into between the United States and defendant Jarvis contained the following provision: "Provided that the defendant fulfills his obligations as set out above, the United States agrees ... [t]hat it will move at the time of the defendant's sentencing to dismiss the remaining counts of the Superseding Indictment as to the defendant." That provision does not specify whether the dismissal will be with or without prejudice, and the plea agreement itself does not clearly express an intent that the dismissal be either with or without prejudice.

2.  The United States submits that the caselaw on this issue is unclear. In *United States v. Brown*, 425 F.3d 681 (9th Cir. 2005), the plea agreement did not specify

whether dismissal would be with or without prejudice. The court noted that "[d]ismissals by the government are generally presumed to be without prejudice, unless a contrary intent is clearly expressed." *Id.* at 682 (citation and quotation omitted).[1] *See also United States v. Matta*, 937 F.2d 567, 568 (11th Cir. 1991) ("Generally, unless a contrary intent is clearly expressed, Rule 48(a) dismissals are without prejudice"); *United States v. Stoker*, 522 F.2d 576, 580 (10th Cir. 1975) ("A dismissal resting on a non-constitutional ground such as 'want of prosecution' or 'calendar control' is normally without prejudice to a subsequent prosecution").

3.  In *Goldberg v. Warden, Allenwood FPC*, on the other hand, the Third Circuit stated, "the common understanding is that in the absence of contrary expression, counts dismissed as a result of plea bargaining are 'with prejudice.'" 622 F.2d 60, 65 (3rd Cir. 1980). In support of his request that the dismissal in this case be with prejudice, Jarvis cites to *Goldberg* and *Robinson v. Hadden*, 723 F.2d 59 (10th Cir. 1983). *Robinson v. Hadden* involved the question of whether counts dismissed with prejudice pursuant to a plea agreement could be considered by the Parole Commission in setting the defendant's parole date. While the *Robinson* court quoted the above-referenced statement from *Goldberg*, it was not essential to the court's holding.

4.  With the plea agreement in this case not stating whether the agreed-upon

---

[1] The court ultimately held that "[t]he intent of the parties as to the plea agreement – as manifest in the agreement itself – was clearly that the dismissal be with prejudice." *Id.* The court did not, however, describe the precise terms of the plea agreement in its opinion.

dismissal is with or without prejudice, and the case-law on this issue conflicting, the United States withdraws its request that Counts 2-25 be dismissed without prejudice; pursuant to the plea agreement, the United States agrees to dismissal of those counts with prejudice.

      Respectfully submitted,

      GREGORY J. FOURATT
      United States Attorney

      */s/ James R.W. Braun*

      JAMES R.W. BRAUN
      Assistant U.S. Attorney
      P.O. Box 607
      Albuquerque, NM   87103
      (505) 346-7274

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of May, 2009, I filed the foregoing pleading electronically through the CM/ECF system, which is designed to cause counsel of record for the defendants to be served by electronic means.

      *ELECTRONICALLY FILED*

      JAMES R.W. BRAUN
      Assistant U.S. Attorney