# Exhibit 3

To

UNITED STATES' RESPONSE TO
DEFENDANTS' JOINT MOTION TO SUPPRESS
THE FRUIT OF TITLE III WIRETAPS

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

APR - 7 2005

FOR THE DISTRICT OF NEW MEXICO

MATTHEW J. DYKMAN
CLERK

| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INTERCEPTION OF WIRE COMMUNICATIONS OCCURRING OVER CELLULAR TELEPHONE BEARING INTERNATIONAL MOBILE IDENTIFICATION NUMBER IMSI 310260912507942 WITH CURRENTLY ASSIGNED TELEPHONE NUMBER 505-615-1212, CELLULAR TELEPHONE BEARING IMSI 310260204454041 WITH CURRENTLY ASSIGNED TELEPHONE NUMBER 520-440-5731, AND RESIDENTIAL TELEPHONE NUMBER 505-466-4147 | Misc. No. 05-20 JC<br><br>FILED UNDER SEAL |
|---|---|

## ORDER AUTHORIZING THE
## INTERCEPTION OF WIRE COMMUNICATIONS

Application under oath having been made before me by James R.W. Braun, Assistant United States Attorney for the District of New Mexico, an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), for an Order authorizing the interception and recording of wire communications pursuant to 18 U.S.C. § 2518, and full consideration having been given to the matter set forth therein, the Court finds:

1.    The Application is made pursuant to the authority of a specially designated representative of the Attorney General of the United States, as more particularly identified in Exhibits A and B to the Application, incorporated herein by reference, and therefore satisfies the dictates of 18 U.S.C. § 2516(1).

2.    There is probable cause to believe that Dana JARVIS a/k/a/ Todd WARD,

Ayla JARVIS, Eileen FITZGERALD, Cathy FITZGERALD, Donald TRUJILLO, David REID, Jude AUSTIN, Geno BERTHOD, Jacklyn COOK, Billy Joe COOK a/k/a Bill JONES, Angela CUMMINGS, Dakota FITZNER, Kara GOLD, Joel GOODELL, Barbara HANNA, Greg HILL, Matthew HOTHAN, Melania KIRWIN a/k/a Mila, Joseph MARTIN, Rafal MISTRZAK, Lloyd MONTOYA a/k/a Smiley, John NIETO, Dan CHOMYN, Salvador ABEYTA, George RIPLEY, Ralph GREENE, Nicole RICHMOND a/k/a Chloe, Mary CANANT, Manual GIL, Sam JONES, Richard BELIAN a/k/a/ Rick, Ruskin IPTISAM a/k/a Latifa or Sativa, Raymond MAYNARD, Casey COX a/k/a Case, Matt MOORE a/k/a Matrix, and Pat BERSSENBRUGGE (the "SUBJECTS"), and others as yet unknown have committed, are committing, and will continue to commit offenses enumerated in 18 U.S.C. § 2516,[1] that is, offenses involving violations of:

  A. 21 U.S.C § 841 – possession with intent to distribute and distribution of a controlled substance, namely marijuana;

  B. 21 U.S.C § 843(b) – use of a communication facility to further the commission of a felony controlled substance offense;

  C. 21 U.S.C § 846 – conspiracy to possess with intent to distribute and to distribute controlled substances;

  D. 21 U.S.C § 848 – continuing criminal enterprise;

  E. 21 U.S.C § 856 – maintaining a place for manufacture, distribution, or use of controlled substances;

---

[1] Although aiding and abetting under 18 U.S.C. § 2 is not a predicate offense enumerated in 18 U.S.C. § 2516, there is also probable cause to believe that the SUBJECTS of the investigation have aided and abetted and are aiding and abetting the substantive offenses listed below.

  F. 21 U.S.C §§ 952(a), 960(a) – importation of a controlled substance;

  G. 21 U.S.C § 963 – conspiracy to import a controlled substance

  H. 18 U.S.C § 1952 – foreign or interstate travel in aid of racketeering enterprise;

  I. 21 U.S.C § 1956 – laundering of monetary instruments; and

  J. 21 U.S.C § 1957 – engaging in monetary transactions involving property derived from specified unlawful activity.

  3. There is probable cause to believe that particular wire communications of the SUBJECTS, and others as yet unknown, concerning the above-described offenses will be obtained through the interception of wire communications for which authorization is herein sought. In particular, there is probable cause to believe that the interception of wire communications to and from:

> The cellular telephone bearing International Mobile Identification Number (IMSI)[1] 310260912507942, currently assigned telephone number 505-615-1212, subscribed to by George RIPLEY at 3917 Thaxton Avenue SE in Albuquerque, New Mexico ("TARGET TELEPHONE 1");
>
> The cellular telephone bearing IMSI 310260204454041, currently assigned telephone number 520-440-5731, with no available subscriber information ("TARGET TELEPHONE 2"); and
>
> Residential telephone number 505-466-4147, subscribed to by Dana JARVIS, 13 Enebro Road, Santa Fe, New Mexico ("TARGET TELEPHONE 3");

will concern the specifics of the above offenses, including:

---

[1] The IMSI number is encoded on a removable computer chip, which may be placed in another similarly-equipped telephone. The IMSI number is unique to each subscriber. Accordingly, this Application seeks authorization to intercept communications occurring over any telephones or telephone numbers accessed by or through the use of the IMSI number identified above.

3

a. The nature, extent, and methods of operation of the illegal drug trafficking and money laundering of the SUBJECTS and others as yet unknown;

b. The dates, times, places, and manner in which controlled substances and the proceeds of drug trafficking are being delivered to the SUBJECTS and others as yet unknown;

c. The identification of other communications facilities used by the SUBJECTS and others as yet unknown in furtherance of the criminal activity alleged herein;

d. The methods and means of payment for the controlled substances employed by the SUBJECTS and others as yet unknown, and the manner in which these transactions are conducted;

e. The locations where the controlled substances are stored;

f. The nature and extent of the mechanism used by the SUBJECTS and others as yet unknown to import, transport, and distribute controlled substances within the District of New Mexico;

g. The identities of co-conspirators, accomplices, aiders and abetters, and other participants operating in concert with the SUBJECTS and their respective roles and participation in the above-mentioned offenses;

h. The identities of the sources of supply of the controlled substances distributed by the SUBJECTS and others as yet unknown;

i. The methods and means by which the SUBJECTS and others as yet unknown maintain, dispose of, and invest the proceeds from the sale of controlled substances; and

j. The location and source of resources used to finance the illegal activities described herein.

In addition, these wire communications are expected to constitute admissible evidence of the commission of the above-described offenses. It is further expected that interception of the wire communications will provide valuable evidence against the perpetrators of the above described offenses that cannot reasonably be obtained by

other means.

4.  There is probable cause to believe that additional communications of the same type will continue to occur after the described type of communications have been first obtained.

5.  It has been adequately demonstrated that normal investigative procedures have been tried and have failed, reasonably appear to be unlikely to succeed if tried, or are too dangerous to employ.

6.  There is probable cause to believe that the TARGET TELEPHONES have been, are being, and will continue to be used by the SUBJECTS and others during the period of interception sought, in connection with the commission of the above-described offenses.

WHEREFORE, IT IS HEREBY ORDERED that Special Agents of the Drug Enforcement Administration and the Bureau of Immigration and Customs Enforcement (the "Investigative Agencies"), in conjunction with other federal law enforcement officers and any individuals operating under a contract with the government and acting under the supervision of an investigative or law enforcement officer authorized to conduct the interception, pursuant to 18 U.S.C. § 2518(5), are authorized to intercept and record wire communications to and from the TARGET TELEPHONES for a period not to exceed thirty days.

IT IS FURTHER ORDERED that the interception of wire communications is not required to terminate when communications relating to the authorized objectives described herein are first intercepted, but are allowed to continue until communications are intercepted that fully reveal the scope of the enterprise, including the identities of all

participants, their places and methods of operations, and the various criminal activities in which they are engaged that are in furtherance of this enterprise.

IT IS FURTHER ORDERED that this Order be executed as soon as practicable after it is signed, and that the authorization set forth in this Order shall run for a period not to exceed thirty days, measured from the day on which investigative or law enforcement officers first begin to conduct interceptions under this Order, or ten days after the Order is entered, whichever is earlier.

IT IS FURTHER ORDERED, because of the mobility of portable cellular telephones, and pursuant to 18 U.S.C. § 2518(3), that in the event that either TARGET TELEPHONE 1 or 2 is transferred outside the territorial jurisdiction of this Court, interception may take place in any other jurisdiction within the United States.

IT IS FURTHER ORDERED that, with regard to both TARGET TELEPHONE 1 and TARGET TELEPHONE 2, the authorization given shall apply not only to the telephone number listed above, but to any other IMSI numbers subsequently assigned to the instrument bearing the same telephone number assigned to the TARGET TELEPHONE, any telephone numbers subsequently assigned to or accessed by or through the same IMSI numbers as the TARGET TELEPHONE or assigned to the instrument bearing the same IMSI number as the TARGET TELEPHONE, and any replacement cellular telephones obtained by the TARGET TELEPHONE'S subscriber carrying the same telephone number or using the same IMSI number during the effective period of this Order.

IT IS ORDERED FURTHER that, with regard to TARGET TELEPHONE 3, the authorization given be intended to apply not only to the telephone number listed above,

but to any changed telephone number subsequently assigned to the same cable, pair, and binding post used by TARGET TELEPHONE 3 during the effective period of the requested Order.

IT IS FURTHER ORDERED that the authorization granted herein shall apply to background conversations intercepted in the vicinity of the TARGET TELEPHONES while the telephones are off the hook or otherwise in use.

IT IS FURTHER ORDERED that the authorization granted herein shall apply to interception of wire communications forwarded from the TARGET TELEPHONES to any telephones or telephone numbers to which calls from the TARGET TELEPHONES may be forwarded during the period of the interception.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2518(4), that the TARGET TELEPHONES' current service providers, T-Mobile Communications Inc. and Qwest Communications, communications service providers as defined in 18 U.S.C. § 2510(15), and any subsequent communications service provider that provides service to any of the TARGET TELEPHONES or whose assistance may facilitate the execution of the Order (the "Service Providers"), shall furnish and continue to furnish the Investigative Agencies with all information, facilities and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference with the services that the Service Providers are according the persons whose communications are to be intercepted, and to ensure an effective and secure installation of electronic devices capable of intercepting wire communications over the TARGET TELEPHONES. The Service Providers shall be compensated by the Investigative Agencies for reasonable expenses incurred in providing such facilities or

assistance.

IT IS FURTHER ORDERED that, in the event that one or more of the Service Providers changes during the course of the interception, interception may continue with any new Service Providers without further order of this Court. This Order is binding on any subsequent provider of communications services that provides service to the TARGET TELEPHONES during the effective period of the Order, upon service of a certified copy of this Order, without further order of this Court being required. Any Service Provider that provides service to any of the TARGET TELEPHONES during the effective period of the Order shall notify the Investigative Agencies immediately if and when the IMSI number or telephone number for a TARGET TELEPHONE is supplied to another Service Provider. The United States shall advise the Court of any change of Service Providers in the periodic progress reports submitted to this Court.

IT APPEARING THAT the Investigative Agencies are conducting an ongoing criminal investigation, that transactional data and other information described below and sought pursuant to the Application is relevant and material to the ongoing investigation, and pursuant to 18 U.S.C. § 2703(d), and there having been made a showing through specific and articulable facts that there are reasonable grounds to believe that the contents of the transactional data and information sought are relevant and material to the ongoing criminal investigation, in that the transactional data and other information sought will assist the Investigative Agencies in achieving the objectives of the investigation by assisting in the identification and location of the SUBJECTS and others as yet unknown who are committing the offenses described, therefore,

IT IS FURTHER ORDERED that the Service Providers shall furnish to the Investigative Agencies all information, facilities, and technical assistance necessary for the attainment of transactional data and other information, including but not limited to toll information, originating and terminating cellular site information and a current map of cellular tower locations, credit information, subscriber information, billing information, Social Security Account Numbers, dates of birth, and current telephone listings concerning published and non-published telephone numbers or active telephone instrument lines identified in the Order and/or obtained by equipment installed in connection with this investigation relating to all telephone numbers on calls to and from the TARGET TELEPHONES within the effective period of the Order, the reasonable expenses incurred through the furnishing of such information, facilities, or technical assistance to be compensated for by the Investigative Agencies; and that all requested information, facilities, and technical assistance shall be provided on a 24-hour basis.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2703(d), that the Service Providers shall provide to the Investigative Agencies a complete listing of all special calling features of the TARGET TELEPHONES, including, without limitation, Call Forwarding, Call Waiting, Caller ID, Three-Way Calling, Speed Calling (with assigned numbers), Identa-Ring (with alternative numbers), Voice Mail, Return Call, Call Block, Call Trace, Priority Call (with assigned numbers), and Home Intercom.

IT IS FURTHER ORDERED that, in the event any of the TARGET TELEPHONES are equipped with the special calling feature known as Caller ID, the Service Providers shall take all necessary steps to provide access to such feature to the Investigative Agencies and take all steps necessary to ensure that the granting of such

access not be reflected on the customer's bill or otherwise disclosed to the customer.

IT IS FURTHER ORDERED, to avoid prejudice to the criminal investigation, that the Service Providers and their agents and employees shall not disclose or cause a disclosure of this Court's Order or the request for information, facilities, and assistance by the Investigative Agencies or the existence of the investigation to any person other than those of their agents and employees who require this information to accomplish the services requested. In particular, the Service Providers and their agents and employees shall not make such disclosure either directly or indirectly to a lessee, telephone subscriber, or any interceptee or participant in the intercepted communications.

IT IS FURTHER ORDERED that interceptions conducted pursuant to this Order shall be conducted in such a way as to minimize the interception of communications not otherwise subject to interception under Chapter 119 of Title 18, United States Code; that monitoring of intercepted conversations be suspended when it is determined that the conversation is unrelated to communications subject to interception under Chapter 119 of Title 18, United States Code; that interception be suspended when it is determined through voice identification, physical surveillance, or otherwise, that none of the SUBJECTS or any of their confederates, when identified, are participants in the conversation, unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature; that if a conversation is minimized, the monitoring personnel be instructed to spot check to ensure that the conversation has not turned to criminal matters; that to avoid interception of privileged communications, the monitoring personnel be instructed to minimize privileged

communications between husbands and wives, between physicians and patients, between clergy and penitents, or between those named SUBJECTS and legal counsel that pertain to strategy or conduct of any trial or otherwise privileged communications; and that, if a privileged communication is intercepted, such interception be minimized and the monitoring personnel be instructed to enter into the logs kept pursuant to the monitoring a notation that the communication was minimized, and that the supervising attorney be immediately notified of the interception.

IT FURTHER APPEARING THAT the SUBJECTS may sometimes communicate in coded language and in the Spanish language,

IT IS FURTHER ORDERED that, in the event that an intercepted communication is in a code or foreign language, and an expert in that code or foreign language is not reasonably available during the interception period, the monitoring personnel are authorized to intercept the entire communication, with minimization to be accomplished as soon as practicable after the interception.

IT IS FURTHER ORDERED that either the Applicant, Assistant United States Attorney James R.W. Braun, or any other Assistant United States Attorney familiar with the facts of the case, shall provide the Court with a report on or about the tenth, twentieth, and thirtieth days following the date of this Order, showing what progress has been made toward achievement of the authorized objectives and the need for continued interception. If any of the aforementioned reports should become due on a weekend or holiday, such report shall become due on the next business day thereafter.

IT IS FURTHER ORDERED that no inventory or return of the results of the foregoing wire interception is required to be made, other than the above-required

reports, before 90 days from the date of the expiration of this Court's Extension Order, or any further extension of the Order.

IT IS FURTHER ORDERED that, upon <u>ex parte</u> showing of good cause to a judge of competent jurisdiction, the service of the above inventory or return may be postponed for a further reasonable period of time.

IT IS FURTHER ORDERED that this Court's Orders in this matter, this Application, the accompanying Affidavit and proposed Orders, and all interim reports filed with the Court with regard to this matter shall be sealed until further order of this Court, except that copies of the Orders, in full or redacted form, may be served on the Investigative Agencies, and the Service Providers as necessary to effectuate the Court's Orders.

DATED this 7th day of April, 2005.

_____
UNITED STATES DISTRICT JUDGE

CERTIFIED a True Copy of the
original filed in the office
of the Clerk
by _____
Deputy