IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,   )  | |
| )  | |
|     Plaintiff,   ) | |
| ) | |
| vs.   ) | Cr. No. 05-1849 JH |
| ) | |
| DAVID REID,   ) | |
| ) | |
|     Defendant.   ) | |

UNITED STATES' RESPONSE TO
DEFENDANT REID'S SUPPLEMENT TO MOTION TO SEVER

    The United States hereby responds to defendant David Reid's Supplement to Motion to Sever (Doc. 1655) as follows:

    1.    In his motion to sever, defendant Reid ("Reid") asserted that he might be entitled to a severance if one of his remaining co-defendants was able to provide exculpatory testimony on his behalf at a separate trial. He did not, however, proffer any such testimony in his motion.

    2.    On June 3, 2009, Reid filed a supplement to his motion to sever attaching an affidavit executed by co-defendant Greg Hill ("Hill"). In his affidavit, Hill asserts that he will not testify at his own trial, but that he would testify at a subsequent trial of defendant Reid. He further asserts that he would testify to the following facts: 1) "during the time I was engaged in certain activities with Dana Jarvis, I never met, saw or had any contact with David Reid;" 2) "I never heard any other person associated with Dana Jarvis or Dana Jarvis himself ever say that David Reid was a knowing participant in

any drug related activity and/or had any knowledge of any such activity involving Dana Jarvis;" and 3) "I have no recollection of the name Dr. Reed in any phone conversation with Dana Jarvis."

3. The legal standard for determining whether a severance is appropriate based on potential exculpatory testimony of a co-defendant is discussed in the United States' response to Reid's initial motion to sever. The United States submits that Hill's affidavit does not warrant a severance under Tenth Circuit precedent.

4. Contrary to Reid's assertion, Hill's proposed testimony is not exculpatory. Indeed, it is fairly insignificant. The government's case against Reid in no way rests on Hill either having met Reid or having been informed that Reid was a knowing participant in the conspiracy. The Jarvis drug trafficking organization was compartmentalized, and Reid and Hill had very different roles that did not require any interaction between them. Even assuming *arguendo* the veracity of Hill's proposed testimony, it is not surprising that neither Dana Jarvis nor his associates affirmatively told Hill that Reid was a knowing participant in the conspiracy. There was simply no need to do so.

5. Furthermore, the intercepted conversation between Hill and Dana Jarvis during which they discussed "doctor Reed" speaks for itself.[1] It is not relevant that Hill claims he does not recall discussing "Dr. Reed" with Jarvis.

---

[1] A transcript of the call is attached hereto as Exhibit 1. During this call, Jarvis asked Hill whether he had met "doctor Reed, the pilot." Hill responded that he had not. Exhibit 1 at 3.

6. Finally, granting a severance would result in a waste of judicial resources, as some of the same evidence would be introduced at both trials.

WHEREFORE, for the foregoing reasons, as well as those stated in the United States' initial response, the Court should deny Reid's motion to sever.

> Respectfully submitted,
>
> GREGORY J. FOURATT
> United States Attorney
>
> */s/ James R.W. Braun*
>
> JAMES R.W. BRAUN
> Assistant U.S. Attorney
> P.O. Box 607
> Albuquerque, NM  87103
> (505) 346-7274

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of June, 2009, I filed the foregoing pleading electronically through the CM/ECF system, which is designed to cause counsel of record for the defendant to be served by electronic means.

> *ELECTRONICALLY FILED*
>
> JAMES R.W. BRAUN
> Assistant U.S. Attorney