**LAW OFFICES OF**
**NASH & KIRCHNER, P.C.**
P.O. BOX 2310
TUCSON, ARIZONA 85702
Telephone (520) 792-1613
Fax (520) 628-1079
Pima County Computer No. 41636
State Bar No. 002893
walter.nash@azbar.org
bkirchner@azbar.org

Attorney for defendant David Reid

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,                    CR-05-1849 JH

vs.

DAVID REID,

    Defendant.

DEFENDANT REID'S REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANT REID'S SUPPLEMENT TO MOTION
TO SEVER

    The defendant Reid, by his counsel undersigned, hereby replies to the Plaintiff's Response to Reid's Supplement to his Motion to Sever (doc. 1667).

    1.    The Government is correct that the pleadings of the parties set forth be appropriate test in the Tenth Circuit, and others, on this issue.

-1-

Essentially, the Affidavit must establish sufficient facts to show that the co-defendant would indeed testify and that the testimony would be helpful to a co-defendant. It is respectfully submitted that the Hill Affidavit passes muster under each prong of the standard.

2. *Brady* information is no longer limited to a situation of another individual indicating they committed a crime and that the charged defendant did not. It spans a number of more subtle areas including even areas apart from ultimate guilt or innocence. For example, *Brady* material for many years has also included information to be used solely for impeachment of a Government witness. *Giglio v. U.S.*, 405 U.S. 150 (1972).

3. This case will be tried primarily by the Government on the facts developed from cooperating witnesses who will offer information about who was involved from their direct observation and from hearsay statements made by others. All the defendant Reid seeks is the opportunity to put on an individual similarly situated who will testify that he was not involved.

4. The defendant Hill, according to the Government's own evidence, was heavily involved in activities in the Midwest. He was closely aligned with the head of this organization, the alleged Dana Jarvis. The

-2-

Government's evidence will attempt to show that Mr. Reid was involved with flying aircraft with and for Jarvis and others into the same geographic area. Surveillance was conducted of these areas and Mr. Hill is involved in that same general geographic investigation. The Government may offer testimony for individuals who will say that they saw or heard that Mr. Reid was involved in that venture. The defendant Reid simply seeks access to another co-conspirator who was there and who will say he was not. This constitutes exculpatory information. See Jones v Jago, 575 F.2d 1164 (6th Cir. 1978).

5. In its response, the Government makes some good points which are more properly to be raised in cross examination. The points they raise may be utilized by the Government to dilute the effectiveness of Mr. Hill's testimony and may cause the trier of fact to give it less weight. However, they do not operate as absolute bar to the defendant Reid having access to the testimony. It is up to the trier of fact, not the Government, to determine what weight Hill's testimony should be given. To make that analysis, this trial jury must at least hear Hill's testimony.

6. As mentioned in prior filings, the defendant Reid has a constitutional right to access to testimony from co-defendants that will helpful to his case.

-3-

Therefore, the Court should grant the defendant Reid's Motion to Sever.

RESPECTFULLY SUBMITTED this 26th day of June, 2009

>LAW OFFICES OF
>NASH & KIRCHNER, P.C.
>
>
>BY /S/ Walter Nash
>WALTER NASH
>Attorney for Defendant Reid

-4-

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was delivered to opposing counsel and all other counsel of record *via* the CM/ECF system this 26th day of June, 2009.

/s/ Walter Nash

-5-