**LAW OFFICES OF**
**NASH & KIRCHNER, P.C.**

P.O. BOX 2310
TUCSON, ARIZONA 85702
Telephone (520) 792-1613
Fax (520) 628-1079
Pima County Computer No. 41636
State Bar No. 002893
walter.nash@azbar.org
bkirchner@azbar.org

Attorney for defendant David Reid

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,                                CR-05-1849 JH

vs.

DAVID REID,

    Defendant.

**DEFENDANT REID'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO COMPEL DISCOVERY (DOC. 1598)**

Defendant David Reid, by his counsel undersigned, hereby replies to the Government's Response to the Motion to Compel Discovery related to pen register, cell phone site, or GPS data. The defendant Hill, through his

-1-

counsel Billy Blackburn, joins in this Reply.

## TIMELINESS

The Government correctly states that the defendant Reid joined in this Motion filed by the defendant Osgood.  The Osgood filing was with the acquiescence of the Government as to its timeliness because of the late entry into the case of Osgood and his counsel.  Thus, the matter was in the case, presumably for all defendants who chose to join in it.  The defendant Reid properly joined in that pleading although after the prior motion deadline for other defendants.

The Court is respectfully urged to allow Reid's joinder in this Motion as the motion was timely filed by Osgood.  It makes no logical sense to deny other defendants an opportunity to participate in a motion properly filed by another defendant.  The Government is not prejudiced as it was required to respond to the pleading upon Osgood's timely filing in any event.  The mere fact that the defendant Osgood entered a guilty plea subsequent to the filing of the motion should not moot the legal issue as to other defendants who joined in the motion.

Further, it was the understanding of defense counsel undersigned that this issue had been raised previously.  The court appointed wiretap

expert in this case, Sue Doucette, had requested other counsel to obtain this information quite some time ago.  She, too, was operating under the understanding that the matter had been filed.  It is fair to say that the pretrial motion history of this case is complicated, convoluted, and difficult to wrap one's arms around.

Various defense counsel had divided up responsibility for certain areas of work to avoid a duplication of effort.  It was the understanding of counsel undersigned that this matter had been handled by other counsel.  However, in the confusion that has sometimes characterized this case, the filing of the matter apparently fell through the cracks.

When Amy Sirignano entered the case on behalf of defendant Osgood, she reviewed a number of matters with Ms. Doucette and it was at that time that they learned that the matter had not been filed.  Ms. Sirignano promptly filed it and counsel for the defendant Reid joined in.

The Court is respectfully urged to allow the defendants Reid and Hill to participate in the litigation of this Motion.

## INFORMATION REQUESTED

The pleadings filed by the defense and the Government regarding the Motion to Suppress the Wiretap and the Request for <u>Franks</u> Hearing

discuss the relevance of much of the information that is sought and how it can be used to support additional pretrial motions as well as how it will impact on both the Franks request and the Motion to Suppress. Those arguments will not be repeated here.

With regard to "raw" pen register data, the Government's position is that there has been no showing of how it is material for the defense. This is extensively discussed in the wiretap pleadings filed by this defendant. In essence, the raw data (as opposed to the sanitized Penlink data) may contain evidence of PCTDD information or GPS tracking information being obtained. If that is present, it raises issues as to the propriety of Government obtaining that information (whether a warrant is required or not - see discussion *infra*) and impacts necessity in that if the Government was obtaining other real time information as to location of individuals and their activities, that is information that should have been related to the issuing Magistrate in the issue of necessity.

On this and other issues the Government takes the position that even if pen register data was collected in violation of the statute, it is not subject to suppression. The Reply filed by the defendant Reid on the wiretap and Franks issues squarely addresses this issue. The Government may have

-4-

obtained *content* and/or that the Government failed to notify the issuing Judge of the content.  As stated above, this may require a warrant and, even if it does not require a warrant, this information impacts the issue of necessity.

As to cell phone site data the Government claims that it is not discoverable because it will not be used at trial.  The Government also claims that the defense has not suggested how it is material.  The fact that the Government declines to use an item of evidence at trial does not bar its production.  As stated above, the materiality of this information is that the Government may have obtained information that requires a warrant and even if it does not, it may impact the issue of necessity.

Post-cut through dialed digits (PCTDD) are those digits punched or dialed after a phone call is connected.  The data obtained may contain *content* of conversations.  For example, a customer's call to a bank today may not be answered by an operator, but by a recording asking the customer to enter personal information such as account number, address, balance of account, Social Security Administration number, and private password.  This may happen several times daily with calls to the pharmacy, doctor, a child's school or even the movie theater.  The electronic pulses

after the call is connected are then recorded by a pen register. The defense believes that content collection requires a Title III wiretap order.

The Government is incorrect in its contention that all cell-site data never requires a warrant. First, there are different types of cell-site data; historic information, prospective information (which may allow tracking), and E-911 GPS location information. Courts have utilized a provision of the Communications Assistance to Law Enforcement Act (CALEA) to restrict the Government's access to certain cell-site information utilizing a pen register. "CALEA prohibits the Government from obtaining a subscribers location solely pursuant to a pen register order." CALEA, 47 U.S.C.A. 1001-1010, 15 ALR, Fed.2d, Series 537. The Government cites to the Stored Communications Act, but some courts have ruled that the Statute does not allow the Government access to cell-site information under either or both the Pen Register Statute and the Stored Communications Act. See generally, In re U.S. for an Order Authorizing Installation and Use of a Pen Register, 415 F.Supp.2d 211 (W.D.N.Y. 2006). (requiring probable cause for prospective cell site information), In re U.S., 441 F.Supp. 2d 816 (S.D.Tex.2006) (limited prospective cell site data could not be obtained by the government.)

The Government objects to receiving applications and orders for pen registers, cell site or GPS data claiming a warrant is not required. See discussions above. Further, any application for this investigative tool in this case utilized by the Government contains facts on which that request is based. If those facts are at variance with other facts on the Wiretap Affidavit or if they recite sources of information that the issuing Judge was not made aware of, the defense can use this information in support of its Motion to Suppress and Request for Franks Hearing (independent of the requirement of an order issue). Further, if any of those applications contains statements of an officer, they are a statement of that officer which the Government has essentially maintained it is disclosing all of. There is simply no reason for the Government to maintain the secrecy of other factual statements that may bear on claims made in the application for the wiretap. Further, the Orders allowing the obtaining of information will show what categories of data the Government had the ability to obtain. If the information obtained is at variance with what the issuing Judge was told about, that supports the request for a Franks hearing and may provide information in support of the Motion to Suppress.

. . . . .

-7-

RESPECTFULLY SUBMITTED this 22nd day of July, 2009

        LAW OFFICES OF
        NASH & KIRCHNER, P.C.


BY /S/ Walter Nash
WALTER NASH
Attorney for Defendant Reid

-8-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was delivered to opposing counsel and all other counsel of record *via* the CM/ECF system this 22nd day of July, 2009.

/s/ Walter Nash