IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Criminal No.  05-1849 JH |
| ) | |
| DANA JARVIS, ) | |
| ) | |
| *Defendant,* ) | |
| ) | |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| *Third Party Petitioner.* ) | |

**UNITED STATES' UNOPPOSED MOTION FOR FINAL ORDER OF FORFEITURE
ON REAL PROPERTY 1440 CALLE CIELO VISTA**

Pursuant to 21 U.S.C. § 853(n)(7), the United States moves this court to enter a Final Order of Forfeiture regarding real property known as 1440 Calle Cielo Vista, Bernalillo, New Mexico (the "Subject Real Property"), which is more particularly described as follows:

> TRACT LETTERED "C", OF THE SCHLAKS ADDITION, AS THE SAME IS SHOWN AND DESIGNATED ON THE PLAT ENTITLED "TRACTS A THROUGH D, SCHLAKS ADDITION, SANDOVAL COUNTY, NEW MEXICO," FILED IN THE OFFICE OF THE COUNTY CLERKS OF SANDOVAL COUNTY, NEW MEXICO ON JULY 17, 1978, IN PLAT BOOK 2, FOLIO 237-B.

As grounds for this motion the United States sets forth the following:

1. On December 19, 2008, this Court entered a Preliminary Order of Forfeiture forfeiting the right, title and interest in the Subject Real Property.  (Doc. 1488.)  Pursuant to Fed.R.Crim.P. 32.2(b)(3), the preliminary order became final as to Defendant Dana Jarvis at his sentencing on March 24, 2009.  (Doc. 1603.)   The Second Amended Judgment based on the March 24, 2009 sentencing states that Defendant Dana Jarvis "forfeits his rights, title, and interest to the items and property noted in paragraph 11 of the plea agreement."  (Doc. 1603.)

Paragraph 11(e) of the plea agreement specifically addresses the Subject Real Property, that Defendant Dana Jarvis "voluntarily and immediately agrees to forfeit to the United States all of his right, title, and interest to the following property, or the net proceeds resulting from the interlocutory sale of the property." (Doc. 1465.)

2. Pursuant to the Preliminary Order of Forfeiture (Doc. 1488), the United States duly published a notice of criminal forfeiture on an official government internet site at www.forfeiture.gov for at least 30 consecutive days, from January 6, 2009 through February 4, 2009 with respect to the above real property. (Doc. 1543.)

3. The only persons or entities besides Defendant known to have any potential interest in the Subject Real Property is Wells Fargo Bank, N.A. ("Wells Fargo"). Wells Fargo recorded a mortgage executed by Defendant Jarvis on the Subject Real Property with the office of the County Clerk of Sandoval County, New Mexico, on April 16, 2002, in Book 405 at Pages 38213-38227. Wells Fargo filed a foreclosure action in New Mexico State Court on October 2, 2007, *Wells Fargo v. Jarvis*, No. D-1329-CV-200701307. On August 18, 2009, Wells Fargo filed in the foreclosure action a "Notice of Delay in Putting Case at Issue," stating that: "as of July 30, 2009," Wells Fargo and the United States were "reviewing the viability of accepting a Marshal's Deed" from the United States "for the subject property in lieu of foreclosure for the subject property;" that the United States "has offered to relinquish all interest in the subject property by tender of a Marshal's Deed for the subject property." (**Exhibit A** is a true and correct copy of the filed-stamped Notice of Delay.)

4. Counsel for Wells Fargo received Notice of Preliminary Order of Forfeiture on August 19, 2009, and on September 2, 2009, counsel for Wells Fargo filed an "Entry of Appearance and Notice of Claim" regarding the Subject Real Property. (Doc. 1710.)

5.      The United States recognizes the validity of the 2002 mortgage and Wells Fargo's resulting interest in the property.  Wells Fargo holds a valid claim pursuant to 21 U.S.C. § 853(n)(6)(A) because its interest in the Subject Real Property is superior to that of Defendant Jarvis.  In accordance with prior discussions with Wells Fargo, upon entry of a Final Order of Forfeiture, the United States will execute a deed from the United States Marshals Service to "Wells Fargo Bank, N.A."  The United States has determined there is insufficient equity in the property to justify marketing the property for sale.  The United States recognizes that Wells Fargo's interest in the Subject Real Property is superior to the United States' interest.  The United States will therefore dispose of the Subject Real Property according to law by choosing to execute a deed to the superior lienholder.  The United States will record the executed deed to Wells Fargo with the County Clerk of Sandoval County, New Mexico.  The United States will also record with the County Clerk of Sandoval County, New Mexico, a release of its Notice of Lis Pendens that was recorded on August 25, 2005, in Book 408, Page 32547.  If Wells Fargo sells the Subject Real Property and there are any excess proceeds after satisfying Wells Fargo's expenses, the United States would be entitled to such excess proceeds.  The United States takes no position on any decision by Wells Fargo regarding whether Wells Fargo seeks dismissal of its foreclosure action.

6.      No other Third Party Claims were filed or remain for adjudication pursuant to 21 U.S.C. § 853(n).  Therefore, the entry of a final order of forfeiture regarding the above real property is proper.

7.      Counsel for Third Party Petitioner Wells Fargo concurs in this motion.

8.      No other parties have standing to oppose this motion.

WHEREFORE, the United States respectfully requests that this Court enter a Final Order

of Forfeiture regarding the Subject Real Property located at 1440 Calle Cielo Vista, Bernalillo, New Mexico, which forfeits all right, title and interest in the Subject Real Property to the United States and vests title thereto in the United States, subject to the valid interest of Wells Fargo Bank, N.A.

    Respectfully submitted,

    GREGORY J. FOURATT
    United States Attorney

    Electronically filed 9/2/2009
    JAMES R.W. BRAUN
    STEPHEN R. KOTZ
    CYNTHIA L. WEISMAN
    Assistant U.S. Attorneys
    P.O. Box 607
    Albuquerque, New Mexico 87103
    (505) 346-7274

I HEREBY CERTIFY that on September 2, 2009, I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Electronically filed 9/2/2009
CYNTHIA L. WEISMAN
Assistant U.S. Attorney