### Law Office of Amy Sirignano, pc
### Amy Sirignano, Esq.
#### Attorney at Law

| | |
|---|---|
| **1011 Lomas Boulevard NW** | **Phone: (505) 242-2770** |
| **Albuquerque, New Mexico 87102** | **Fax: (505) 242-2774** |
| **www.abqnmlaw.com** | **E-mail:amy@abqnmlaw.com** |
| **Admitted in NM, CA, and the District of Columbia** | |

August 27, 2009

**VIA EMAIL AND FACSIMILE: (505) 348-2701**

Mr. John Lovato
United States Probation and Pretrial Services
444 Lomas Boulevard NW
Albuquerque, NM 87102

    Re:    *United States v. George Osgood;* 05-CR-1849-011 JH

Dear Mr. Lovato:

    I received your Pre-Sentence Report ("PSR") on July 15, 2009 and your Addendum on August 14, 2009. Thank you for giving me additional time to collect the necessary medical records and respond to the PSR.

    **Serious Medical Issues**: On August 11, 2009, I spoke to Sonja Cole at Bureau of Prisons ("BOP") Medical Section, located outside of Dallas, Texas, (972) 352-4425. She advised me to attach Mr. Osgood's medical records to the PSR as Attachments to the PSR so BOP will have them immediately for classification after Mr. Osgood is sentenced. I am attaching 9 pages of medical records from Dr. Atul Vahil, from Pueblo, Colorado. These records are in Mr. Osgood's alias, James Zeiner. I am also attaching 88 pages of records from the Torrance County Detention Center (TCDC) and 75 pages of records from Mary Corwin Hospital in Pueblo, CO (also in the name of James Zeiner), as well as 94 pages of records from Parkview Medical Center in Pueblo, CO in the name of James Zeiner.

    Additionally, attached is a second set of medical records from Torrance County Detention Center, (145 pages), and lastly, attached are 79 pages of medical records from the University of New Mexico Hospital. I previously provided you some select records from TCDC, but I'd like to make a more complete submission so they become

Attachments to the PSR for BOP.  Ms. Cole advised if Mr. Osgood is at a care level 3 or 4, his case will immediately be sent to the Office of Medical Designation at the BOP.  If he's designated at a care level 3, Mr. Osgood respectfully requests placement in the Florence, Colorado FCC or in the FCI at Englewood, Colorado.

**I am concerned that TCDC is no longer treating Mr. Osgood for his liver failure/Hepatitis C**.  Mr. Osgood advised that he has spoken to Nurse Karen Crist at TCDC and she stated that they are not going to send Mr. Osgood for the necessary lab work that was ordered by the UNM physicians, Matthew Smith and Jeffrey Dunkelberg from the Gastroenterology Clinic on May 20, 2009.  Drs. Smith and Dunkelberg also referred Mr. Osgood to the Hepatitis C Clinic at UNM, "as he does not have access to Hepatitis C therapy in his current facility and he may very well be incarcerated for as much as 18 months at this point."  Mr. Osgood has not had an appointment with the University of New Mexico Hepatitis C Clinic.  Nurse Crist advised Mr. Osgood that he has to wait to get where he is going to get treatment in a BOP facility since the lab work will be more "up-to-date," and timing of the treatment is an issue for the TCDC since they do not know how long it will take for Mr. Osgood to be classified and transferred to a BOP facility.  Ms. Crist advised Mr. Osgood that the TCDC does not "treat" liver problems.  There has not been any continued effort to have Mr. Osgood treated by the UNM physicians.

On June 12, 2009, blood work was taken from Mr. Osgood by Ms. Crist to type his Hepatitis C and to ascertain the extent and type of his damaged liver.  Neither Mr. Osgood nor I have seen these written results.  Mr. Osgood has advised me that he has had 3 previous liver failures, and he has been told by his treating physicians that a 4th liver failure could be the one that kills him.  His last failure was on March 28, 2008.  Without immediate medical treatment for his liver, other medical complications could arise, including further deterioration of his liver and possibly death.

**Offense Conduct**: On April 23, 2009, Mr. Osgood pleaded guilty to a thirty (30) month, Rule 11(c)(1)(C), plea agreement via an Information that charged a C-level conspiracy to distribute 50 kilograms and more of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C).  Mr. Osgood objects to paragraphs 43-69, 72, 73, 77-120, 148, 149, 151, 152, 154-156, as these paragraphs have no relevance to him or his sentencing.   The Offense Conduct section of the PSR includes paragraphs 42 through paragraph 157.  Mr. Osgood's offense conduct should be limited to the 35 paragraphs that relate to him.  The other paragraphs that relate to the other defendants' offense conduct are irrelevant, and are needlessly and unnecessarily included in the PSR as the

sentencing Judge is not going to use these facts to determine Mr. Osgood's sentence pursuant to Rule 11(c)(1)(C).

Moreover, the content of the Offense Conduct section of the PSR plays a tremendous role in the security classification at the BOP. Mr. Osgood is not a dangerous individual. Nor was he a major player in this multiple defendant conspiracy. Mr. Osgood poses a low-level security risk; he worked primarily with the lead defendant, Dana Jarvis in the conspiracy, and had no contact with the majority of the other co-conspirators. While the defense understands that some background on the conspiracy may be necessary to introduce Mr. Osgood's involvement, the numerous and specific paragraphs relating to others are superfluous and should be stricken from Mr. Osgood's PSR.

I will be filing a formal sentencing memorandum shortly, which will focus primarily on Mr. Osgood's medical conditions. I am aware that our sentencing date is set for September 17, 2009. I will out of the country the first 2 weeks of September, so please call me at your earliest convenience at the number above if you have any questions.

                                  Very truly yours,

                                  /s_____
                                  Amy Sirignano, Esq.

cc:    Client w/o enclosures
        Mark West, United States Marshals Service, w/o enclosures
        AUSA James Braun, w/out enclosures