FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 1 4 2009

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                    )<br>            Plaintiff,              )<br>                                    )<br>vs.                                 )<br>                                    )<br>BENJAMIN SWENTNICKAS,               )<br>                                    )<br>            Defendant.              ) | CRIMINAL NO. 05-1849 JH |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, BENJAMIN SWENTNICKAS, and the defendant's counsel, GREGORY D. D'ANTONIO:

### REPRESENTATION BY COUNSEL

1. The defendant understands his right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with his attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands his rights:

   a. to be prosecuted by indictment;

   b. to plead not guilty;

   c. to have a trial by jury;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

  e. against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The defendant hereby agrees to waive these rights and to plead guilty to an Information to be filed charging violation of 21 U.S.C. § 846, that being conspiracy to distribute 100 kilograms and more of marijuana.

## SENTENCING

4. The defendant understands that the minimum and maximum penalties the Court can impose as to the Information are:

  a. imprisonment for a period of not less than five (5) years nor more than forty (40) years;

  b. a fine not to exceed the greater of $2,000,000.00 or twice the pecuniary gain to the defendant or pecuniary loss to the victim;

  c. a mandatory term of supervised release of not less than four (4) years that must follow any term of imprisonment (if the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked – even on the last day of the term – and the defendant could then be returned to another period of incarceration and a new term of supervised release);

  d. a mandatory special penalty assessment of $100.00; and

  e. restitution as may be ordered by the Court.

5. The parties stipulate and agree pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., that the sentence shall be imprisonment for a term of 87 months, followed by a term of supervised release of five (5) years. If the Court rejects this agreement to the specific sentence stated above, the defendant shall have the right to withdraw his plea of guilty.

6. The United States hereby expressly reserves the right to make known to the United States Probation Office, for inclusion in the presentence report prepared pursuant to Rule 32, Fed. R. Crim. P., any information that the United States believes may be helpful to the Court.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

7. The defendant understands his obligation to provide the United States Probation Office with truthful, accurate, and complete information. The defendant hereby represents that he has complied with and will continue to comply with this obligation.

## WAIVER OF APPEAL RIGHTS

8. The defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 1291 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal his conviction and imposition of the sentence agreed to in paragraph 5 of this plea agreement. In addition, the defendant agrees to waive any collateral attack to his conviction pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

## GOVERNMENT'S AGREEMENT

9. Provided that the defendant fulfills his obligations as set out above, the United States agrees:

   a. That it will not bring additional charges against the defendant arising out of the facts forming the basis of the present Information.

   b. That it will move at the time of the defendant's sentencing to dismiss Count 1 of the Superseding Indictment as to the defendant.

10. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

11. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement.

## VIOLATION OF PLEA AGREEMENT

12. The defendant agrees that if he violates any provision of this agreement, the United States may declare this agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the defendant during this prosecution.

## ENTIRETY OF AGREEMENT

13.  This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 14 day of September, 2009.

> GREGORY J. FOURATT
> United States Attorney
>
> JAMES R.W. BRAUN
> STEPHEN R. KOTZ
> Assistant United States Attorneys
> 201 Third Street N.W., Suite 900
> Post Office Box 607
> Albuquerque, New Mexico  87102
> (505) 346-7274

I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.

> BENJAMIN SWENTNICKAS
> Defendant
>
> GREGORY D. D'ANTONIO
> Attorney for Defendant