IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

    v.                                        CR. No. 05-1849 JH

JOHN PATRICIO NIETO,

    *Defendant*,

## UNOPPOSED MOTION FOR INTERLOCUTORY SALE OF 2003 HONDA GOLDWING MOTORCYCLE

Plaintiff United States, by its attorney, Stephen R. Kotz, Assistant United States Attorney for the District of New Mexico, hereby moves that the Court enter and authorize the interlocutory sale, pursuant to the terms set forth herein, for the following described property:

2003 HONDA GOLDWING MOTORCYCLE,
VIN:1HFSC47023A207622.

As grounds for this motion, plaintiff states that the property is subject to decay and the expense of keeping the property is excessive.

**PROCEDURAL HISTORY**

1. On April 25, 2006, in a superseding indictment, a grand jury in this district indicted Defendant John Patricio Nieto (hereafter, "Defendant"), charging him, among other offenses, with drug trafficking, in violation of 21 U.S.C. § 841, *et seq.* (Doc. 414.) The superseding indictment alleged further, that upon Defendant's conviction, certain property would be forfeitable to the United States, including the 2003 Honda Motorcycle. The motorcycle was seized pursuant to a seizure warrant.

    2.    Defendant John Nieto is the registered owner and agrees to an interlocutory sale.

    3.    The parties agree that the above-identified property will be sold pursuant to the following terms:

    a.    United States Marshals Service (USMS) will sell the property at market value in the most commercially feasible manner.

    b.    The USMS may, in its sole discretion, reject any offer to purchase the property where it determines that the offer is being made by or on behalf of a person involved in the criminal activity alleged as the basis of this forfeiture.

    c.    The purchase price of the property will be a cash price.

    d.    The net proceeds of the sale of the property, if any, will be deposited in the Department of Justice Seized Asset Deposit Fund and substituted as the property in this action pending a final judgment in this case.

    4.    In furtherance of the Interlocutory Sale, Defendant Nieto agrees to execute promptly any documents which may be required to complete the interlocutory sale of the property.

    5.    The signature page of this stipulation may be executed in one or more counterparts, each of which will deemed an original but all of which together will constitute one and the same instrument.

**STATUTORY AUTHORITY**

When certain conditions are present, the court has authority under the following statutory provisions to order an interlocutory sale of property that is subject to criminal forfeiture prior to

a final adjudication on the Government's forfeiture action.

**Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions**

Supplemental Rule G(7) provides in pertinent part:

> (a) Preserving and Preventing Criminal Use of Property. When the Government does not have the actual possession of the defendant property the court, on motion or on its own, may enter any order necessary to preserve the property, to prevent its removal or encumbrance, or to prevent its use in a criminal offense.
>
> (b) Interlocutory Sale or Delivery
>
> > (i) Order to Sell. On motion by a party or a person having custody of the property, the court may order all or part of the property sold if:
> > (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
> > (B) the expense of keeping the property is excessive or is disproportionate to its fair market value;
> > (C) the property is subject to a mortgage or to taxes on which the owner is in default; or
> > (D) the court finds other good cause.
> >
> > (ii) Who Makes the Sale. A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates.
> > ...
> >
> > (iv) Sale Proceeds. Sale proceeds are a substitute res subject to forfeiture in place of the property that was sold. The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action.

### THE CONDITIONS FOR AN INTERLOCUTORY SALE ARE PRESENT

The interlocutory sale of the 2003 Honda Goldwing motorcycle, pursuant to the provisions cited above, is warranted for the following reasons:

1. Storage fees for the 2003 Honda Goldwing motorcycle accrue at the rate of $4.25 a day.

2. The 2003 Honda Goldwing motorcycle is depreciating and the cost of keeping the property is excessive.

These factors demonstrate the need for an interlocutory sale to preserve the value of the property pending a final determination of the Government's forfeiture claims.

Counsel for Defendant has been contacted and concurs in this motion.

WHEREFORE, the United States moves that the Court enter an Order granting the unopposed motion for an interlocutory sale.

    Respectfully submitted,

    GREGORY J. FOURATT
    United States Attorney

    *Electronically filed 11/10/09*
    STEPHEN R. KOTZ
    Assistant United States Attorney
    P.O. Box 607
    Albuquerque, NM 87103
    505-346-7274

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 11/10/09, I filed the foregoing electronically through the CM/ECF system, which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*Electronically filed 11/10/09*
STEPHEN R. KOTZ
Assistant U.S. Attorney