Page 1

1               IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW MEXICO
2

3

4

5    UNITED STATES OF AMERICA,

6                          Plaintiff,

7      -vs-                NO:  CR 05-1849 JH

8    GEORGE OSGOOD,

9                          Defendant.

10

11

12

13

14

15

16              TRANSCRIPT OF PROCEEDINGS

17                SENTENCING HEARING

18                September 29, 2004

19

20

21

22

23

24   BEFORE:  HONORABLE JUDITH C. HERRERA
              UNITED STATES DISTRICT JUDGE
25

**PAUL BACA, OFFICIAL COURT REPORTER**

5cd26fdc-79c4-48d9-ad9d-12c84bf8c102

Page 2

```
 1                      APPEARANCES

 2   For the Plaintiff:

 3        US ATTORNEY'S OFFICE
          PO Box 607
 4        Albuquerque, NM  87103-0607
          505-346-7274
 5        BY:  JAMES R.W. BRAUN, ESQ.
               james.braun@usdoj.gov
 6
     For the Defendant:
 7
          LAW OFFICE OF AMY SIRIGNANO, PC
 8        1011 Lomas Blvd., NW
          Albuquerque, NM
 9        505-242-2770
          BY:  AMY SIRIGNANO, ESQ.
10             amy@nmlaw.com

11   Also present:

12        John Lovato, Probation Officer

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**PAUL BACA, OFFICIAL COURT REPORTER**

Page 3

```
 1            (Court in session at 9:58 a.m.)

 2            THE COURT:  Next is USA vs Osgood,

 3   CR-05-1849.

 4            MR. BRAUN:  James Braun on behalf of the

 5   United States.

 6            THE COURT:  Good morning, Mr. Braun.

 7            Good morning, Ms. Sirignano.

 8            MS. SIRIGNANO:  Good morning, Your Honor.

 9   Amy Sirignano.

10            THE COURT:  Good morning, Mr. Osgood.

11            We're here today on sentencing.  Let me

12   say that I have received and reviewed the

13   presentence report.  I've reviewed objections to the

14   presentence report submitted by the defendant.  I

15   have also reviewed the government's response to the

16   defendant's objections, and I have also reviewed the

17   addendum to the presentence report and the second

18   addendum to the presentence report.

19            And there were also a number of medical

20   records that were submitted as an attachment to the

21   presentence report.  And I've reviewed those,

22   although they're voluminous, and I haven't committed

23   it all to memory.  But those are the matters that I

24   have reviewed.

25            There were a number of letters that were
```

5cd26fdc-79c4-48d9-ad9d-12c84bf8c102

1    presented as character references.  I have reviewed

2    those as well.

3          So let me ask:  Have you had an adequate

4    opportunity at this point to review the presentence

5    report, Ms. Sirignano?

6          MS. SIRIGNANO:  Yes, Your Honor.

7          And if I may approach, I've got one more

8    letter from Mr. Osgood's son that didn't get

9    attached.  And I've showed it to the government and

10   Probation, but I just wanted to allow the Court to

11   have it.

12         THE COURT:  Sure.  And I did see one from

13   his son.

14         MS. SIRIGNANO:  Oh, you did?  Okay, very

15   good.

16         THE COURT:  It's an e-mail?

17         MS. SIRIGNANO:  Yes, Your Honor.

18         THE COURT:  I did see one.  I don't know

19   where in this packet it is at this moment.

20   Actually, I do know.

21         MS. SIRIGNANO:  Thank you, Your Honor.  I

22   didn't know that they got attached or not.

23         THE COURT:  Yes.  It's attached to your

24   objections, is where I'm finding it.

25         MS. SIRIGNANO:  Thank you, Your Honor.

**PAUL BACA, OFFICIAL COURT REPORTER**

Page 5

1   You're right.  It's Exhibit C to my Document 1714,

2   my objections.

3           THE COURT:  Just so we're talking about

4   the same thing, I'm showing it to be dated

5   September 1st, 2009.

6           MS. SIRIGNANO:  That's correct, Your

7   Honor.

8           THE COURT:  Okay, all right.  Go ahead.

9           MS. SIRIGNANO:  Your Honor, at this time,

10  as a housekeeping matter, I'd like to withdraw my

11  argument regarding the two years of supervised

12  release.

13          The government and I spoke after my

14  sentencing memorandum and objections were filed.

15  And it was my error to argue for two years, as the

16  11(C)(1)(c) plea agreement is a binding plea

17  agreement.  And in the plea itself, paragraph 5, it

18  stipulates to a term of three years.  So I'd like to

19  withdraw that argument.

20          THE COURT:  All right.  And I did note

21  that the government's response indicated that you

22  all had come to that conclusion.  All right.  So I

23  understand that you have withdrawn that argument.

24          At this point, are there any remaining

25  objections?

**PAUL BACA, OFFICIAL COURT REPORTER**

5cd26fdc-79c4-48d9-ad9d-12c84bf8c102

Page 6

1          MS. SIRIGNANO:  Yes, Your Honor, the

2    offense conduct.  The government and Probation and I

3    have discussed this briefly.  There are

4    paragraphs 43 to 69, 72, 73, 77 through 120, 148

5    149, 151, 152, 154 through 156, which I set out in

6    my informal letter, which I'd like to incorporate.

7    And I've attached it as Exhibit A to the sentencing

8    memorandum.

9          And as I stated in the sentencing

10   memorandum, Your Honor, these paragraphs have no

11   relevance to Mr. Osgood.  The Court does not need

12   them at sentencing as a factual determination.

13         We've got a 30-month 11(c)(1)(C) plea

14   agreement here.  And although the government argues

15   that it sets out the nature and scope of the

16   conspiracy, I would like to argue that the 35

17   paragraphs do relate to Mr. Osgood in the offense

18   conduct set forth, his nature and scope and his

19   involvement in the conspiracy.

20         And these extraneous and superfluous

21   paragraphs might impact his security classification,

22   Your Honor.  Mr. Osgood is not a dangerous

23   individual.  He has no prior felony convictions.  He

24   was not a major player in this conspiracy.

25         His primary contact in this conspiracy was

5cd26fdc-79c4-48d9-ad9d-12c84bf8c102

Page 7

1    with Mr. Jarvis, and he had really no other contact

2    with the majority of the other co-conspirators set

3    out in this conspiracy.  And we would just ask that

4    those paragraphs be deleted from his presentence

5    report.

6            THE COURT:  All right.  Let me hear from

7    Mr. Braun on this.

8            MR. BRAUN:  Your Honor, our response is

9    set out in our pleading.

10            As you're well aware, the Court can

11    consider any relevant evidence or information in

12    imposing a sentence in this case.  The defendant

13    does not argue that any of the information contained

14    in those paragraphs is inaccurate.  And the United

15    States submits that it is relevant to understand the

16    scope of the overall conspiracy of which the

17    defendant has admitted he is a member.

18            THE COURT:  All right.  Is there any

19    comment from Probation?

20            THE PROBATION OFFICER:  No, Your Honor.

21    We stand by our recommendation in the addendum.

22            THE COURT:  All right.  Thank you.

23            Let me ask you, Ms. Sirignano, if you

24    could elaborate for just a moment on how those

25    paragraphs would impact his security classification?

**PAUL BACA, OFFICIAL COURT REPORTER**

Page 8

1          MS. SIRIGNANO:  Well, I understand from
2     the Bureau of Prisons, when they classify someone,
3     Your Honor, that they look at the nature and the
4     scope and determine whether or not he is violent
5     versus nonviolent, the type and the sophistication
6     of the charges.
7          And so those paragraphs are specific as to
8     each other defendant in the conspiracy.  And I'm not
9     arguing, Your Honor, that he wasn't involved in this
10    conspiracy.  I'm not arguing that he wasn't part of
11    this conduct and the overarching conspiracy.
12         My argument is that the presentence report
13    is Mr. Osgood's presentence report.  It's not
14    Mr. Berthod's or Mr. Trujillo's or Mr. Jarvis' or
15    Mr. Ripley's presentence report.
16         My client's primary contact was with
17    Mr. Osgood, and he had very little contact with the
18    other co-conspirators.  And we would just like the
19    presentence report to reflect his conduct and his
20    part of the conspiracy, and not everybody else's.
21         The Bureau of Prisons has told me that
22    when Mr. Osgood is classified, they look primarily
23    at the presentence report for classification
24    purposes.  That's why I attached, at the Bureau of
25    Prisons' suggestion, all those medical records, so

5cd26fdc-79c4-48d9-ad9d-12c84bf8c102

1    there would be an expedited classification.

2            I wouldn't want all this other negative

3    extensive involvement of others in Mr. Osgood's

4    presentence report, which might have him classified

5    at a higher level and could possibly prevent his

6    medical treatment.

7            And Mr. Osgood has been cooperative all

8    along.  Once he was arrested, he has been at

9    Torrance County.  We negotiated a plea agreement in

10   due course.  And I would just ask that these

11   paragraphs be stricken just because, you know,

12   Mr. Braun is saying that I don't argue that they're

13   inaccurate.

14           Well, quite frankly, I haven't worked up

15   Mr. Berthod's case or Mr. Ripley's case.  We

16   participated in one here before this Court.  And

17   quite frankly, I don't know if they're accurate or

18   not.  I haven't done the extensive research to

19   figure out, you know, if each paragraph for

20   Mr. Jarvis or Mr. Ripley is accurate or not.

21           I just don't think it's relevant to the

22   scope of Mr. Osgood's involvement.  And Your Honor,

23   I would just ask that they be stricken.

24           THE COURT:  All right.

25           Is there any other comment on this issue?

5cd26fdc-79c4-48d9-ad9d-12c84bf8c102

Page 10

1           MR. BRAUN:  Well, Your Honor, this is the

2    information that's contained in discovery.  And you

3    know, of course it references numerous

4    co-defendants, but those are the other members of

5    this conspiracy.

6           It would be one thing if there was -- as

7    part of this conspiracy, other defendants were

8    engaging in burglaries or crimes of violence or

9    something like that, and the defendant didn't

10   participate in that.

11          But that's not the case.  These paragraphs

12   lay out the marijuana conspiracy that the defendant

13   was a member of.

14          And to the extent the Bureau of Prisons

15   uses that to classify him, I don't think that should

16   be the Court's concern because this is accurate,

17   relevant information that the Court has also used to

18   determine the sentences of other co-defendants in

19   this case.

20          THE COURT:  All right.  The paragraphs

21   that are contained in this presentence report do

22   reflect part of the relevant conduct, so I think

23   that they are appropriately noted in the presentence

24   report.  So I'm going to deny the objection.

25          And I do agree with the comment that

1  Mr. Braun made that similar information has been

2  used in the presentence reporting and the sentencing

3  proceedings of other co-defendants who have been

4  sentenced thus far in this case.

5        And while perhaps this defendant has not

6  challenged the accuracy, I would note that the

7  others who have been sentenced up to this point have

8  not challenged the accuracy of the other paragraphs,

9  either.  So I will deny the -- or I'll overrule the

10  objections.

11        I do note this is an 11(c)(1)(C) plea

12  agreement.  Having addressed the objections, let me

13  state at this point that I will adopt the factual

14  findings that are contained in the presentence

15  report.  It does not appear that any evidentiary

16  hearing is necessary this morning.

17        So if there are any additional comments,

18  Ms. Sirignano, I'll allow you to make them at this

19  time.

20        I do accept the 11(c)(1)(C) plea

21  agreement.

22        MS. SIRIGNANO:  Thank you, Your Honor.

23        The final argument, Your Honor, is

24  Mr. Osgood's medical condition and his ongoing

25  treatment and care.

**PAUL BACA, OFFICIAL COURT REPORTER**

5cd26fdc-79c4-48d9-ad9d-12c84bf8c102

Page 12

1          Mr. Osgood was arrested a year ago

2    yesterday.  He has approximately 14 months and three

3    days left, he reminds me this morning, of his

4    30-month sentence pursuant to the 11(c)(1)(C) plea

5    agreement.

6          My informal letter, which was attached as

7    Exhibit A to the presentence -- or excuse me, the

8    sentencing memorandum, sets forth the monitoring

9    that Torrance County has done.

10         And I have to say thank you kindly to

11   Mr. Lovato for setting out in extensive detail in

12   the presentence report and the two addendums the

13   care that's going on and the investigation that he

14   did to explain to the Court fully Mr. Osgood's's

15   medical condition.

16         He's been diagnosed with cirrhosis,

17   cirrhotic ascites, which is a fluid buildup; a

18   history of esophageal varices with bleeding;

19   alcoholism, which has been in remission;

20   hepatitis C; gastroesophageal reflux disease; and

21   depression, which was diagnosed in 1984.

22         In his last treatment on May 20th of 2009

23   at the University of New Mexico Hospital, he saw

24   Dr. Matthew Smith and Dr. Dhungel, both from

25   internal medical and gastroenterology.

5cd26fdc-79c4-48d9-ad9d-12c84bf8c102

1          And Torrance County has been taking the

2     position that all he has is hepatitis C, and I do

3     thank Torrance County for monitoring Mr. Osgood's

4     condition.

5          However, he's been asking a for blood

6     test.  He last requested in writing a blood test on

7     Monday, September 21st, which has not occurred yet.

8          What the physicians set forth in their

9     medical notes, I attached as Defendant's Exhibit B.

10    Defendant's Exhibit B was the most recent visit to

11    the gastroenterology clinic.

12         And so hepatitis C is definitely one

13    issue, but the cirrhosis and the ascites also need

14    monitoring.  And the doctors have suggested that he

15    be referred to a hepatitis C clinic and have a

16    number of laboratory tests run, which is on page 6

17    of my sentencing memorandum.

18         And also some treatment to see if he has

19    some kind of liver cancer or comorbid liver disease,

20    in addition to the hepatitis C.

21         And so, Your Honor, at this time we would

22    just ask that you recommend a Medical Center, a BOP

23    Medical Center.  Mr. Lovato this morning told me

24    that there are three medical centers that are able

25    to treat Mr. Osgood's conditions.

**PAUL BACA, OFFICIAL COURT REPORTER**

Page 14

1          Springfield, Missouri, where there's a

2    dialysis facility, in the event that happens while

3    he's in custody; Fort Worth, Texas, and Rochester,

4    New Mexico.  My client prefers Fort Worth, Texas, so

5    his son could visit him.  But those are the three

6    medical centers.

7          I would also request that the Marshals

8    Service expedite his classification into a BOP

9    medical facility.  Both Torrance County and the

10   physicians have set forth and Mr. Lovato, in his

11   second addendum, that these hepatitis C treatments

12   take about one year, two times a week.

13         And right now Mr. Osgood has 14 months and

14   three days remaining in custody, so he is just

15   anxious to get to a BOP facility so he can start

16   these hepatitis C treatments.

17         Right now Torrance County is monitoring

18   him, but no active medical treatment is ongoing at

19   this point.

20         And so, Your Honor, I thank you for

21   considering the doctors' notes and the medical

22   records.  And I just ask that he be classified

23   forthwith and that a medical facility be in his

24   future.

25         THE COURT:  All right.  You said,

**PAUL BACA, OFFICIAL COURT REPORTER**

1    "Rochester, New Mexico."  I'm assuming you meant

2    Minnesota.

3              MS. SIRIGNANO:  Sorry.

4              THE COURT:  All right.

5              Mr. Osgood, if there's anything you would

6    like to say before sentence is imposed, you may do

7    so at this time.

8              THE DEFENDANT:  I'd just like to make a

9    short statement.

10             THE COURT:  Sure.

11             THE DEFENDANT:  Judge Herrera, I'd like to

12   apologize to the 10th District Court and the people

13   in New Mexico for my actions.  I realize now that

14   the penalties for the crime I committed cost the

15   government a considerable amount of time, effort and

16   money to investigate, prosecute and incarcerate me.

17             I made a bad decision and tried to make

18   the fast buck.  It was the wrong thing to do, and I

19   take full responsibility for my actions.

20             I would also like to apologize to my

21   family, who no doubt have also been hurt by my

22   actions.  All I can do is hope that they can find it

23   in their hearts to forgive me and help me move on

24   past this chapter in our lives.

25             I would like to especially thank my son

5cd26fdc-79c4-48d9-ad9d-12c84bf8c102

Page 16

1    Allen for his help and support during these very

2    difficult times.

3              And I would just reiterate that I am

4    anxious to receive treatment and/or at least a

5    diagnosis to find out exactly where I stand on my

6    hepatitis C.  I did get typed in the last year, and

7    I have hepatitis C1a, which is the most difficult

8    one to treat.  It's the most resistant to treatment,

9    and so I'm kind of anxious.

10             And ascites is the final stage of liver

11   disease.  As it was explained to me, you either quit

12   drinking or you die or buy a new liver, you know.

13             I apologize for taking up so much of the

14   Court's time.  That's all I have to say.

15             THE COURT:  All right, Mr. Osgood.  Thank

16   you.

17             Mr. Braun, is there any comment from the

18   government?

19             MR. BRAUN:  Just that we would concur with

20   the defendant's request for a prompt designation.

21             THE COURT:  All right.  Thank you,

22   Mr. Braun.

23             Is there anything further from Probation?

24             THE PROBATION OFFICER:  No, Your Honor.

25             THE COURT:  All right.  Thank you.

**PAUL BACA, OFFICIAL COURT REPORTER**

1          All right.  Mr. Osgood, I will recommend

2   that your sentence be served in a medical facility,

3   and I will also recommend that you be designated as

4   expeditiously as possible.

5          And I would also ask, pending your

6   designation to a BOP facility, if the Marshals

7   Service could look into any necessary medical

8   treatment.  And again, I'm referring to the medical

9   report which is attached to Document 1714.

10         It does indicate that the patient requires

11  laboratories as below to investigate his liver

12  disease and his current hepatitis C.  And then it

13  also suggests that the patient be referred to a

14  hepatitis C clinic.

15         So to the extent that any of this can be

16  accomplished before he is designated to a BOP

17  facility, I would ask that that be investigated.

18         THE DEPUTY MARSHAL:  We'll talk to

19  Torrance and see what else they could do, Your

20  Honor.

21         THE COURT:  All right.  Thank you very

22  much.

23         All right.  The Court has reviewed the

24  presentence report's factual findings.  The Court

25  has considered the advisory sentencing guideline

5cd26fdc-79c4-48d9-ad9d-12c84bf8c102

1   applications and the sentencing factors that are set

2   forth in 18 United States Code Section 3553(a)(1)

3   through (7).

4          The offense level is 23, and the criminal

5   history category is 1, which establishes a guideline

6   imprisonment range of 46 to 57 month.

7          However, under Rule 11(c)(1)(C) of the

8   Federal Rules of Criminal Procedure, the Court

9   accepts the plea agreement, which includes a

10  specific sentence of 30 month, and the Court is

11  satisfied that the agreed sentence departs for

12  justifiable reasons.

13         The Court notes the defendant conspired to

14  distribute 50 kilograms and more of marijuana

15  between 1998 and August 25, 2005.

16         As to Information 1:05-CR-01849-001JH, the

17  defendant George Osgood is committed to the custody

18  of the Bureau of Prisons for a term of 30 months and

19  is placed on supervised release for a term of three

20  years.

21         Now, the Court will recommend that the

22  sentence be served at a BOP facility that can

23  adequately address the defendant's medical needs.

24  So the Court will recommend that the sentence be

25  served at Springfield, Missouri, or Fort Worth,

Page 19

1    Texas, or in Rochester, Minnesota.

2           Now, the three-year term of supervised

3    release, during that term, the defendant will comply

4    with the standard conditions of supervised release

5    and the following mandatory conditions:

6           The defendant will submit to DNA

7    collection, in compliance with statutory

8    requirements, while incarcerated in the Bureau of

9    Prisons or at the direction of the United States

10   Probation Office.

11          The defendant shall not possess, have

12   under his control or have access to any firearm,

13   ammunition, explosive device or other dangerous

14   weapons as defined by federal, state or local law.

15          The following special conditions will also

16   be imposed:  The defendant must participate in and

17   successfully complete a substance abuse treatment

18   program, which may include drug testing, outpatient

19   counseling or residential placement.  The defendant

20   may be required to pay a portion of the cost of this

21   treatment and/or drug testing, as determined by the

22   Probation Office.

23          The defendant must refrain from the use

24   and possession of alcohol and other forms of

25   intoxicants and must not frequent places where

5cd26fdc-79c4-48d9-ad9d-12c84bf8c102

Page 20

1    alcohol is the primary item for sale.

2           The defendant must submit to a search of

3    his person, property, or automobile under his

4    control, to be conducted in a reasonable manner and

5    at a reasonable time for the purpose of detecting

6    drugs or alcohol.  That shall be done at the

7    direction of the Probation Office.  He must inform

8    any residents that the premises may be subject to a

9    search.

10          The defendant must participate in and

11   successfully complete a mental health treatment

12   program, which may include outpatient counseling,

13   residential placement or prescribed medication as

14   approved by the Probation Officer.

15          The defendant may be required to pay a

16   portion of the cost this treatment, as determined by

17   the Probation Office.

18          The defendant shall have no contact with

19   the co-defendants in this case.

20          Now, based on the defendant's lack of

21   financial resources, the Court will not impose a

22   fine.  The defendant will pay a special penalty

23   assessment of $100, which is due immediately.

24          Lastly, the Court finds that pursuant to

25   the plea agreement, the defendant waives the right

5cd26fdc-79c4-48d9-ad9d-12c84bf8c102

Page 21

1    to appeal the final sentence imposed by this Court

2    under 18 United States Code, Section 3742(a).

3            So with that, counsel, is there any reason

4    that sentence should not be imposed as I've stated

5    it?

6            MR. BRAUN:  No, Your Honor.

7            MS. SIRIGNANO:  No, Your Honor.

8            THE COURT:  All right.  The Court will

9    order sentence imposed as stated.

10           MR. BRAUN:  One final matter, Your Honor.

11           THE COURT:  Yes.

12           MR. BRAUN:  Pursuant to the plea

13   agreement, the United States agrees to dismiss the

14   superseding indictment as to the defendant because

15   he pled to an information.  So I'd orally do that at

16   this time, and I will submit a formal motion and

17   proposed order.

18           THE COURT:  All right.  We'll keep a

19   lookout for your proposed order.  And once we

20   receive it, I will enter it.

21           MR. BRAUN:  Thank you.

22           MS. SIRIGNANO:  Thank you, Your Honor.

23           (Court in recess at 10:23 a.m.)

24

25

5cd26fdc-79c4-48d9-ad9d-12c84bf8c102

Page 22

1

2

3                    REPORTER'S CERTIFICATE

4          I, Paul Baca, Official Court Reporter for

5    the US District Court, District of New Mexico, do

6    hereby certify that I reported the foregoing

7    proceedings in stenographic shorthand and that the

8    foregoing pages are a true and correct transcript of

9    those proceedings and was reduced to printed form

10   under my direct supervision.

11          I FURTHER CERTIFY that I am neither

12   employed by nor related to any of the parties or

13   attorneys in this case and that I have no interest

14   in the final disposition of this case.

15

16

17          _____
            PAUL BACA
18          NM Certified Court Reporter No. 112
            License Expires:  12/31/09
19

20

21

22

23

24

25

**PAUL BACA, OFFICIAL COURT REPORTER**

5cd26fdc-79c4-48d9-ad9d-12c84bf8c102