Case 1:05-cr-01849-JCH   Document 1778   Filed 01/11/10   Page 1 of 5
Case 1:05-cr-01849-JCH   Document 1748   Filed 10/01/2009   Page 1 of 5

AO 245B (Rev 12/03) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**George Osgood** | Judgment in a Criminal Case 2010 JAN -8 PM 1:58<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:05CR01849-011JH**<br>USM Number: **32663-013**<br>Defense Attorney: **Amy Sirignano, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 1 1 2010

**MATTHEW J. DYKMAN**
*CLERK*

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to Violate 21 U.S.C. Sec. 841(b)(1)(C) | 08/25/2005 | |

The defendant is sentenced as specified in pages 2 through 5 of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984. The Court has considered the United States Sentencing Guidelines and, in arriving at the sentence for this Defendant, has taken account of the Guidelines and their sentencing goals. Specifically, the Court has considered the sentencing range determined by application of the Guidelines and believes that the sentence imposed fully reflects both the Guidelines and each of the factors embodied in 18 U.S.C. 3553(a). The Court also believes the sentence is reasonable and provides just punishment for the offense.

☐ The defendant has been found not guilty on count .
☒ Count **Superceding Indictment** is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| | **September 29, 2009** |
| County of Residence | Date of Imposition of Judgment |
| | |
| | /s/ **Judith C. Herrera** |
| | Signature of Judge |
| | |
| | **Judith C. Herrera**<br>**United States District Judge** |
| | Name and Title of Judge |
| | |
| | **October 1, 2009** |
| | Date Signed |

AO 245B (Rev. 12/03) Sheet 2 - Imprisonment                                                                 Judgment - Page 2 of 5

Defendant: **George Osgood**
Case Number: **1:05CR01849-011JH**

## IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **30 months**.

☒   The court makes these recommendations to the Bureau of Prisons:

**The Court recommends incarceration for this Defendant at a facility that adequately addresses Defendant's medical needs either at Fort Worth, Texas, Springfield, Missouri, or Rochester, Minnesota. Additionally, the defendant would be close to family if he were designated to a medical facility in Fort Worth, Texas. Further, the Court recommends that the Bureau of Prisons expedite the process of designation.**

**Furthermore, the Court has requested that the US Marshal Service follow-up with the Torrance County Detention Center and inquire whether the laboratory tests could be completed prior to designation by the Bureau of Prisons.**

☒   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant must surrender to the United States Marshal for this district:
  ☐   at   on
  ☐   as notified by the United States Marshal.
☐   The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐   before 2 p.m. on
  ☐   as notified by the United States Marshal
  ☐   as notified by the Probation or Pretrial Service Office.

## RETURN

I have executed this judgment by:

Defendant delivered on _12-17-2009_ to USMCFP at _Springfield, MO_ with a Certified copy of this judgment.

_____ C. Anderson, Warden
~~UNITED STATES MARSHAL~~

_____ CSO
~~Deputy United States Marshal~~

AO 245B (Rev. 12/03) - Sheet 3 - Supervised Release

Judgment - Page 3 of 5

Defendant: **George Osgood**
Case Number: **1:05CR01849-011JH**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

- ☐ The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

AO 245B (Rev. 12/03) Sheet 3                                                                 Judgment - Page 4 of 5

Defendant: **George Osgood**
Case Number: **1:05CR01849-011JH**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.

The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting drugs or alcohol at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.

The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.

The defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling, residential placement, or prescribed medication as approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Office.

The defendant shall have no contact with the co-defendants in this case.

Case 1:05-cr-01849-JCH   Document 1778   Filed 01/11/10   Page 5 of 5
Case 1:05-cr-01849-JCH   Document 1748   Filed 10/01/2009   Page 5 of 5

AO 245B (Rev.12/03) Sheet 5, Part A - Criminal Monetary Penalties                                    Judgment - Page 5 of 5

Defendant: **George Osgood**
Case Number: **1:05CR01849-011JH**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐     The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

Totals:           **Assessment**           **Fine**           **Restitution**
                  **$100.00**              **$0.00**          **$0.00**

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A     ☒   In full immediately; or
B     ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.