1

**LAW OFFICES OF**
**NASH & KIRCHNER, P.C.**

2

**P.O. BOX 2310**
**TUCSON, ARIZONA 85702**

3

**Telephone (520) 792-1613**
**Fax (520) 628-1079**
**Pima County Computer No. 41636**

4

**State Bar No. 002893**
**walter.nash@azbar.org**
**bkirchner@azbar.org**

5

Attorney for defendant David Reid

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE DISTRICT OF NEW MEXICO

10

11

UNITED STATES OF AMERICA,

12

      Plaintiff,                       CR-05-1849 JH

13

vs.

14

15

DAVID REID,

16

      Defendant.

17

<u>Response to Plaintiff's Notice of Pending Issues</u>

18

19

     It is the understanding of counsel for the Defendant Reid that the only

20

issues to be addressed at the upcoming hearing will be the discovery

21

issues specifically related to the upcoming *Franks* hearing.  Parenthetically,

22

a *Franks* hearing is not limited to factual development of  the specific

23

issues that the Court has already found to contain material misstatements

24

25

or omissions.  Once a Court makes a finding that a *Franks* Hearing is

26

mandated, all facts that are related to the search or wiretap are subject to

full development.  For example, in <u>United States v. Gonzalez,</u> 412 F.3d

1102(9th Cir. 2005), the hearing involved the full development of all

information available to the Government and cross examination of the case

agent regarding all of the steps that were claimed to have not been taken

due to ineffectiveness or danger.  These were in addition to the specifically

articulated grounds found supporting the request for *Franks* Hearing.[1]

In this regard, the Government has agreed to have the affiant

available at the hearing without the necessity of the issuance of a

subpoena for purposes of cross examination by defense counsel.[2]

The sequencing that counsel for the plaintiff and the defense had

previously agreed to and related to the Court is that the *Franks* hearing

would take place and evidence would be developed there.  A hearing for

argument on the Motion to Suppress (Wiretap) evidence would be set

thereafter in order to give counsel time to evaluate, and brief if necessary,

the evidence developed at that hearing.  If the Motion to Suppress

(Wiretap) is granted, there would be no need for further steps.  If the

Motion to Suppress is denied, a hearing would be scheduled on any

---

[1] The reality herein is that the affidavit concedes that not all facts were presented.  Thus, all facts are relevant to the *Franks* inquiry.

[2] The parties have agreed that testimony of Dana Jarvis regarding wiretap issues only will be presented by deposition at the hearing.

LAW OFFICES OF
NASH & KIRCHNER, P.C.
P.O. BOX 2310
TUCSON, ARIZONA 85702
Telephone (520) 792-1613

1  remaining discovery and other issues that were trial-related.  A trial date

2  would also be set to follow that hearing.

3

4

5

6

7

8              Electronically filed,

9

10

11  _____/s/   Walter Nash_____
Walter Nash, for Defendant Reid

12  P.O. Box 2310
Tucson, Arizona 85702

13  (520) 792-1613

14

15

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICES OF
NASH & KIRCHNER, P.C.
P.O. BOX 2310
TUCSON, ARIZONA 85702
Telephone (520) 792-1613

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICES OF
NASH & KIRCHNER, P.C.
P.O. BOX 2310
TUCSON, ARIZONA 85702
Telephone (520) 792-1613

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of March, 2010, I filed the foregoing

electronically through the CM/ECF system, which caused all counsel to be served by

electronic means, as more fully reflected on the Notice of Electronic filing.

<u>Electronically filed</u>

Walter Nash

-4-