IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
|                                                             ) | |
|        Plaintiff,                                  ) | |
|                                                             ) | |
| vs.                                                      ) | Cr. No. 05-1849 JH |
|                                                             ) | |
| DANA JARVIS, et al.,                            ) | |
|                                                             ) | |
|        Defendants.                          ) | |

UNITED STATES' RESPONSE TO "DEFENDANTS'
RENEWED REQUEST FOR DISCLOSURE ON PENDING MATTERS"

The United States hereby responds to defendants David Reid's and Greg Hill's "Renewed Request for Disclosure on Pending Matter" (Doc. 1808). In their pleading, the defendants purport to "renew their previous requests for disclosure" on three matters. The United States addresses each request in turn below.

1.   DISCLOSURE OF INFORMATION CONCERNING INFORMANTS

The defendants contend that there are pending motions for information regarding confidential informants that are relevant to the *Franks* hearing. In reality, the *Defendants' Joint Motion for Disclosure and Production of Confidential Informants* (Doc. 722) requested information regarding only those "informants" who will be witnesses at trial. *See Defendant Dana Jarvis' Reply to the United States Response to Defendants' Motion for Disclosure and Production of Confidential/Cooperating Witnesses* (Doc. 816) at 1 n.2. The motion did not concern the confidential informants

who were referenced in Agent Stark's wiretap affidavits.

Then, in *Defendants' Joint Motion to Suppress the Fruit of Title III Wiretaps* (Doc. 1533), the defendants simply assert, incorrectly, that "[a] motion to reveal identities of all informants [Doc. 722] has been filed but not yet ruled upon."  Doc. 1533.  In fact, there is no pending motion for the information requested in the present pleading, and the Court should summarily deny the defendants' belated "renewal" of a non-existent request for that information.

    2.    DISCLOSURE OF OTHER INFORMATION

        A.    Pen Register Records and Printouts

As the defendants note, the Court has previously denied a defense request for pen register records as moot based on the United States' agreement "to work with the Defendants to provide those records."  Doc. 1808 at 6 (citing Doc. 733 at 2-3).  And the defendants acknowledge that the United States "has indeed disclosed numerous pen-register records."  *Id.*  The defendants do not specify in the present pleading what additional records they are requesting.  In any event, the defendants' request for additional pen register information has been fully briefed in *Defendant George Osgood's Motion to Compel Discovery Related to Pen Register, Cell Phone Site, or GPS Data* (Doc. 1578), the United States' response thereto (Doc. 1633), and defendant Reid's reply (Doc. 1688).

        B.    Information Concerning Financial Investigation

This Court denied the defendants' request for "all net worth investigation records pertaining to this investigation and all financial analysis reports made in this case," Doc. 1808 at 7 (citing Doc. 573 at 4-6; Doc. 770 at 8-9), nearly three and a half years ago in its Order on *Defendants' Joint Motion to Compel Discovery Related to the Interception of Electronic Communications* (Doc. 733 at 2) and again in its Order on the defendants' motion to reconsider (Doc. 819 at 2-3, n.2). The defendants' renewed attempt to resurrect this issue should also be denied.

### C.    Tape Recordings

The recordings to which the defendants refer were recorded conversations between certain targets of the investigation in this case and the person referred to in Agent Stark's wiretap affidavits as CS-3. Because a review of the recordings by anyone familiar with CS-3's voice would reveal CS-3's identity, the United States produced the recordings (with any reference to CS-3's name redacted) for inspection at the DEA by attorneys Jody Neal-Post, in her role as defense discovery coordinator, and Scott Davidson, who was preparing the defendants' wiretap suppression motion. *See* January 10, 2007 letter to Jody Neal-Post, attached hereto as Exhibit 1. Transcripts of those recordings were subsequently provided to the defense. *See* February 6, 2007 letter to Jody Neal-Post, attached hereto as Exhibit 2, and April 25, 2007 letter to Scott Davidson, attached hereto as Exhibit 3. The United States will make the recordings available for Mr. Nash's review prior to the *Franks* hearing on request.

### D.    Surveillance Reports, Logs, and Notes

As noted in the United States' January 10, 2007 discovery letter to Ms. Neal-Post (Exhibit 1), the United States did in fact produce additional surveillance reports in response to the Court's order on the defendants' motion for wiretap discovery. Nevertheless, the United States will confirm prior to the *Franks* hearing that it has produced the material covered by the Court's order.

    3.    DISCLOSURE OF PEN REGISTER, CELL SITE, AND GPS INFORMATION

As noted above, the defendants' request for this information has been fully briefed in *Defendant George Osgood's Motion to Compel Discovery Related to Pen Register, Cell Phone Site, or GPS Data* (Doc. 1578), the United States' response thereto (Doc. 1633), and defendant Reid's reply (Doc. 1688). The defendants' *Renewed Request for Disclosure on Pending Matters* is nothing more than an additional reply to the United States' response to defendant Osgood's initial motion. The United States objects to the defendants' attempt to supplement the briefing on this issue by way of the present pleading.

                                    Respectfully submitted,

                                    GREGORY J. FOURATT
                                    United States Attorney

                                    *ELECTRONICALLY FILED*

                                    JAMES R.W. BRAUN
                                    Assistant U.S. Attorney
                                    P.O. Box 607
                                    Albuquerque, NM   87103
                                    (505) 346-7274


## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on the 1st day of April, 2010, I filed the foregoing pleading electronically through the CM/ECF system, which is designed to cause counsel of record for the defendants to be served by electronic means.

                                    *ELECTRONICALLY FILED*

                                    JAMES R.W. BRAUN
                                    Assistant U.S. Attorney