IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                              No. CR 05-1849 JH

DANA JARVIS, et al.,

    Defendants.

## REPLY TO UNITED STATES' RESPONSE TO DEFENDANTS' RENEWED REQUEST FOR DISCLOSURE ON PENDING MATTERS

Defendants David Reid and Greg Hill, by and through their respective counsel of record, hereby reply to United States' Response to Defendants' Renewed Request for Disclosure on Pending Matters.  (Doc. #1823)

    1.    **REQUEST FOR DISCLOSURE OF INFORMATION CONCERNING INFORMANTS**

The Government argues that the defense motion is untimely because there is no pending motion for disclosure of informants before the Court to be renewed. (Doc.1823 at 1-2.)  Although the Government accurately sets forth a limited chronology of this matter, the fact is that the defense already laid out and acknowledged the same facts in its original motion.  (Doc. 1808 at 1-2.)

That chronology is not controlling, however, because the legal landscape changed when this Court granted a Franks hearing in this matter.  Prior to that time, there was no need for a motion to disclose informants directed toward

Franks-hearing issues. This is why the prior motions were directed only toward trial issues.

However, once the wiretap issue was litigated and this Court determined that the defense had made a sufficient showing to necessitate a Franks hearing, the purpose for disclosure changed, and a renewed request became necessary. For example, the defense has demonstrated that it already knows the true identities of CS-2 and CS-3. In order to prove up its claims about what those informants could have done, and how that would have diminished the necessity for a wiretap, the defense will have to question the agent about the matters discussed in the defense pleadings. Such cross examination will inevitably involve discussion of the identity of those informants.

Similarly, the defense has set forth a list of other people whom the Government could have recruited as informants. Again, the testimony on that issue will not make sense unless it is known whether or not a given person actually was an informant. Moreover, if the Government had informers whom it did not disclose to the issuing Court, that is the essence of a Franks issue, so there will have to be questioning on that topic as well.

In sum, the issue of what the Government's informants who have already been disclosed could have done has been fully briefed, and questioning on that issue is inevitable. Similarly, the questioning of whether the Government had other informants (whether called a "CS" or by any other label) is clearly material. Indeed, as previously noted, the Government's ***own affidavits*** specifically stated

that it had ***not*** disclosed all of the information available to its agents.  Accordingly, now that a Franks hearing has been set, information that would not have been relevant before has become relevant.  Requests for documentation and Jencks-Act material during the hearing would only tend to unnecessarily delay the process.  Thus, the purpose of the request having only arisen recently, the renewed defense motion is not untimely.

2. **REQUEST FOR OTHER INFORMATION RELEVANT TO *FRANKS* HEARING**

   A. Request #4 from Motion #573: Pen register records and printouts:

The Government's response on this issue is curious, in that it ignores the main defense contention.  That contention is that Government's counsel stated that there were pen-register records obtained in this case, but he would not disclose them because they were not used in the investigation, and would not be used at trial.  The Government's Response never denies the correctness of this statement, and has thus tacitly conceded the point.

Instead, the Government argues that the defense has not specified what additional records it is requesting. (Doc. #1849 at 2.)  The defense respectfully submits that the shoe is actually on the other foot.  It is not up to the defense to specify any more than it has, namely that it is requesting any and all pen-register records related to this case that have not yet been disclosed.  Specific knowledge

of what those records are, by its very nature, is possessed ***only*** by the Government and its agents.  Accordingly, the defense request is as specific as it can be at this time.  It should be granted well before the Franks hearing so that the defense can review the records in time to use them in support of its contention that the Government failed to fully utilized the pen-register technique as permitted by the Court's authorization.

      B.     Requests #5 and 6 from Motion #573: Financial investigation:

The Government's response on this issue is, once again, that the request is untimely.  (Doc. # 1823 at 3.)  As previously discussed, however, the defense is in a different position now that a Franks hearing has been set.  The Government's failure to conduct a financial investigation was raised in the defense pleadings, and it is material to this hearing.  Accordingly, the fact that there was trial-oriented litigation on this issue before the Franks hearing was set does not prevent a request for disclosure oriented toward the issue of necessity now that the hearing has been set.

      C.     Request #7 from Motion #573: tape recordings:

The Government's response states that the items referenced in the defense motion are of conversations between CS-3 and targets of the

investigation.[1] It further states that the transcripts of those conversations have already been disclosed and that it will make the recordings available "for Mr. Nash's review." Presumably this would include all remaining defense counsel and their staff, investigators and experts. That is agreeable to undersigned counsel and so, subject to that presumption, no further discussion of this issue is required.

    D.    <u>Request #13 from Motion #573: surveillance reports, logs, notes</u>:

The Government's response states that it will confirm that it has produced all of the additional surveillance required by the Court's order. Accordingly, no reply is required on this issue.

    3.    **PRODUCTION OF PEN REGISTER, CELL SITE AND GPS INFORMATION**

The key factor regarding this issue is that the defense motion for this material has not been ruled upon. The Government does not dispute this. The ruling should be made sufficiently in advance of the <u>Franks</u> hearing to permit the defense to analyze any data disclosed.

---

[1] The defense requested production of all logs, reports, records, original notes, and other records pertaining to physical surveillance of any individual named in the affidavits. (Doc. #573 at 7.) This Court granted that request. (Doc. # 819 at 3.) That request stands. The reply above is premised on the implication in the Government's Response that the only items they have in this category are the recordings of consensually-monitored calls.

Electronically filed,

   /s/                                                                     /s/
Walter Nash, for Defendant Reid        Billy R. Blackburn for Defendant Hill
P.O. Box 2310                                     1011 Lomas NW
Tucson, Arizona 85702                   Albuquerque, New Mexico   87102
(520) 792-1613

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of April, 2010, I filed the foregoing electronically through the CM/ECF system, which caused all counsel to be served by electronic means, as more fully reflected on the Notice of Electronic filing.

<u>Electronically filed</u>

Walter Nash