IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY - 3 2010

MATTHEW J. DYKMAN
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CRIMINAL NO. 05-1849 JH |
| DAVID REID, | ) ) | |
| Defendant. | ) ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, DAVID REID, and the defendant's counsel, WALTER NASH:

### REPRESENTATION BY COUNSEL

1. The defendant understands his right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with his attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands his rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to confront and cross-examine witnesses and to call witnesses in his defense; and

    d. against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The defendant hereby agrees to waive these rights and to plead guilty to an Information to be filed charging violation of 26 U.S.C. § 6050I, that being Failure to Make Return For More Than $10,000 in Cash Received in the Course of a Trade or Business.

## SENTENCING

4. The defendant understands that the maximum penalties the Court can impose are:

   a. imprisonment for a period of not more than one (1) year;

   b. a fine of not more than $100,000.00;

   c. a term of supervised release of not more than one (1) year that must follow any term of imprisonment (if the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked – even on the last day of the term – and the defendant could then be returned to another period of incarceration and a new term of supervised release);

   d. a mandatory special penalty assessment of $25.00; and

   e. restitution as may be ordered by the Court.

5. The parties stipulate and agree pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., that the sentence shall be probation for a term of 12 months and a fine of $25,000.00.

6. The parties agree that the information in the record is sufficient to enable to Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553 without the preparation of a presentence report. Therefore, the parties agree to waive preparation of a presentence report. Should the Court order the preparation of a presentence report pursuant to Rule 32, Fed. R. Crim. P., however, the United States hereby expressly reserves the right to make known to the United

States Probation Office for inclusion in the presentence report any information that the United States believes may be helpful to the Court.

## DEFENDANT'S ADMISSION OF FACTS

7. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense to which I am pleading guilty beyond a reasonable doubt. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

Between July 2004 and July 2005, I was engaged in a business called RC Aviation, LLC. In the course of that business, I received in the District of New Mexico and elsewhere more than $10,000.00 in cash in two or more related transactions from Dana Jarvis. I did not make the return required by law and regulations with respect to such related transactions.

8. By signing this agreement, the defendant admits that there is a factual basis for each element of the crime to which the defendant will plead guilty.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

9. The defendant understands his obligation to provide the United States Probation Office with truthful, accurate, and complete information. The defendant hereby represents that he has complied with and will continue to comply with this obligation.

## FUNDS SEIZED

10. Funds in the amount of approximately $8,000 in cash were seized from the defendant's residence. Funds in the amount of approximately $500 were seized from one of the defendant's bank accounts. These funds will not be released to the defendant. Rather, the funds will be retained by the United States and applied toward payment of the $25,000 fine set forth in paragraph 5 above.

## WAIVER OF APPEAL RIGHTS

11. The defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 1291 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal his conviction and imposition of the sentence agreed to in paragraph 5 of this plea agreement.

## GOVERNMENT'S AGREEMENT

12. Provided that the defendant fulfills his obligations as set out above, the United States agrees:

   a. That it will not bring additional criminal charges against the defendant arising out of the facts forming the basis of both the Superseding Indictment and the Information in this matter.

   b. That it will move at the time of the defendant's sentencing to dismiss the Superseding Indictment as to the defendant.

13. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

14. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement.

## VIOLATION OF PLEA AGREEMENT

15. The defendant understands and agrees that if he violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the Superseding Indictment in this case, as well as perjury, false statement, and obstruction of justice. Moreover, the defendant understands and agrees that if either his conviction or sentence in this matter is hereafter vacated for any reason, the charges contained in the Superseding Indictment shall be considered reinstated as to the defendant, and the defendant specifically waives any statute of limitations or speedy trial claims in that regard.

## ENTIRETY OF AGREEMENT

16. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 3rd day of May, 2010.

5

GREGORY J. FOURATT
United States Attorney

*[signature]*

JAMES R.W. BRAUN
STEPHEN R. KOTZ
Assistant United States Attorneys
201 Third Street N.W., Suite 900
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.

*[signature]*

DAVID REID
Defendant

*[signature]*

WALTER NASH
Attorney for Defendant

6