IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

vs.                                                                                                Cr. No.  05-1849 JH

**GREG HILL,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendants' Joint Motion to Suppress the Fruit of Title III Wiretaps* [Doc. No. 1533].  The motion was filed by Defendant David Reid and joined by Defendants Dennis Wilson and Greg Hill.  The Court has been informed that both Reid and Wilson have resolved the charges against them, and accordingly Defendant Hill is the sole defendant moving the Court to suppress the fruits of the wiretaps in this case.

## FACTUAL AND PROCEDURAL BACKGROUND

In the motion, Hill argues that the wiretaps which led to the collection of evidence against him were conducted in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 et seq.  That statute provides that, under certain circumstances, law enforcement officers may conduct authorized wiretaps intercepting telephone conversations of suspects in criminal investigations.  Hill argues that the six wiretaps conducted by the Government from March of 2005 through September of 2005 violated 18 U.S.C. § 2518(3)(c), which provides that a judge may enter an *ex parte* order authorizing the interception of electronic communications if the judge determines on the basis of the facts submitted by the applicant that "normal investigative

procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." Thus, Hill contends that there was no necessity for the wiretaps, as less invasive investigative, "normal" techniques could have been tried or pursued further, and therefore the fruits of those wiretaps should be suppressed. In the motion to suppress, Hill contends that in his affidavit in support of the wiretaps, the Government's affiant misled the signing judge regarding the necessity of the wiretaps. The Defendants requested an evidentiary hearing on this issue pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

Defendants filed their motion to suppress on February 2, 2009. However, due to the desire of the Defendants to supplement their initial motion, as well as the need for the parties to have additional time to brief the complex issues raised therein, the motion was not fully briefed until July 22, 2009. On September 17, 2009, the Court held a preliminary *Franks* hearing in which it heard oral argument from counsel regarding the necessity for a full evidentiary hearing. On December 1, 2009, the Court entered an Order granting the Defendants' request for a full evidentiary hearing under *Franks* and asked the parties to confer regarding how much time would be needed for the hearing, and when it should be scheduled. The parties informed the Court that they needed three days for the hearing, and that due to counsels' schedules, it should take place in April 2010 or later. Accordingly, the Court set the matter for a full *Franks* hearing on May 3-5, 2010. That hearing never took place, however. On April 30, 2010, Defendant Hill—now the sole movant—filed a notice of withdrawal of his request for a full *Franks* hearing. The request appeared to be unopposed by the Government. Thus, the Court is left to decide the entire motion, including the *Franks* issue, on the papers filed by the parties. In that regard, in making its ruling the Court has considered Doc. Nos. 1533, 1627, 1661 and 1690, and all the attachments thereto. These filings are comprised of hundreds of pages of briefing and exhibits.

## **DISCUSSION**

In *Frank*s, the Supreme Court held that it is permissible for a defendant to challenge the veracity of a sworn statement used by police to obtain a search warrant. 438 U.S. at 155. As grounds for his motion to suppress, Hill makes such a challenge to the affidavit supporting the initial wiretap application in this case. However, in order to raise such a challenge, the defendant must make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Id*. at 155-56. Furthermore, the Supreme Court held that if the allegedly false statement is necessary to the finding of probable cause, the district court must hold a hearing "at the defendant's request." *Id*. at 156. At such a hearing, the burden is on the defendant to prove the allegation of perjury or reckless disregard by a preponderance of the evidence. *Id*. If the defendant meets this burden, the court must set aside the affidavit's false material and determine whether the affidavit's remaining content is sufficient to establish probable cause. If not, "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Id*.

Both in their written briefs and in their oral arguments at the September 19, 2009 hearing, the parties discussed the issue of whether the Defendants had made the required preliminary showing needed to obtain a full *Franks* hearing. As the Supreme Court said in *Franks*,

> the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. *There must be allegations of deliberate falsehood or of reckless disregard* for the truth, and *those allegations must be accompanied by an offer of proof*. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. *Affidavits or sworn or otherwise reliable statements of witnesses should be furnished*, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

*Id*. at 171 (emphasis added).  In reliance upon this portion of the *Franks* opinion, the Court concluded that the Defendants had the right to a full evidentiary hearing.  Though Defendants certainly had not *proved* that the affiant had deliberately misled the judge who signed the order authorizing the wiretap or that he had acted with reckless disregard for the truth, they did make an offer of proof in that regard as required by *Franks*.  Defendants supported their allegations with the original and supplemental affidavits of Suzane Doucette, a former special agent with the Federal Bureau of Investigation, lawyer, adjunct law professor, and consultant.  Generally speaking, Doucette averred that the wiretap conducted was not necessary because investigators either failed to try certain traditional, less intrusive investigative techniques or prematurely discontinued using such techniques.  Doucette also averred that there was no danger to law enforcement officials in pursuing such "traditional" techniques.  Defendants also relied upon the affidavits of Defendants David Reid and Dana Jarvis, investigator Milton Rodriguez, and consultant Richard Demarest, as well as various other exhibits.  In so doing, Defendants pointed to specific portions of the affidavit of Richard L. Stark, Special Agent with the Drug Enforcement Administration, which they asserted misled the judge who signed the order authorizing the wiretap regarding the necessity for such an intrusive method of investigation.  In ruling that the Defendants were entitled to a full evidentiary hearing, the Court concluded that they had made the initial showing required by the above-quoted language in *Franks*.

However, in order to ultimately succeed under *Franks*, a defendant must go far beyond the initial preliminary showing necessary to obtain an evidentiary hearing.  According to the Supreme Court, at a *Franks* hearing the defendant has the burden to establish, by a preponderance of the evidence, that the affiant—in this case, Agent Stark—has made a false statement knowingly and intentionally, or with reckless disregard for the truth.  *Id*. at 156.  This case presents a somewhat

4

unusual situation: having earned the right to an evidentiary hearing under *Franks*, Defendant Greg Hill has now waived his right to such a hearing and asks the Court to resolve the issue on the parties' written submissions. [Doc. No. 1839]. Thus, the Court has had no opportunity to hear the testimony of witnesses and assess their credibility, and is left to make the important determinations required by *Franks* on the basis of affidavits and printed exhibits, as well as Agent Startk's affidavits themselves. In light of that fact, the Court concludes that Hill has failed to meet his burden of proof under *Franks*. Hill has come forward with written evidence to suggest that, in retrospect, others might have taken a different approach in investigating the alleged drug crimes at issue in this case, and one assumes that had Hill chosen to go forward at the hearing questions relating to the necessity of the wiretaps could have been explored further. However, the fact that a person not on the scene of the investigation would have utilized different techniques does not carry the day. On the written record currently before the Court, Hill falls far short of demonstrating by a preponderance of the evidence that any statement in Agent Stark's affidavits regarding the necessity for a wiretap was knowingly and intentionally false, omits material information, or was made with reckless disregard for the truth. Accordingly, there is no basis upon which to strike any portion of Agent Stark's affidavits, and the motion to suppress must fail.

**IT IS THEREFORE ORDERED** that *Defendants' Joint Motion to Suppress the Fruit of Title III Wiretaps* [Doc. No. 1533] is **DENIED**.

UNITED STATES DISTRICT JUDGE