**LAW OFFICES OF**
**NASH & KIRCHNER, P.C.**
P.O. BOX 2310
TUCSON, ARIZONA 85702
Telephone (520) 792-1613
Fax (520) 628-1079
Pima County Computer No. 41636
State Bar No. 002893
walter.nash@azbar.org
bkirchner@azbar.org

Attorney for defendant David Reid

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,                          CR-05-1849 JH

vs.

DAVID REID,

    Defendant.

SENTENCING MEMORANDUM

    The Defendant David Reid, by counsel undersigned, hereby submits this Memorandum concerning his sentencing.

    Mr. Reid is before the Court on his plea of guilty to misdemeanor offense of failing to file an appropriate financial form following cash or cash equivalent payments to him of more than $10,000.  The agreement provides for a binding, stipulated sentence of probation together with a

$25,000.00 fine.[1]

The Court is respectfully urged to accept the plea in this case and to impose probation. There are a variety of factors in David's background and in this case, all of which militate in favor of the agreed-upon disposition. The agreed-upon disposition is a product of extensive discussions between defense counsel and counsel for the Government. The Government was intimately familiar with David's background and his real involvement in this case.

Grounds may exist for an objection to the Guideline calculation, but none is made in this case because it would not result in any change in the applicable Guideline range of 0 to 6 months. Mr. Reid entered a guilty plea to failing to file the appropriate report for two $5,000.00 cash payments for the same transaction. The Presentence Report ("PSIR") predicates the base offense level upon the total amount that David was allegedly paid for his flying services herein. However, there is no showing that other payments in excess of $10,000.00 for a *single* transaction were made and did not result in the filing of a form. The simple fact that a gross amount

---

[1] The defense has agreed that the Government will keep $8,500.00 taken from Mr. Reid at the time of his arrest, which such amount would be credited against the $25,000.00 fine.

-2-

was paid to David for a number different episodes of services rendered does not necessarily mean that a form is required for all of those transactions.  However, even if that objection was litigated and granted, we would still be left with a Guideline sentencing range of 0 to 6 months.  Accordingly the matter is not discussed further herein.

The stipulated range sentence herein falls within the Guideline range found in the PSIR.  Thus, the Court need not consider various grounds for departures or for a variant sentence.  However, there are a number of factors in David's background and in his performance in this case since his arrest which militate in favor of the stipulated disposition and which could arguably constitute grounds for departure or a variant sentence if one was needed.

Initially, counsel undersigned wanted to briefly address a matter that is not really relevant to this sentencing, but which appears in the Report. The Jarvis organization was involved in extensive drug trafficking.  The Government's case against Mr. Reid was admittedly circumstantial and was defensible in a number of ways.  The plea ultimately agreed to does *not* involve drug-related conduct and, as such, counsel undersigned will not waste the Court's time in going through various drug-related allegations in

-3-

the PSIR. Suffice it to say that the Government, after years of involvement with the facts of this case and knowing David Reid very well, would not have made this plea agreement if it did not believe that the facts of the case and his background called for it.

David came into this case with an absolutely exemplary record. He is 55 years of age and has had ample time during the course of his life to demonstrate any untoward conduct. He has no felony arrests and but a single misdemeanor citation almost 20 years ago (almost immediately dismissed) which stems from a claim by his then-17 year old daughter that he had pushed her. One day after she made that report, she admitted to the police that she had lied to them and a dismissal followed.

David does not now have nor has he ever had, any alcohol or drug related problems. Extensive supervision by Pretrial Services did not reflect any such issues. His employment as a pilot has often involved random uranalyses, which has confirmed that fact.

David has an exemplary personal background. He is but one semester short of a Bachelor of Science degree in Physics. He was raised a Quaker and practiced that faith for many years until his conversion to The Church of Jesus Christ of Latter Day Saints almost eight years ago.

-4-

David has been consistently employed whenever possible throughout his adult life. His worked as a truck driver and as a controller and a pilot for large metal fabrication facility in Pinal County, Arizona. He has also worked as a network engineer in the computer field both full-time and part-time.

The real passion of David's life has been flying. He has been a licensed pilot for almost 30 years. He holds a variety of high level ratings. He has been employed on both a part-time and full-time basis as a charter, corporate, and forestry pilot.

David has more recently found a life partner and has been residing in Texas with the woman that he plans to marry. He is employed out of the state of Louisiana as a corporate pilot, but makes his principal residence in Texas.

David's performance since his arrest in August of 2005 has been exemplary. He was released initially on very onerous conditions which were rapidly relaxed until Pretrial Services felt his performance had been so good for so long that they terminated supervision altogether.

The bottom line is that for almost five full years David Reid has been on the equivalent of probation. He has never put a foot wrong. David's

-5-

indictment in this case has already caused significant collateral punishment to him. He has also suffered a number of other adverse personal, family and financial consequences since August of 2005. His mother was diagnosed with cancer and David spent a great deal of time caring for her in the State of Oregon. She passed away last year. David was unable to fly following his release due to travel restrictions and was unable to make payments on an aircraft in which he had invested money. The aircraft was returned to the lien holder and David lost all of his equity. David had also been purchasing a home in Casa Grande, Arizona, but his inability to work in the months following his arrest caused him to be unable to make payments and the house to go into foreclosure. The foreclosure was ultimately resolved after a great deal of time and was the subject of a short sale. David lost all of his accumulated equity.

The State of Oregon has filed a civil action against David stemming from a claim for some of the Medicare and Medicaid benefits paid to his mother. They are seeking $84,000.00 from him. David obtained work renovating a hotel in Taos, New Mexico, but the developer ended up in bankruptcy leaving David with a discharged claim of more than $100,000.00 in unpaid bills and expenses.

Although David has a good job at the present time, he has previously lost three separate flying jobs in both Arizona and California due to the businesses falling victim to the economic downturn.

The State of Arizona is presently auditing his tax returns claiming that he owes back taxes. Although that audit was initiated shortly after his arrest in this case, it does not appear to be involving any claim of unreported income related to this case. In fact, David reported all of the income he made flying for Dana Jarvis on his tax returns.

David has no real equity, no significant unencumbered assets, and has tremendous debt.[2]

David's acceptance of responsibility and entry into this plea agreement has constituted a substantial savings of time and resources for both the Government and the Court. The Government and the Court did not have to go forward with litigating the *Franks* evidentiary hearing and did not face an additional hearing on the merits of the wiretap. Further, the trial was avoided as to the allegations against David (which had substantial areas that did not overlap with the sole remaining defendant herein).

---

[2] Page 20 of the PSIR lists a 2007 Chevrolet pickup truck as being unencumbered. In fact it is the subject of the GMAC auto loan shown further down that same page. The truck is "upside down."

-7-

David also has a great deal of family and community support as reflected in a number of letters which have been submitted (several letters were submitted to the Court with the PSIR and an additional letter is attached to this pleading).

For all of the reasons recited herein the Court is urged to accept the plea agreement and to sentence David Reid to a period of probation. Several additional matters need to be discussed with regard to the nature of his probation and some of the other conditions thereof.

Given the fact that David has been under this Court's supervision for almost *five full years* without any issue or problem, the Court is respectfully urged to make the period of probation a short one.  Further, the Court is asked to consider making the probation unsupervised.  Given David's performance and the nature of this plea, there is frankly no need to waste already over-stressed probationary resources on an individual who has demonstrated he does not need supervision.

The Court is also urged to waive the payment of any probation fees given the very dire nature of David's financial condition and the fact that there is still a substantial amount owed on a fine.  Those same financial circumstances also militate in favor of the Court waiving the requirement for

-8-

interest on the fine that has been imposed (particularly given the approximate $8,500.00 payment that is to be credited at the time of sentencing).

There are two potential conditions of probation shown in Attachment A to the Presentence Report that would be particularly inappropriate in the case of David Reid. The first is the condition that he not leave the District without prior permission. First David lives in Texas not New Mexico. Second, David works as a commercial pilot and frequently flies around the country, often times on short notice. Any requirement that does not allow him leave the judicial district in which he is being supervised without permission of the Court or his Probation Officer has proven unworkable in the past. Indeed, his Pretrial Services conditions were modified early on in this case to allow David to travel for purposes of employment without permission of the Court or Pretrial Services. No problems followed. Therefore, the Court is urged not to impose this as a condition of his probation.

The second is the condition that he have no access to firearms. David presently resides with his fiancé on a ranch in Texas. Ranch style living in Texas (and in New Mexico and Arizona) is characterized by the

-9-

presence of firearms. In rural areas these are a necessity. His fiancé and her family have firearms. The charge of which David is now convicted does not operate as a bar to his right to possess firearms. His record is devoid of violence or firearms misconduct and the allegations in this case involving David are similarly violence-free. Therefore, the Court is respectfully urged not to impose any condition that bars David from possessing or having access to any firearms during his probationary period.

In conclusion, the Court is respectfully urged to accept the plea agreement, and impose the stipulated sentence. It is further requested that, in view of Mr. Reid's exemplary record during the many years that his case has been litigate, the conditions of probation be set as discussed above.

RESPECTFULLY SUBMITTED this 8th day of July, 2010.

LAW OFFICES OF
NASH & KIRCHNER


BY: /s/ Walter Nash
Attorney for Defendant Reid

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was delivered to opposing counsel and all other counsel of record *via* the CM/ECF system this 8th day of July, 2010.

/s/ Walter Nash

-11-