IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                            Cause No.  05-CR-1849-JH

GREG HILL,

    Defendant.

**AMENDED MEMORANDUM IN SUPPORT OF CONTINUATION OF CONDITIONS OF RELEASE PENDING SENTENCING**

The Defendant Greg Hill, by and through his attorney Billy R. Blackburn, pursuant to the Fifth and Fourteenth Amendments of the United States Constitution and 18 U.S.C. §3145(c), hereby submits this Memorandum in Support of Continuation of Conditions of Release Pending Sentencing.  In support of the continuation of the conditions of release which Hill has faithfully lived under with no violations for approximately five years, Hill states as follows:

**I.**    **Introduction**

In accordance with a plea agreement between Hill and the Government, Hill is expected to enter a plea of guilty to a violation of 21 U.S.C. §846, that being conspiracy to distribute 1,000 kilograms or more of marijuana.  The maximum statutory penalty associated with the plea is life imprisonment, and thus the detention provisions of 18 U.S.C. §3143 apply unless the Court finds "exceptional reasons why [Hill]'s detention would not be appropriate."  See 18 U.S.C. §3145(c).

The circumstances of this matter are far outside the norm for a defendant facing

a statutory maximum sentence of life imprisonment. This Memorandum is presented to the Court to outline these overwhelming exceptional reasons which indicate that placing Hill in detention pending sentencing after his complete compliance with conditions of release for five years would not be appropriate, including those relating to the nature of the offense, the expected Guideline sentencing range and the sentences of Hill's codefendants, and the history and characteristics of Hill himself.

**II.     Argument**

Exceptional circumstances are those that are "clearly out of the ordinary, uncommon, or rare." United States v. Mutte, No. 10-2093, 2010 WL 2413139, 3 (10th Cir. (N.M.) June 16, 2010)(unpublished). (A copy of the Mutte decision is attached hereto as Exhibit A). A case by case evaluation is necessary to assess reasons proffered as the basis for release pending sentencing. Id. "A wide range of factors may bear upon the analysis." Id. (quoting United States v. Garcia, 340 F.3d 1013, 1018 (9th Cir.2003)). This Court thus has "broad discretion to consider all the particular circumstances...and draw upon its broad experience with the mainsprings of human conduct." Id. (quoting Garcia, 340 F.3d at 1018). Release is appropriate if "due to any truly unusual factors or combination of factors" it would be unreasonable to immediately incarcerate the defendant pending sentencing. Id. (quoting Garcia, 340 F.3d at 1019). In this matter, Hill offers a plethora of unusual factors and a rare combination of the same which make it unreasonable to order his immediate incarceration.

   A.     The Nature of the Offense

The charges in this matter relate to a trafficking organization run by Dana Jarvis over an approximately 15 year period ending in 2005. However, according to the

Government's investigation, Hill's involvement, unlike that of many of his codefendants, was limited to the period after 2003. Even during that time, Hill was not exceptionally involved in the organization. He rarely is heard or discussed on the wiretaps, there is little physical evidence linking him to the organization, and he was described by informants essentially as a middle-man between Jarvis and connections in the Midwest. Moreover, there have never been allegations of any sort of violence, or even threats, from Hill. No weapons were involved and the narcotic at issue was marijuana. While the amount of marijuana involved is significant due to the nature of the conspiracy, Hill himself was not involved in determining those amounts. Thus, the offense can be considered one of the "lowest" for which life is the statutory maximum penalty.

  B. <u>Sentencing Expectations</u>

  Based upon the plea agreement and the "safety valve" provisions, it is expected that Hill will be eligible for a sentence substantially below not only the maximum of life, but the minimum as well. The parties anticipate his recommended Guideline sentencing range to include a lower end (to which the Government agrees is appropriate) of 70 months, with a possibility of no imprisonment due to the safety valve provisions.

  Based upon the sentences of several co-defendants, it is possible that Hill's sentence will be substantially lower than 70 months. For instance, Dana Jarvis was known to be the ring leader and mastermind for nearly 15 years and involved in drug trafficking for perhaps even longer and received a sentence of 14 years, essentially one year imprisonment for each year of leading involvement in the organization. More recent sentences include a 30 month sentence for a close associate of Jarvis heavily

involved in the organization for 7 years imprisonment and another close associate involved from the beginning in 1990 for a maximum of 4 years imprisonment. Based upon the ratios established by the sentences of these individuals, a sentence lower than the expected recommended 70 months may be necessary to avoid disparity.

Thus, as the Court can see, Hill's sentence is very likely to be substantially less than is typical for individuals facing a statutory maximum sentence of life. This makes it unreasonable to incarcerate him at this juncture, particularly considering the detrimental impact his immediate incarceration would have on his Bureau of Prisons classification level. A higher classification would result in more difficulty for Hill in accessing the programs that an individual of his background may truly gain from while incarcerated. Thus, by permitting Hill to remain on conditions of release, this Court can better promote the rehabilitative gains Hill has made and which are expressed below.

It is evident that the circumstances of the offense and his sentencing are exceptional when compared with other cases which fall within the strictures of 18 U.S.C. §3143. Accordingly, this Court should permit Hill to continue on conditions of release pending sentencing.

C.   Hill's Background and Characteristics

Initially, it must be noted that the only blemish on Hill's nearly 60 years is this matter. He has no criminal history and has lived under conditions of release with absolutely no violations since his arrest five years ago. These conditions include: regular drug testing (approximately 50 negative to date without any positives), severe limitations on his movement (initially on an ankle bracelet, Hill is now restricted to the Southern District of Indiana), random visits from pretrial services, and general pretrial

supervision. These facts alone are exceptional in relation to other defendants facing a statutory maximum of life imprisonment. They clearly indicate that he is neither a danger to the community nor a flight risk and they otherwise offer justification for his continued release. See Mutte at 1.

Moreover, Hill's life since his arrest provides even greater exceptional reasons to continue his release pending sentencing as it is a testament to his desire, ability and success in rehabilitating himself. Through his business, Player's Pub, he has been instrumental in the revitalization efforts of the people in his town, and he has led a revival in downtown Bloomington, returning the once blighted neighborhood into the community-friendly gathering point long thought lost for good. Hill has done this by celebrating the arts and local musicians, vital components to any community's happiness and sustainability. His efforts have drawn accolades from community leaders, including Bloomington's mayor and city counselors.

Hill uses his business to assist those in need as well. He provides employment opportunities to those desperate for a fresh start by repeatedly and continuously hiring battered women from a local shelter, providing them with a second chance. He gives as much as he can to local charities through direct donation, hosting events, and similar good deeds. For instance, a few years ago, while on pretrial release, when the Community Kitchen of Monroe County, responsible for serving over 100,000 meals a year to the needy in Hill's area, was struggling to make ends meet, Hill offered to host a fund-raising event and arranged for ten musical acts to appear throughout the day. Every penny earned by the Pub that day was given to the Community Kitchen, and because of Hill's efforts, needy citizens and children received thousands more meals. If

Hill is detained pending sentencing, all of these community benefits will be forced to immediately cease as his business shuts its doors without an opportunity to make necessary arrangements.

Moreover, Hill is has become a vital asset to the Bloomington area in other ways. Numerous individuals can speak to the good work he has done, including such upstanding members of the community as a reputable Circuit Court Judge and multiple members of the City Counsel.  At the same time, Hill has re-devoted himself to holistic and spiritual healing and guidance.  There are countless persons with Hill to thank for helping them through some of the darkest times.  For instance, during the pendency of this case, terminal illness plagued an old friend's father.  As his illness progressed and death approached, it was Hill's spiritual guidance that provided the stability and calm that permitted this man to gently and peacefully face his fate.  This counseling and guidance was given by Hill even while he himself faced these charges.

Hill's exceptionalness is all the more impressive given his troubled background. When he was a child, Hill repeatedly suffered physical abuse from his stepfather which leaves scars on his person to this day.  Although his rough childhood is typical of persons that grow into violent and angry men, Hill has no history of the sort.  Rather, as many around Bloomington recognize, he has developed tremendous empathy for others.  The only mark upon his life is this matter.

### III.    Conclusion

Unlike many of the defendants subject to 18 U.S.C. §3143, Hill is not a dangerous man undermining society.  His involvement in this matter, limited as it may be, was obviously an aberration.  The overwhelming majority of his life, particularly in

the years since his arrest, has been a testament to the power of one man to change his community for the better. His best opportunity to continue this rehabilitative path requires his continued release on conditions pending sentencing. These exceptional reasons should guide this Court to permit Hill to remain on the same conditions of release he has faithfully followed for the last five years.

                              Respectfully submitted,

                              <u>Electronically filed 8/12/10</u>
                              BILLY R. BLACKBURN
                              Attorney for Defendant
                              1011 Lomas Blvd. NW
                              Albuquerque, NM 87102
                              (505) 242-1600

     I hereby certify that a true and accurate copy of the foregoing was emailed by CM/ECF to AUSA James Braun this 12th day of August, 2010.

<u>Electronically filed 8/12/10</u>
Billy R. Blackburn