Westlaw.

Slip Copy, 2010 WL 2413139 (C.A.10 (N.M.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 2010 WL 2413139 (C.A.10 (N.M.)))

Only the Westlaw citation is currently available.This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter. See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Tenth Circuit Rule 32.1. (Find CTA10 Rule 32.1)

United States Court of Appeals,
Tenth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Keith MUTTE, Defendant-Appellee.
**No. 10-2093.**

June 16, 2010.

**Background:** Defendant was convicted of assault resulting in serious bodily injury. The United States District Court for the District of New Mexico conditionally released defendant pending sentencing and denied government's motion for reconsideration. Government appealed.

**Holding:** The Court of Appeals held that exceptional reasons existed to warrant release.

Affirmed.

West Headnotes

**[1] Sentencing and Punishment 350H** ⬤═0

350H Sentencing and Punishment
Court provided adequate justification for determination that defendant was not present danger to victim or society,

supporting its finding that exceptional circumstances existed to warrant defendant's release pending sentencing on conviction for assault resulting in serious bodily injury, despite room for disagreement regarding defendant's character and propensities. 18 U.S.C.A. § 3145(c).

**[2] Sentencing and Punishment 350H** ⬤═0

350H Sentencing and Punishment
Court acted within its discretion in finding that, as contemplated by Mandatory Detention Act, exceptional reasons existed to warrant defendant's release pending sentencing on his conviction for assault resulting in serious bodily injury; court found that defendant was not flight risk or danger to any other person or community, dual-prosecution situation, spanning three-year period, was unusual and uncommon and defendant had lived in same community as victim without incident during entire period, defendant had been under constant supervision and fully compliant with all federal and tribal conditions, and criminal act was aberrant in that defendant had not engaged in any such conduct since charged offense. 18 U.S.C.A. § 3145(c).

Randilynn M. Lord, Office of the United States Attorney, Albuquerque, NM, for Plaintiff-Appellant.

Samuel L. Winder, Office of the United States Attorney, Albuquerque, NM, for Defendant-Appellee.

Before KELLY, O'BRIEN, and TYMKOVICH, Circuit Judges.

**ORDER AND JUDGMENT**[FN*]

PER CURIAM.

**\*1** The Government appeals the district court's release of defendant Keith Mutte, pending sentencing on July 6, 2010, for the crime of assault resulting in serious bodily injury. Because the district court's determination was in

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 2413139 (C.A.10 (N.M.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 2010 WL 2413139 (C.A.10 (N.M.)))

accordance with the statutory detention scheme, we affirm.

I.

Mr. Mutte, a Native American, assaulted his girlfriend and broke her ankle on April 6, 2007. He was prosecuted in tribal court for the offense and was convicted. That conviction was overturned on appeal based on juror bias. In 2008 he entered a plea of guilty to simple assault and received probation. He remained under tribal supervision through March 2010 and complied with all conditions of probation.

In an overlapping proceeding involving the same incident, Mr. Mutte was indicted in federal court on October 9, 2009, for a violation of 18 U.S.C. §§ 113(a)(6) and 1153. He was convicted by a jury on March 24, 2010. Because assault resulting in a serious bodily injury is a crime of violence, the government moved for his detention pending sentencing, pursuant to 18 U.S.C. § 3143(a). The district court granted the motion but later released Mr. Mutte with conditions. The government sought reconsideration of the release, but the district court denied the request.

Factual findings underlying the court's determination were that: (1) Mr. Mutte is not a flight risk or a danger to any other person or the community, as shown by his pretrial services report; (2) the dual-prosecution situation, spanning a period of three years, was unusual and uncommon; (3) Mr. Mutte had lived within the same community as the victim without incident during the entire period; and (4) he had been under constant supervision and fully compliant with all federal and tribal conditions. Further, the court found that Mr. Mutte's criminal act was aberrant in that he had not engaged in any such conduct since the charged assault. The court concluded that, under the totality of circumstances, Mr. Mutte had demonstrated exceptional reasons supporting his release pending sentencing.

II.

The Mandatory Detention Act of 1990 requires that

defendants who are found guilty of certain categories of offenses must be detained pending sentencing, with three exceptions. First, a defendant may be released if "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted." 18 U.S.C. § 3143(a)(2)(A)(i). Second, a defendant may be released if "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." Id. § 3143(a)(2)(A)(ii). The third exception provides, in pertinent part:

> A person subject to detention pursuant to section 3143(a)(2) ..., and who meets the conditions of release set forth in section 3143(a)(1) [unlikely to flee or pose a danger], may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

**\*2** Id. § 3145(c).

Here, no judicial officer has found a substantial likelihood that a motion for acquittal or a new trial will be granted. And the government attorney has recommended a sentence of imprisonment. Thus, only § 3145(c)'s "exceptional reasons" exception is relevant to Mr. Mutte's case.

"Whether the particular circumstances of a case satisfy a prescribed statutory standard, such as 'exceptional reasons,' presents a mixed question of law and fact." United States v. Kinslow, 105 F.3d 555, 557 (10th Cir.1997). "[T]he district court's determination" on the demonstration of an 'exceptional reason' justifying ... release" is given de novo review, while "the district court's findings of fact which support that determination" are accepted "unless clearly erroneous." Id. (quotation omitted).

III.

A. Government's Challenges to the District Court's Factual Findings

Slip Copy, 2010 WL 2413139 (C.A.10 (N.M.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 2010 WL 2413139 (C.A.10 (N.M.)))

[1] As a threshold manner, the Government asserts that the district court erred in finding that Mr. Mutte does not pose a danger to the victim or the community. The government's brief reprises the girlfriend's testimony, points to the girlfriend's continued concern for her safety, and refers to an investigator's affidavit repeating other women's allegations of abuse that took place before the charged assault. It also summarizes a study on the high recidivism rate of domestic-violence offenders.

Under the clearly-erroneous standard of review, it does not appear that the district court committed reversible error with regard to its factual findings. Although there is room for disagreement about Mr. Mutte's character and propensities, the district court provided adequate justification for its determination that Mr. Mutte is not a present danger to either the girlfriend or society.

B. Government's Challenges to the District Court's Legal Conclusion

[2] "[E]xceptional means clearly out of the ordinary, uncommon, or rare." *United States v. Little,* 485 F.3d 1210, 1211 (8th Cir.2007) (quotation omitted). An assessment of reasons proffered as the basis for release pending appeal "a case by case evaluation." *United States v. DiSomma,* 951 F.2d 494, 497 (2d Cir.1991) (referring to "a unique combination of circumstances giving rise to situations that are out of the ordinary"). "[A] wide range of factors may bear upon the analysis." *United States v. Garcia,* 340 F.3d 1013, 1018 (9th Cir.2003). The district court has "broad discretion.. to consider all the particular circumstances of the case before it and draw upon its broad experience with the mainsprings of human conduct." *Id.* (quotation omitted). The question is "whether, due to any truly unusual factors or combination of factors (bearing in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released ... ) it would be unreasonable to incarcerate the defendant" pending appeal. *Id.* at 1019.

*3 The government asserts that the district court's legal conclusion on the exceptional-reason issue is wrong on several counts. But in light of the broad range of factors

eligible for the district court's consideration, we conclude that the district court properly analyzed the record and identified "exceptional reasons" as contemplated by 18 U.S.C. § 3145(c). Thus, we AFFIRM the district court's determination that the otherwise mandatory confinement requirement of 18 U.S.C. § 3143(a)(2) does not apply to Mr. Mutte.

O'BRIEN, J., concurs in the result.

FN* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

C.A.10 (N.M.),2010.
U.S. v. Mutte
Slip Copy, 2010 WL 2413139 (C.A.10 (N.M.))

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.