IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 13 2010

MATTHEW J. DYKMAN
CLERK

UNITED STATES OF AMERICA, )
            )
    Plaintiff, )
            )
vs.         ) CRIMINAL NO. 05-1849 JH
            )
GREG HILL,  )
            )
    Defendant. )

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, GREG HILL, and the defendant's counsel, BILLY BLACKBURN:

### REPRESENTATION BY COUNSEL

1.  The defendant understands his right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with his attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.  The defendant further understands his rights:

    a.  to plead not guilty;

    b.  to have a trial by jury;

    c.  to confront and cross-examine witnesses and to call witnesses in his defense; and

    d.  against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.  The defendant hereby agrees to waive these rights and to plead guilty to Count 1 of the Superseding Indictment in this case charging a violation of 21 U.S.C. § 846, that being conspiracy to distribute 1000 kilograms and more of marijuana.

## SENTENCING

4.  The defendant understands that the minimum and maximum penalties the Court can impose as to Count 1 are:

    a.  imprisonment for a period of not less than ten (10) years nor more than life;

    b.  a fine not to exceed the greater of $4,000,000.00 or twice the pecuniary gain to the defendant or pecuniary loss to the victim;

    c.  a mandatory term of supervised release of not less than five (5) years that must follow any term of imprisonment (if the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked – even on the last day of the term – and the defendant could then be returned to another period of incarceration and a new term of supervised release);

    d.  a mandatory special penalty assessment of $100.00; and

    e.  restitution as may be ordered by the Court.

5.  The defendant may be eligible for the "safety valve" provisions set forth at 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2. If the defendant establishes eligibility for each of the elements in § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2, the defendant would be entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and the sentence imposed could be less than the statutory minimum sentence described above. This reduction depends on, among other requirements of § 3553(f), the defendant truthfully

providing to the government, before sentencing, all information and evidence concerning the offenses that were part of the same course of conduct underlying this agreement. Additionally, this reduction depends on the defendant having not more than one criminal history point as determined under the sentencing guidelines.

6. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

7. The United States reserves the right to make known to the United States Pretrial Services and Probation Office and to the Court, for inclusion in the presentence report to be prepared under Federal Rule of Criminal Procedure 32 any information the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADMISSION OF FACTS

8. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense to which I am pleading guilty beyond a reasonable doubt. I specifically admit the following facts related to the charge against me, and declare under penalty of perjury that all of these facts are true and correct:

Between approximately 1990 and August 2005, the Dana Jarvis drug trafficking organization distributed bulk marijuana from Arizona and New Mexico to destinations throughout the United States. On numerous occasions after I joined this conspiracy in

3

approximately 2003, other members of the Jarvis organization delivered bulk marijuana to me at my residence in Bloomington, Indiana. The total amount of marijuana delivered to me during the course of my participation in the conspiracy was more than 1000 kilograms. After the marijuana was delivered to me, I would distribute the marijuana and then provide a portion of the proceeds from the sale of the marijuana, in the form of United States currency, to another member of the Jarvis organization, who would then transport the proceeds to New Mexico.

During a search of my residence in Bloomington on August 25, 2005, agents found, among other things: $40,000 in a desk in the master bedroom; a triple beam scale, marijuana, and plastic bags in a desk in the basement; a duffle bag containing a large block (approximately 10 pounds) of marijuana in the basement; and a large capacity scale in a suitcase, a food sealer, two unopened boxes of two-gallon size Ziplock bags in a desk, and miscellaneous $1000 and $100 money wrappers in an office area of the garage.

9. By signing this agreement, the defendant admits that there is a factual basis for each element of the crime to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

10. The United States and the defendant stipulate as follows:

    a. At least 1,000 kilograms but less than 3,000 kilograms of marijuana are attributable to the defendant.

    b. No role adjustment under either U.S.S.G. § 3B1.1 (aggravating role) or U.S.S.G. § 3B1.2 (mitigating role) is appropriate.

c.      As of the date of this agreement, the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. Consequently, pursuant to U.S.S.G. § 3E1.1, so long as the defendant continues to accept responsibility for the his criminal conduct, the defendant is entitled to a reduction of three levels from the base offense level as calculated under the sentencing guidelines. The United States is free to withdraw this stipulation if the defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing. Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

d.      The defendant should be sentenced at the low end of the applicable guideline range.

11.     Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth above, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement.

12.     Apart from the stipulations set forth in this plea agreement, the United States and the defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines,

adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

13.     The defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the defendant understands that the Court may choose to vary from the advisory guideline sentence. The defendant understands that if the Court does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than expected by the defendant, or if the Court varies from the advisory guideline range, the defendant will not seek to withdraw his plea of guilty. In other words, regardless of any stipulations the parties may enter into, the defendant's final sentence is solely within the discretion of the Court.

## **DEFENDANT'S ADDITIONAL OBLIGATIONS**

14.     The defendant understands his obligation to provide the United States Probation Office with truthful, accurate, and complete information. The defendant hereby represents that he has complied with and will continue to comply with this obligation.

## **FORFEITURE**

15.     The defendant voluntarily and immediately agrees to forfeit to the United States all of his right, title, and interest to the following property:

    a.      Approximately $40,000.00 in United States currency seized from 3900 Ramp Creek Road, Bloomington, Indiana on August 25, 2005.

b.     All United States currency, funds, or other monetary instruments credited to account number 2937487, in the name of Greg and Mary Hill, located at Monroe Bank in Bloomington, Indiana, or its successor in interest.

16.    The defendant agrees to truthfully assist the United States fully in the forfeiture of all of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in the above-described property to the United States.

17.    The defendant agrees to waive his right to notice of any forfeiture proceeding involving the above-described property.

18.    The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the above-described property. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment of the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## WAIVER OF APPEAL RIGHTS

19.    The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal his conviction and any sentence within the applicable advisory guideline range as determined by the Court. The defendant specifically agrees not to appeal the Court's resolution of any contested sentencing factor in determining the

advisory sentencing guideline range. In other words, the defendant waives the right to appeal both the defendant's conviction and any sentence imposed in this case except to the extent, if any, that the Court may depart or vary upward from the advisory sentencing guideline range as determined by the Court. In addition, the defendant agrees to waive any collateral attack to his conviction pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

## GOVERNMENT'S AGREEMENT

20. Provided that the defendant fulfills his obligations as set out above, the United States Attorney's Office for the District of New Mexico agrees:

    a. Not to bring additional charges against the defendant arising out of the facts forming the basis of the present Superseding Indictment.

    b. Not to seek forfeiture of any of the defendant's property now known to the United States other than the property listed in paragraph 15 of this agreement.

21. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

22. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement.

## VIOLATION OF PLEA AGREEMENT

23. The defendant understands and agrees that if he violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant

will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the Superseding Indictment in this case, as well as perjury, false statement, and obstruction of justice.

## ENTIRETY OF AGREEMENT

24. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 13th day of August, 2010.

KENNETH J. GONZALES
United States Attorney

JAMES R.W. BRAUN
Assistant United States Attorney
201 Third Street N.W., Suite 900
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.

GREG HILL
Defendant

BILLY BLACKBURN
Attorney for Defendant