IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.               No. 05-1849 JH

MANUEL GIL,

    Defendant.

**MOTION FOR DOWNWARD VARIANCE
FROM UNITED STATES SENTENCING GUIDELINES**

    The Defendant, MANUEL GIL, by and through his attorney, Timothy M. Padilla of Timothy M. Padilla & Associates, P.C., hereby moves this Court for a downward variance, under 18 U.S.C. § 3553 and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) and Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), from the United States Sentencing Guidelines (USSG) sentencing range of 57-71 months for a sufficient but not greater than necessary sentence of 37 months.

    As grounds, defense counsel states as follows:

    1. MR. GIL pleaded guilty to Count 1 of the superseding indictment charging a violation of 21 U.S.C. § 846, conspiracy to distribute 1,000 kilograms and more of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

    2. The Presentence Report (PSR) at 9-33, ¶¶41-155, generally lays out the government's case against the Dana Jarvis drug trafficking organization generally and MR. GIL specifically. The

1

government's case against MR. GIL was that "his primary duties involved wrapping and packaging bulk marijuana." (PSR at 9, ¶42)

3. The PSR at pages 34-35 and the Addendum to the PSR calculated an offense level of 25 in criminal history category I for a USSG sentencing range of 57-71 months in prison. MR. GIL meets the critera set forth in USSG § 5C1.2, <u>Limitation on Applicability of Statutory Minimum Sentence in Certain Cases</u>, and therefore qualifies for a sentence beneath the otherwise statutory mandatory minimum of 10 years in prison. (PSR at 22, ¶67)

4. MR. GIL seeks a variance from the USSG 57-71 months sentencing range due to his employment record, his performance on pretrial release, not being a threat to public safety, aberrant behavior in his 56-year life thus far, minor role in the offense, and being similarly situated to codefendant Dennis Wilson who received a sentence of 37 months in prison.

5. The 18 U.S.C. § 3553(a) factors show that USSG sentencing range of 57-71 months in prison fails to adequately reflect § 3553(a) considerations and that a 57-71 month sentence vastly exceeds the sufficient, but not greater than necessary requirement for a sentence for MR. GIL under § 3553(a).

6. Defense counsel presumes, due to the nature of the motion, that opposing counsel Assistant United States Attorney James R.W. Braun opposes this motion.

## MEMORANDUM IN SUPPORT

### *Factual Considerations*

MR. GIL is an honorable, good, family man who is a hard working man.

MR. GIL was born in Chihuahua, Mexico where he lived until he was 16, when he entered the United States for the first time seeking to better his life with employment and then returned to

Mexico after four months. (PSR at 35, ¶¶174-175) MR. GIL returned to the United States again at the age of 17 in order to better his life with employment and then returned to Mexico in 1973. (PSR at 36, ¶176) In 1975, MR. GIL returned to the United States and has remained here since, living in Corrales until 1983, in Albuquerque until 1995, and Moriarty to the present. (PSR at 36, ¶177) MR. GIL acquired Resident Alien Status in 1986. (PSR at 36, ¶178)

MR. GIL never had any prior convictions other than for traffic violations. (PSR at 35, ¶¶171-172) MR. GIL is a hard working man, who has worked all of his life. (PSR at 37, ¶180)

MR. GIL is married to Bertha Gil, his wife since 1973. (PSR at 38, ¶183) Living with MR. GIL and Bertha are two fifteen year old grandchildren. (PSR at 38, ¶182) Bertha is employed as a cook for Moriarty Public Schools. (PSR at 38, ¶183) MR. GIL and Bertha had three children, all of whom are in their 30s, live in the Albuquerque area, and are employed. (PSR at 38, ¶183) His daughter's sister-in-law's baby has leukemia. He is a strong family man.

MR. GIL suffers from diabetes, and needs two shots a day of insulin. (PSR at 38, ¶186) Otherwise, MR. GIL is in good health.

MR. GIL's home was severely damaged by fire in early December of 2010, his home was not covered by insurance, and as a result the home is not habitable and worth much less. (PSR at 37, ¶181; 42, ¶202) "The defendant expressed his desire to remodel the home; however, he noted it would depend on his finances." (PSR at 37, ¶181)

MR. GIL's employment history is detailed at page 40, ¶¶195-199, of the PSR. For many years ending in 1998, MR. GIL worked at the Rio Grande Cantina in Albuquerque as a maintenance worker. (PSR at 40, ¶199) From 2006 to 2009 MR. GIL was employed at Mastercraft Plumbing and Heating in Albuquerque as a maintenance worker earning $12 per hour, which ended when the

business closed. (PSR at 40, ¶198)  In 2009, he worked for a rock company and "side jobs, to include tile work, concrete work, construction, landscaping, and painting." (PSR at 40, ¶¶197,195) "Additionally, the defendant revealed for more than twenty years he has completed odd jobs to either earn an income or supplement his income." (PSR at 40, ¶195)

The PSR indicated that "defendant appears to have limited income and assets" and "it appears defendant does not possess the ability to pay a fine." (PSR at 43, ¶206)

MR. GIL will likely be deported. (*See* PSR at 36, ¶178)  This Court has complete discretion in not ordering a term of supervised release. (PSR at 43, ¶210)

### *Specific Sentencing Application*

The USSG are advisory and not binding in accordance with United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Under 18 U.S.C. § 3553(a), this "court shall impose a **sentence sufficient, but not greater than necessary**, to comply with the purposes set forth in paragraph (2) of" § 3553(a).  There are 7 factors this Court must consider in determining the particular sentence. Rita v. U.S., 127 S.Ct. at 2463.

The United States Court of Appeals for the Tenth Circuit held within the last year that the United States Supreme Court's decision in Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) "calls on district courts to 'subject[] the defendant's sentence to ... thorough adversarial testing,' including consideration of arguments that the guidelines sentence 'fails properly to reflect § 3553(a) considerations.'" United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007).

"In determining the merits of these arguments, the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines should apply." U.S. v. Conlan, 500 F.3d at 1169 (quoting Rita v. U.S., 127 S.Ct. at 2458).

Extraordinary circumstances are not required to justify a sentence outside of the USSG sentencing range. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 595, 169 L.Ed.2d 445 (2007). The United States Supreme Court "also reject[ed] the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications for a specific sentence." Id. The U.S. Supreme Court deemed "impermissible [a] presumption of unreasonableness for sentences outside" of the USSG sentencing range. Id. This Court also "may not presume that the Guidelines range is reasonable." Id. at 597. A "major departure should be supported by a more significant justification than a minor one." Id. at 597.

Furthermore, a reasonable sentence is not to be imposed, but a sentence which is sufficient, but not greater than necessary.

> [A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of § 3553(a)(2). Reasonableness is the appellate standard of review in judging whether a district court has accomplished its task. U.S. v. Conlan, 500 F.3d at 1169 (quoting United States v. Wilms, 495 F.3d 277, 280 (6th Cir. 2007)).

MR. GIL submits that the 57-71 month USSG sentencing range does not reflect § 3553(a) considerations.

MR. GIL, a 56-year old man, who has lived a good, successful life, has no prior record, and no prior convictions. MR. GIL was released pending trial and poses no threat to the public; he has been released pending trial and sentencing and, except for one violation on November 2, 2005, has had complete compliance, including with extensive counseling and drug testing. (PSR at 39, ¶190) These facts support MR. GIL as a person worthy of a sentence with a downward variance.

It is true that "first offender" and "aberrant behavior" are not synonymous. However, in the present case MR. GIL's first offense was indeed aberrant behavior. MR. GIL has no prior record of

5

even an arrest.  MR. GIL's conduct in this case is aberrant to his whole prior life.

This Court must consider the facts and circumstances herein in light of the 7 § 3553(a) factors "in determining the particular sentence".  This Court has the "general freedom ... to apply the [§ 3553(a)] factors." Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 570, 169 L.Ed.2d 481 (2007).

The first factor (§ 3553(a)(1)) is "the nature and circumstances of the offense and the history and characteristics of the defendant"

The Court is well aware of the circumstances of the offense.  The nature and circumstances of the offense are aberrant to MR. GIL's history and characteristics.  MR. GIL's primary role in the conspiracy was wrapping and packaging marijuana, for which the United States has stipulated to a minor role adjustment.  MR. GIL was an honorable man.  MR. GIL's conduct has brought disrepute on his name.

MR. GIL has been released pending trial and sentencing, had one violation for testing positive for marijuana, and since November 2, 2005, he has completely complied with the conditions of his release.

The second factor (§ 3553(a)(2)) is "the need for the sentence imposed", which involves:

    (A) to reflect the seriousness of the offense, to  promote respect for the law, and to provide just           punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

MR. GIL, who never was even previously arrested or had any problems with the law, stands before the Court a convicted felon.  MR. GIL stands before the Court facing federal prison at the age of 56.   MR. GIL understands the seriousness of the offenses.

MR. GIL's prevailing 56 years of living without any violations of the law shows he knows and promoted respect for the law.  A sentence of 37 months in prison, no term of supervised release pending his deportation, and payment of the $100 special penalty assessment shows respect for the law.  This combination of punishments is respectfully available in the law. 18 U.S.C. §§ 3553(a) & 3561.  A sentence of probation is a "substantial restriction of freedom". Gall v. U.S., 128 S.Ct. at 593, 595.  18 U.S.C. § 3553(a)9 "directs the judge to consider sentences other than imprisonment." Gall v. U.S., 128 S.Ct. at 602.

> Probationers may not leave the judicial district, move or change jobs without notifying, and in some cases receiving permission from, their probation officer of the court.  They must report regularly to their probation officer, permit unannounced visits to their homes, refrain from associating with any person convicted of a felony, and refrain from excessive drinking.  Most probationers are also subject to individual "special conditions" imposed by the court.
>
> Gall v. U.S., 128 S.Ct. at 595-96.

A downward variance from 57-71 months in prison affords adequate deterrence to criminal conduct.  A downward variance from 57-71 months will deter other people from ending their lives free from legal problems for a prosecution in federal court which will dishonor, disrupt and severely alter their lives.  A sentence of 37 months in prison with no term of supervised release and $100 in special penalty assessment will deter others similarly situated.

A downward variance from 57-71 months in prison protects the public from further crimes of the defendant.  MR. GIL has no prior criminal record, no prior convictions other than a couple of traffic violations.  MR. GIL's conduct in this case is aberrant to the rest of his 56-year old life.  There is nothing indicating that MR. GIL, as a 56-year old man will commit further crimes.  There is nothing indicating that the public needs to be protected from MR. GIL.  MR. GIL is not a threat to the public. *See* Gall, 128 S.Ct. at 601 (age and maturity of defendant considered in determining

likelihood of committing future crimes).

The third factor (§ 3553(a)(3)) is "the kinds of sentences available" MR. GIL is not eligible for probation under 18 U.S.C. § 3561. (PSR at 44, ¶212) The USSG sentencing range is 57-71 months in prison. MR. GIL is requesting this Court sentence him to 37 months in prison with no term of supervised release, and payment of the $100 special penalty assessment.

The fourth factor (§ 3553(a)(4)) is "the kinds of sentence and the sentencing range established" for MR. GIL under the USSG. The USSG sentencing range is 57-71 months in criminal history category I, total offense level of 25.

The fifth factor (§ 3553(a)(5)) is "any pertinent policy statement ... issued by the Sentencing Commission ...." No factors and considerations issued by the Sentencing Commission and under the USSG bar a downward variance in this case. In fact, the § 3553(a) factors are not properly considered by the USSG sentencing range of 57-71 months in prison.

The sixth factor (§ 3553(a)(6)) is "the need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct". This Court should also consider "the need to avoid unwarranted similarities among defendants who were not similarly situated." Gall, 128 S.Ct. at 600.

MR. GIL had not been arrested ever before, never been convicted, and has no criminal history category points. The fact that MR. GIL is an 56-year old man, with many, many more years to generate a criminal history compared with the average much younger man involved in the federal criminal justice system, is also a factor not adequately considered by the USSG.

Any perceived disparity is not "unwarranted" for the reasons advanced in this pleading. "(S)ome departures from uniformity were a necessary cost of" determining that the USSG were not binding

and were merely advisory. Kimbrough v. U.S., 128 S.Ct. at 574. A downward variance is warranted in this case.

The defendant most similarly situated to MR. GIL was another person who wrapped and packaged marijuana in Tucson, Arizona, Dennis Wilson. Mr. Wilson pleaded to a charge of conspiracy to distribute 50 kilograms and more of marijuana and received a sentence of 37 months in prison. (PSR at 8, ¶32) MR. GIL is similarly situated to Mr. Wilson and requests a similar sentence.

A sentence of 37 months in prison, no term of supervised release, and payment of the $100 special penalty assessment is a punitive sentence. Because "it appears defendant does not possess the ability to pay a fine", MR. GIL should not be fined.

The seventh factor (§ 3553(a)(7)) is "the need to provide restitution to any victims of the offense." There is no restitution in this case. (PSR at 45, ¶218)

After consideration of the 7 factors under 18 U.S.C. § 3553(a), particularly the purposes under § 3553(a)(2), because of the existence of numerous and weighty mitigating factors, this Court should order a downward variance from the 57-71 month USSG sentencing range to a **sufficient, but not greater than necessary**, 37 months in prison, no term of supervised release, and payment of the $100 special penalty assessment.

## Conclusion

WHEREFORE, the Defendant, MANUEL GIL, respectfully requests this Court, after considering the 7 factors under 18 U.S.C. § 3553(a), order a sufficient, but not greater than necessary sentence of 37 months in prison with no term of supervised release and $100.00 in special penalty assessment. MR. GIL also requests such other and further relief as this Court deems just and proper.

Respectfully submitted,

TIMOTHY M. PADILLA & ASSOCIATES, P.C.

 /s/ Timothy M. Padilla
Timothy M. Padilla
1412 Lomas Boulevard N.W.
Albuquerque, New Mexico  87104
Telephone:  (505) 842-0392
Facsimile:   (505) 842-0686
tim@lomaslawoffice.com
*Attorney for MANUEL GIL*

**CERTIFICATE OF SERVICE**

I, Timothy M. Padilla, hereby certify that on March 11th, 2011 I electronically filed the foregoing document through the CM/ECF system and that through that system opposing counsel James R.W. Braun, Assistant United States Attorney, and all other parties entitled to notice will be served with a true and accurate copy.

 /s/ Timothy M. Padilla
Timothy M. Padilla