IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MANUEL GIL, )<br>)<br>Defendant. ) | Cr. No. 05-1849 JH |

UNITED STATES' RESPONSE TO DEFENDANT
MANUEL GIL'S MOTION FOR DOWNWARD VARIANCE

The United States responds to defendant Manuel Gil's "Motion for Downward Variance from United States Sentencing Guidelines" (Doc. 1985) as follows:

I.   Introduction

Defendant Manuel Gil ("Gil") has pled guilty to conspiracy to distribute 1000 kilograms or more of marijuana as charged in Count 1 of the Superseding Indictment. Because Gil is accountable for 1000-3000 kilograms of marijuana, his base offense level is 32. Presentence Report ("PSR") at ¶161. Gil qualifies for a two level reduction by meeting the requirements of the safety valve. PSR at ¶162. Moreover, after the initial PSR was disclosed, the parties agreed that Gil was a minor participant in the conspiracy, which resulted in an additional two level reduction. Addendum to PSR. Gil's criminal history category is I. PSR at ¶171. The corresponding guideline imprisonment range is

57-71 months.  Addendum to PSR.[1]  Probation has identified no basis for a downward departure.  PSR at ¶220.

II.    Legal Analysis

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark" in determining an appropriate sentence.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  In fashioning Gil's sentence, this Court must also consider all of the sentencing factors set forth in Section 3553(a).  Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

---

[1]  Gil has not objected to these guidelines calculations.  Rather, he is simply requesting that the Court grant a downward variance from the applicable guideline imprisonment range.

The applicable guideline range in a given case properly reflects the accumulated wisdom and expertise of the Sentencing Commission, and serves the vital goal of uniformity and fairness in sentencing. While the Sentencing Guidelines "now serve as one factor among several courts must consider in determining an appropriate sentence," it remains the case that "the Commission fills an important institutional role: it has the capacity courts lack to 'base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise.'" *Kimbrough v. United States*, 552 U.S. 85, 108-09 (2007) (quoting *United States v. Pruitt*, 502 F.3d 1154, 1171 (10th Cir. 2007) (McConnell, J., concurring)). Thus, the Supreme Court has "accordingly recognized that, in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

Further, the Sentencing Guidelines are the sole means available for assuring some measure of uniformity in sentencing, fulfilling a primary Congressional goal in adopting the Sentencing Reform Act of 1984. Prior to the Guidelines, "[s]erious disparities in sentences ... were common." *Mistretta v. United States*, 488 U.S. 361, 365 (1989). "The goal of the Sentencing Guidelines is ... to reduce unjustified disparities and so reach towards the evenhandedness and neutrality that are the distinguishing marks of any principled system of justice." *Koon v. United States*, 518 U.S. 81, 113 (1996). As the Tenth Circuit has noted, "[t]he federal courts have been striving towards this worthy goal

since 1987." *United States v. Gonzales-Huerta*, 403 F.3d 727, 738 (10th Cir. 2005). "Indeed, this goal remains the same post-*Booker*." *Id.* Reference to the Guidelines, while carefully considering the 3553(a) factors particularly relevant to an individual defendant, is the only available means of preventing the disfavored result of basing sentences on the luck of the draw in judicial assignments.

For these reasons, the advisory guideline imprisonment range deserves significant respect. The United States recognizes, however, that the Guidelines are entirely advisory, and that this Court has discretion to vary from the advisory range, subject only to deferential appellate review for reasonableness. Moreover, given the facts in this case as they relate to Gil, a slight variance from the advisory guideline imprisonment range may be justified.

The United States submits, however, that a variance to 37 months is not appropriate. Gil's claim that his conduct in this case constitutes aberrant behavior is belied by the fact that he was a member of the Jarvis organization for ten years, during which time he packaged marijuana approximately thirty times. *See* PSR at ¶155. And while co-defendant Dennis Wilson received a sentence of 37 months, Wilson was not similarly situated to Gil given the disparity in the government's proof against these two defendants. Finally, Gil's minor role in the offense is adequately accounted for in the two level reduction he has already received, and this should not be the basis for a further reduction.

        Respectfully submitted,

        KENNETH J. GONZALES
        United States Attorney

        *Electronically filed*

        JAMES R.W. BRAUN
        Assistant U.S. Attorney
        P.O. Box 607
        Albuquerque, New Mexico  87103
        (505) 346-7274


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of March, 2011, I filed the foregoing pleading electronically through the CM/ECF system, which is designed to cause counsel of record for the defendant to be served by electronic means.

        *Electronically filed*

        JAMES R.W. BRAUN
        Assistant U.S. Attorney