IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs                                      Cause No.  05-CR-1849-JH

GREG HILL,

        Defendant.

### UNOPPOSED MOTION TO CONTINUE JULY 14, 2011 SENTENCING

      Defendant Greg Hill, by and through his attorney Billy R. Blackburn, and with the concurrence of Assistant United States Attorney James Braun and respectfully requests this Court to vacate and continue the sentencing hearing currently scheduled for July 14, 2011.  As grounds in support thereof, Defendant states as follows:

      1.      On or about August 23, 2005, the Defendant Greg Hill was indicted and charged with conspiracy to distribute 1000 kilograms and more of marijuana, conspiracy to launder money and criminal forfeiture.

      2.      On or about August 25, 2005, the Defendant appeared for initial appearance before V. Sue Shields, U.S. Magistrate Judge for the Southern District of Indiana, who released Defendant pending trial.  On September 1, 2005, the Defendant traveled to New Mexico and was arraigned before U.S. Magistrate Judge Richard Puglisi.  Judge Puglisi adopted the conditions set by Judge V. Sue Shields.  Defendant has remained out of custody without incident since his arrest in August 2005.

      3.      On August 13, 2010, Defendant entered a plea of guilty before U.S.

Magistrate Judge Alan C. Torgerson in this matter. Judge Torgerson continued Hill's conditions of release pending sentencing. All other co-defendants had previously entered guilty pleas in this matter.

4. Defendant traveled from his home in Bloomington, Indiana to Albuquerque, New Mexico for a presentence report interview with Probation Officer Tina Parde on September 9, 2010. The interview was lengthy and due to the complex nature of this matter, which involves thirty co-defendants, and the need to gather more documentation and information, an initial presentence report was disclosed on January 13, 2011.

5. The initial presentence report is approximately 50 pages in length and is extremely detailed. It raises numerous issues, both legal and factual, which are complex in nature and require lengthy investigation, including legal research, interviews, and correspondence with numerous individuals connected to the Defendant. Counsel for Defendant has many years of experience in criminal defense before the United States District Court for the District of New Mexico, and this particular sentencing appears to be one of the most detailed to date in his practice.

6. Defendant is an independent business owner that operates two separate businesses; a local pub and music venue with several employees, and a solo holistic healing enterprise. However, Defendant does not have a business or financial background. Thus, the preparation and gathering of financial documentation by Defendant for purposes of sentencing was much more detailed and difficult than typically involved in the presentencing process. In order to complete these matters,

Defendant needed to contact various experts on issues such as taxes and accounting. Counsel has not yet had an opportunity to fully examine and review these financial records so as to properly prepare for sentencing in this matter.

7. Due to the unusual complexity and length of the presentence report in this matter, counsel anticipates a detailed and lengthy informal objection process due to the complexity of the sentencing issues which need to be addressed. Unfortunately, due largely in part to staffing issues outlined below, counsel has not been able to fully and properly address such an objection process. However, it is important that the parties be permitted an opportunity to undertake this process, because it will provide valuable assistance to the Court at sentencing and preserve the valuable time and resources of this Court.

8. Counsel has a small private legal practice in which he employs only one other lawyer. For approximately thirty (30) years, counsel retained a single other employee, who's duties included essentially all non-legal activities of the firm, including office manager, administrator and secretary. Recently, said employee abruptly resigned without notice. After said resignation, counsel discovered that this employee's performance was severely deficient. In particular, this employee was charged with gathering hundreds of pages of documents and letters related to sentencing in this matter for production to the Probation Office. Unfortunately, it appears this task was never done.

9. In addition to the above-mentioned issues, given the complicated nature of this case, Defendant requires additional time within which to fully prepare for

3

sentencing and provide the Court with all information relevant to the sentencing factors set forth in 18 U.S.C. §3553(a). Unlike many of the defendants involved in the instant case, Defendant's plea agreement is open-ended and does not include an agreed-upon sentence. Thus, it is particularly important for counsel to ensure that all sentencing factors are properly addressed. Furthermore, counsel believes that this Defendant will have significant and substantial mitigation to present, making preparation for sentencing in this matter more extensive than in other cases.

10. Moreover, as a result of the sudden resignation of such a vital employee and the discovery that said employee had only recently, after approximately thirty (30) years, become significantly deficient in their duties, counsel has not been unable to focus the amount of attention a complex sentencing hearing such as this case requires. Thus, in order to address all issues at sentencing in a constitutionally adequate manner, counsel believes a continuance of at least sixty (60) days is appropriate.

11. Based upon the above, preparations for sentencing, including finalizing a presentence report and preparing sentencing pleadings will take significantly longer in this case than in others. However, the parties are working in good faith towards sentencing.

12. Counsel for Defendant has spoken at length with Assistant U.S. Attorney James Braun concerning the circumstances outlined above, in particular the unique staffing circumstances of defense counsel. Based upon those conversations, Mr. Braun has indicated that he has no objection to the relief requested herein, and that a continuance of the length requested would be appropriate.

WHEREFORE, for the above stated reasons, the Defendant Greg Hill respectfully requests this Court to vacate and continue the sentencing hearing currently scheduled for July 14, 2010.

        Respectfully submitted,

*Electronically filed 7/8/11*
BILLY R. BLACKBURN
Attorney for Defendant Hill
1011 Lomas Blvd. NW
Albuquerque, NM 87102
(505) 242-1600

I hereby certify that a true and accurate copy of the foregoing was emailed by CM/ECF to AUSA James Braun this 8th day of July, 2011.

*Electronically filed 7/8/11*
BILLY R. BLACKBURN