IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 05-1849 JH |
| ) | |
| ADRIAN SANFORD, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' SENTENCING MEMORANDUM

The United States submits the following sentencing memorandum with regard to defendant Adrian Sanford ("Sanford"):

I.   Introduction

On January 29, 2007, Sanford pled guilty to Count 1 of the superseding indictment charging conspiracy to distribute 1000 kilograms and more of marijuana.  Consistent with the plea agreement entered into between the parties, Probation determined that at least 100 but less than 400 kilograms of marijuana are attributable to Sanford.  PSR at ¶ 145.  Probation also determined that Sanford was a minimal participant in the charged conspiracy, and that he should therefore receive a four level reduction in his base offense level.  PSR at ¶ 148.  After additional reductions for acceptance of responsibility and the safety valve, Sanford's total offense level is 17.  PSR at ¶ 152.  Sanford's criminal history category is I.  PSR at ¶ 155.  His corresponding guideline imprisonment range is 24-30

months. PSR at ¶ 189. After specifically considering Sanford's family ties and responsibilities, Probation determined that a downward departure was not appropriate. PSR at ¶ 205.

II.   Legal Analysis

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark" in determining an appropriate sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). In fashioning Sanford's sentence, this Court must also consider all of the sentencing factors set forth in 18 U.S.C. § 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The applicable guideline range in a given case properly reflects the accumulated

wisdom and expertise of the Sentencing Commission, and serves the vital goal of uniformity and fairness in sentencing. While the Sentencing Guidelines "now serve as one factor among several courts must consider in determining an appropriate sentence," it remains the case that "the Commission fills an important institutional role: it has the capacity courts lack to 'base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise.'" *Kimbrough v. United States*, 552 U.S. 85, 108-09 (2007) (quoting *United States v. Pruitt*, 502 F.3d 1154, 1171 (10th Cir. 2007) (McConnell, J., concurring)). Thus, the Supreme Court has "accordingly recognized that, in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

Further, the Sentencing Guidelines are the sole means available for assuring some measure of uniformity in sentencing, fulfilling a primary Congressional goal in adopting the Sentencing Reform Act of 1984. Prior to the Guidelines, "[s]erious disparities in sentences ... were common." *Mistretta v. United States*, 488 U.S. 361, 365 (1989). "The goal of the Sentencing Guidelines is ... to reduce unjustified disparities and so reach towards the evenhandedness and neutrality that are the distinguishing marks of any principled system of justice." *Koon v. United States*, 518 U.S. 81, 113 (1996). As the Tenth Circuit has noted, "[t]he federal courts have been striving towards this worthy goal since 1987." *United States v. Gonzales-Huerta*, 403 F.3d 727, 738 (10th Cir. 2005).

"Indeed, this goal remains the same post-*Booker*." *Id.*

Reference to the Guidelines, while carefully considering the Section 3553(a) factors particularly relevant to an individual defendant, is the only available means of preventing the disfavored result of basing sentences on the luck of the draw in judicial assignments. For these reasons, the advisory guideline imprisonment range deserves significant respect.

Sanford has filed a sentencing memorandum in which he seeks a downward departure based on his physical condition, as well as a variance from the applicable guideline range under Section 3553(a). (Doc. 2033). On July 28, 2011, Probation issued an addendum to the PSR addressing Sanford's request for a downward departure. The United States concurs with Probation's conclusion that a downward departure is not appropriate on the facts of this case. The United States recognizes, however, that the Guidelines are entirely advisory, and that this Court has discretion to vary from the advisory range, subject only to deferential appellate review for reasonableness.

        Respectfully submitted,

        KENNETH J. GONZALES
        United States Attorney

        */s/ James R.W. Braun*

        JAMES R.W. BRAUN
        Assistant U.S. Attorney
        P.O. Box 607
        Albuquerque, New Mexico  87103
        (505) 346-7274

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 7th day of August, 2011, I filed the foregoing pleading electronically through the CM/ECF system, which is designed to cause counsel of record for the defendant to be served by electronic means.

*/s/ James R.W. Braun*

JAMES R.W. BRAUN
Assistant U.S. Attorney