IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>        Plaintiff, )<br>  vs. )<br> )<br>DANA JARVIS, )<br> )<br>        Defendant. ) | CRIMINAL NO. 05-1849 JH |

### RESPONSE TO DEFENDANT'S MOTION TO
### REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

The United States hereby responds in opposition to Defendant's motion for a reduced sentence under 18 U.S.C. § 3582(c)(2), filed on June 22, 2016. The United States Probation Office issued a memorandum on August 19, 2016, in which it concluded that Defendant is not eligible under § 3582(c)(2) because the court's sentence was based on the parties' stipulated agreement to a specific term of imprisonment, and not on the Sentencing Guidelines' Drug Quantity Table. For the reasons stated below, the United States concurs with Probation's assessment and therefore requests that the Court dismiss Defendant's motion for lack of jurisdiction.

1. On November 21, 2008, Defendant pled guilty to conspiracy to distribute 1000 kilograms and more of marijuana and money laundering, as charged in counts 1 and 26 of the superseding indictment. *See* Doc. 1465 (plea agreement).

2. The amount of marijuana attributable to Defendant was between 10,000 and 30,000 kilograms, which resulted in a base offense level of 36. PSR at ¶ 155. After a

two-level increase for the money laundering count, a four-level increase for Defendant's leadership role, and a three-level decrease for acceptance of responsibility, Defendant's total offense level was 39.   PSR at ¶¶ 156-63.   An offense level 39 combined with a criminal history category I resulted in a guideline imprisonment range of 262 to 327 months.   PSR at ¶ 198.

    3.    Pursuant to Fed. R. Crim. P. 11(c)(1)(C), however, the parties stipulated "that the sentence shall be imprisonment for a term of 168 months."   Doc. 1465 at ¶ 6. On March 24, 2009, the Court accepted the parties' stipulation and sentenced Defendant to a term of 168 months imprisonment.   Doc. 1577 (judgment).

    4.    As explained in Probation's August 19, 2016 memorandum, Defendant's amended base offense level under U.S.S.G. § 2D1.1 is 34.   Applying the same adjustments that were applied previously, Defendant's total offense level is 37.   The corresponding guideline range is 210 to 262 months.

    5.    Section 3582(c)(2) allows a court, in certain circumstances, to reduce the sentence of "a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered* by the Sentencing Commission." (Emphasis added).   The Supreme Court has held that a defendant who has been sentenced pursuant to Rule 11(c)(1)(C) is eligible for a sentencing reduction under an amended guideline range only when the plea agreement tied the stipulated sentence to the Guidelines in express terms.   *See Freeman v. United States*, 131 S. Ct. 2685, 2695 (2011) (Sotomayor, J., concurring); *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir.

2013) (recognizing that "Justice Sotomayor's concurrence … represents the Court's holding").[1]  "[I]f a [Rule 11(c)(1)](C) agreement *expressly* uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is 'based on' the range employed and the defendant is eligible for a sentence reduction under § 3582(c)(2)."  *Freeman*, 131 S. Ct. at 2695 (emphasis added); *accord id*. at 2697-98.  Conversely, "when the plea deal does not 'use' or 'employ' a Guideline sentencing range, the defendant is not entitled to the benefit of the amendment."  *Graham*, 704 F.3d at 1278.

6. The plea agreement in this case does not explain the parties' reasoning for the stipulated sentence.  It does not "use" or "employ" any Guideline sentencing range. In fact, the plea agreement contains no reference to the Sentencing Guidelines whatsoever. The 168-month term of imprisonment stipulated to in the plea agreement was not expressly based on the Guidelines' Drug Quantity Table, which means that Defendant's sentence was not based on a sentencing range that was subsequently lowered.  The Court is therefore without jurisdiction to consider Defendant's request for a sentencing reduction under § 3582(c).  *See id.* at 1279 (vacating order denying § 3582(c) motion and remanding "for dismissal for lack of jurisdiction").

---

[1] Given the Tenth Circuit's decision in *Graham*, this Court should decline Defendant's apparent invitation to disregard Justice Sotomayor's concurring opinion in *Freeman*.  *See* Def. Mot. at 11-14 (citing *United States v. Epps*, 707 F.3d 337 (D.C. Cir. 2013)).

3

7.      Moreover, even if the Rule 11(c)(1)(C) agreement was not a bar to relief, Defendant would be ineligible for a sentencing reduction for the simple reason that the amended guideline imprisonment range of 210 to 262 months is higher than the stipulated term of 168 months to which Defendant was sentenced.   The Guidelines explicitly prohibit the reduction of a defendant's sentence under these circumstances, where the sentence imposed varied from the guideline range for a reason other than the defendant's substantial assistance to the government:   "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range …."   U.S.S.G. § 1B1.10(b)(2)(A). While Defendant ignores this prohibition in his motion, the Court is not free to do so.   *See United States v. Boyd*, 721 F.3d 1259, 1262 (10th Cir. 2013) ("Unless the defendant's original sentence had been reduced because of substantial assistance to authorities, the new sentence cannot be shorter than the minimum of the amended guideline range."); *United States v. Rhodes*, 549 F.3d 833, 841 (10th Cir. 2008) (holding that the § 1B1.10 "policy statement is binding on district courts pursuant to § 3582(c)").

8.      Accordingly, for the reasons stated above, the United States respectfully requests that the Court dismiss Defendant's motion for a reduced sentence.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*Electronically filed 8/26/16*
JAMES R.W. BRAUN
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87102
(505) 346-7274

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 26th day of August, 2016, I filed the foregoing pleading electronically through the CM/ECF system, which is designed to cause counsel of record for Defendant to be served by electronic means.

*Electronically filed*
JAMES R.W. BRAUN
Assistant U.S. Attorney