IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                            No. CR 05-1849 JH

DANA JARVIS,

    Defendant.


ORDER

This matter comes before the Court on Defendant's *Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582*. In the motion for sentence reduction, the Defendant asks for reduction of his sentence under 18 U.S.C. § 3582(c)(2) pursuant to the 2014 retroactive amendments to the U.S. Sentencing Guidelines. Defendant pled guilty to Count 1 and 26 of the Superseding Indictment, charging a violation of 21 U.S.C. §846 and 18 U.S.C. §1956(a)(1)(A)(i) and (a)(1)(B)(i), and was convicted of Conspiracy to Possess with Intent to Distribute 1000 Kilograms and more of marijuana and Money Laundering. As noted in Defendant's plea agreement (CR Doc. 1465), the statutory minimum and maximum sentence for Count 1 is 10 years and as to Count 26 the maximum penalty is not more than 20 years.

The guideline calculation at sentencing, after consideration of any variances or departures, was offense level 39, criminal history category I, for a guideline imprisonment range of 262 to 327 months. However, because the parties stipulated to a specific sentence of 168 months pursuant to the Rule 11(c) (1)(C) plea agreement, the Court accepted the plea agreement and sentenced the Defendant to 168 months, which was less than the low-end guideline range applicable a that time.

Under Amendment 782, after consideration of the same departures, the offense level is would be 37, with a criminal history category of I, resulting in a guideline range of 210 to 262 months. The sentence imposed was significantly lower than the amended guideline range.

As stated above, the parties have stipulated to a specific sentence of 168 months in the Rule 11(c) (1)(C) plea agreement. While the Court calculated the guideline sentence as the starting point in its analysis of what an appropriate sentence would be, the Court ultimately accepted and sentenced the Defendant pursuant to the plea agreement which made no mention of the sentencing guidelines, and was significantly lower than the guidelines. Therefore, the Court finds the Defendant is not eligible for further consideration under § 3582 (c)(2) and is not entitled to the two-level reduction authorized by the 2014 Amendments to USSG § 2D1.1.

IT IS THEREFORE ORDERED that Defendant's motion for sentence

reduction (CR Doc. 2193) pursuant to 18 U.S.C. §3582 (c)(2) based on the retroactive guideline amendment to U.S.S.G. § 2D1.1 is DENIED.

A separate order will be filed concurrently with this order.

_____
UNITED STATES DISTRICT JUDGE